# EXHIBIT "A."

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

MARLIN GODFREY, et al.
*Plaintiff*

vs.

ALLEN IVERSON
*Defendant*

05-0007327

Civil Action No. [ ]

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Stephanie D. Moran
Name of Plaintiff's Attorney

Watson • Moran, LLC
Address
8401 Corporate Drive, Suite 110
Landover, MD 20785
Telephone

By _____
     Deputy Clerk

Date 9/10/05

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 93

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

05 2044
FILED
OCT 17 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| MARLIN GODFREY<br>c/o Law Offices of Gregory L. Lattimer<br>1100 H Street, Street, Suite 920<br>Washington, DC 20005 | *<br>*<br>* |
| and | * |
| DAVID ANTHONY KITTRELL<br>c/o Law Offices of Gregory Lattimer<br>1100 H Street, NW Suite 920<br>Washington, DC 20005 | *<br>*<br>* |
| and | * |
| ANSLEY F. GRANT<br>c/o Law Offices of Gregory Lattimer<br>1100 H Street, NW Suite 920<br>Washington, DC 20005 | *<br>*<br>* |
| and | * |
| CURTISS L. FITZGERALD<br>c/o Law Offices of Gregory Lattimer<br>1100 H Street, NW Suite 920<br>Washington, D.C. 20005 | *<br>*<br>* |
| Plaintiffs,<br>vs. | *<br>* |
| ALLEN IVERSON<br>1432 Monk Road<br>Galdwyne, PA 19035 | *<br>*<br>* |
| Defendant. | * |

05-0007327

Civil Action No.

RECEIVED
CIVIL CLERK'S OFFICE
SEP 1 0 2005
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

## COMPLAINT
(Assault & Battery; Intentional Infliction of Emotional Distress;
Negligent Infliction of Emotional Distress; Negligent
Hiring Training & Supervision; Civil Conspiracy).

## INTRODUCTION

1. This is a civil action seeking damages against the Defendant for intentional wrongdoing and acts of negligence under common law.

## JURISDICTION

2. Jurisdiction exists in this case pursuant to D.C. Code § 11-921 (2004).

## VENUE

3. Venue is appropriate in this Court because the incident complained of occurred in the District of Columbia.

## PARTIES

4. Plaintiff Marlin Godfrey was a resident of the State of Maryland and a citizen of the United States, at all times relevant herein.

5. Plaintiff David Anthony Kittrell was a resident of the State of Maryland and a citizen of the United States, at all times relevant herein.

6. Plaintiff Ansley F. Grant was a resident of the State of Maryland and a citizen of the United States, at all times relevant herein.

7. Plaintiff Curtiss L. Fitzgerald was a resident of the State of Maryland and a citizen of the United States, at all times relevant herein.

8. Defendant Allen Iverson at all times relevant herein was a professional basketball player who employed a security detail that acted at his direction and for his benefit. As a result

thereof, he is responsible for the actions of his security detail under the doctrine of respondeat superior and/or vicarious liability.

## STATEMENT OF RELEVANT FACTS

9. On July 20, 2005, at approximately 1:30 a.m. Plaintiffs Godfrey and Kittrell were patrons of a nightclub called the "Eyebar" who were seated in the VIP section.

10. While in the VIP section, Defendant Iverson entered the Eyebar led by his security detail. He and his entourage were directed to the VIP section as well.

11. When Defendant Iverson and his security detail arrived at the VIP section, patrons already seated there were told to move in an intimidating manner by members of Defendant Iverson's security detail.

12. Plaintiff Godfrey in particular was addressed by members of Defendant Iverson's security detail and was repeatedly told to leave the area even though he was seated in the VIP area before Defendant Iverson and his security detail arrived and was appropriately seated in that area.

13. Plaintiffs Grant and Fitzgerald were members of the security staff at the Eyebar and were working at the time Defendant Iverson and his security detail entered the club. They noticed the hostility being directed by Defendant Iverson's security staff toward the other party in the VIP section which included Plaintiffs Godfrey and Kittrell.

