**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| | : | |
| MARLIN GODFREY, et al., | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | NO.: 1:05-cv-2044 (ESH) |
| | : | |
| v. | : | |
| | : | |
| ALLEN IVERSON | : | |
| | : | |
| Defendant. | : | |

_____:

**LOCAL CIVIL RULE 16.3 STATEMENT**

Pursuant to LCvR 16.3(d), the parties hereby submit their joint report, which outlines the parties' stances with respect to the thirteen (13) enumerated matters set forth in LCvR 16.3(c) and the Court's Standing Order for Initial Scheduling Conference, and their proposed scheduling order. In conformity with LCvR 16.3(a), plaintiffs' counsel and defendant's counsel met telephonically, and conferred on all relevant matters. As a result of that meeting, the parties submit the following joint report:

**STATEMENT OF THE CASE**

This is a civil action which arose from an altercation at a District of Columbia nightclub, called the "Eyebar." The plaintiffs allege that while they were in the VIP section of the Eyebar, they were attacked by the defendant and several members of his entourage which included his security staff. As a result, the plaintiffs filed a lawsuit in the D.C. Superior Court which alleged assault & battery, intentional infliction of emotional distress, negligent infliction of emotional distress, negligent hiring, training & supervision, and civil conspiracy. Subsequently, the defendant removed the plaintiffs' lawsuit to this court on or about October 17, 2005. Without waiving any defenses available under the Federal Rules of Civil Procedure or otherwise, defendant denies having any involvement in any altercation and denies any and all liability arising therefrom.

## LCvR 16.3(c) MATTERS DISCUSSED BY THE PARTIES

1.      Plaintiffs believe that it is unlikely that this matter will be disposed of by dispositive motion.  Defendant believes that all, or at least a portion of, plaintiffs' claims may be subject to dispositive motion.

2.      It is anticipated that the plaintiffs will amend their pleadings or join additional parties.  Such action, if taken, shall be done within forty-five days of the Court's scheduling order.  Defendant does not anticipate amending his pleadings.

3.      The plaintiff has no objection to assigning this matter to a Magistrate Judge for all purposes including trial, whereas the defendant prefers the matter stay with a District Judge.

4.      The plaintiffs have not engaged in settlement discussions to date.  The defendants believe the plaintiffs demanded first four million dollars ($4,000,000.00), then four hundred thousand dollars ($400,000.00) prior to filing suit, stating that counsel wanted to give Mr. Iverson a chance to resolve the matter before plaintiffs met with the police.  Defendant rejected both proposals.

5.      The parties agree that this case would not significantly benefit from ADR at this time.

6.      The defendant may file motion(s) for summary judgment or other dispositive motion(s) within thirty (30) days of the close of discovery.

7.      Plaintiffs submit that the initial disclosure provisions of Fed. R. Civ. P. 26(a)(1) shall apply in this case.  Defendant proposes to dispose with the disclosure provisions of Fed. R. Civ. P. 26(a)(1).

8.      Plaintiffs propose that discovery should proceed for a period of one hundred and twenty (120) days, and that fifteen (15) depositions and twenty-five (25) interrogatory questions be allowed.  Defendant proposes that discovery should proceed for a period of one hundred and eighty (180) days, and that fifteen (15) depositions and twenty-five (25) interrogatory questions be allowed.

9.      The parties submit that there should be a modification of Rule 26(a)(2), to allow for plaintiffs' expert(s) to be named sixty (60) days after entry of a scheduling order in this case.  Defendant would then name their expert(s) thirty (30) days thereafter and all expert depositions would be concluded by the close of the discovery period.  Within thirty (30) days following the

close of discovery, all dispositive motions shall be filed.  With respect to any such motions, the parties request a hearing.

10.	Not Applicable.

11.	The parties do not believe that discovery in this case should be bifurcated or managed in phases.

12.	The parties propose that a pretrial conference be set for no sooner than thirty (30) days after the close of all discovery or ruling on any dispositive motions filed by defendant after the close of discovery.

13.	The plaintiffs propose that a firm trial date in May, 2006 be scheduled for this matter, whereas the defendant proposes that a firm trial date in July 2006 be scheduled for this matter.


	Respectfully Submitted,


Gregory L. Lattimer, [371926]	Alan C. Milstein
1100 H Street, N.W.	Sherman, Silverstein, Kohl, Rose & Podolsky, PA
Suite 920	Fairway Corporate Center
Washington, D.C. 20005	4300 Haddonfield Road, Suite 311
(202) 638-0095	Pennsauken, NJ 08109
	(856) 662-0700


Stephanie D. Moran, [471555]	David Rosenberg, [433405]
Watson & Moran, LLC	Ford & Harrison LLP
8401 Corporate Drive	1300 19th Street, N.W., Suite 700
Suite 110	Washington, DC 20036
Landover, MD 20785	(202) 719-2012
(301) 429-0505

*Counsel for the plaintiffs*	*Counsel for Defendant*

Dated this 15th day of November, 2005.