# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MARLIN GODFREY,** *et al.*, | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | **Civil Action No.  05-2044 (ESH)** |
| | : | |
| **ALLEN IVERSON,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

Based on the status conference held this date, it is hereby **ORDERED** as follows:

1.      With respect to plaintiffs' requests to compel interrogatory answers,  the Court rules that:

(a)      Interrogatory No. 3 is denied.

(b)      Interrogatory No. 5 and Document Request No. 23 are granted to the extent that defendant is to identify all requested lawsuits and/or criminal convictions involving Allen Iverson for the last ten (10) years.

(c)      Interrogatory No. 6 is granted to the extent that defendant is to provide the name, address and telephone or cell number of the requested persons.

(d)      Interrogatory No. 16 is granted to the extent that defendant must identify any person or entity paid in cash or in kind to provide security services to defendant within the last five (5) years.

(e)      Interrogatory No. 17 is granted except defendant need not provide privileged communications.

(f)    Interrogatory No. 21 is granted to the extent that defendant must provide the name and address of any location he frequented on July 19, 2005, beginning at 10:00 p.m. until July 20, 2005, at 1:00 a.m.  He must also identify those individuals who were accompanying him or were traveling with him at any time between 10:00 p.m. and 1:00 a.m. and describe his mode of transportation and identify the driver.

(g)    Interrogatory No. 23 is granted to the extent that defendant must describe and provide the specifics of any physical altercations during the last five (5) years involving anyone in his security detail or his entourage on the evening of July 19, 2005.

(h)    Interrogatory No. 24 is granted except defendant need not provide privileged communications.

(i)    Interrogatory No. 25 is granted to the extent that defendant must identify and describe any civil or criminal proceeding in which he was a witness if the defendant in the proceeding was an individual who accompanied him to the Eyebar on July 19, 2006.

2.    With respect to plaintiffs' document requests, the Court rules that:

(a)    Document Request No. 1 is denied.

(b)    Document Request No. 3 is granted to the extent that defendant must produce any telephone or cell records for June and July 2005 which reflect communications from or to Jason Kane.

(c)    Document Request No. 4 is granted to the extent that defendant must produce all documents that reflect purchases, expenses or services rendered to the defendant on July 19, 2005, starting at 10:00 p.m. until July 20, 2005 at 1:00 a.m.

(d)    Document Request No. 10 is granted.

(e)    Document Request No. 18 is granted.

(f)    Document Request No. 20 is denied.

(g)    The Court will reserve ruling on Document Request No. 22.

3.    The above responses to discovery requests shall be filed by defendant no later than February 24, 2006.

4.    Plaintiffs are to respond to defendant's document requests and interrogatories on or before February 14, 2006.

5.    Plaintiffs are to amend their complaint on or before March 3, 2006.

6.    All plaintiffs are to be deposed in March and defendant Iverson is to deposed in April.

7.    Prior to sending out any notice of deposition, counsel are required to consult at least five (5) days in advance thereof to reach agreement regarding available dates and no deposition may be noticed on shorter than five (5) days notice to opposing counsel.

8.    All further discovery disputes will be handled by Magistrate Judge Deborah Robinson.

**SO ORDERED.**


_____ s/ _____
ELLEN SEGAL HUVELLE
United States District Judge

Dated: February 10, 2006

cc:   Magistrate Judge Deborah Robinson