## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARLIN GODFREY** * | |
| **8921 Towncenter Circle** | |
| **Largo, Maryland 20774** * | |
| | |
| **and** * | |
| | Civil Action No. 1:05-cv-2044 |
| **DAVID ANTHONY KITTRELL** * | (ESH) (DAR) |
| **12917 Acorn Hollow Lane** | |
| **Silver Spring, Maryland 20906** * | |
| | |
| **Plaintiffs,** * | |
| **vs.** | |
| * | |
| **ALLEN IVERSON** | |
| **1432 Monk Road** * | |
| **Galdwyne, PA 19035** | |
| * | |
| **and** | |
| * | |
| **JASON KANE** | |
| **13204 Fireside Court** * | |
| **Fairfax, VA 22032** | |
| * | |
| **and** | |
| * | |
| **GREGORY IVERSON** | |
| **One Franklin Town Apartments** * | |
| **Unit 1106** | |
| **Philadelphia, PA 19103** * | |
| | |
| **Defendants.** * | |

## AMENDED COMPLAINT
(Assault & Battery; Intentional Infliction of Emotional Distress;
Negligent Infliction of Emotional Distress; Negligent
Hiring Training & Supervision; Civil Conspiracy).

## INTRODUCTION

1. This is a civil action seeking damages against the Defendants for intentional

wrongdoing and acts of negligence under common law.

**JURISDICTION**

2.  Jurisdiction exists in this case pursuant to D.C. Code § 11-921 (2004).

**VENUE**

3.  Venue is appropriate in this Court because the incident complained of occurred in the District of Columbia.

**PARTIES**

4.  Plaintiff Marlin Godfrey was a resident of the State of Maryland and a citizen of the United States, at all times relevant herein.

5.  Plaintiff David Anthony Kittrell was a resident of the State of Maryland and a citizen of the United States, at all times relevant herein.

6. Defendant Allen Iverson at all times relevant herein was a professional basketball player who employed a security detail and engaged agents that acted at his direction and for his benefit.  As a result thereof, he is responsible for his own and for the actions of his security detail and agents under the doctrine of respondeat superior and/or vicarious liability.

7.  Defendant Jason Kane at all times relevant herein provided security services on behalf of Allen Iverson and acted as Mr. Allen Iverson's agent under his control and direction.   Mr. Kane participated in the underlying incident.

8.  Defendant Gregory Iverson at all times relevant hereto acted as Allen Iverson's agent under his control and direction and upon information and belief participated in the underlying incident.

–2–

## STATEMENT OF RELEVANT FACTS

9.  On July 20, 2005, at approximately 1:30 a.m. Plaintiffs Godfrey and Kittrell were patrons of a nightclub called the "Eyebar" who were seated in the VIP section.

10.  While in the VIP section, Defendant Allen Iverson entered the Eyebar led by his security detail and agents.  He and his entourage were directed to the VIP section as well.

11.  When Defendant Allen Iverson and his security detail and agents arrived at the VIP section, patrons already seated there were told to move in an intimidating manner by members of Defendant Iverson's security detail and entourage.

12.  Plaintiff Godfrey in particular was addressed by members of Defendant Allen Iverson's security detail, entourage and was repeatedly told to leave the area even though he was seated in the VIP area before Defendant Allen  Iverson and his entourage arrived and was appropriately seated in that area.

13.  Ansley Grant and Curtiss Fitzgerald were members of the security staff at the Eyebar and were working at the time Defendant Allen Iverson and his security detail entered the club.  They noticed the hostility being directed by Defendant Allen Iverson's security staff and agents toward the other party in the VIP section which included Plaintiffs Godfrey and Kittrell.

14.  Because of the threatening manner in which Defendant Allen Iverson's security and agents were acting, Mr. Grant and Mr. Fitzgerald decided to move the party of Plaintiffs Godfrey and Kittrell a table away from the Iverson party in an attempt to

–3–

diffuse a situation that appeared to be tense and escalating within the Iverson party. All the while that the unwarranted actions were being taken by his security detail and agents, Defendant Allen Iverson took no action whatsoever to calm his employees and agents.

