Stipulation and Protective Order
<u>Godfrey, et al. v. Iverson, et al.</u>
Page 1

**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MARLIN GODFREY, et al.,** | * | |
| Plaintiffs, | * | |
| | | **Civil Action No. 05-2044** |
| vs. | * | |
| | | **(ESH) (DAR)** |
| | * | |
| **ALLEN IVERSON, et al.** | | |
| | * | |
| Defendants. | | |
| | * | |

**<u>STIPULATION AND PROTECTIVE ORDER</u>**

WHEREAS, the parties have stipulated that the following terms and conditions shall govern the confidential treatment of documents and information that are disclosed by any party in connection with this litigation:

NOW THEREFORE, it is hereby ORDERED that

1. All documents made available by the parties to each other in connection with this litigation in response to interrogatories, document requests or other discovery requests, as deposition exhibits or deposition transcripts, declarations and affidavits and exhibits thereto, or as proposed trial exhibits, as well as information derived therefrom and all copies, excerpts or summaries thereof may be designated as "Confidential" ("confidential documents") if the document (a) contains Commercial Information - defined as information related to one's business, the public dissemination of which would cause financial hardship for the producer of the information or would place the producer at a competitive disadvantage and could include, for

Stipulation and Protective Order
Godfrey, et al. v. Iverson, et al.
Page 2

example, trade secrets, manufacturing processes, customer lists, technical or research information, and internal financial information; or (b) consists of "individual personal information," including but not limited to (i) the contents of personnel files, (ii) medical records; (iii) any document that describes compensation, bank accounts, addresses, security numbers, transfers, bids, promotions, evaluations, demotions, employment history, benefits disciplinary complaints or investigations, disciplinary actions or termination, or similar information as to any past or present employee, where an employee is identifiable, (iv) information about any party's immediate family-spouse, children, siblings, parents and (v) testimony about the incident that forms the basis of the complaint and amended complaint(s) filed in this matter. Specifically, the deposition and all interrogatory responses of Allen Iverson, Marlin Godfrey and David Kittrell are designated as "Confidential - Attorneys only" meaning that such documents will be limited to use by counsel of record herein, except that such documents may also be disclosed to deponents, trial witnesses, and experts. Confidential documents shall not consist of documents that are or become a matter of public record through any means independent of a violation of this Stipulation and Protective Order.

2. The parties shall not use the confidential documents except in connection with this litigation and shall not disclose the documents to any person except as provided in paragraph 3, subject to the approval by the Court presiding over this action to such disclosure.

3. Inspection and review of the confidential documents shall be limited to the parties, their counsel of record herein, their employees, investigators; or experts retained by the parties to assist in the preparation of this case for trial. This paragraph shall not, however, preclude the

Stipulation and Protective Order
<u>Godfrey, et al. v. Iverson, et al.</u>
Page 3

showing of any document or the disclosure of any information to a non-party witness during deposition or trial, provided such witness is not given a copy of any such document to take from the place of deposition or trial.

    4.  The use of confidential documents or information derived therefrom by persons entitled to access pursuant to paragraph 3 above shall be limited solely and exclusively to the prosecution of this litigation and for no other purpose. Nothing in this order shall preclude the parties from submitting confidential documents to the court as deposition or trial exhibits or in connection with motion or other papers filed with the court. However, the parties agree that prior to submitting such information with a motion , the filing attorney should seek to file said documents under seal.

    5.  Prior to providing an expert or investigator with access to confidential documents pursuant to the provisions of this Stipulation and Protective Order, the parties shall require that the expert or investigator be given access to the material, execute a written acknowledgment that he or she understands the terms of this Stipulation and Protective Order and agrees to abide by them.

    6.  No part or parts of the restrictions imposed by paragraphs 1 through 5 above may be terminated except by a written stipulation by the parties hereto or by an order of this Court for good cause shown.

    7.  Nothing in this Order shall be deemed to preclude the parties from seeking and obtaining, or an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as it may deem appropriate, nor from

Stipulation and Protective Order
Godfrey, et al. v. Iverson, et al.
Page 4

raising any other objection to the scope, timing or method of discovery.

8. The inadvertent production of documents subject to the attorney-client or work product privilege by any party shall not constitute a waiver of that privilege.

9. Either party or counsel may request the identification of all persons to whom such confidential information has been shown by any other party or their counsel. Upon such a request, the party to whom the request is directed must provide such information to the requesting party or their counsel within five (5) business days.

10. After the final termination of these proceedings, the provisions hereof relating to the access and use of confidential documents shall continue to be binding upon all persons entitled to access under the terms of this Stipulation and Protective Order, and within ninety (90) days of the final termination, the parties shall deliver to the party producing the documents all confidential documents and all copies whether in the party's possession or in the possession of his counsel or any experts or investigators retained by the party.

11. The Court shall retain jurisdiction over all persons to be bound by the terms of this order during the pendency of this action and for such time thereafter as is needed to carry out the terms of this order.

Stipulation and Protective Order
<u>Godfrey, et al. v. Iverson, et al.</u>
Page 5

      It is so stipulated.


_____
Gregory L. Lattimer, Esq.                                                Date
1100 H Street, N.W.
Suite 920
Washington, D.C. 20005
(202) 638-0095
Counsel for Plaintiffs


_____
Stephanie D. Moran, Esq.
E. Gregory Watson, Esq.                                               Date
8401 Corporate Drive
Metro-Plex I
Suite 110
Landover, Maryland 20785
Counsel for Plaintiffs


_____
Alan C. Milstein, Esq.                                                        Date
Fairway Corporate Center
4300 Haddonfield Road
Suite 311
Pennsauken, N.J. 08109

Stipulation and Protective Order
<u>Godfrey, et al. v. Iverson, et al.</u>
Page 6

(856) 662-0700
Counsel for Defendant Iverson

It is so ORDERED this _____ day of _____, 2006.

United States Magistrate Judge