IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARLIN GODFREY,** | CIVIL ACTION |
| **DAVID ANTHONY KITTRELL,** | NO.: 1:05-cv-2044 |
| Plaintiffs, | |
| v. | |
| **ALLEN IVERSON,** | |
| **JASON KANE, and** | |
| **GREGORY IVERSON,** | |
| Defendants. | |

**ANSWER OF DEFENDANT ALLEN IVERSON**
**TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendant ALLEN IVERSON (hereinafter referred to herein as "Mr. Iverson"), by and through his undersigned counsel, Sherman, Silverstein, Kohl, Rose & Podolsky, P.A., by way of answer to plaintiffs' Complaint, hereby says, admits, denies, and avers as follows:

1. In response to paragraph 1 of the Complaint, Mr. Iverson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein. Proof of claim is hereby demanded at time of trial.

2. Denied. Proof of claim is hereby demanded at time of trial.

3. Denied. Proof of claim is hereby demanded at time of trial.

4. In response to paragraph 4 of the Complaint, Mr. Iverson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said

paragraph, and on that basis denies each and every allegation contained therein. Proof of claim is hereby demanded at time of trial.

    5.    In response to paragraph 5 of the Complaint, Mr. Iverson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein. Proof of claim is hereby demanded at time of trial.

    6.    Admitted in part, denied in part. Although Mr. Iverson admits he is a professional basketball player, he denies employing "a security detail that acted at his direction and for his benefit" and denies responsibility for the actions of this fictitious security detail.

    7.    Admitted in part, denied in part. Although Mr. Kane provided security services on behalf of Mr. Iverson on the evening in question, he did not participate in the alleged incident giving rise to this lawsuit.

    8.    Denied.

    9.    In response to paragraph 9 of the Complaint, Mr. Iverson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein. Proof of claim is hereby demanded at time of trial.

    10.    Denied. Proof of claim is hereby demanded at time of trial.

    11.    Denied. Proof of claim is hereby demanded at time of trial.

    12.    Denied. Proof of claim is hereby demanded at time of trial.

    13.    Denied. Proof of claim is hereby demanded at time of trial.

    14.    Denied. Proof of claim is hereby demanded at time of trial.

    15.    Denied. Proof of claim is hereby demanded at time of trial.

16. Denied. Proof of claim is hereby demanded at time of trial.

17. Denied. Proof of claim is hereby demanded at time of trial.

18. Denied. Proof of claim is hereby demanded at time of trial.

19. Denied. Proof of claim is hereby demanded at time of trial.

20. Denied. Proof of claim is hereby demanded at time of trial.

## COUNT I
### (Assault & Battery)

21. Mr. Iverson hereby incorporates the previous responses herein as if set forth at length.

22. Denied. Proof of claim is hereby demanded at time of trial.

23. Denied. Proof of claim is hereby demanded at time of trial.

24. Denied. Proof of claim is hereby demanded at time of trial.

In response to the prayer for relief contained at the end of Count One of the Complaint, Mr. Iverson denies that plaintiffs are entitled to any of the relief requested against him.

## COUNT II
### (Intentional Infliction of Emotional Distress)

25. Mr. Iverson hereby incorporates the previous responses herein as if set forth at length.

26. Denied. Proof of claim is hereby demanded at time of trial.

27. Denied. Proof of claim is hereby demanded at time of trial.

28. Denied. Proof of claim is hereby demanded at time of trial.

29. Denied. Proof of claim is hereby demanded at time of trial.

In response to the prayer for relief contained at the end of Count Two of the Complaint, Mr. Iverson denies that plaintiffs are entitled to any of the relief requested against him.

## COUNT III
### (Negligent Infliction of Emotional Distress)

30. Mr. Iverson hereby incorporates the previous responses herein as if set forth at length.

31. Denied. Proof of claim is hereby demanded at time of trial.

32. Denied. Proof of claim is hereby demanded at time of trial.

33. Denied. Proof of claim is hereby demanded at time of trial.

In response to the prayer for relief contained at the end of Count Three of the Complaint, Mr. Iverson denies that plaintiffs are entitled to any of the relief requested against him.

## COUNT IV
### (Negligent Hiring, Training & Supervision)

34. Mr. Iverson hereby incorporates the previous responses herein as if set forth at length.

35. Denied. Proof of claim is hereby demanded at time of trial.

36. Denied. Proof of claim is hereby demanded at time of trial.

37. Denied. Proof of claim is hereby demanded at time of trial.

In response to the prayer for relief contained at the end of Count Four of the Complaint, Mr. Iverson denies that plaintiffs are entitled to any of the relief requested against him.

## COUNT V
### (Civil Conspiracy)

38. Mr. Iverson hereby incorporates the previous responses herein as if set forth at length.

39. Denied. Proof of claim is hereby demanded at time of trial.

40. Denied. Proof of claim is hereby demanded at time of trial.

41. Denied. Proof of claim is hereby demanded at time of trial.

42. Denied.  Proof of claim is hereby demanded at time of trial.

43. Denied.  Proof of claim is hereby demanded at time of trial.

44. Denied.  Proof of claim is hereby demanded at time of trial.

45. Denied.  Proof of claim is hereby demanded at time of trial.

46. Denied.  Proof of claim is hereby demanded at time of trial.

47. Denied.  Proof of claim is hereby demanded at time of trial.

In response to the prayer for relief contained at the end of Count Five of the Complaint, Mr. Iverson denies that plaintiffs are entitled to any of the relief requested against him.

## **AFFIRMATIVE DEFENSES**

48. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

49. Plaintiffs have failed to join one or more indispensable parties.

50. Plaintiffs' claims are barred by the doctrine of laches.

51. Plaintiffs are barred from obtaining any relief sought in the Complaint by reason of their own unclean hands.

52. Plaintiffs' claims are barred by the doctrine of estoppel.

53. Plaintiffs' claims are barred by the doctrine of waiver.

54. The injuries and damages allegedly suffered by Plaintiffs were proximately caused, in whole or in part, by their own conduct or fault.

55. Plaintiffs' damages, if any, were proximately caused or contributed to, in whole or in part, by the intentional conduct or negligence of persons or entities other than Mr. Iverson for which Mr. Iverson is not responsible.

56. Plaintiffs failed to mitigate its damages, if any.

57. Plaintiffs have not been damaged in any amount, manner, or at all by reason of any act alleged against Mr. Iverson in the Complaint.

**SHERMAN, SILVERSTEIN, KOHL ROSE & PODOLSKY, P.A.**

Dated: March 29, 2006        By:   /s/
                                   Alan C. Milstein (NY0026)
                                   Fairway Corporate Center
                                   4300 Haddonfield Road - Suite 311
                                   Pennsauken, NJ 08109
                                   Telephone: (856) 662-0700
                                   Fax: (856) 488-4744

                                   David Rosenberg
                                   Ford & Harrison
                                   1300 19th Street, N.W. - Suite 700
                                   Washington, DC 20036
                                   Tel: (202) 719-2012
                                   Fax: (202) 719-2077

                                   Attorneys for Defendant Allen Iverson