**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MARLIN GODFREY, *et al.*, | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | NO.: 1:05-cv-2044 (ESH) |
| | : | |
| v. | : | |
| | : | |
| ALLEN IVERSON, *et al.*, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT ALLEN IVERSON'S MOTION FOR PROTECTIVE ORDER**

COMES NOW Allen Iverson, Defendant in the above-captioned matter (hereinafter referred to herein as "Mr. Iverson" or "Defendant"), by and through his undersigned counsel, Sherman, Silverstein, Kohl, Rose & Podolsky, P.A., pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and moves this honorable Court for an Order that the deposition of Mr. Iverson not be taken in Washington, DC, but rather be taken in Philadelphia, Pennsylvania.  In support of said motion, Mr. Iverson will show as follows:

1.      On March 29, 2006, Magistrate Judge Deborah A. Robinson entered a Minute Order in this case which modified the then-existing scheduling order, extended discovery, and stated that "Defendant Iverson shall be deposed on 5/10/06", among other things.

2.      Although Plaintiffs' counsel has not yet noticed the deposition of Mr. Iverson pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiffs' counsel has informed Defendant's counsel of their intent to depose Mr. Iverson in the District of Columbia and has stated their objection to the taking of Mr. Iverson's deposition in Philadelphia, Pennsylvania. See Certification of Alan C. Milstein, attached hereto as Exhibit "A".

3.      Mr. Iverson is a resident and citizen of the Commonwealth of Pennsylvania who desires to have his deposition taken in the United States District where he resides in order to avoid the annoyance, undue burden and safety concerns associated with traveling to Washington, DC for the taking of his deposition.

4.      In addition, as the Court is no doubt aware, Mr. Iverson is a professional athlete who lives in the public eye.  As such, Mr. Iverson receives unwanted attention when traveling and/or appearing in public which can substantially impact his safety and wellbeing.

5.      In the Federal District Courts "[i]t is within the discretion of the court to designate the location for a taking of depositions, and each application must be considered on its own facts and equities."  Terry v. Modern Woodman of America, 57 F.R.D. 141 (W.D.Mo. 1972).  The general presumption in the Federal District Courts, however, states that "[w]hile the court may order a defendant to appear at any convenient place, case law indicates that 'it will be presumed that the defendant will be examined at his residence or place of business or employment.'"  Pinkham v. Paul, 91 F.R.D. 613, 615 (D.Me. 1981) (quoting 4 Moore's Federal Practice § 26.70 (1-3) at 26-514.)  See also Farquhar v. Shelden, 116 F.R.D. 70, 72 (E.D.Mich. 1987); General Leasing Co. v. Lawrence Photo-Graphic Supply, Inc., 84 F.R.D. 130, 131 (W.D.Mo. 1979).  "From these principles has evolved the rule that in federal litigation, in the absence of special circumstances, a party seeking discovery must go where the desired witnesses are normally located."  Farquhar, 116 F.R.D. at 72 (citing Salter v. Upjohn Co., 593 F.2d 649, 671 (5th Cir. 1979); Dunn v. Standard Fire Ins. Co., 92 F.R.D. 31 (E.D.Tenn. 1981); General Leasing Co., 84 F.R.D. at 131.

> Underlying this rule appears to be the concept that it is the plaintiffs who bring the lawsuit and who exercise the first choice as to the forum.  The defendants, on the other hand, are not before the court by choice. Thus, courts have held that

plaintiffs normally cannot complain if they are required to take discovery at great distances from the forum.

Farquhar, 116 F.R.D. at 72 (citing Work v. Bier, 107 F.R.D. 789, 792 (D.D.C. 1985).

WHEREFORE, in light of the above-referenced case law regarding the time and place of depositions in the Federal District Court, Mr. Iverson moves the Court for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ordering that his deposition be taken in Philadelphia, Pennsylvania (or its immediately adjoining suburbs) in order to protect the Defendant from the inconvenience, undue burden and safety concerns associated with traveling to Washington, DC for the taking of his deposition.

SHERMAN, SILVERSTEIN, KOHL,
ROSE & PODOLSKY, P.A.

Dated:   April 27, 2006          By:          /s/ Alan C. Milstein
                                         Alan C. Milstein
                                         Fairway Corporate Center
                                         4300 Haddonfield Road - Suite 311
                                         Pennsauken, NJ 08109
                                         Telephone: (856) 662-0700
                                         Facsimile: (856) 488-4744
                                         Attorney for Defendant Allen Iverson

3