IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MARLIN GODFREY, et al.,** | * | |
| **Plaintiffs,** | * | |
| | | Civil Action No. 05-2044 |
| vs. | * | |
| | | (ESH) (DAR) |
| | * | |
| **ALLEN IVERSON, et al.** | | |
| | * | |
| **Defendants.** | | |
| | * | |

## PLAINTIFFS' OPPOSITION TO DEFENDANT
## ALLEN IVERSON'S MOTION FOR A PROTECTIVE ORDER

Comes now, the plaintiffs, by and through counsel, and hereby submit their opposition to the motion for protective order filed by Allen Iverson. In his motion, it is claimed that Mr. Iverson "desires to have his deposition taken in the United States District where he resides in order to avoid the annoyance, undue burden and safety concerns associated with traveling to Washington, D.C. for the taking of his deposition." Mot. at 2. The representation in this regard is somewhat mystifying given that Mr. Iverson attended Georgetown University, and has a number of friends and associates in the metropolitan area. Moreover, Mr. Iverson is hosting a "Celebrity Summer Classic" in the D.C. Metropolitan area in July of this year just as he has done in the past several years. Exhibit 1. Presumably, Mr. Iverson has no safety concerns when he comes to this locale for that purpose. And while Mr. Iverson does not explain his suggested safety concerns, it is all too obvious that any such concerns are at best, contrived.

Mr. Iverson, without any explanation at all, also suggests that to have his deposition taken in this city where 1) the alleged incident occurred; 2) where the case is pending; and 3) where the plaintiffs reside, would be an annoyance and undue burden. Mr. Iverson is a professional athlete

who makes millions of dollars a year. He was not hindered when he traveled here in 2005, 2004, or 2003 and he certainly will not be hindered by traveling the 90 miles from Philadelphia to Washington, D.C. next week to give a two-hour deposition. Importantly, counsel for Mr. Iverson has made it clear that he does not feel that Mr. Iverson would be comfortable in undersigned counsel's "small" conference room. However, it would be agreeable if the deposition could be conducted in D.C. at the Offices of Harrison & Ford, Mr. Iverson's local counsel, because those offices are "more comfortable." Thus, it is clear that this entire motion is bogus.

In further support of his motion, Mr. Iverson cites to a number of cases which stand for the general proposition that it is within the discretion of the court to designate the location of depositions and generally it is presumed that the defendant will be examined at his residence or place of business or employment. Mot. at 2.

One case, however, from this District is instructive. What Magistrate Burnett said in *Work v. Bier*, 107 F.R.D. 789, 793 n. 4 (D.D.C. 11985), is wholly applicable:

> the universally accepted rule in federal litigation is that, in the absence of special circumstances (such as an impoverished plaintiff and a very affluent defendant) a party seeking discovery must go where the desired witnesses are normally located.

Here, Mr. Iverson is much more than very affluent, he makes more than 16 million dollars a year. Exhibit 2. It would be unconsciousable for the Court to require the plaintiffs, who basically live paycheck to paycheck to bear the expenses of travel to Pennsylvania to depose a multi-millionaire. And while the defendant did not choose this forum, he certainly caused this action be initiated in this forum by his actions and by those of his goon squad. Indeed, had he not been at the Eyebar in Washington, D.C., this action would not have been filed. Had he not allowed his goon squad of a security detail to attack completely innocent patrons of the Eyebar, this action would have not been

filed.  Venue in fact, is only appropriate in this forum.  The fact of the matter is that Mr. Iverson cannot come to the District of Columbia, do his dirt, and then attempt to run to the sanctity of his home in Pennsylvania.  If he only wants to answer for his actions in Pennsylvania, then he ought to stay in Pennsylvania or assure that beaten down people are not left in his wake when he leaves a place outside of Pennsylvania.

    Wherefore, for the reasons stated herein and in the record of this proceeding and because no legitimate reason exists for Mr. Iverson not being deposed in Washington, D.C., a place that he routinely frequents, it is respectfully requested that the motion for protective order be summarily denied.

Respectfully submitted,

Gregory L. Lattimer, [371926]
1100 H Street, N.W.
Suite 920
Washington, D.C.  20005
(202) 638-0095

Stephanie D. Moran, [471555]
E. Gregory Watson
Watson & Moran, LLC
8401 Corporate Drive
Suite 110
Landover, MD 20785
(301) 429-0505