IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MARLIN GODFREY,** *et al.,* | : | CIVIL ACTION |
| Plaintiffs, | : | NO.: **1:05-cv-2044** (ESH/DAR) |
| v. | : | |
| **ALLEN IVERSON,** *et al.,* Defendant. | : | |

### DEFENDANT ALLEN IVERSON'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND DISCOVERY AND REQUEST FOR IMMEDIATE HEARING

Defendant ALLEN IVERSON (hereinafter referred to herein as "Mr. Iverson"), by and through his undersigned counsel, Sherman, Silverstein, Kohl, Rose & Podolsky, P.A., by way of opposition to Plaintiffs' Motion to Extend Discovery and Request for Immediate Hearing ("Motion"), hereby says, states and avers as follows:

1. The discovery period in the above-captioned civil action concludes on June 1, 2006, pursuant to the current Scheduling Order.

2. The discovery deadline in this case has already been extended once from its original end-date of May 1, 2006, pursuant to the Minute Order entered by Judge Robinson on March 29, 2006.

3. Although discovery in this case is scheduled to end on June 1, 2006, plaintiffs' counsel has taken the deposition testimony of only two (2) individuals to date, Andre Demoya (the owner of the Eyebar) and Mr. Iverson. On May 23, 2006, however, plaintiffs' counsel noticed the depositions of five (5) individuals for June 1, 2006.

4. Mr. Iverson's counsel has taken the deposition testimony of the following five (5)

individuals: plaintiffs Godfrey and Kittrell, former plaintiff Curtiss Fitzgerald, Washington D.C. Metropolitan Police officer Nikeith Goins, and Philadelphia Police officer Tea Barrow.  In addition, Mr. Iverson's counsel has noticed the depositions of three (3) additional individuals for May 31, 2006: former plaintiff Ainsley Grant, Jamal Daniels and Saul Simington.

5.      Plaintiffs' Complaint alleges that "members of Mr. Iverson's security detail and his agents initiated an unprovoked attack upon the plaintiffs" and that "Mr. Iverson joined in the fracas by striking at [sic] Plaintiff Godfrey with a bottle and otherwise assaulting him."

6.      To date, all but one of the individuals who have provided deposition testimony in this matter (including plaintiff Marlin Godfrey, former plaintiff Curtiss Fitzgerald, Washington D.C. Metropolitan Police officer Nikeith Goins, and Philadelphia Police officer Tea Barrow) have stated that they did not see either Mr. Iverson or Mr. Kane (Mr. Iverson's lone security guard on the evening in question) physically assault either of the plaintiffs.

7.      In fact, although plaintiff Kittrell stated in his deposition that he saw Mr. Kane strike plaintiff Godfrey, the statements of former plaintiff Curtiss Fitzgerald contradict this account of the altercation.  In fact, Mr. Fitzgerald stated in his deposition that he did not witness Mr. Iverson or Mr. Kane strike either of the plaintiffs on the evening in question, although his "focus was on Jason Kane" during the altercation, as evidenced by the following excerpt from Mr. Fitzgerald's deposition testimony:

> Q:    But you didn't see anybody specifically hit Mr. Godfrey, correct?
>
> A:    No, I did not.  It was too dark.
>
> Q:    And you didn't see anybody specifically hit Mr. Kittrell?
>
> A:    No, I did not.
>
> Q:    But you know that Mr. - at least from your observation Mr. Iverson did not hit Mr. Godfrey, correct?

> A:   Yeah, as far as -- I mean as far as I could see, yeah, he was - because he was way on the other end.
>
> Q:   And Mr. Iverson did not hit Mr. Kittrell?
>
> A:   Not that I saw.
>
> Q:   And Mr. Kane did not hit Mr. Godfrey?
>
> A:   No.
>
> Q:   And Mr. Kane did not hit Mr. Kittrell?
>
> A:   No.

Furthermore, Mr. Fitzgerald stated during his deposition that he never agreed to be a plaintiff in this matter and that he first learned of his involvement in the lawsuit after reading about the case in the newspaper, at which time he withdrew from the suit. Former plaintiff Ainsley Grant has also withdrawn from this lawsuit.

8.  In addition, plaintiff Marlin Godfrey stated in his deposition that he could not identify the individuals who allegedly assaulted him on the evening in question, as evidenced by the following excerpt from Mr. Godfrey's deposition testimony:

> Q:   Do you know what Allen Iverson looks like?
>
> A:   Yes.
>
> Q:   Did you see him at all in the club?
>
> A:   I did not see him.
>
> Q:   If you didn't see him in the club, you didn't see him hit you, correct?
>
> A:   While I was being beat I was on all fours covering my head?
>
> Q:   So the answer is you did not see him?
>
> A:   Would you restate the question, please?

