IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARLIN GODFREY, et al., | * | |
|     Plaintiffs, | * | |
| | * | Civil Action No. 05-2044 |
| vs. | * | |
| | * | (ESH) (DAR) |
| ALLEN IVERSON, et al. | * | |
|     Defendants. | * | |

PLAINTIFFS' REPLY TO DEFENDANT'S
OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY SCHEUDLING ORDER, EXTEND
DISCOVERY AND REQUEST FOR IMMEDIATE HEARING

Comes now, the plaintiffs, by and through counsel, and hereby submit their reply to the opposition by Allen Iverson to Plaintiffs' Motion to Modify Scheduling Order, Extend Discovery and Request for Immediate Hearing.

It is particularly interesting to note that Mr. Iverson, through counsel, filed two (2) oppositions to plaintiffs' motion.  One was filed on May 26, 2006, and the other on May 30, 2006.  The only difference between the two submissions from Mr. Iverson is that the more glaring misrepresentations of fact are omitted from the May 30, submission although that does nothing to change the fact that misrepresentations are still present in the Opposition as well as the apparent delusions of Mr. Iverson's counsel.

One of the more easily addressed misrepresentations of fact involves Gary Moore. During his deposition on May 10, 2006, Mr. Iverson repeatedly mentioned that Gary Moore was the person that handled his security, and that we needed to ask him about the details because he did not know.  Iverson dep. At 49, 50, 68, 69, 70, 77, 85 and 86.  On the following day, May 11, 2006, the undersigned spoke with Mr. Milstein to remind him that plaintiff needed an address for Mr. Moore since only a post office box had been provided in discovery, Exhibit 1, and the

plaintiff wanted to subpoena Mr. Moore for deposition given the deposition of Mr. Iverson. At that time, Mr. Milstein advised that plaintiffs did not need to subpoena Mr. Moore because they would make him available. Mr. Milstein unfortunately did not keep his word. See the e-mails appended hereto as Exhibit 2. Thereafter, plaintiffs requested and did not receive an address for Mr. Moore. We were only provided with a Post Office Box. Contrary to the representations of Mr. Iverson's counsel, at no time did Mr. Iverson or anyone else provide "the true and correct address" for Gary Moore as stated in their opposition in numbered paragraph 12.[1] Mr. Milstein knows this to be the case, Mr. Tucker knows this to be the case and Mr. Rosenberg knows this to be the case.

Having dealt with the Gary Moore fabrication we now turn to the Jason Kane fabrication. The defense asserts "The address provided by Mr. Iverson for Jason Kane is the only address known to either Mr. Iverson or his counsel." Opp. ¶ 10. This statement is an obvious fabrication since the address provided does not exist, see Exhibit 3, and that is the only address provided for Mr. Kane. See Exhibit 4. This is underscored by the fact, during the deposition of Washington D.C. Metropolitan Police Officer, Nikeith Goins, he testified that he personally observed Mr. Jason Kane providing security services for Mr. Iverson as recently as May 13, 2006. Accordingly, it is inexplicable that Mr. Iverson and his counsel only have an address that does not exist. To be sure, Mr. Kane lives in Virginia, because that is where he was served, see Exhibit 5, however Mr. Iverson and his counsel apparently fabricated the address provided in his supplemental answers to plaintiffs' interrogatories.

---

[1]/ It is possible that since Mr. Iverson's counsel have not familiarized themselves with the fact that Mr. Iverson's business manager is named **Gary** Moore and not **Greg** Moore, they simply have not asked Mr. Iverson for Mr. Moore's information and have therefore resorted to

It is specifically because of these two fabrications that the plaintiffs need further time to conclude discovery. Moreover, Mr. Iverson is nothing if not disingenuous when he complains that plaintiffs have yet to note the deposition of Mr. Kane even though he was served on May 21, 2006. The Federal Rules do not allow for the deposition of a party before he has filed an answer. Mr. Kane's answer is not due until June 12, 2006. Discovery closed in this matter on June 1, 2006. Thus, the need for extending the discovery period is obvious. But for the false and fabricated address for Mr. Kane which was provided by Mr. Iverson, Mr. Kane would have been served much earlier. But for the refusal of Mr. Iverson to provide legitimate addresses for Mr. Moore, he would have been deposed. Each and every delay in this case has been caused by the defendant, his counsel's delusions notwithstanding.

As to the subject delusions, it is necessary to address two in particular. First, Defendant Iverson further misleads the court by stating that Plaintiffs' have delayed prosecuting discovery and have not made good faith efforts to advance same. To the contrary, Plaintiffs' first served a Notice of Deposition on Mr. Iverson on September 28, 2005, and written discovery on November 22, 2005. Mr. Iverson refused to be deposed as noticed until May 10, 2006 and failed to timely answer written discovery. Thus, any delay in this matter is due to Mr. Iverson's failure to cooperate and refusal to provide accurate and necessary information. Second, counsel for Mr. Iverson has repeatedly and consistently alleged that there is no evidence that Mr. Iverson or his agent, Jason Kane, ever struck either of the plaintiffs. This representation is, was, and always has been false. The attached statement of Saul Simington clearly demonstrates that it is false. See Exhibit 6. And while counsel for Mr. Iverson seems to be of the opinion that if they say

---

fabrication as a way of defending ineptitude.

something enough times, that makes it true, they would be better served, if they are indeed worried about plaintiffs "forcing Mr. (Allen) Iverson to expend additional money," Opp. at 6, by abandoning their delusional take on the evidence in this case and heeding the warning of danger that the teachings of Schecter v. Merchant's Home Delivery, Inc., 892 A.2d 415, 427-28 (D.C. 2006) and Brown v. Argenbright Security, 782 A.2d 752, 757-58 (D.C. 2001), clearly present for Mr. Iverson.

Wherefore, for the reasons stated herein and in the record of this proceeding and because it is the false and/or inadequate information that has been provided by Mr. Iverson that is the root cause of plaintiffs' inability to complete the discovery that they wish to conduct, it is respectfully requested that their motion be granted.

Respectfully submitted,

/S/ Gregory L. Lattimer
Gregory L. Lattimer, [371926]
1100 H Street, N.W., Suite 920
Washington, D.C. 20005
(202) 638-0095

/S/ E. Gregory Watson
Stephanie D. Moran, [DC #471555]
E. Gregory Watson [MD14398]
Watson & Moran, LLC
8401 Corporate Drive, Suite 110
Landover, MD 20785
(301) 429-0505