UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARLIN GODFREY *et al.*, )<br>)<br>*Plaintiffs*, )<br>)<br>v. )<br>)<br>ALLEN IVERSON *et al.*, )<br>)<br>*Defendants*. )<br>) | Case No. 1:05-cv-2044 (ESH) (DAR) |

## ANSWER OF JASON KANE TO AMENDED COMPLAINT

Defendant Jason Kane ("Mr. Kane"), by and through his undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(a)(2), hereby responds to the averments of the Amended Complaint as follows:

1. Paragraph 1 of the Amended Complaint contains is plaintiffs' characterization of this lawsuit, to which no response is required. To the extent a response may be required, the allegations are denied.

2. Paragraph 2 of the Amended Complaint contains an allegation of law to which no response is required. To the extent a response may be required, the allegation is admitted.

3. Paragraph 3 of the Amended Complaint contains an allegation of law to which no response is required. To the extent a response may be required, the allegation is admitted.

4. Mr. Kane lacks sufficient knowledge to admit or deny the allegations contained in paragraph 4 of the Amended Complaint, and thus denies the same, demanding specific proof thereon.

5. Mr. Kane lacks sufficient knowledge to admit or deny the allegations contained in paragraph 5 of the Amended Complaint, and thus denies the same, demanding specific proof thereon.

6. Admitted in part and denied in part. Mr. Kane admits that Mr. Iverson is a professional basketball player, but denies the remaining allegations contained in paragraph 6 of the Amended Complaint.

7. Admitted in part and denied in part. Mr. Kane admits that he provided security services for and on behalf of Mr. Iverson on the evening in question, but denies the remaining allegations contained in paragraph 7 of the Amended Complaint.

8. Mr. Kane lacks sufficient knowledge to admit or deny the allegations contained in paragraph 8 of the Amended Complaint, and thus denies the same, demanding specific proof thereon.

9. Mr. Kane lacks sufficient knowledge to admit or deny the allegations contained in paragraph 9 of the Amended Complaint, and thus denies the same, demanding specific proof thereon.

10. Admitted in part and denied in part. Mr. Kane admits that he and Mr. Iverson entered the Eyebar on the evening in question, but denies the remaining allegations contained in paragraph 10 of the Amended Complaint.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

## COUNT I
### (Assault & Battery)

21. Mr. Kane incorporates by reference his responses to paragraphs 1 through 20 of the Amended Complaint, as if fully set forth herein.

22. Denied.

23. Denied.

24. Denied.

Mr. Kane avers that the "Wherefore" clause following paragraph 24 of the Amended Complaint contains a prayer for relief to which no response is required. To the extent a response may be required, the allegations are denied.

## COUNT II
### (Intentional Infliction of Emotional Distress)

25. Mr. Kane incorporates by reference his responses to paragraphs 1 through 24 of the Amended Complaint, as if fully set forth herein.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

Mr. Kane avers that the "Wherefore" clause following paragraph 29 of the Amended Complaint contains a prayer for relief to which no response is required. To the extent a response may be required, the allegations are denied.

### COUNT III
### (Negligent Infliction of Emotional Distress)

30. Mr. Kane incorporates by reference his responses to paragraphs 1 through 29 of the Amended Complaint, as if fully set forth herein.

31. Denied.

32. Denied.

33. Denied.

Mr. Kane avers that the "Wherefore" clause following paragraph 33 of the Amended Complaint contains a prayer for relief to which no response is required. To the extent a response may be required, the allegations are denied.

### COUNT IV
### (Negligent Hiring, Training & Supervision)

34. Mr. Kane incorporates by reference his responses to paragraphs 1 through 33 of the Amended Complaint, as if fully set forth herein.

35. Denied.

36. Denied.

37. Denied.

Mr. Kane avers that the "Wherefore" clause following paragraph 37 of the Amended Complaint contains a prayer for relief to which no response is required. To the extent a response may be required, the allegations are denied.

### COUNT V
### (Civil Conspiracy)

38. Mr. Kane incorporates by reference his responses to paragraphs 1 through 37 of the Amended Complaint, as if fully set forth herein.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Paragraph 45 of the Amended Complaint contains allegations of law to which no response is required. To the extent a response may be required, the allegations are denied.

46. Paragraph 46 contains allegations of law to which no response is required. To the extent a response may be required, the allegations are denied.

47. Denied.

Mr. Kane avers that the "Wherefore" clause following paragraph 47 of the Amended Complaint contains a prayer for relief to which no response is required. To the extent a response may be required, the allegations are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs have failed to join one or more indispensable parties.

### Third Affirmative Defense

Plaintiffs' claims are barred by the doctrine of laches.

### Fourth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

### Sixth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

### Seventh Affirmative Defense

The injuries and damages allegedly suffered by plaintiffs were proximately caused, in whole or in part, by their own conduct or fault.

### Eighth Affirmative Defense

Plaintiffs' damages, if any, were proximately caused or contributed to, in whole or in part, by the negligent or intentional conduct of persons or entities other than Mr. Kane, and for which Mr. Kane is not responsible.

### Ninth Affirmative Defense

Plaintiffs' claims are barred by their failure to mitigate their damages, if any.

### Tenth Affirmative Defense

Plaintiffs' have not suffered any damages whatever at the hands of defendants.

WHEREFORE, Jason Kane requests that the Court:

(1) dismiss the Amended Complaint with prejudice;

(2) award Jason Kane his costs of suit, including reasonable attorneys' fees; and

(3) grant such further relief as the Court deems just and proper.

                                                          Respectfully submitted,

                                                          */s/ William R. Martin*

                                                          William R. Martin (DC Bar No. 465531)
                                                          Alan M. Freeman (DC Bar No. 454693)
                                                          BLANK ROME LLP
                                                          600 New Hampshire Avenue NW
                                                          Washington, DC 20037
                                                          Tel: (202) 772-5800
                                                          Fax: (202) 572-8370
                                                          E-mail: Martin-W@blankrome.com
                                                          Email: Freeman@blankrome.com

Dated: July 12, 2006                                        *Counsel for Jason Kane*