# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARLIN GODFREY, et al., )
)
              *Plaintiffs*, )
)
v. ) Civil Action No. 1:05-cv-2044 (ESH)(DAR)
)
ALLEN IVERSON, et al., )
)
              *Defendants*. )

**JASON KANE'S INTERROGATORIES TO MARLIN GODFREY**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, plaintiff Marlin Godfrey is directed to respond to the interrogatories propounded below within the time provided by the Federal Rules of Civil Procedure.

Definitions and Instructions

I.    Definitions

1.    *Marlin Godfrey*. The term "Marlin Godfrey" means plaintiff Marlin Godfrey, including his agents, representatives and attorneys.

2.    *Tony Kittrell*. The term "Tony Kittrell" means plaintiff David Anthony Kittrell, including his agents, representatives and attorneys.

3.    *Jason Kane*. The term "Jason Kane" means defendant Jason Kane.

4.    *Person*. The term "person" includes natural persons, corporations, municipal corporations, the Government of the United States and all departments and agencies thereof, state governments and all departments and agencies thereof, and any other governmental agencies, political subdivisions, partnerships, joint ventures, groups, associations or any other

form of organization or entity and its officers, directors, shareholders, employees, representatives, and agents.

5. *Explain.* The term "explain" means provide in reasonable detail all facts and information responsive to the interrogatory including, without limitation, the identification of all persons, communications and documents that relate to your response. Also, include the time period during which the events described in your response occurred and identify all persons having knowledge of the facts and information contained in your response.

6. *Describe.* The term "describe" means provide, in a reasonable degree of detail, the essential facts concerning the matter to be described, including the identification of persons involved, the relevant dates and places, and the form, nature and/or content of communications occurring in connection with such matter.

7. *State.* The term "state" means "explain" and "describe" as defined herein.

8. *Identify.* The term "identify" means provide the information requested in the instructions pertaining to the term "identify" that are set forth below.

9. *Document.* The term "document" means all written, printed, typed, and electronic media, and any other media from which information can be derived. It includes, without limitation, original documents, drafts, non-identical copies, diaries, correspondence, proposals, valuations, financial statements, contracts, letters, memoranda, appointment calendars, schedules, books, indices, printed forms, publications, press releases, notices, brochures, pamphlets, guidelines, manuals, minutes, summaries, abstracts, reports, files, file jackets, transcripts, data processing cards, computer tapes, disks, and hard drives, print-outs, information contained in, on, or retrievable from computer programs, bulletins, surveys, charts, exhibits,

diagrams, graphs, tables, photographs, recordings, telegrams, cables, telex messages, facsimiles, microfilms, videotapes, studies, work papers, analyses, valuations, and notes.

10. *Relating.* The term "relating" means relating, referring or pertaining, directly or indirectly, to the subject matter of the interrogatory.

11. *You* and *Your.* The terms "you" and "your" refer to plaintiffs Marlin Godfrey and David Anthony Kittrell, both together and individually.

12. *Communication.* The term "communication" means any document or contact, oral or written, formal or informal, manually, mechanically or electronically generated, in which information of any nature was transmitted, transferred or stored.

13. The use of the singular form of any word includes the plural, and vice versa.

14. The connective "or" includes the connective "and" and vice versa.

15. The use of the present tense includes the past and future tenses, and vice versa.

16. Each term not defined herein shall have the meaning contained in *Webster's Third New International Dictionary*, Unabridged (Merriam-Webster Inc. 1986).

II. Instructions

1. Unless otherwise specified, these interrogatories cover the period from July 19, 2005 to the present.

2. If you object to any interrogatory based on a claim of privilege, work-product, or other exemption from discovery, state the reasons for each objection, provide an answer to the interrogatory to the extent possible without disclosing information subject to the exemption, and produce all documents to which the claimed exemption does not apply.

3. These interrogatories are continuing and require further and supplemental responses as provided in Rule 26(e)(2).

3

4. When asked to "identify" a document, person or communication in your response to an interrogatory, provide the following information:

    A. For documents, provide:

        1. the author and all recipients;

        2. the title of the document and/or any identifying numbers or designations;

        3. the date of the document or, if undated, state the exact nature and substance thereof;

        4. the nature and substance of the document;

        5. the identity of each person having possession, custody or control of the original and copies thereof;

        6. the identity of all persons having knowledge or information with regard to the document's subject matter; and

        7. if such document was, but no longer is, in your possession, custody or control, state what disposition was made of it.

