# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARLIN GODFREY, et al.,                )
                                       )
                   Plaintiffs,         )
                                       )
v.                                     )    Civil Action No. 1:05-cv-2044 (ESH)(DAR)
                                       )
ALLEN IVERSON, et al.,                 )
                                       )
                   Defendants.         )
_____)

**JASON KANE'S
REQUESTS FOR PRODUCTION TO MARLIN GODFREY**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff Marlin Godfrey is

directed to produce for inspection, duplication, testing or sampling at the offices of Blank Rome

LLP, 600 New Hampshire Avenue, NW, Twelfth Floor, Washington, D.C. 20037 (Attn: William

R. Martin and Alan M. Freeman) the documents and things described below within the time

provided by the Federal Rules of Civil Procedure.

<u>Definitions and Instructions</u>

I.    <u>Definitions</u>

1.    *Marlin Godfrey.* The term "Marlin Godfrey" means plaintiff Marlin Godfrey,
including his agents, representatives and attorneys.

2.    *Tony Kittrell.* The term "Tony Kittrell" means plaintiff David Anthony Kittrell,
including his agents, representatives and attorneys.

3.    *Jason Kane.* The term "Jason Kane" means defendant Jason Kane.

4. *Person.* The term "person" includes natural persons, corporations, municipal corporations, the Government of the United States and all departments and agencies thereof, state governments and all departments and agencies thereof, and any other governmental agencies, political subdivisions, partnerships, joint ventures, groups, associations or any other form of organization or entity and its officers, directors, shareholders, employees, representatives, and agents.

5. *Document.* The term "document" means all written, printed, typed, and electronic media, and any other media from which information can be derived. It includes, without limitation, original documents, drafts, non-identical copies, diaries, correspondence, proposals, valuations, financial statements, contracts, letters, memoranda, appointment calendars, schedules, books, indices, printed forms, publications, press releases, notices, brochures, pamphlets, guidelines, manuals, minutes, summaries, abstracts, reports, files, file jackets, transcripts, data processing cards, computer tapes, disks, and hard drives, print-outs, information contained in, on, or retrievable from computer programs, bulletins, surveys, charts, exhibits, diagrams, graphs, tables, photographs, recordings, telegrams, cables, telex messages, facsimiles, microfilms, videotapes, studies, work papers, analyses, valuations, and notes.

6. *Relating.* The term "relating" means relating, referring or pertaining, directly or indirectly, to the subject matter of the request.

7. *You* and *Your.* The terms "you" and "your" refer to plaintiffs Marlin Godfrey and David Anthony Kittrell, both together and individually.

8. *Communication.* The term "communication" means any document or contact, oral or written, formal or informal, manually, mechanically or electronically generated, in which information of any nature was transmitted, transferred or stored.

810933.00001/35736000v.1

9.     The use of the singular form of any word includes the plural, and vice versa.

10.    The connective "or" includes the connective "and" and vice versa.

11.    The use of the present tense includes the past and future tenses, and vice versa.

12.    Each term not defined herein shall have the meaning contained in *Webster's Third New International Dictionary*, Unabridged (Merriam-Webster Inc. 1986).

II.    Instructions

1.     Unless otherwise specified, this request covers the period from July 19, 2005 to the present.

2.     If you object to any request based on a claim of privilege, work-product, or other exemption from discovery, state the reasons for each objection and produce all things to which the claimed exemption does not apply.

3.     These requests are continuing and require further and supplemental responses as provided in the Federal Rules of Civil Procedure.

4.     Except as provided above, you are directed to produce each thing requested in its entirety, without redaction or expurgation.

5.     If any document covered by this request is withheld from production or redacted prior to production, furnish a list identifying each such document, and provide the following information:

   a.  the subject matter of the document or the redacted portion of such document;

   b.  the reason(s) for withholding;

   c.  the date of the document;

   d.  the name, job title, and the last known business and home addresses of each person who drafted, or assisted in the preparation of the document;

810933.00001/35736000v.1

e.  the name, job title, and the last known business and home addresses of each person who received, viewed, or has had access to the document, including, without limitation, those persons identified on the face of the document as having received copies;

f.  a brief description of the document;

g.  a statement of the facts that constitute the basis for any claim of privilege, work-product or other exemption from discovery;

h.  the paragraph(s) of the request to which the document is responsive; and

i.  in the case of any document that refers in any way to a person, identification by name, job title, and last known business and home addresses of each person referenced therein.

6.    To the extent that any document is responsive to more than one request, it need be produced only once.

III.    Things Requested

1.    All documents, including without limitation video recordings and photographic images, relating to or depicting the actions giving rise to the claims asserted in your Amended Complaint.

2.    All documents, including without limitation tape recordings or transcriptions of tape recordings, relating to any communication between you and any other person who was a witness to, or who has personal knowledge of, any facts relating to the claims asserted in your Amended Complaint.

