IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARLIN GODFREY, *et al.*, | * |
| Plaintiffs, | * |
| | *   Civil Action No. 05-2044 |
| vs. | * |
| | *   (ESH) (DAR) |
| ALLEN IVERSON, *et al.* | * |
| Defendants. | * |

## PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANT JASON KANE

Comes now, the Plaintiffs, by and through counsel, and hereby file this Motion To Compel Discovery Responses From Defendant Jason Kane, pursuant to 37(a), and in support thereof states as follows:

1. Plaintiff Godfrey and Kittrell's cause of action arises out of a physical attack they suffered at a night club on July 20, 2005. Plaintiff's claims against defendants include, assault and battery, intentional and negligent infliction of emotional distress, negligent hiring, training and supervision and civil conspiracy.

2. Plaintiffs served their respective sets of interrogatories and requests for production of documents on defendant Jason Kane on July 17, 2006.

3. On August 21, 2006, Defendant Kane served grossly deficient responses to said discovery.

4. Defendant Kane's responses were so deficient that it was tantamount to not providing responses all together.

5. Specifically, Defendant Kane has failed to provide any answers and

responses or has provided incomplete answers and responses to Plaintiff Godfrey's Interrogatories: 1, 2, 5, 9, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24 and 25; and Plaintiff Kittrell's Interrogatories: 5, 6, 7, 8, 12, 13, 19, 20, 21, 22, 23 and 24; as well as, Plaintiff Godfrey's Requests for Documents numbers: 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 154, 15, 19, 20, 22, 23, 24 and 25; and Plaintiff Kittrell's Requests for Documents numbers: 3, 5, 6, 7, 8, 9, 10, 11, 13, 14, 16, 17 and 20. *See attached hereto as exhibit 1,2,3,4 respectively,* Defendant's wholly inadequate and deficient responses.

6. Defendant's refusal to provide complete responses to Plaintiffs' simple basic, clear, and relevant interrogatories is clearly an attempt to obstruct Plaintiffs from obtaining information in support of their claim.

7. Further, Defendant's egregious failure to comply with the discovery process is willful and an attempt to delay this matter.

8. Plaintiffs have made a good faith attempt to resolve the underlying dispute via telephone on August 22, 2006. In that conversation, Defendant's counsel Alan Freeman specifically indicated to Plaintiff's counsel, Gregory Lattimer, that Defendant would not supplement his responses. Despite counsels' good faith efforts, this discovery dispute has not been resolved.

WHEREFORE, for the reasons stated Plaintiffs' request that this Court Order:

    A. Defendant Jason Kane to produce complete, accurate responses and documents to the discovery propounded by Plaintiff's within five days; and

    B. Defendant Jason Kane to pay Plaintiffs' counsel attorneys' fees in preparation of this motion.

Respectfully submitted,

/S/ Gregory L. Lattimer
Gregory L. Lattimer, [371926]
1100 H Street, N.W., Suite 920
Washington, D.C. 20005
(202) 638-0095

/S/ E. Gregory Watson
Stephanie D. Moran, [DC #471555]
E. Gregory Watson [MD14398]
Watson & Moran, LLC
8401 Corporate Drive, Suite 110
Landover, MD 20785
(301) 429-0505

## CERTIFICATE OF SERVICE

I hereby certify and affirm that I caused a copy of the foregoing Motion to be served on all Defendants by electronically transmitting same to:

Alan C. Milstein, Esq.
Sherman, Silverstein, Kohl,
Rose & Podolsky, P.A.
4300 Haddonfield, Suite 311
Pennsauken, NJ 08109

William R. Martin, Esq.
Alan M. Freeman, Esq.
Blank Rome, LLP
Watergate, Twelfth Fl.
600 New Hampshire Ave, NW
Washington, DC 20037

David Rosenberg, Esq.
Ford & Harrison L.L.P.
1300 19th Street, N.W., Suite 700
Washington, DC 20036

E. Gregory Watson