UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARLIN GODFREY, et al., )<br>)<br>*Plaintiffs*, )<br>)<br>v. )<br>)<br>ALLEN IVERSON, et al., )<br>)<br>*Defendants*. )<br>) | Civil Action No. 1:05-cv-2044 (ESH)(DAR) |

## JASON KANE'S ANSWERS AND OBJECTIONS
## TO MARLIN GODFREY'S INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant Jason Kane submits the following answers and objections to plaintiff Marlin Godfrey's First Set of Interrogatories.

### General Objections

1.   Mr. Kane does not warrant or guarantee that his understanding or use of terms contained in plaintiff's interrogatories accords with the meaning intended by plaintiff.

2.   Mr. Kane objects to the definitions proposed by plaintiff as being vague and overly broad. Mr. Kane will respond to the interrogatories on behalf of itself, and not on behalf of any other person or entity.

3.   Mr. Kane objects to each interrogatory to the extent it imposes burdens or seeks information beyond that permitted under the Federal Rules of Civil Procedure.

4. Mr. Kane objects to each interrogatory to the extent it seeks information protected by the work product doctrine, the attorney/client privilege or any other exemption from disclosure that Mr. Kane is entitled by law to assert.

5. The supplying of any information does not constitute a waiver of any objections that may be raised at or before trial, including, without limitation, objections as to admissibility and relevance.

6. Mr. Kane reserves the right to modify, amend, or supplement its response to these interrogatories.

7. Mr. Kane objects to the manner in which these interrogatories have been counted by plaintiff, and asserts that the true number of interrogatories propounded, including subparts, is 64, which exceeds the total number of interrogatories that plaintiff is permitted to propound.

## Answers and Objections to Interrogatories

Interrogatory No. 1: State the amount and identify the source of all your gross income (both taxable and non-taxable) regardless of source (both legal and illegal) for each of the last seven (7) calendar years and for this year to date including but not limited to: rental income, 1099 income, 1098 income, W-2 income, benefits, reimbursements for costs, self employment income, cash payments, and tax refunds.

Objection to Interrogatory No. 1:

In addition to asserting his general objections, Mr. Kane objects to this interrogatory on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

2

Interrogatory No. 2: Give the history of your employment from seven (7) years past to the present, identifying each and every employer by name and address, and specifying, with respect to each listed, the dates of your employment, the history of your duties, job titles, the number of hours in your average work week, your regular pay period, gross wages per pay period, your deductions per pay period, and reason(s) for leaving (each) job. If you were unemployed for any period of time, specify the amount and source of any income which you received during such period. If you have opportunities to work overtime in your job, state what rate of pay you receive for overtime employment, and how many hours of overtime you have worked in the past seven (7) years. If you were self employed, state for whom, the employer identification number, the gross revenue of the entity, and the gross income to you for each said year. Include in your answer each individual or entity for whom you have provided security services. Identify all both taxable and non-taxable income you received.

Answer and Objection to Interrogatory No. 2:

Mr. Kane objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and on the additional ground that it contains ten subparts that will be separately counted for purposes of determining the total number of interrogatories that plaintiff is permitted to propound. Mr. Kane further objects to this interrogatory on the ground that it calls for him to disclose information that is confidential and subject to confidentiality agreements with his employers. Mr. Kane would provide such information pursuant to a protective order governing the exchange of confidential information. Subject to and without waiving these and his general objections, Mr. Kane states as follows:

> I have worked as a personal security guard for Allen Iverson on and off, usually for two to three days at a time, for about two years. I am paid only infrequently, and not according to any fixed agreement. Sometimes, I am paid a daily rate of $200 or $300.

3

Interrogatory No. 3:   Please state all cellular telephone numbers and all cellular service carriers to all cellular telephones you have maintained or used more than once within the past five (5) years.

Answer and Objection to Interrogatory No. 3:

Mr. Kane objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and on the additional ground that it contains two subparts that will be separately counted for purposes of determining the total number of interrogatories that plaintiff is permitted to propound. Subject to and without waiving these and his general objections, Mr. Kane states as follows:

> My mobile phone number is (301) 399-7309, and my service provider is Nextel. To my recollection, I have not had any other mobile phones in the past several years.

