UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARLIN GODFREY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:05-cv-2044 (ESH)(DAR) |
| ) | |
| ALLEN IVERSON, et al., ) | |
| ) | |
| Defendants. ) | |

## JASON KANE'S OBJECTIONS
## TO MARLIN GODFREY'S REQUESTS FOR PRODUCTION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Jason Kane submits the following objections to plaintiff Marlin Godfrey's First Requests for Production of Documents.

### GENERAL RESPONSES AND OBJECTIONS

1. Mr. Kane objects to each request to the extent it directs the production of documents protected by the work-product doctrine, the attorney-client privilege, or any other exemption from disclosure that he is entitled by law to assert.

2. Mr. Kane objects to each request to the extent it seeks documents not reasonably calculated to lead to the discovery of admissible evidence in connection with the claims in dispute.

3. By this response, Mr. Kane does not represent that any particular documents requested do, in fact, exist.

4.  The inadvertent production of any document shall not be deemed to constitute a waiver of any applicable privilege or other exemption from disclosure.

## SPECIFIC RESPONSES AND OBJECTIONS

Request No. 1: Complete copies of your federal and state income tax returns for the past five (5) years, including, but not limited to all statements thereto (e.g. 1099's, K-1, W2, W-4, etc.) estimated tax forms, extension requests, and any other supporting documents schedules and attachments.

Response to Request 1:

Mr. Kane objects to this request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Documents will not be produced in response to this request.

Request No. 2: Should Federal and State income tax returns for the past five (5) years have not been filed, then provide exact copies of all W-4, W-2, 1099, 1098, K1 statements for the past five (5) years, and any other statement or attachments that will be used to prepare and/or which will be attached to and filed with the Federal and/or State income tax returns for the past five (5) years.

Response to Request 2:

Mr. Kane objects to this request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Documents will not be produced in response to this request.

Request No. 3: Any and all records indicating dates and sources of any and all monies received by you, earned or unearned, including but not limited to gifts, loans, wages, self-employment income, welfare benefits, worker's compensation, proceeds from legal judgments, commissions, scholarships, consulting or other fees, bonuses, tips, awards, actual or deferred income derived from pension or profit sharing, investment trusts, rental income, stock income, retirement income, reimbursement for expenses and expenses which were paid by others for the past five (5) years.

2

Response to Request 3:

Mr. Kane objects to this request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Documents will not be produced in response to this request.

Request No. 4: Any and all statements, invoices, bills, canceled checks, receipts or other documents concerning information related to the cost of any security services provided by you from July 1, 2005 through July 21, 2005.

Response to Request 4:

Mr. Kane objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these and his general objections, Mr. Kane states that he has no responsive documents.

Request No. 5: Any and all reports, statements, invoices, bills, canceled checks, receipts or other documents for the past five (5) years concerning information related to the monies, wages, expenses, costs you have paid to any individual providing security services on your behalf or on behalf of any entity in which you have or had any interests.

Response to Request 5:

Mr. Kane objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these and his general objections, Mr. Kane states that he has no responsive documents.

Request No. 6: All documents related to any telephone, cell phone, pager and "2-way," owned or operated by you from January 1, 2005, to present, including, but not limited to, all phone call records for the month of July 2005 and July 2006.

3

Response to Request 6:

Mr. Kane objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Documents will not be produced in response to this request.

Request No. 7: All statements, invoices, bills, canceled checks, receipts or other documents of any and all purchases or expenses for any purchase or expense you incurred from July 3, 2005 through July 21, 2005.

Response to Request 7:

Mr. Kane objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Documents will not be produced in response to this request.

Request No. 8: All documents related to the names, address, and telephone number of any and all persons accompanying you to any concert, event, engagement, club, restaurant, party, meeting, outing, trip, show, ceremony, etc. from July 1, 2005 through July 21, 2005 when you were providing security or protection services for anyone. Include any individual who met you, arrived with you, departed with you from, joined you at any said location.

Response to Request 8:

Mr. Kane objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Documents will not be produced in response to this request.

Request No. 9: All documents related to the names, address, cell phone, and telephone number of any and all persons accompanying you to the Eye Bar nightclub from July 19, 2005 through July 20, 2005. Include any individual who met you, arrived with you, departed with you from, joined you at any said location.

Response to Request 9:

Mr. Kane objects to this request on the grounds that it is vague and ambiguous. Subject to and without waiving these and his general objections, Mr. Kane states that he has no responsive documents.

Request No. 10: All documents related to the names, address, and telephone number of any and all persons accompanying you to any concert, event, engagement, club, restaurant, party, meeting, trip, outing, ceremony, show etc. from July 1, 2000 through present when you were providing security or protection services for anyone. Include any individual who met you, arrived with you, departed with you, joined you at any said location.

Response to Request 10:

Mr. Kane objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Documents will not be produced in response to this request.

Request No. 11: Any and all documents containing the names, address, and telephone number of any potential party to this lawsuit or any persons having knowledge of relevant facts to this lawsuit, including, but not limited to, any person who provided security services with you during the weeks of July 3, 2005 through July 23, 2005. You are instructed that a person has knowledge of relevant facts when he or she has or may have knowledge of any discoverable matter and that information itself need not be admissible to constitute having knowledge of discoverable matters.

Response to Request 11:

Mr. Kane objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Documents will not be produced in response to this request.

Request No. 12: Any and all tangible evidence, photographs, drawings, video recordings, audio recordings, documents which relate to this matter.

