UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARLIN GODFREY, et al., )
)
            *Plaintiffs*, )
)
v. ) Civil Action No. 1:05-cv-2044 (ESH)(DAR)
)
ALLEN IVERSON, et al., )
)
            *Defendants*. )

## JASON KANE'S ANSWERS AND OBJECTIONS TO DAVID A. KITTRELL'S INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant Jason Kane submits the following answers and objections to plaintiff David A. Kittrell's First Set of Interrogatories.

### General Objections

1. Mr. Kane does not warrant or guarantee that his understanding or use of terms contained in plaintiff's interrogatories accords with the meaning intended by plaintiff.

2. Mr. Kane objects to the definitions proposed by plaintiff as being vague and overly broad. Mr. Kane will respond to the interrogatories on behalf of itself, and not on behalf of any other person or entity.

3. Mr. Kane objects to each interrogatory to the extent it imposes burdens or seeks information beyond that permitted under the Federal Rules of Civil Procedure.

4. Mr. Kane objects to each interrogatory to the extent it seeks information protected by the work product doctrine, the attorney/client privilege or any other exemption from disclosure that Mr. Kane is entitled by law to assert.

5. The supplying of any information does not constitute a waiver of any objections that may be raised at or before trial, including, without limitation, objections as to admissibility and relevance.

6. Mr. Kane reserves the right to modify, amend, or supplement its response to these interrogatories.

7. Mr. Kane objects to the manner in which these interrogatories have been counted by plaintiff, and asserts that the true number of interrogatories propounded, including subparts, is 36, which exceeds the total number of interrogatories that plaintiff is permitted to propound.

<u>Answers and Objections to Interrogatories</u>

<u>Interrogatory No. 1</u>:   If you, Defendant Jason Kane, or any of your agents claim that any current or former Plaintiff (Marlin Godfrey, David Anthony Kittrell, Ansley Grant, Curtiss Fitzgerald) made any statements, comments or assertions that are contrary to any allegation or assertion contained in the Complaint or Amended Complaint filed herein, state: (a) the date made; (b) the name of the person whom made such communication; (c) the full name (first, middle, last), cell phone number, telephone number and address of the person to whom such communication was made; (d) where made; (e) the name and address of each person present at the time such communication was made; (f) the contents of the communication; and (g) if in writing, the location of the writing and attach a copy.

<u>Objection to Interrogatory No. 1</u>:

Subject to and without waiving his general objections, Mr. Kane answers this interrogatory by stating as follows:

> 1. On or about September 15, 2005, Curtiss Fitzgerald provided a written statement to Progressive Security Consultants, Inc., 6006 Greenbelt Road, Greenbelt, Maryland 2077 (Tel: 301-577-4700), in

2

which he stated that "On July 20th I, Curtiss Fitzgerald did not see Jason Kane strike any club patrons @ the I-bar night club @ 1716 I Street." A copy of this statement will be produced in response to plaintiffs' requests.

2. On or about September 15, 2005, Ansley Grant provided a written statement to Progressive Security Consultants, Inc., in which he stated "It is without prejudice, that I write and swear, that at no time did I see Jay Kane hit, punch or strike anyone at the eyebar on the night of July 20th into July 21st 2005." A copy of this statement will be produced in response to plaintiffs' requests.

Interrogatory No. 2:   If you or your representative, agent, investigator and the former Plaintiffs (Ansley Grant, Curtiss Fitzgerald) have had any oral communication concerning the subject matter of this lawsuit or anything related to this lawsuit, state: (a) the date of the communication; (b) the full name (first, middle, last) and address of each participant; (c) the full name and address of each person present at the time of such communication; (d) where such communication took place; and (e) a summary of what was said by each party participating in the communication.

Answer and Objection to Interrogatory No. 2:

Subject to and without waiving his general objections, Mr. Kane states that the answer to this interrogatory is:

   NONE

Interrogatory No. 3:   If you or anyone on your behalf has obtained a statement whether oral or written from any person regarding the subject matter of this action or anything related to this action, state: (a) the full name (first, middle, last) and present address of the person who gave the statement; (b) whether the statement was oral or in writing and if in writing, identify the location of the document and attach a copy; (c) the date the statement was obtained; (d) if such statement was oral, whether a recording was made, and if so, the nature of the recording and the name, telephone number, cell phone number, former address and present address of the person who has custody of it; (e) if the statement was written, whether it was signed by the person making it; (f) the name and address of the person who obtained the statement; and (g) if the statement was oral, a detailed summary of its contents.

