UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARLIN GODFREY, et al., )
)
*Plaintiffs*, )
)
v. ) Civil Action No. 1:05-cv-2044 (ESH)(DAR)
)
ALLEN IVERSON, et al., )
)
*Defendants*. )

## JASON KANE'S OBJECTIONS
## TO DAVID A. KITTRELL'S REQUESTS FOR PRODUCTION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Jason Kane submits the following objections to plaintiff David A. Kittrell's First Requests for Production of Documents.

<u>GENERAL RESPONSES AND OBJECTIONS</u>

1.   Mr. Kane objects to each request to the extent it directs the production of documents protected by the work-product doctrine, the attorney-client privilege, or any other exemption from disclosure that he is entitled by law to assert.

2.   Mr. Kane objects to each request to the extent it seeks documents not reasonably calculated to lead to the discovery of admissible evidence in connection with the claims in dispute.

3.   By this response, Mr. Kane does not represent that any particular documents requested do, in fact, exist.

4.  The inadvertent production of any document shall not be deemed to constitute a waiver of any applicable privilege or other exemption from disclosure.

## SPECIFIC RESPONSES AND OBJECTIONS

Request No. 1: Any and all records concerning mental treatment you have sought or received, of any kind or nature, including, but not limited to, therapy, counseling, psychiatric consultation or treatment and/or for alcoholism, emotional disorders, or drug abuse at any time in the past ten (10) years.

Response to Request 1:

Mr. Kane objects to this request on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these and his general objections, Mr. Kane states that he has no responsive documents.

Request No. 2: All documents concerning all personal arrests, charges, convictions, judgments, and confessions of judgment, including but not limited to, documents reflecting the date, place, jurisdiction, nature of offens(es), cause and/or case number(s) and the disposition of same.

Response to Request 2:

Mr. Kane objects to this request on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these and his general objections, Mr. Kane states that he has no responsive documents.

Request No. 3: All statements taken or given by you or any other party which are relevant to this lawsuit.

Response to Request 3:

Mr. Kane objects to this request on the grounds that it is vague and ambiguous. Subject to and without waiving these and his general objections, Mr. Kane will produce those non-privileged documents (if any exist) that he believes are responsive to this request.

Request No. 4: All personal permits for weapons.

Response to Request 4:

Mr. Kane objects to this request on the grounds that it is vague, ambiguous, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these and his general objections, Mr. Kane states that he has no responsive documents.

Request No. 5: Copies of all bank statements, including checking accounts, savings accounts, money market accounts, CDs, etc. from January 1, 2000 through present in which you have any interests regardless of how titled.

Response to Request 5:

Mr. Kane objects to this request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Documents will not be produced in response to this request.

Request No.6: Copies of all Deeds for any real property in which you have any interests regardless of how titled.

Response to Request 6:

Mr. Kane objects to this request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Documents will not be produced in response to this request.

Request No. 7: All statements and other documents for the past five (5) years indicating your ownership, either individually, or in conjunction with any other entity or individual of any nature whatsoever in any financial, savings and/or checking account(s).

Response to Request 7:

Mr. Kane objects to this request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Documents will not be produced in response to this request.

Request No. 8: All wage and income statements received by you from any and all sources which evidence payment of any salaries or compensation paid for the past five (5) years.

Response to Request 8:

Mr. Kane objects to this request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Documents will not be produced in response to this request.

Request No. 9: Any and all records which indicate any and all fringe benefits which have been provided to you in addition to money and compensation heretofore mentioned, including, but not limited to, expense account allowances, as well as any vehicles, housing or any other tangible items of personal property which are provided for your use or benefit.

Response to Request 9:

Mr. Kane objects to this request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Documents will not be produced in response to this request.

Request No. 10: All documents which reflect, refers or otherwise relates to your income, whether taxable or not, from sources for the past five (5) years to the date of production which have not been produced heretofore.

Response to Request 10:

Mr. Kane objects to this request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Documents will not be produced in response to this request.

Request No. 11: All physical evidence which reflects or relates to the material issues in this action, or which you may offer as evidence in this action.