14. Because of the threatening manner in which Defendant Iverson's security was acting, Plaintiffs Grant and Fitzgerald decided to move the party of Plaintiffs Godfrey and Kittrell a table away from the Iverson party in an attempt to diffuse a situation that appeared to be tense and escalating within the Iverson party. All the while that the unwarranted actions were being

taken by his security detail, Defendant Iverson took no action whatsoever to calm his employees.

15. Shortly after Plaintiffs Grant and Fitzgerald moved the party of Plaintiffs Godfrey and Kittrell a short distance away from Defendant Iverson's party, members of Defendant Iverson's security detail initiated an unprovoked attack upon the Plaintiffs that cleared the Eyebar. As opposed to exercising his duty of care and authority to stop the unwarranted attack by his security detail, Defendant Iverson joined in the fracas by striking at Plaintiff Godfrey with a bottle and otherwise assaulting him.

16. As a result of the actions of Defendant Iverson and his security detail, Plaintiff Godfrey suffered a concussion, a perforated eardrum, a damaged right eye, and assorted contusions and bruises over a great extent of his body.

17. As a result of the actions of Defendant Iverson and his security detail, Plaintiff Kittrell suffered a number of contusions and bruises over a great extent of his body.

18. As a result of the actions of Defendant Iverson and his security detail, Plaintiff Grant suffered a number of contusions, lacerations and bruises over a great extent of his body.

19. As a result of the actions of Defendant Iverson and his security detail, Plaintiff Fitzgerald suffered a number of contusions and bruises over a great extent of his body.

20. At all times relevant herein, Defendant Iverson's security detail was acting in furtherance of their employment, agency and servant relationship with Defendant and, as such, Defendant was responsible at all relevant times for the actions of the members of his security detail under the doctrine of respondeat superior and/or vicarious liability.

### COUNT I
(Assault & Battery)

21. Plaintiffs incorporate, by reference, paragraphs 1 through 20, as if fully set forth

herein.

22. Defendant Iverson, through his employees without proper grounds, willfully and maliciously attacked the Plaintiffs in the Eyebar without just cause. The injuries suffered by the Plaintiffs were inflicted while they were presenting no immediate threat to anyone.

23. As a direct and proximate result of the willful, wanton, malicious and intentional actions of Defendant's actions and those of his employees, the Plaintiffs suffered severe bodily injuries, mental anguish, humiliation and embarrassment.

WHEREFORE, the Plaintiffs demand judgment against the Defendant, jointly and severally, in the full and just amount of Five Million Dollars ($5,000,000.00), plus punitive damages to the extent allowed by law plus interest and costs.

## COUNT II
### (Intentional Infliction of Emotional Distress)

24. Plaintiffs adopt and incorporate the allegations of complaint paragraphs 1 through 20 as if fully set forth herein.

25. Defendant Iverson and his employees intentionally caused severe emotional distress to the Plaintiffs by their willful, wanton, extremely reckless and indifferent conduct, including but not limited to engaging in a senseless physical attack upon the person of the Plaintiffs which directly led to their severe bodily injuries.

26. The actions of Defendant and his security detail go well beyond all bounds of decency and were done with the purpose of inflicting emotional distress and fear.

27. That the aforesaid actions by said Defendant and his security detail were so outrageous in character and were so extreme in degree that a reasonable member of the

community would regard such conduct as atrocious, going beyond all possible bounds of decency and as being utterly intolerable in a civilized community.

28. As a direct and proximate result of the Defendant's extremely, reckless and indifferent conduct, the Plaintiffs suffered severe pain, emotional distress, mental anguish and physical injuries as the result of being beaten.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in the full and just amount of Five Million Dollars ($5,000,00.00), plus punitive damages to the extent allowed by law, interest, and costs.