15. Shortly after Mr. Grant and Mr. Fitzgerald moved the party of Plaintiffs Godfrey and Kittrell a short distance away from Defendant Allen Iverson's party, members of Defendant Allen Iverson's security detail and his agents initiated an unprovoked attack upon the Plaintiffs that cleared the Eyebar. As opposed to exercising his duty of care and authority to stop the unwarranted attack by his security detail and agents, Defendant Allen Iverson joined in the fracas by striking at Plaintiff Godfrey with a bottle and otherwise assaulting him.

16. As a result of the actions of Defendant Allen Iverson, his security detail and his agents, Plaintiff Godfrey suffered a concussion, a perforated eardrum, a damaged right eye, and assorted contusions and bruises over a great extent of his body.

17. As a result of the actions of Defendant Allen Iverson and his security detail and agents, Plaintiff Kittrell suffered a number of contusions and bruises over a great extent of his body.

18. As a result of the actions of Defendant Allen Iverson and his security detail and agents others were also injured.

19. As a result of the actions of Defendants Jason Kane and Gregory Iverson, Plaintiffs suffered a number of injuries, contusions and bruises over a great extent of his

–4–

body.   As such, Defendants Kane and Gregory Iverson are personally liable for

Plaintiffs injuries and damages.

20.   At all times relevant herein, Defendant Allen Iverson's security detail and his

agents were acting in furtherance of their employment, agency and servant relationship

with Defendant Allen Iverson and, as such, Defendant Allen Iverson was responsible at

all relevant times for the actions of the members of his security detail and his agents

under the doctrine of respondeat superior and/or vicarious liability.

**COUNT I**
**(Assault & Battery)**

21.   Plaintiffs incorporate, by reference, paragraphs 1 through 20, as if fully set

forth herein.

22.   Defendants without proper grounds, willfully and maliciously attacked the

Plaintiffs in the Eyebar without just cause. The injuries suffered by the Plaintiffs were

inflicted while they were presenting no immediate threat to anyone.

23. As a direct and proximate result of the willful, wanton, malicious and

intentional actions of Defendant Allen Iverson and those of his employees and agents,

the Plaintiffs suffered severe bodily injuries, mental anguish, humiliation and

embarrassment.

24. As a direct and proximate result of the willful, wanton, malicious and

intentional actions of Defendant Jason Kane and Gregory Iverson, the Plaintiffs suffered

severe bodily injuries, mental anguish, humiliation and embarrassment.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly

–5–

and severally, in the full and just amount of Five Million Dollars ($5,000,000.00), plus punitive damages to the extent allowed by law plus interest and costs.

## COUNT II
### (Intentional Infliction of Emotional Distress)

25.  Plaintiffs adopt and incorporate the allegations of complaint paragraphs 1 through 20 as if fully set forth herein.

26.  Defendant Allen Iverson and his employees, agents as well as Defendant Kane and Gregory Iverson intentionally caused severe emotional distress to the Plaintiffs by their willful, wanton, extremely reckless and indifferent conduct, including but not limited to engaging in a senseless physical attack upon the person of the Plaintiffs which directly led to their severe bodily injuries.

27.  The actions of Defendant Allen Iverson and his agents as well as Defendants Jason Kane and Gregory Iverson go well beyond all bounds of decency and were done with the purpose of inflicting emotional distress and fear.

28.  That the aforesaid actions by said Defendants and Allen Iverson's security detail, agents was so outrageous in character and were so extreme in degree that a reasonable member of the community would regard such conduct as atrocious, going beyond all possible bounds of decency and as being utterly intolerable in a civilized community.

29.  As a direct and proximate result of the Defendants' extremely, reckless and indifferent conduct, the Plaintiffs suffered severe pain, emotional distress, mental anguish and physical injuries as the result of being beaten.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in the full and just amount of Five Million Dollars ($5,000,00.00), plus punitive damages to the extent allowed by law, interest, and costs.