> Q: Did you see Allen Iverson at all from the moment you got in the club to the moment you left in the ambulance?
>
> A: No.
>
> . . .
>
> Q: Did you see Jason Kane hit you?
>
> A: No. I didn't - I can answer your questions, I didn't see who hit me, Okay?

9. It is emphatically denied that either Mr. Iverson or his counsel have "engaged in a calculated subterfuge to prevent Plaintiff's [sic] from locating necessary witnesses," as alleged in plaintiffs' Motion. Rather, Mr. Iverson and his counsel have provided the information in their possession and control with regard to Jason Kane, Gregory Iverson and Greg Moore, as required by Fed. R. Civ. P. 33.

10. The address provided by Mr. Iverson for Jason Kane is the only address known to either Mr. Iverson or his counsel. Furthermore, although plaintiffs' counsel served Mr. Kane with the Summons and Complaint in this action on May 21, 2006, they have yet to notice his deposition. As such, Mr. Iverson should not be penalized for the failure of plaintiff's counsel to locate and depose Mr. Kane.

11. The address provided by Mr. Iverson for Gregory Iverson is the true and correct address for Gregory Iverson's residence. In fact, Mr. Iverson's counsel has successfully mailed documents unrelated to this action to Gregory Iverson on several occasions at the exact same address. Accordingly, Mr. Iverson should not be penalized for the failure of plaintiff's counsel to locate and depose Gregory Iverson.

12. At the request of plaintiffs' counsel, Mr. Iverson provided the true and correct address and telephone for Greg Moore's office. In addition, at the request of plaintiffs' counsel, Mr. Iverson's counsel has left messages with Mr. Moore in an attempt to schedule his deposition

testimony. Mr. Moore has not yet provided a date when he is available. Furthermore, no notice for Mr. Moore's deposition has ever been served. Accordingly, Mr. Iverson should not be penalized for the failure of plaintiffs' counsel to locate and depose Mr. Moore.

13.  At the Status Conference in this matter on February 9, 2006, Judge Ellen S. Huvelle directed plaintiffs' counsel to amend the Complaint and/or add additional parties or as soon as possible, so as not to delay the proceedings or the underlying discovery process.

14.  In addition, plaintiffs counsel has repeatedly attempted to modify the Scheduling Orders in this case to accommodate their casual approach to the discovery process, as evidenced by the following:

   a.  After plaintiffs' counsel failed to serve answers to Mr. Iverson's interrogatories in a timely fashion, Mr. Iverson's counsel contacted Judge Huvelle, who issued an order setting forth in pertinent part that "Plaintiffs [were] to respond to defendant's document requests and interrogatories on or before February 14, 2006."

   b.  With the consent of Mr. Iverson's counsel, the February 14, 2006 deadline for plaintiffs to respond to Mr. Iverson's interrogatories was extended to February 20, 2006, pursuant to a Minute Order entered by Judge Huvelle on February 15, 2006. Subsequently, Defendant's counsel acceded to another requested extension to February 27, 2006.

   c.  By way of Judge Robinson's February 27, 2006 Minute Order, plaintiffs were granted an extension until March 17, 2006 to file an Amended Complaint. On March 17, 2006, plaintiffs filed their Amended Complaint; however, plaintiffs have yet to serve the Complaint upon additional defendant Gregory Iverson, thereby further delaying

the trial in this matter and forcing Mr. (Allen) Iverson to expend additional money in the defense of plaintiffs' uncorroborated allegations.

       d.       By way of Judge Robinson's March 29, 2006 Minute Order, the discovery deadline in this case was extended to its current deadline of June 1, 2006.

       e.       Nonetheless, plaintiffs have failed to make a good faith effort to advance the discovery in this case. In fact, plaintiffs' counsel waited until May 23, 2006 to notice the depositions of five (5) individuals for June 1, 2006 - the current discovery end date.

WHEREFORE, for the aforementioned reasons, Defendant Allen Iverson requests that this Honorable Court deny plaintiffs' Motion and enter an Order in the form of the proposed Order attached hereto.

## RECORD ON MOTION

This Motion is based on this document, the exhibits attached hereto, on all of the papers and pleadings on file in this action, and on whatever evidence and argument allowed in any hearing on this motion.

                                                       Respectfully Submitted,

                                                       **SHERMAN, SILVERSTEIN, KOHL**
                                                       **ROSE & PODOLSKY, P.A.**

Dated:    May 30, 2006                By:    /s/ Alan C. Milstein
                                                    Alan C. Milstein (NY0026)
                                                    Fairway Corporate Center
                                                    4300 Haddonfield Road - Suite 311
                                                    Pennsauken, NJ 08109
                                                    Telephone: (856) 662-0700
                                                    Fax: (856) 488-4744