    B. For a natural person, provide:

        1. that person's full name;

        2. present or last known business address and residence address;

        3. present or last known telephone number;

        4. present or last known position and business affiliation; and

        5. position, job description and business affiliation at the time in question.

4

810933.00001/35734748v.1

C. For a person other than a natural person, provide:

1. that person's full name;

2. present or last known address or principal place of business;

3. present or last known telephone number; and

4. the nature of the relationship with you (past or present).

D. For oral communications, provide:

1. the identity of the speaker and any person hearing the communication;

2. the date of the communication;

3. the place of the communication;

4. the substance of the communication; and

5. whether such communication has since been reduced to writing and, if so, identify each document containing such commentary.

III. Interrogatories

1. State the substance of each communication made by Jason Kane supporting or relating to any of the claims asserted in the Amended Complaint.

2. State each event or circumstance that you allege supports any of the claims asserted in the Amended Complaint.

3. Identify each physician, psychologist, psychiatrist, hospital, nurse, physician's assistant, therapist, licensed clinical social worker, minister, pastoral counselor or other health care provider whom you have consulted in connection with the injuries alleged in the Amended Complaint.

4. Describe the circumstances of your consultation with each person identified in response to Interrogatory No. 3. Your response should state the dates of each consultation, the nature of any complaint, examination results, diagnosis, treatment, prescription, medication and

5

prognosis for each such consultation, and identify each report, note or other document generated as a result of such consultation.

5. Identify each physician, psychologist, psychiatrist, hospital, nurse, physician's assistant, therapist, licensed clinical social worker, minister, pastoral counselor or other health care provider whom you consulted during the period July 19, 2004 through and including July 18, 2005.

6. Describe the circumstances of your consultation with each person identified in response to Interrogatory No. 5. Your response should state the dates of each consultation, the nature of any complaint, examination results, diagnosis, treatment, prescription, medication and prognosis for each such consultation, and identify each report, note or other document generated as a result of such consultation.

7. State whether you have ever applied for disability-related benefits, including workers' compensation benefits, and provide the date on which such application was made, the nature of the physical or mental condition that was the subject of the application, the date on which such application was accepted or denied, the reason for denial (if any), whether any appeal was taken and the outcome of any such appeal.

8. State the nature and amount of any debt in excess of $5,000 owed by you to any person.

9. Identify each person who has personal knowledge of any facts relating to the issues, claims or requested relief in this lawsuit, and describe fully the knowledge each such person is believed to have.

10. Identify each fact witness that you intend to call at trial, and state the substance of his/her anticipated testimony.

11. Identify each expert witness that you intend to call at trial, and state his/her opinion and describe the substance of his/her anticipated testimony.

12. Identify each person, including experts, who has been consulted, retained or employed by you in anticipation of this litigation or preparation for trial, but who is not expected to be called as a witness at trial.

13. State the manner in which your claimed damages were calculated.

14. Identify each document referring or relating to any facts or matters alleged in the Amended Complaint or your answers to these interrogatories.

15. Identify all persons who assisted you in the preparation of the answers to these interrogatories and all sources of information, including any documents, consulted or referred to in the preparation of these answers.

_____
William R. Martin (Bar No. 465531)
Alan M. Freeman (Bar No. 454693)
BLANK ROME LLP
Watergate, Twelfth Floor
600 New Hampshire Avenue, NW
Washington, D.C. 20037
Tel: (202) 772-5800
Fax: (202) 772-5858
Email: martin-w@blankrome.com
Email: freeman@blankrome.com

*Counsel for Jason Kane*

Dated: July 17, 2006

## CERTIFICATE OF SERVICE

I certify that on July 17, 2006 I caused the foregoing to be delivered by first-class mail, postage prepaid, to the following counsel:

Gregory L. Lattimer
1100 H Street, NW, Suite 920
Washington, D.C. 20005

E. Gregory Watson
Stephanie Moran
Watson & Moran
8401 Corporate Drive, Suite 110
Landover, MD 20785

Alan C. Milstein, Esquire
Sherman, Silverstein, Kohl,
Rose & Podolsky, P.A.
4300 Haddonfield, Suite 311
Pennsauken, NJ 08109

David Rosenberg, Esquire
Ford & Harrison L.L.P.
1300 19th Street, N.W., Suite 700
Washington, D.C. 20036

Sheila Smith

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARLIN GODFREY, et al.,       )
                              )
            *Plaintiffs*,     )
                              )
v.                            )   Civil Action No. 1:05-cv-2044 (ESH)(DAR)
                              )
ALLEN IVERSON, et al.,        )
                              )
            *Defendants*.     )

**JASON KANE'S INTERROGATORIES TO DAVID KITTRELL**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, plaintiff David Kittrell is directed to respond to the interrogatories propounded below within the time provided by the Federal Rules of Civil Procedure.