3.    All documents furnished to, or obtained from, any person having personal knowledge of any facts or matters relating in any way to any of the claims asserted in your Amended Complaint.

4.    All documents relating to any investigation or inquiry in which you participated, or of which you are aware, concerning any allegation asserted by you in your Amended Complaint.

5.    All documents relating to any physical or psychological counseling, therapy, medical care, medication, consultation, examination, diagnosis or prognosis that you have

4

received from any health care provider, including any psychiatrist, psychologist, therapist, counselor, licensed clinical social worker, minister or pastoral counselor, including without limitation all documents relating to the dates, times and nature of each consultation or communication with each health care provider.

6.    All documents relating to the findings or opinions of any expert who is expected to testify at trial in this case, including all documents received from, created by, furnished to, reviewed by, or relied upon by any such expert, and any documents that reflect, refer to or relate to any communications with any such expert.

7.    All documents relating to any invoices or receipts or any other billing or payment information received from or provided to any health care provider concerning you from January 1, 1985 to the present.

8.    All documents supporting or otherwise relating to any claim, issue or requested relief involved in this lawsuit.

9.    All documents relating to any of the events referred to in the Amended Complaint.

William R. Martin (Bar No. 465531)
Alan M. Freeman (Bar No. 454693)
BLANK ROME LLP
Watergate, Twelfth Floor
600 New Hampshire Avenue, NW
Washington, D.C. 20037
Tel: (202) 772-5800
Fax: (202) 772-5858
Email: martin-w@blankrome.com
Email: freeman@blankrome.com

*Counsel for Jason Kane*

Dated: July 17, 2006

810933.00001/35736000v.1

## CERTIFICATE OF SERVICE

I certify that on July 17, 2006 I caused the foregoing to be delivered by first-class mail, postage prepaid, to the following counsel:

Gregory L. Lattimer
1100 H Street, NW, Suite 920
Washington, D.C. 20005

E. Gregory Watson
Stephanie Moran
Watson & Moran
8401 Corporate Drive, Suite 110
Landover, MD 20785

Alan C. Milstein, Esquire
Sherman, Silverstein, Kohl,
Rose & Podolsky, P.A.
4300 Haddonfield, Suite 311
Pennsauken, NJ 08109

David Rosenberg, Esquire
Ford & Harrison L.L.P.
1300 19th Street, N.W., Suite 700
Washington, D.C. 20036

Sheila Smith

6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARLIN GODFREY, et al.,                )
                                       )
                        Plaintiffs,    )
                                       )
v.                                     )    Civil Action No. 1:05-cv-2044 (ESH)(DAR)
                                       )
ALLEN IVERSON, et al.,                 )
                                       )
                        Defendants.    )

**JASON KANE'S**
**REQUESTS FOR PRODUCTION TO DAVID KITTRELL**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff David Kittrell is

directed to produce for inspection, duplication, testing or sampling at the offices of Blank Rome

LLP, 600 New Hampshire Avenue, NW, Twelfth Floor, Washington, D.C. 20037 (Attn: William

R. Martin and Alan M. Freeman) the documents and things described below within the time

provided by the Federal Rules of Civil Procedure.

Definitions and Instructions

I.    Definitions

1.    *Marlin Godfrey.* The term "Marlin Godfrey" means plaintiff Marlin Godfrey,

including his agents, representatives and attorneys.

2.    *Tony Kittrell.* The term "Tony Kittrell" means plaintiff David Anthony Kittrell,

including his agents, representatives and attorneys.

3.    *Jason Kane.* The term "Jason Kane" means defendant Jason Kane.

810933.00001/35738038v.1

4.    *Person.* The term "person" includes natural persons, corporations, municipal corporations, the Government of the United States and all departments and agencies thereof, state governments and all departments and agencies thereof, and any other governmental agencies, political subdivisions, partnerships, joint ventures, groups, associations or any other form of organization or entity and its officers, directors, shareholders, employees, representatives, and agents.

5.    *Document.* The term "document" means all written, printed, typed, and electronic media, and any other media from which information can be derived. It includes, without limitation, original documents, drafts, non-identical copies, diaries, correspondence, proposals, valuations, financial statements, contracts, letters, memoranda, appointment calendars, schedules, books, indices, printed forms, publications, press releases, notices, brochures, pamphlets, guidelines, manuals, minutes, summaries, abstracts, reports, files, file jackets, transcripts, data processing cards, computer tapes, disks, and hard drives, print-outs, information contained in, on, or retrievable from computer programs, bulletins, surveys, charts, exhibits, diagrams, graphs, tables, photographs, recordings, telegrams, cables, telex messages, facsimiles, microfilms, videotapes, studies, work papers, analyses, valuations, and notes.

6.    *Relating.* The term "relating" means relating, referring or pertaining, directly or indirectly, to the subject matter of the request.