Interrogatory No. 4:   Describe in your words how the incident that made the basis of this lawsuit occurred.

Answer and Objection to Interrogatory No. 4:

Mr. Kane objects to this interrogatory on the grounds that it is vague and ambiguous. Subject to and without waiving these and his general objections, Mr. Kane states as follows:

> On the evening of July 19, 2005, I was working as a private security guard for Allen Iverson. Late that night, we and several other people entered the Eyebar. When we arrived, we were escorted by the Eyebar's public relations person, Robin, to a special "VIP" area that was roped off at the back of the room. There was another group in the area, and both Robin and the Eyebar's owner asked them to move over so that we could be seated in the VIP space as well. Several members of that group adopted a very confrontational tone, and told both Robin and the owner of the

4

Eyebar – using profanity – that they would not move simply to accommodate Mr. Iverson. At that point, I began to speak with the Eyebar's own security guard, Curtiss Fitzgerald, in an effort to calm things down. While he and I were talking, a fist-fight broke out, but it did not involve any of Mr. Iverson's party. As soon as the fight broke out, I rushed Mr. Iverson out of the Eyebar so that he would not be injured. Neither he nor I was involved in the fight.

<u>Interrogatory No. 5</u>: Identify by court, case number and parties, any and all lawsuits against you alleging assault and battery, intentional infliction of emotional distress, civil conspiracy and/or vicariously [sic] liability filed within the past ten (10) years of your answer.

<u>Answer and Objection to Interrogatory No. 5</u>:

Mr. Kane objects to this interrogatory on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these and his general objections, Mr. Kane states as follows:

I have never been a defendant in a lawsuit asserting these offenses.

<u>Interrogatory No. 6</u>: Please identify all persons accompanying you to Crabbers Restaurant, located in Hampton, Virginia on July 9, 2005, and/or July 10, 2005 by: 1) name; 2) address; and 3) telephone number 4) cell phone number 5) height, 6) weight, 7) color 8) race and 9) gender 10) relationship to you, 11) capacity in which they were present. Include in your answer any individual who arrived with you, left with you, met you there, joined you there, gathered with you there, etc.

<u>Answer and Objection to Interrogatory No. 6</u>:

Mr. Kane objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, not reasonably calculated to lead to the discovery of admissible evidence and contains two sub-parts that will be separately counted for purposes of determining the total number of interrogatories that plaintiff is permitted to propound. Subject to and without waiving these and his general objections, Mr. Kane states as follows:

I have no specific recollection of attending this establishment on or about July 9-10, 2005, thus, I cannot provide any information in response to this interrogatory.

Interrogatory No. 7: Please identify all your employees, agents, contractors, co-workers accompanying you to Crabbers Restaurant, located in Hampton, Virginia on July 9, 2005, and/or July 10, 2005 by: 1) name; 2) address; and 3) telephone number 4) cell phone number 5) height, 6) weight, 7) color 8) race and 9) gender 10) relationship to you, 11) capacity in which they were present. Include in your answer any individual who arrived with you, left with you, met you there, joined you there, gathered with you there, etc.

Answer and Objection to Interrogatory No. 7:

Mr. Kane objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, not reasonably calculated to lead to the discovery of admissible evidence and contains two sub-parts that will be separately counted for purposes of determining the total number of interrogatories that plaintiff is permitted to propound. Subject to and without waiving these and his general objections, Mr. Kane states as follows:

I have no specific recollection of attending this establishment on or about July 9-10, 2005, thus, I cannot provide any information in response to this interrogatory.

Interrogatory No. 8: Please identify all persons hired by you or by a representative of yours who accompanied you to the Hampton, Virginia area the weekend of July 8, 2005 by: 1) name; 2) address; and 3) telephone number 4) cell phone number 5) height, 6) weight, 7) color 8) race and 9) gender 10) relationship to you, 11) capacity in which they were present. Include in your answer any individual who arrived with you, left with you, met you there, joined you there, gathered with you there, etc.