Response to Request 12:

Mr. Kane objects to this request on the grounds that it is vague and ambiguous. Subject to and without waiving these and his general objections, Mr. Kane will produce those non-privileged documents (if any exist) that he believes are responsive to this request and relevant to this lawsuit.

Request No. 13: Any and all documents, notes, memoranda, drawings, graphs, charts, blueprints, models, sketches, x-rays, or any such tangible things which relate to the allegations of this lawsuit. If such items are not in your possession or constructive possession, please produce

5

all documents or information which would identify the existence and location of such items, and the person in possession of such items.

Response to Request 13:

Mr. Kane objects to this request on the grounds that it is vague and ambiguous. Subject to and without waiving these and his general objections, Mr. Kane states that he has no responsive documents.

Request No. 14: Any contract, agreement between you and the person(s) and/or entity(ies) responsible for hiring your security services during the weeks of July 3, 2005 through July 23, 2005.

Response to Request 14:

Mr. Kane objects to this request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these and his general objections, Mr. Kane states that he has no responsive documents.

Request No. 15: Any documents or other tangible things which will be used or offered at trial.

Response to Request 15:

Subject to and without waiving his general objections, Mr. Kane will produce those documents (if any exist) that he believes are responsive to this request at such time as the Court directs.

Request No. 16: Any indemnity agreement between any of the parties to this case.

Response to Request 16:

Subject to and without waiving his general objections, Mr. Kane states that he has no responsive documents.

Request No. 17: Any indemnity agreement, between any party to this case and nonparty which is relevant to the injures [sic] making the basis of this lawsuit.

Response to Request 17:

Mr. Kane objects to this request on the grounds that it is vague and ambiguous. Subject to and without waiving these and his general objections, Mr. Kane states that he has no responsive documents.

Request No. 18: Any and all insurance agreements or policies, whether basic, umbrella or excess under which any person or entity carrying an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy any judgment rendered.

Response to Request 18:

Subject to and without waiving his general objections, Mr. Kane states that he has no responsive documents.

Request No. 19: Copies of all transcripts and pleadings and documents related to any legal proceeding in which you have ever been a party or witness. This request includes both civil and criminal proceedings.

Response to Request 19:

Mr. Kane objects to this request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Documents will not be produced in response to this request.

Request No. 20: All documents constituting and reflecting your academic transcript and school disciplinary record from age fourteen (14), including, but not limited to such records from all college(es), junior college(es), high school(s), and trade school(s) attended.

Response to Request 20:

Mr. Kane objects to this request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Documents will not be produced in response to this request.

7

Request No. 21: All documents, contracts, manuals relating to the compensation, hiring, training, screening of any security personnel who works on your behalf or on behalf of any entity in which you have any interests, including, but not limited to documents reflecting the qualifications, standard guidelines, regulations, rules, protocols, procedures for hiring all such security personnel, [sic] Include documents related to all such individuals regardless of whether such individual is an employee, contractor, sub-contractor, volunteer, independent contractor, trainee, co-works [sic], partner etc.

Response to Request 21:

Subject to and without waiving his general objections, Mr. Kane states that he has no responsive documents.

Request No. 22: All documents which support any contention of yours that you were not present at the Eye Bar night club when the alleged incident which forms the basis of this lawsuit allegedly occurred.

Response to Request 22:

Subject to and without waiving his general objections, Mr. Kane will produce those non-privileged documents (if any exist) that he believes are responsive to this request and relevant to this lawsuit.

Request No. 23: Any and all agreements and contracts between you and Allen Iverson.

Response to Request 23:

Mr. Kane objects to this request on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these and his general objections, Mr. Kane will produce those non-privileged documents (if any exist) that he believes are responsive to this request and relevant to this lawsuit.

Request No. 24: Any and all contracts and agreements between you and Gary Moore.

Response to Request 24:

Mr. Kane objects to this request on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these

8

and his general objections, Mr. Kane will produce those non-privileged documents (if any exist) that he believes are responsive to this request and relevant to this lawsuit.

Request No. 25: Any and all contracts and agreements between you and Crossover Promotions.

Response to Request 25:

Mr. Kane objects to this request on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these and his general objections, Mr. Kane will produce those non-privileged documents (if any exist) that he believes are responsive to this request and relevant to this lawsuit.

William R. Martin (Bar No. 465531)
Alan M. Freeman (Bar No. 454693)
BLANK ROME LLP
Watergate, Twelfth Floor
600 New Hampshire Avenue, NW
Washington, D.C. 20037
Tel: (202) 772-5800
Fax: (202) 772-5858
Email: martin-w@blankrome.com
Email: freeman@blankrome.com

*Counsel for Jason Kane*

Dated: August 21, 2006

CERTIFICATE OF SERVICE

I certify that on August 21, 2006 I caused the foregoing to be delivered by first-class mail, postage prepaid, to the following counsel:

Gregory L. Lattimer
1100 H Street, NW, Suite 920
Washington, D.C. 20005

E. Gregory Watson
Stephanie Moran
Watson & Moran
8401 Corporate Drive, Suite 110

Alan C. Milstein, Esquire
Sherman, Silverstein, Kohl,
Rose & Podolsky, P.A.
4300 Haddonfield, Suite 311
Pennsauken, NJ 08109

Landover, MD 20785

David Rosenberg, Esquire
Ford & Harrison L.L.P.
1300 19th Street, N.W., Suite 700
Washington, D.C. 20036

_____
Sheila Smith