Answer and Objection to Interrogatory No. 3:

Subject to and without waiving his general objections, Mr. Kane answers this interrogatory by stating as follows:

See my answer to Interrogatory No. 1. Also, my attorneys obtained oral statements regarding the incident in question from the persons identified in my initial disclosures. To the extent their contact information is known, it was disclosed as part of my initial disclosures. The gist of their statements was that none of them saw me participate in the fight that underlies this lawsuit, and that the fight was started by somebody outside Mr. Iverson's group that evening.

Interrogatory No. 4: With respect to the preparation of each answer to these interrogatories, identify each person who prepared, who was consulted or interviewed, or who in any way participated in the preparation of each answer and state the capacity in which each person or persons participated.

Answer and Objection to Interrogatory No. 4:

Subject to and without waiving his general objections, Mr. Kane answers this interrogatory by stating as follows:

My attorney helped me to prepare these answers, but the substance of each answer was provided by me.

Interrogatory No. 5: Identify all persons you recognized or are familiar with who were present at the club formerly known as Dream or currently known as Love located in Washington, DC on July 19, 2005 and/or July 20, 2005.

Objection to Interrogatory No. 5:

In addition to reasserting his general objections, Mr. Kane objects to this interrogatory on the grounds that it is vague, ambiguous and not reasonably calculated to lead to the discovery of

4

admissible evidence. Subject to and without waiving these and his general objections, Mr. Kane states as follows:

> The only people I recognized at Dream that night were Heather Hadley and Life Jennings.

Interrogatory No. 6: With respect to individuals you or your representatives, agents or attorneys identified or will identify in any Initial Disclosures, Witness List, Discovery Responses filed, to be filed or provided herein, provide the complete and correct names and addresses, of all said persons and summary of the knowledge they contain with respect to any relevant and material facts, information, or evidence concerning any issue in this action. Include in your answer a brief summary of any conversation(s) you have had with such person about any matter related to the events on July 19, 2005 and/or July 20, 2005, and this lawsuit. Also, include in your Answer an affirmative statement as to whether or not the individual was present at the Eyebar on July 19, 2005 and/or July 20, 2005.

Answer and Objection to Interrogatory No. 6:

Mr. Kane objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad and contains four sub-parts that will be separately counted for purposes of determining the total number of interrogatories that plaintiff is permitted to propound. Subject to and without waiving these and his general objections, Mr. Kane answers this interrogatory by stating as follows:

> I already have provided contact information for the persons identified in my initial disclosures. I have not had anything more than a cursory conversation with any individual who witnessed the events that underlie this lawsuit. With respect to persons identified in my initial disclosures, I understand that Messrs. Williams, Persons, Edwards, Patterson, Turner, Hall, McCree and Vines were present at the Eyebar during the incident that underlies this lawsuit, and that none saw me participate in the fight in any respect. To the contrary, they recall that I promptly ushered Mr.

5

Iverson out of the building as soon as the fight started. In addition, Mr. Williams and Mr. Turner recall that the fight was started not by a member of Mr. Iverson's group, but by a group of individuals that they now presume included the plaintiffs.

Interrogatory No. 7: State the dates and times, the nature and substance of all communications you or your representative(s), agent(s), investigator, or attorney(s) have had with Allen Iverson, from July 19, 2005 to date. Include in your answer all communications in writing, in person, via e-mail and/or telephone, or by any other means.

Answer and Objection to Interrogatory No. 7:

Mr. Kane objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these and his general objections Mr. Kane answers this interrogatory by stating as follows:

I have had numerous discussions with Mr. Iverson in the thirteen month period specified by the interrogatory. I cannot presently recall each particular conversation or its substance.