Response to Request 11:

Mr. Kane objects to this request on the grounds that it is vague and ambiguous. Subject to and without waiving these and his general objections, Mr. Kane will produce those non-

privileged documents (if any exist) that he believes are responsive to this request and relevant to this lawsuit.

Request No. 12: Any and all written reports made by any and all experts who you intend to call as witnesses in the trial of this matter.

Response to Request 12:

Mr. Kane objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these and his general objections, Mr. Kane will produce those non-privileged documents (if any exist) that he believes are responsive to this request and relevant to this lawsuit within the time provided by the Federal Rules of Civil Procedure and the Rules of this Court.

Request No. 13: All titles to and registrations for any motor vehicles currently being used or owned by you.

Response to Request 13:

Mr. Kane objects to this request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Documents will not be produced in response to this request.

Request No. 14: Copies of all documents identified in your answers to Interrogatories propounded upon you by either Plaintiff.

Response to Request 14:

Subject to and without waiving his general objections, Mr. Kane will produce those non-privileged documents (if any exist) that he believes are responsive to this request and relevant to this lawsuit.

Request No. 15: Documents and evidence of any resources and assets in which you have or had a direct or indirect interest, either solely or with some other person or entity, including but

not limited to, stock, trust corporation, partnership, joint venture, limited liability company, sole proprietorship or any other business venture for the past five (5) years.

Response to Request 15:

Mr. Kane objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Documents will not be produced in response to this request.

Request No. 16: All contracts of employment involving you or any entity in which you have any interests, (whether as an "employee", "independent contractor", "agent", "representative" or "employer") and any third person or entity, whether the same are presently in effect, were in effect in the past five (5) years or to become effective in the future.

Response to Request 16:

Mr. Kane objects to this request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these and his general objections, Mr. Kane states that he has no responsive documents.

Request No. 17: All statements of any and every nature representing income and loss in any partnership, limited liability company, sole proprietorship, trust or corporation, in which you have or have had an interest within the past five (5) years to the date of your responses to this request.

Response to Request 17:

Mr. Kane objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Documents will not be produced in response to this request.

Request No. 18: All documents indicating value of and the date upon which you secured any interest in any asset in which you have an interest presently.

Response to Request 18:

Mr. Kane objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Documents will not be produced in response to this request.

Request No. 19: All documents obtained as a result of a subpoena *duces tecum*.

Response to Request 19:

Mr. Kane objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these and his general objections, Mr. Kane will produce those non-privileged documents (if any exist) that he believes are responsive to this request and relevant to this lawsuit.

Request No. 20: All documents containing the name(s), address(es) and telephone number(s), cell phone number(s) of all persons and entities for whom you have provided security services within the past five (5) years.

Response to Request 20:

Mr. Kane objects to this request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Documents will not be produced in response to this request.

_[signature]_
William R. Martin (Bar No. 465531)
Alan M. Freeman (Bar No. 454693)
BLANK ROME LLP
Watergate, Twelfth Floor
600 New Hampshire Avenue, NW
Washington, D.C. 20037
Tel: (202) 772-5800
Fax: (202) 772-5858
Email: martin-w@blankrome.com
Email: freeman@blankrome.com

*Counsel for Jason Kane*

Dated: August 21, 2006

## CERTIFICATE OF SERVICE

I certify that on August 21, 2006 I caused the foregoing to be delivered by first-class mail, postage prepaid, to the following counsel:

Gregory L. Lattimer
1100 H Street, NW, Suite 920
Washington, D.C. 20005

E. Gregory Watson
Stephanie Moran
Watson & Moran
8401 Corporate Drive, Suite 110
Landover, MD 20785

Alan C. Milstein, Esquire
Sherman, Silverstein, Kohl,
Rose & Podolsky, P.A.
4300 Haddonfield, Suite 311
Pennsauken, NJ 08109

David Rosenberg, Esquire
Ford & Harrison L.L.P.
1300 19th Street, N.W., Suite 700
Washington, D.C. 20036

_[signature]_
Sheila Smith