## COUNT III
### (Negligent Infliction of Emotional Distress)

29. Plaintiffs adopt and incorporate the allegations of complaint paragraphs 1 through 20 as if fully set forth herein.

30. Defendant Iverson negligently caused severe emotional distress to the Plaintiffs by his extremely negligent actions and breach of his duty of care, including but not limited to engaging in and/or allowing his employees to engage in a senseless physical attack upon the person of the Plaintiffs which directly led to their severe physical injuries.

31. As a direct and proximate result of the Defendant's extremely, negligent, reckless and indifferent conduct, the Plaintiffs suffered severe pain, emotional distress, and mental anguish as the result of being attacked at the Eyebar.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in the full and just amount of Two Million, Five Hundred Thousand Dollars ($2,500,00.00), plus interest, and costs.

## COUNT IV
### (Negligent Hiring, Training & Supervision)

32. Plaintiffs adopt and incorporate the allegations of complaint paragraphs 1 through 20 as if fully set forth herein.

33. At all times relevant herein, the members of Defendant Iverson's security detail were acting under the direction and control, and pursuant to the rules, regulations, policies and procedures put in place by Defendant Allen Iverson.

34. Defendant Iverson acted in contravention to his duty of care to Plaintiffs, negligently, carelessly and recklessly by failing to properly train, supervise, control, direct and monitor his security staff in their duties and responsibilities.

35. As a direct and proximate result of the acts and omissions of Defendant Iverson the Plaintiffs were wrongfully and unlawfully attacked and beaten at the Eyebar in the presence of Defendant Iverson.

WHEREFORE, the Plaintiff demands judgment against the Defendant, in the full and just amount of Two Million, Five Hundred Thousand Dollars ($2,500,00.00), plus interest, and costs.

## COUNT V
### (Civil Conspiracy)

36. Plaintiffs adopt and incorporate the allegations of complaint paragraphs 1 through 20 as if fully set forth herein.

37. Defendant Iverson and his security detail entered into an agreement to commit an illegal act of assault and battery against Plaintiffs.

38. Defendant and his security detail did indeed commit an assault and battery on Plaintiffs.

39. Defendant and his security detail acted in furtherance of their aforementioned employment, agency relationship with Defendant and scheme to commit a tortious act.

40. Defendant and his security detail were acting in the course and general scope of their employment and agency relationship in pursuance of the authority given them by Defendant Iverson.

41. Defendant Iverson, authorized, instigated, condoned and/or participated in the conspiracy to commit the assault and battery of Plaintiff by Defendant and his security detail.

42. Plaintiffs were injured by the Defendant and his security detail.

43. Defendant Iverson is vicariously liable for the aforesaid actions of his employees, agents and/or servants.

44. As a direct and proximate result of the Defendant's civil conspiracy and unlawful acts, the Plaintiffs suffered severe pain, emotional distress, and mental anguish as the result of being attacked at the Eyebar.

WHEREFORE, the Plaintiffs demand judgment against the Defendant, jointly and severally, in the full and just amount of Five Million Dollars ($5,000,000.00), plus punitive damages to the extent allowed by law plus interest and costs.

### Jury Demand

The Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

_____
Gregory L. Lattimer [371926]
1100 H Street, N.W.
Suite 920
Washington, D.C. 20005
(202) 638-0095
Attorney For All Plaintiffs

_____
Stephanie D. Moran, [471555]
Watson & Moran, LLC
8401 Corporate Drive
Suite 110
Landover, MD 20785
(301) 429-0505

Attorney For All Plaintiffs



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

MARLIN GODFREY
Vs.                                            C.A. No.      2005 CA 007327 B
ALLEN IVERSON

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive reading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge as an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

                                                    Chief Judge Rufus G. King, III

Case Assigned to: Judge NEAL E. KRAVITZ
September 10, 2005
Initial Conference: 9:30 am, Friday, December 09, 2005
Location:  Courtroom 415
           500 Indiana Avenue N.W.
           WASHINGTON, DC 20001

Caio.doc