### COUNT III
### (Negligent Infliction of Emotional Distress)

30.  Plaintiffs adopt and incorporate the allegations of complaint paragraphs 1 through 20 as if fully set forth herein.

31.  Defendant Allen Iverson negligently caused severe emotional distress to the Plaintiffs by his extremely negligent actions and breach of his duty of care, including but not limited to engaging in and/or allowing his employees and agents to engage in a senseless physical attack upon the person of the Plaintiffs which directly led to their severe physical injuries.

32. Defendant Jason Kane and Gregory Iverson negligently caused severe emotional distress to the Plaintiffs by their extremely negligent actions and breach of their duty of care, including but not limited to engaging in and/or allowing their employees and agents to engage in a senseless physical attack upon the person of the Plaintiffs which directly led to their severe physical injuries.

33.  As a direct and proximate result of the Defendants' extremely, negligent, reckless and indifferent conduct and the conduct of their agents, the Plaintiffs suffered severe pain, emotional distress, and mental anguish as the result of being attacked at the Eyebar.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly

and severally, in the full and just amount of Two Million, Five Hundred Thousand Dollars ($2,500,00.00), plus interest, and costs.

### **COUNT IV**
(Negligent Hiring, Training & Supervision)

34.  Plaintiffs adopt and incorporate the allegations of complaint paragraphs 1 through 20 as if fully set forth herein.

35.  At all times relevant herein, the members of Defendant Iverson's security detail and his agents were acting under the direction and control, and pursuant to the rules, regulations, policies and procedures put in place by Defendant Allen Iverson and Defendant Jason Kane.

36.   Defendant Allen Iverson and Jason Kane acted in contravention to their duty of care to Plaintiffs, negligently, carelessly and recklessly by failing to properly train, supervise, control, direct and monitor their security staff and agents in their duties and responsibilities.

37.  As a direct and proximate result of the acts and omissions of Defendant Allen Iverson and Defendant Jason Kane, the Plaintiffs were wrongfully and unlawfully attacked and beaten at the Eyebar in the presence of Defendant Allen Iverson and Jason Kane.

WHEREFORE, the Plaintiff demands judgment against the Defendants Jason Kane and Allen Iverson, joint and severally in the full and just amount of Two Million, Five Hundred Thousand Dollars ($2,500,00.00), plus interest, and costs.

–8–

## COUNT V
### (Civil Conspiracy)

38.     Plaintiffs adopt and incorporate the allegations of complaint paragraphs 1 through 20 as if fully set forth herein.

39.     Defendants and John Does 1 and 2 entered into an agreement to commit an illegal act of assault and battery against Plaintiffs.

40.     Defendants detail did indeed commit an assault and battery on Plaintiffs.

41.      Defendants acted in furtherance of their aforementioned employment, agency relationship with each other and John Does 1 and 2 and scheme to commit a tortious act.

42.     Defendants and John Does 1 and 2 were acting in the course and general scope of their employment and agency relationship in pursuance of the authority given them by Defendants Allen Iverson and Jason Kane.

43.     Defendants, authorized, instigated, condoned and/or participated in the conspiracy to commit the assault and battery of Plaintiff by Defendants and John Does 1 and 2.

44.      Plaintiffs were injured by the Defendants.

45.     Defendant Allen Iverson is directly and vicariously liable for the aforesaid actions of his employees, agents and/or servants

46.     Defendants Jason Kane and Gregory Iverson are directly and vicariously liable for their own acts and the acts of their agents.

47.     As a direct and proximate result of the Defendants' civil conspiracy and

–9–

unlawful acts, the Plaintiffs suffered severe pain, emotional distress, and mental anguish as the result of being attacked at the Eyebar.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in the full and just amount of Five Million Dollars ($5,000,000.00), plus punitive damages to the extent allowed by law plus interest and costs.

## Jury Demand

The Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,


  **/S/ Gregory L. Lattimer**
Gregory L. Lattimer
1100 H Street, N.W., Suite 920
Washington, D.C.  20005
(202) 638-0095
Attorney For All Plaintiffs

**/S/ Stephanie D. Moran/ E. Gregory Watson**
Stephanie D. Moran
E. Gregory Watson
Watson & Moran, LLC
8401 Corporate Drive, Suite 110
Landover, MD 20785
(301) 429-0505
Attorney For All Plaintiffs