Definitions and Instructions

I.   Definitions

1.   *Marlin Godfrey*. The term "Marlin Godfrey" means plaintiff Marlin Godfrey, including his agents, representatives and attorneys.

2.   *Tony Kittrell*. The term "Tony Kittrell" means plaintiff David Anthony Kittrell, including his agents, representatives and attorneys.

3.   *Jason Kane*. The term "Jason Kane" means defendant Jason Kane.

4.   *Person*. The term "person" includes natural persons, corporations, municipal corporations, the Government of the United States and all departments and agencies thereof, state governments and all departments and agencies thereof, and any other governmental agencies, political subdivisions, partnerships, joint ventures, groups, associations or any other

810933.00001/35734763v.1

form of organization or entity and its officers, directors, shareholders, employees, representatives, and agents.

5. *Explain.* The term "explain" means provide in reasonable detail all facts and information responsive to the interrogatory including, without limitation, the identification of all persons, communications and documents that relate to your response. Also, include the time period during which the events described in your response occurred and identify all persons having knowledge of the facts and information contained in your response.

6. *Describe.* The term "describe" means provide, in a reasonable degree of detail, the essential facts concerning the matter to be described, including the identification of persons involved, the relevant dates and places, and the form, nature and/or content of communications occurring in connection with such matter.

7. *State.* The term "state" means "explain" and "describe" as defined herein.

8. *Identify.* The term "identify" means provide the information requested in the instructions pertaining to the term "identify" that are set forth below.

9. *Document.* The term "document" means all written, printed, typed, and electronic media, and any other media from which information can be derived. It includes, without limitation, original documents, drafts, non-identical copies, diaries, correspondence, proposals, valuations, financial statements, contracts, letters, memoranda, appointment calendars, schedules, books, indices, printed forms, publications, press releases, notices, brochures, pamphlets, guidelines, manuals, minutes, summaries, abstracts, reports, files, file jackets, transcripts, data processing cards, computer tapes, disks, and hard drives, print-outs, information contained in, on, or retrievable from computer programs, bulletins, surveys, charts, exhibits,

diagrams, graphs, tables, photographs, recordings, telegrams, cables, telex messages, facsimiles, microfilms, videotapes, studies, work papers, analyses, valuations, and notes.

10. *Relating.* The term "relating" means relating, referring or pertaining, directly or indirectly, to the subject matter of the interrogatory.

11. *You and Your.* The terms "you" and "your" refer to plaintiffs Marlin Godfrey and David Anthony Kittrell, both together and individually.

12. *Communication.* The term "communication" means any document or contact, oral or written, formal or informal, manually, mechanically or electronically generated, in which information of any nature was transmitted, transferred or stored.

13. The use of the singular form of any word includes the plural, and vice versa.

14. The connective "or" includes the connective "and" and vice versa.

15. The use of the present tense includes the past and future tenses, and vice versa.

16. Each term not defined herein shall have the meaning contained in *Webster's Third New International Dictionary*, Unabridged (Merriam-Webster Inc. 1986).

II. Instructions

1. Unless otherwise specified, these interrogatories cover the period from July 19, 2005 to the present.

2. If you object to any interrogatory based on a claim of privilege, work-product, or other exemption from discovery, state the reasons for each objection, provide an answer to the interrogatory to the extent possible without disclosing information subject to the exemption, and produce all documents to which the claimed exemption does not apply.

3. These interrogatories are continuing and require further and supplemental responses as provided in Rule 26(e)(2).

4. When asked to "identify" a document, person or communication in your response to an interrogatory, provide the following information:

    A. For documents, provide:

        1. the author and all recipients;

        2. the title of the document and/or any identifying numbers or designations;

        3. the date of the document or, if undated, state the exact nature and substance thereof;

        4. the nature and substance of the document;

        5. the identity of each person having possession, custody or control of the original and copies thereof;

        6. the identity of all persons having knowledge or information with regard to the document's subject matter; and

        7. if such document was, but no longer is, in your possession, custody or control, state what disposition was made of it.