7.    *You* and *Your.* The terms "you" and "your" refer to plaintiffs Marlin Godfrey and David Anthony Kittrell, both together and individually.

8.    *Communication.* The term "communication" means any document or contact, oral or written, formal or informal, manually, mechanically or electronically generated, in which information of any nature was transmitted, transferred or stored.

2

9.     The use of the singular form of any word includes the plural, and vice versa.

10.    The connective "or" includes the connective "and" and vice versa.

11.    The use of the present tense includes the past and future tenses, and vice versa.

12.    Each term not defined herein shall have the meaning contained in *Webster's Third New International Dictionary*, Unabridged (Merriam-Webster Inc. 1986).

II.    Instructions

1.     Unless otherwise specified, this request covers the period from July 19, 2005 to the present.

2.     If you object to any request based on a claim of privilege, work-product, or other exemption from discovery, state the reasons for each objection and produce all things to which the claimed exemption does not apply.

3.     These requests are continuing and require further and supplemental responses as provided in the Federal Rules of Civil Procedure.

4.     Except as provided above, you are directed to produce each thing requested in its entirety, without redaction or expurgation.

5.     If any document covered by this request is withheld from production or redacted prior to production, furnish a list identifying each such document, and provide the following information:

    a.  the subject matter of the document or the redacted portion of such document;

    b.  the reason(s) for withholding;

    c.  the date of the document;

    d.  the name, job title, and the last known business and home addresses of each person who drafted, or assisted in the preparation of the document;

      e.  the name, job title, and the last known business and home addresses of each

person who received, viewed, or has had access to the document, including,

without limitation, those persons identified on the face of the document as

having received copies;

      f.  a brief description of the document;

      g.  a statement of the facts that constitute the basis for any claim of privilege,

work-product or other exemption from discovery;

      h.  the paragraph(s) of the request to which the document is responsive; and

      i.  in the case of any document that refers in any way to a person, identification

by name, job title, and last known business and home addresses of each

person referenced therein.

    6.     To the extent that any document is responsive to more than one request, it need be

produced only once.

    III.    Things Requested

    1.     All documents, including without limitation video recordings and photographic
images, relating to or depicting the actions giving rise to the claims asserted in your Amended
Complaint.

    2.     All documents, including without limitation tape recordings or transcriptions of
tape recordings, relating to any communication between you and any other person who was a
witness to, or who has personal knowledge of, any facts relating to the claims asserted in your
Amended Complaint.

    3.     All documents furnished to, or obtained from, any person having personal
knowledge of any facts or matters relating in any way to any of the claims asserted in your
Amended Complaint.

    4.     All documents relating to any investigation or inquiry in which you participated,
or of which you are aware, concerning any allegation asserted by you in your Amended
Complaint.

    5.     All documents relating to any physical or psychological counseling, therapy,
medical care, medication, consultation, examination, diagnosis or prognosis that you have

4

received from any health care provider, including any psychiatrist, psychologist, therapist, counselor, licensed clinical social worker, minister or pastoral counselor, including without limitation all documents relating to the dates, times and nature of each consultation or communication with each health care provider.

6.    All documents relating to the findings or opinions of any expert who is expected to testify at trial in this case, including all documents received from, created by, furnished to, reviewed by, or relied upon by any such expert, and any documents that reflect, refer to or relate to any communications with any such expert.

7.    All documents relating to any invoices or receipts or any other billing or payment information received from or provided to any health care provider concerning you from January 1, 1985 to the present.

8.    All documents supporting or otherwise relating to any claim, issue or requested relief involved in this lawsuit.

9.    All documents relating to any of the events referred to in the Amended Complaint.

William R. Martin (Bar No. 465531)
Alan M. Freeman (Bar No. 454693)
BLANK ROME LLP
Watergate, Twelfth Floor
600 New Hampshire Avenue, NW
Washington, D.C. 20037
Tel: (202) 772-5800
Fax: (202) 772-5858
Email: martin-w@blankrome.com
Email: freeman@blankrome.com

*Counsel for Jason Kane*

Dated:  July 17, 2006

## CERTIFICATE OF SERVICE

I certify that on July 17, 2006 I caused the foregoing to be delivered by first-class mail, postage prepaid, to the following counsel:

Gregory L. Lattimer
1100 H Street, NW, Suite 920
Washington, D.C. 20005

E. Gregory Watson
Stephanie Moran
Watson & Moran
8401 Corporate Drive, Suite 110
Landover, MD 20785

Alan C. Milstein, Esquire
Sherman, Silverstein, Kohl,
Rose & Podolsky, P.A.
4300 Haddonfield, Suite 311
Pennsauken, NJ 08109

David Rosenberg, Esquire
Ford & Harrison L.L.P.
1300 19th Street, N.W., Suite 700
Washington, D.C. 20036

Sheila Smith