Answer and Objection to Interrogatory No. 8:

Mr. Kane objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, not reasonably calculated to lead to the discovery of admissible evidence and contains two sub-parts that will be separately counted for purposes of determining the total number of interrogatories that plaintiff is permitted to propound. Subject to and without waiving these and his general objections, Mr. Kane states as follows:

> I have no specific recollection of traveling to the Hampton, Virginia area the weekend of July 8, 2005. Thus, I do not recall hiring anybody to accompany me to the area on that weekend.

Interrogatory No. 9: Please state whether any person hired by or on your behalf you has ever been fired, terminated, disciplined, fined, reprimanded, arrested or sanctioned in any way for the actions they took during the incident that forms the basis of this lawsuit. If your answer is in the affirmative, please identify the person and disciplinary actions taken.

Answer and Objection to Interrogatory No. 9:

Mr. Kane objects to this interrogatory on the grounds that it is vague, ambiguous and contains two sub-parts that will be separately counted for purposes of determining the total number of interrogatories that plaintiff is permitted to propound. Subject to and without waiving these and his general objections, Mr. Kane states as follows:

> NONE

Interrogatory No. 10: Identify any insurance agreement under which any insurance business may be liable to satisfy part or all of the judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name of the person or entity insured, the name of the insurer, and the amount of any liability insurance coverage.

Answer to Interrogatory No. 10: Subject to and without waiving his general objections, Mr. Kane states that the answer to this interrogatory is:

> NONE

Interrogatory No. 11: Please state whether you had or currently have any surveillance movies, videos, photographs, visual recordings and/or sound recordings of [sic] depicting the scene, the incident and/or Plaintiffs. In your answer indicate where such items are located, how and when they were obtained or destroyed.

Answer to Interrogatory No. 11: Subject to and without waiving his general objections, Mr. Kane states that the answer to this interrogatory is:

**NONE**

Interrogatory No. 12: State whether you intend to rely on any document(s) or other tangible evidence to support a position that you have taken or intend to take in this action and if so, identify each such document, provide a brief description, by category and location, of all such documents and other tangible things, and identify all persons having possession, custody or control of them. Attach a copy of each such document to your answers.

Objection to Interrogatory No. 12:

In addition to reasserting his general objections, Mr. Kane objects to this interrogatory on the ground that it exceeds the total number of interrogatories that plaintiff is permitted to propound pursuant to Rule 33.

Interrogatory No. 13: If you or any representative of yours has conducted an investigation or made a report of the incident upon which this lawsuit is based, please state the name of the person or persons who conducted such investigation or made a report of the incident in question, including the date(s) such investigation or report was made and the names of the persons interviewed in [the] same investigation.

Objection to Interrogatory No. 13:

In addition to reasserting his general objections, Mr. Kane objects to this interrogatory on the grounds that it is vague, ambiguous and exceeds the total number of interrogatories that plaintiff is permitted to propound pursuant to Rule 33.

Interrogatory No. 14: State the names and addresses, telephone numbers, and cell phone numbers of all persons you intend to call as witnesses.

<u>Objection to Interrogatory No. 14</u>:

In addition to reasserting his general objections, Mr. Kane objects to this interrogatory on the grounds that it is premature and exceeds the total number of interrogatories that plaintiff is permitted to propound pursuant to Rule 33.

<u>Interrogatory No. 15</u>: State the names and addresses and telephone numbers of and [sic] each and every person(s) known to you who have personal knowledge of any relevant facts, information, or evidence concerning this case or any issue to this action as well as a summary of the knowledge they contain. Include in your answer a brief summary of any conversation(s) you have had with such person about any matter related to the events on July 19 and/or July 20, 2005 and this lawsuit. Also, include in your Answer a affirmative statements [sic] as to whether or not the individual was present at the Eyebar on July 19, 2005 and/or July 20, 2005.

<u>Objection to Interrogatory No. 15</u>:

In addition to reasserting his general objections, Mr. Kane objects to this interrogatory on the ground that it contains three subparts that will be separately counted for purposes if determining the total number of interrogatories that plaintiff is permitted to propound. Mr. Kane further objects to this interrogatory on the ground that it exceeds the total number of interrogatories that plaintiff is permitted to propound pursuant to Rule 33.