Interrogatory No. 8: State the dates and times, the nature and substance of all communications you or your representative(s), agent(s), investigator, or attorney(s) have had with Terrance Williams from July 19, 2005 to date. Include in your answer all communications in writing, in person, via e-mail and/or telephone, or by any other means.

Answer and Objection to Interrogatory No. 8:

Mr. Kane objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these and his general objections Mr. Kane answers this interrogatory by stating as follows:

I have had numerous discussions with Mr. Williams in the thirteen month period specified by the interrogatory. I cannot presently recall each particular conversation, though I do recall that, shortly after the incident in question, Mr. Williams told me that the fight at the Eyebar began when an individual who was not a part of Mr. Iverson's group, and who Mr. Williams now believes to be one of the plaintiff's, physically attacked Mr. Williams.

Interrogatory No. 9: State the dates and amounts of any and all monies you or anyone on your behalf have given to or on behalf of the individuals identified in any Initial Disclosures, Disclosures, Witness List, Discovery Response filed, to be filed or provided in this action for the past seven (7) calendar years and for this year to date.

Answer and Objection to Interrogatory No. 9:

Subject to and without waiving his general objections, Mr. Kane states that the answer to this interrogatory is:

**NONE**

Interrogatory No. 10: State the dates and times and the nature of all communications you or your representative(s), agent(s), investigator, or attorney(s) have had with any individual identified in any Discovery response, Disclosure or Witness List filed, to be filed or provided in this action from July 19, 2005, to date. Include in your answer all communications in writing, in person, via e-mail and/or telephone, or by any other means.

Answer and Objection to Interrogatory No. 10: Subject to and without waiving his general objections, Mr. Kane answers this interrogatory by stating as follows:

See my answers to Interrogatory Nos. 1 and 3. Also, my attorneys interviewed potential witnesses on or about June 30, 2006 and July 17, 2006.

Interrogatory No. 11: State the dates and amounts of any and all monies you or anyone on your behalf have received from or on behalf of the individuals identified in any Initial Disclosures, Disclosures, Witness List, Discovery Response filed, to be filed or provided in this action for the past seven (7) calendar years and for this year to date.

Case 1:05-cv-02044-ESH    Document 36-4    Filed 09/14/2006    Page 8 of 15

<u>Answer and Objection to Interrogatory No. 11</u>: Subject to and without waiving his general objections, Mr. Kane answers this interrogatory by stating as follows:

Except as stated in response to Interrogatory No. 12 below, to my recollection, neither I, nor anybody on my behalf, received any money from any individual identified by me in a discovery response during the past seven years.

<u>Interrogatory No. 12</u>: State the dates and amounts of any and all monies you or anyone on your behalf have received from or on behalf of the Defendant Allen Iverson for the past seven (7) calendar years and for this year to date.

<u>Answer and Objection to Interrogatory No. 12</u>:

Subject to and without waiving his general objections, Mr. Kane answers this interrogatory by stating as follows:

*See* my answer to Interrogatory No. 11. I have worked as a personal security guard for Allen Iverson on and off, usually for two to three days at a time, for about two years. I am paid only infrequently, and not according to any fixed agreement. Sometimes, I am paid a daily rate of $200 or $300.

<u>Interrogatory No. 13</u>: Identify the individual or entity whom paid for your attorneys fees/retainer with respect to this lawsuit. Include in your answer the date, amount, and form of payment.

<u>Answer and Objection to Interrogatory No. 13</u>:

Subject to and without waiving his general objections, Mr. Kane answers this interrogatory by stating as follows:

Nobody has paid my attorneys' fees, expenses or retainer.

Interrogatory No. 14: Explain whom the "Horseman" are and identify all persons or entities (who to your knowledge or who you have been told or believe) are part of the "Horsemen" or similar name.

Answer and Objection to Interrogatory No. 14:

Mr. Kane objects to this interrogatory on the grounds that it is vague and ambiguous. Subject to and without waiving these and his general objections, Mr. Kane answers this interrogatory by stating as follows:

The term "Horsemen" is sometimes used to describe either Lebron James' crew or a group of professional wrestlers.