    B. For a natural person, provide:

        1. that person's full name;

        2. present or last known business address and residence address;

        3. present or last known telephone number;

        4. present or last known position and business affiliation; and

        5. position, job description and business affiliation at the time in question.

810933.00001/35734763v.1

    C. For a person other than a natural person, provide:

        1. that person's full name;

        2. present or last known address or principal place of business;

        3. present or last known telephone number; and

        4. the nature of the relationship with you (past or present).

    D. For oral communications, provide:

        1. the identity of the speaker and any person hearing the communication;

        2. the date of the communication;

        3. the place of the communication;

        4. the substance of the communication; and

        5. whether such communication has since been reduced to writing and, if so, identify each document containing such commentary.

III. <u>Interrogatories</u>

1. State the substance of each communication made by Jason Kane supporting or relating to any of the claims asserted in the Amended Complaint.

2. State each event or circumstance that you allege supports any of the claims asserted in the Amended Complaint.

3. Identify each physician, psychologist, psychiatrist, hospital, nurse, physician's assistant, therapist, licensed clinical social worker, minister, pastoral counselor or other health care provider whom you have consulted in connection with the injuries alleged in the Amended Complaint.

4. Describe the circumstances of your consultation with each person identified in response to Interrogatory No. 3. Your response should state the dates of each consultation, the nature of any complaint, examination results, diagnosis, treatment, prescription, medication and

prognosis for each such consultation, and identify each report, note or other document generated as a result of such consultation.

5. Identify each physician, psychologist, psychiatrist, hospital, nurse, physician's assistant, therapist, licensed clinical social worker, minister, pastoral counselor or other health care provider whom you consulted during the period July 19, 2004 through and including July 18, 2005.

6. Describe the circumstances of your consultation with each person identified in response to Interrogatory No. 5. Your response should state the dates of each consultation, the nature of any complaint, examination results, diagnosis, treatment, prescription, medication and prognosis for each such consultation, and identify each report, note or other document generated as a result of such consultation.

7. State whether you have ever applied for disability-related benefits, including workers' compensation benefits, and provide the date on which such application was made, the nature of the physical or mental condition that was the subject of the application, the date on which such application was accepted or denied, the reason for denial (if any), whether any appeal was taken and the outcome of any such appeal.

8. State the nature and amount of any debt in excess of $5,000 owed by you to any person.

9. Identify each person who has personal knowledge of any facts relating to the issues, claims or requested relief in this lawsuit, and describe fully the knowledge each such person is believed to have.

10. Identify each fact witness that you intend to call at trial, and state the substance of his/her anticipated testimony.

11.  Identify each expert witness that you intend to call at trial, and state his/her opinion and describe the substance of his/her anticipated testimony.

12.  Identify each person, including experts, who has been consulted, retained or employed by you in anticipation of this litigation or preparation for trial, but who is not expected to be called as a witness at trial.

13.  State the manner in which your claimed damages were calculated.

14.  Identify each document referring or relating to any facts or matters alleged in the Amended Complaint or your answers to these interrogatories.

15.  Identify all persons who assisted you in the preparation of the answers to these interrogatories and all sources of information, including any documents, consulted or referred to in the preparation of these answers.

/s/ William R. Martin

William R. Martin (Bar No. 465531)
Alan M. Freeman (Bar No. 454693)
BLANK ROME LLP
Watergate, Twelfth Floor
600 New Hampshire Avenue, NW
Washington, D.C. 20037
Tel: (202) 772-5800
Fax: (202) 772-5858
Email: martin-w@blankrome.com
Email: freeman@blankrome.com

*Counsel for Jason Kane*

Dated: July 17, 2006

CERTIFICATE OF SERVICE

I certify that on July 17, 2006 I caused the foregoing to be delivered by first-class mail, postage prepaid, to the following counsel:

| | |
|---|---|
| Gregory L. Lattimer<br>1100 H Street, NW, Suite 920<br>Washington, D.C. 20005 | E. Gregory Watson<br>Stephanie Moran<br>Watson & Moran<br>8401 Corporate Drive, Suite 110<br>Landover, MD 20785 |
| Alan C. Milstein, Esquire<br>Sherman, Silverstein, Kohl,<br>Rose & Podolsky, P.A.<br>4300 Haddonfield, Suite 311<br>Pennsauken, NJ 08109 | David Rosenberg, Esquire<br>Ford & Harrison L.L.P.<br>1300 19th Street, N.W., Suite 700<br>Washington, D.C. 20036 |

Sheila Smith