<u>Interrogatory No. 16</u>: Please identify each person and/or entity hired by you or by a agent of yours for the purposes of providing security services in the past five (5) years. In your answer please, state the date hired, the dates they provided such services, for whom they provided services, the amount they were paid for such services, who paid said individual(s), [sic] the location where said services were provided.

<u>Objection to Interrogatory No. 16</u>:

In addition to reasserting his general objections, Mr. Kane objects to this interrogatory on the ground that it contains four subparts that will be separately counted for purposes if determining the total number of interrogatories that plaintiff is permitted to propound. Mr. Kane further objects to this interrogatory on the ground that it exceeds the total number of interrogatories that plaintiff is permitted to propound pursuant to Rule 33.

Interrogatory No. 17: Please identify and describe in detail the times and substance of any conversations between yourself and any person regarding the incident that occurred on July 19, 2005 and/or July 20, 2005.

Objection to Interrogatory No. 17:

In addition to reasserting his general objections, Mr. Kane objects to this interrogatory on the grounds that is vague, ambiguous and exceeds the total number of interrogatories that plaintiff is permitted to propound pursuant to Rule 33.

Interrogatory No. 18: Please state whether or not you or any of your representatives, employees and/or agents have any standards, rules, regulations, or procedures relating to the hire of security personnel and performing security services. If you have such standards or procedures, please describe with specificity such standards, procedures, rules, or regulations or attach a copy of such procedures, rules, or regulations with the answers to these interrogatories.

Objection to Interrogatory No. 18:

In addition to reasserting his general objections, Mr. Kane objects to this interrogatory on the ground that it contains two subparts that will be separately counted for purposes if determining the total number of interrogatories that plaintiff is permitted to propound. Mr. Kane further objects to this interrogatory on the ground that it exceeds the total number of interrogatories that plaintiff is permitted to propound pursuant to Rule 33.

Interrogatory No. 19: Please identify your current e-mail address(es) and, if applicable, any e-mail addresses you may have used in the past five years.

Objection to Interrogatory No. 19:

In addition to reasserting his general objections, Mr. Kane objects to this interrogatory on the ground that it exceeds the total number of interrogatories that plaintiff is permitted to propound pursuant to Rule 33.

Interrogatory No. 20: Please provide in detail and with specificity how you spent your entire day on July 19, 2005. Your answer must include, but is not limited to: (1) the time you awoke; (2) each and every address and location you visited; (3) the address and telephone number of each and every establishment you visited; (4) the name, address and telephone number of each person you visited; (5) the name, address and telephone number of each person

you spoke with; (6) the name, address and telephone number of each person who was in your presence; (7) the mode of transportation you used form [sic] and to each location; (8) the time when you arrived and departed each location; the time when you commenced and concluded speaking with each person; and (10) a description of all the clothing you wore that day.

Objection to Interrogatory No. 20:

In addition to reasserting his general objections, Mr. Kane objects to this interrogatory on the grounds that it is overbroad, not reasonably calculated to lead to the discovery of admissible evidence and contains ten subparts that will be separately counted for purposes if determining the total number of interrogatories that plaintiff is permitted to propound. Mr. Kane further objects to this interrogatory on the ground that it exceeds the total number of interrogatories that plaintiff is permitted to propound pursuant to Rule 33.

Interrogatory No. 21: Please provide in detail and with specificity how you spent your entire day on July 20, 2005. Your answer must include, but is not limited to: (1) the time you awoke; (2) each and every address and location you visited; (3) the address and telephone number of each and every establishment you visited; (4) the name, address and telephone number of each person you visited; (5) the name, address and telephone number of each person you spoke with; (6) the name, address and telephone number of each person who was in your presence; (7) the mode of transportation you used form [sic] and to each location; (8) the time when you arrived and departed each location; the time when you commenced and concluded speaking with each person; and (10) a description of all the clothing you wore that day.

Objection to Interrogatory No. 21:

In addition to reasserting his general objections, Mr. Kane objects to this interrogatory on the grounds that it is overbroad, not reasonably calculated to lead to the discovery of admissible evidence and contains ten subparts that will be separately counted for purposes if determining the total number of interrogatories that plaintiff is permitted to propound. Mr. Kane further objects to this interrogatory on the ground that it exceeds the total number of interrogatories that plaintiff is permitted to propound pursuant to Rule 33.