Interrogatory No. 15: State and explain your relationship to Terrance Williams. State whether he has provided security services, protection services or has otherwise worked with you or on your behalf, whether as an independent contractor, volunteer, employee, contractor, co-worker, etc. Include in your answer, (a) the dates he has worked with or for you; (b) the nature of the services performed; (c) the location the services were performed; (d) the amount of any monies paid to him or on his behalf by any individual (including by you or on your behalf); (e) for whom the services were performed; (f) the reason he no longer work with or for you; (g) when he ceased working with or for you or on your behalf; and (h) the capacity in which he worked.

Answer and Objection to Interrogatory No. 15:

Mr. Kane objects to this interrogatory on the grounds that it contains two subparts that will be separately counted for purposes if determining the total number of interrogatories that plaintiff is permitted to propound. Subject to and without waiving this and his general objections, Mr. Kane answers this interrogatory by stating as follows:

Mr. Williams is a friend of mine. We have not had a professional or business relationship.

Interrogatory No. 16: If you contend that any attorney or party in this case has offered money to any Plaintiff, former Plaintiff, witness or other individual in exchange for testimony in this case, identify all facts to support any contention or assertion.

9

<u>Answer and Objection to Interrogatory No. 16</u>:

Subject to and without waiving his general objections, Mr. Kane answers this interrogatory by stating as follows:

Based on information currently available to me, I do not currently believe that any attorney or party has offered money to any plaintiff or former plaintiff in exchange for testimony.

<u>Interrogatory No. 17</u>: State and explain whether you, Defendant Jason Kane, or any other named Defendant in this action or their representative, agent have offered to settle this matter with any of the Plaintiffs or former Plaintiffs, offered monies to or on behalf of any current or former Plaintiff (Marlin Godfrey, David Anthony Kittrell, Ansley Grant, Curtiss Fitzgerald) from July 1, 2005 to present. Include in your answer, (a) the date(s) on which said settlement and/or money was offered; (b) the date(s) on which said money was paid; (c) the person(s) to whom such money was paid; (d) the person(s) to whom such settlement and/or money was offered; (e) on whose behalf such money was paid or offered; (f) the amount of any monies paid; and (g) the reason the money was offered or paid.

<u>Answer and Objection to Interrogatory No. 17</u>:

Mr. Kane objects to this interrogatory on the grounds that it contains two subparts that will be separately counted for purposes if determining the total number of interrogatories that plaintiff is permitted to propound. Subject to and without waiving this and his general objections, Mr. Kane answers this interrogatory by stating as follows:

**NONE**

<u>Interrogatory No. 18</u>: State and explain whether you, Defendant Jason Kane, or any other named Defendant in this action or their representative, agent or any other individual have any information or knowledge about threats made to current or former Plaintiff (Marlin Godfrey, David Anthony Kittrell, Ansley Grant, Curtiss Fitzgerald) from July 1, 2005 to present. Include in your answer: (a) the date of the communication or threat; (b) the name and address of each participant; (c) the name and address of each person present at the time of such communication or threat; (d) where such communication or threat took place; and (e) a summary of what was said by each party participating in the communication or threat.

Answer and Objection to Interrogatory No. 18:

Subject to and without waiving his general objections, Mr. Kane states that the answer to this interrogatory is:

NONE

Interrogatory No. 19: Identify each person who you were with at the club formerly known as Dream or Love located in Washington, DC at any point on July 19, 2005 and/or July 20, 2005. Include in your answer, any person who met you at said establishment, any person who arrived at said establishment before or after you and congregated with you or your entourage, any person who arrived with you or your entourage, any person who left with you or your entourage, any person you spoke to while at said establishment, any person who sat at your table at said establishment.

Objection to Interrogatory No. 19:

In addition to reasserting his general objections, Mr. Kane objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory No. 20: Identify all persons you recognized or are familiar with who were present at the club known as Eyebar located in Washington, DC on July 19, 2005 and/or July 20, 2005.

Answer and Objection to Interrogatory No. 20:

Mr. Kane objects to this interrogatory on the grounds that it is vague, ambiguous and overbroad. Subject to and without waiving these and his general objections, Mr. Kane answers this interrogatory by stating as follows:

See my initial disclosures pursuant to Rule 26.