Interrogatory No. 22: Please describe and detail the specifics of any and all altercations, fights, arguments, [sic] that any employee, contractor, agent, co-worker, associate, or representative of yours has been involved in while providing security services for any individual

or entity during the past ten (10) years, including, but not limited to, the incident in the State of Virginia in the summer of 2005. Include in your answer that date of such incident(s), the individuals involved, the individual(s) or entity(ies) for whom services were being provided, [sic] a statement of what transpired.

<u>Objection to Interrogatory No. 22</u>:

In addition to reasserting his general objections, Mr. Kane objects to this interrogatory on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Mr. Kane further objects to this interrogatory on the ground that it exceeds the total number of interrogatories that plaintiff is permitted to propound pursuant to Rule 33.

<u>Interrogatory No. 23</u>: Please describe and detail the substance of any and all accounts of the events of July 19, 2005 and July 20, 2005, that you have given to any person. In your answer identify the person to whom such account was given and the date. This request includes, but is not limited to: law enforcement officers, friends, security personnel, members of your entourage, your agent(s), media, employees, team members, relatives, medical personnel, Eyebar staff, [sic] Alcohol Beverage Control Division ("ABC").

<u>Objection to Interrogatory No. 23</u>:

In addition to reasserting his general objections, Mr. Kane objects to this interrogatory on the ground that it exceeds the total number of interrogatories that plaintiff is permitted to propound pursuant to Rule 33.

<u>Interrogatory No. 24</u>: Please identify and provide a description with specificity of every civil or criminal legal proceeding in which you have participated whether as a witness or a party. This request includes, but is not limited to: the case number, court locations, nature of the proceedings, your role, outcome and the type of matter.

<u>Objection to Interrogatory No. 24</u>:

In addition to reasserting his general objections, Mr. Kane objects to this interrogatory on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Mr. Kane further objects to this interrogatory on the ground that it exceeds the total number of interrogatories that plaintiff is permitted to propound pursuant to Rule 33.

Interrogatory No. 25: Please describe each occasion wherein you have been involved in a physical altercation from the time you were eighteen (18) years old to present. Include in your answer the date of each incident, the circumstances surrounding each incident, the individuals involved in each incident, whether anyone was injured, whether you were working, and if so, in what capacity and for whom.

Objection to Interrogatory No. 25:

In addition to reasserting his general objections, Mr. Kane objects to this interrogatory on the grounds that it is overbroad, not reasonably calculated to lead to the discovery of admissible evidence and contains two subparts that will be separately counted for determining the total number of interrogatories that plaintiff is permitted to propound. Mr. Kane further objects to this interrogatory on the ground that it exceeds the total number of interrogatories that plaintiff is permitted to propound pursuant to Rule 33.

| AS TO ANSWERS: | AS TO OBJECTIONS: |
|---|---|
| /s/ Jason Kane | /s/ William R. Martin |
| Jason Kane | William R. Martin (Bar No. 465531) |
| | Alan M. Freeman (Bar No. 454693) |
| | BLANK ROME LLP |
| | Watergate, Twelfth Floor |
| | 600 New Hampshire Avenue, NW |
| | Washington, D.C. 20037 |
| | Tel: (202) 772-5800 |
| | Fax: (202) 772-5858 |
| | Email: martin-w@blankrome.com |
| | Email: freeman@blankrome.com |
| | |
| | *Counsel for Jason Kane* |

Dated: August 17, 2006

## CERTIFICATE OF SERVICE

I certify that on August 21, 2006 I caused the foregoing to be delivered by first-class mail, postage prepaid, to the following counsel:

Gregory L. Lattimer
1100 H Street, NW, Suite 920
Washington, D.C. 20005

E. Gregory Watson
Stephanie Moran
Watson & Moran
8401 Corporate Drive, Suite 110
Landover, MD 20785

Alan C. Milstein, Esquire
Sherman, Silverstein, Kohl,
Rose & Podolsky, P.A.
4300 Haddonfield, Suite 311
Pennsauken, NJ 08109

David Rosenberg, Esquire
Ford & Harrison L.L.P.
1300 19th Street, N.W., Suite 700
Washington, D.C. 20036

_____
Sheila Smith