Interrogatory No. 21: Identify each person who you were with at the Eyebar located in Washington, DC at any point on July 19, 2005 and/or July 20, 2005. Include in your answer, any person who met you at said establishment, any person who arrived at said establishment before or after you and congregated with you or your entourage, any person who arrived with you or your entourage, any person who left with you or your entourage, any person you spoke to while at said establishment.

11

Objection to Interrogatory No. 21:

In addition to reasserting his general objections, Mr. Kane objects to this interrogatory on the grounds that it is vague and ambiguous. Mr. Kane further objects to this interrogatory on the ground that it exceeds the total number of interrogatories that plaintiff is permitted to propound pursuant to Rule 33.

Interrogatory No. 22: State and explain your relationship to Defendant Allen Iverson. Include in your answer: (a) the dates you have worked for him or on his behalf; (b) the nature of the services performed; (c) the location the services were performed; (d) the amount of any monies paid to you for said services; (e) the name of any individual or entity who paid for said services; (e) if you ceased working for Allen Iverson, the reason you no longer work for him; (f) when you ceased working for him or on his behalf; and (g) the capacity in which you worked.

Objection to Interrogatory No. 22:

In addition to reasserting his general objections, Mr. Kane objects to this interrogatory on the grounds that it contains at least four subparts that will be separately counted for purposes of determining the total number of interrogatories that plaintiff is permitted to propound. Mr. Kane further objects to this interrogatory on the ground that it exceeds the total number of interrogatories that plaintiff is permitted to propound pursuant to Rule 33.

Interrogatory No. 23: Please describe the procedures by which you, or any entity in which you have any interest, are/is retained to perform security services on behalf of Allen Iverson. Include in your answer a description of: (a) how you are contacted; (b) by whom are you contacted; (c) how you are compensated; and (d) by whom are you compensated.

Objection to Interrogatory No. 23:

In addition to reasserting his general objections, Mr. Kane objects to this interrogatory on the ground that it exceeds the total number of interrogatories that plaintiff is permitted to propound pursuant to Rule 33.

Interrogatory No. 24: Please identify how you spent the weekend of July 14, 2006 through July 17, 2006. Include in your answer the places you visited, patronized, the individuals

whom accompanied you to and from each place, the individuals who met you at each place, the time you arrived and left each place, whether you were at each place in a working capacity, identify the individual or entity for whom you were working.

<u>Objection to Interrogatory No. 24</u>:

In addition to reasserting his general objections, Mr. Kane objects to this interrogatory on the grounds that it is overbroad, not reasonably calculated to lead to the discovery of admissible evidence and contains at least four subparts that will be separately counted for purposes of determining the total number of interrogatories that plaintiff is permitted to propound. Mr. Kane further objects to this interrogatory on the ground that it exceeds the total number of interrogatories that plaintiff is permitted to propound pursuant to Rule 33.

AS TO ANSWERS:

_____
Jason Kane

AS TO OBJECTIONS:

_____
William R. Martin (Bar No. 465531)
Alan M. Freeman (Bar No. 454693)
BLANK ROME LLP
Watergate, Twelfth Floor
600 New Hampshire Avenue, NW
Washington, D.C. 20037
Tel: (202) 772-5800
Fax: (202) 772-5858
Email: martin-w@blankrome.com
Email: freeman@blankrome.com

*Counsel for Jason Kane*

Dated: August 17, 2006

CERTIFICATE OF SERVICE

I certify that on August 21, 2006 I caused the foregoing to be delivered by first-class mail, postage prepaid, to the following counsel:

Gregory L. Lattimer
1100 H Street, NW, Suite 920
Washington, D.C. 20005

Alan C. Milstein, Esquire
Sherman, Silverstein, Kohl,
Rose & Podolsky, P.A.
4300 Haddonfield, Suite 311
Pennsauken, NJ 08109

E. Gregory Watson
Stephanie Moran
Watson & Moran
8401 Corporate Drive, Suite 110
Landover, MD 20785

David Rosenberg, Esquire
Ford & Harrison L.L.P.
1300 19th Street, N.W., Suite 700
Washington, D.C. 20036

_____
Sheila Smith