UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARLIN GODFREY, et al., | ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) ) | Civil Action No. 1:05-cv-2044 (ESH) (DAR) |
| ALLEN IVERSON, et al., | ) ) ) ) ) | |
| *Defendants*. | ) ) | |

**DEFENDANT JASON KANE'S**
**MEMORANDUM AS TO WHY SANCTIONS SHOULD NOT BE IMPOSED**

This Memorandum is submitted in response to the Court's September 15, 2006 inquiry as to why it should not impose sanctions in connection with defendant Jason Kane's responses to discovery. Mr. Kane respectfully submits that sanctions should not be imposed because (1) plaintiffs filed their Motion to Compel without first making a good faith effort to obtain the disclosures without judicial intervention; (2) Mr. Kane's responses were substantially justified, and (3) the imposition of sanctions would be unjust under the circumstances.

**BACKGROUND**

The parties exchanged written discovery requests on July 17, 2006; accordingly, responses were required to be served not later than August 21, 2006. When plaintiffs failed to respond to Mr. Kane's Interrogatories and Requests for Production, Mr. Kane's counsel, Alan Freeman, attempted to contact their counsel – Gregory Lattimer and Stephanie Moran – by telephone. *See* Declaration of Alan M. Freeman (attached as Exhibit 1) at ¶ 2. Mr. Lattimer

returned that call on August 24, 2006, and that was his first (and only) conversation with Mr. Freeman on the subject of written discovery. *Id.*[1]

At the outset of that August 24 telephone conversation, Mr. Freeman explained that plaintiffs' responses to discovery already were three days past due, and he asked when he could expect to receive plaintiffs' responses. *See* Freeman Decl. at ¶ 3. Mr. Lattimer stated that the responses were almost complete, and that they would be served by the end of that week. *Id*. In fact, they were not served until three weeks later, and then only after Mr. Kane had been forced to file a motion to compel their production. *Id*.

During the August 24 telephone conversation, Mr. Lattimer also stated that plaintiffs had concerns regarding the sufficiency of Mr. Kane's discovery responses. *See* Freeman Decl. at ¶ 4. However, at the time, their concerns were vague and conclusory at best. *Id*. Mr. Freeman stated that Mr. Kane *would* supplement his responses if plaintiffs would send a letter or email that explained their concerns, articulating why the information they sought was reasonably calculated to lead to the discovery of admissible evidence. *Id*. Mr. Freeman also stated that, in order to expedite discovery and narrow the issues in dispute, Mr. Kane would stipulate that he was working for defendant Allen Iverson at the time of the incident that underlies this lawsuit. *Id*. Finally – and significantly in the context of this particular proceeding – Mr. Freeman explained to Mr. Lattimer that he was not aware of any documents that had been withheld from production based on Mr. Kane's discovery objections. *Id*. To the contrary, he told Mr. Lattimer that most of the documents plaintiffs sought did not exist, but he explicitly reiterated Mr. Kane's intention to conduct a further investigation, and supplement his production, if plaintiffs would articulate their specific concerns in writing. *Id*. At the end of their conversation, Mr. Freeman had the

---

[1] Counsel have confirmed this date by reference to Mr. Freeman's calendar and contemporaneously created time records. *See* Freeman Decl. at ¶ 2.

123781.00601/35748726v.2

impression that such a writing would be forthcoming.

When Mr. Lattimer and his co-counsel did not raise the issue of Mr. Kane's discovery responses during telephone conversations during the subsequent three weeks, undersigned counsel inferred that they had decided to pursue further discovery through a deposition of Mr. Kane, and that they no longer wished to obtain additional written discovery. *See* Freeman Decl. at ¶ 5. In fact, counsel did not hear from plaintiffs again on the subject of written discovery until they filed their Motion to Compel late in the day on September 14, 2006. *Id.*

In stating that Mr. Kane would not produce documents in response to certain of plaintiffs' requests, counsel did so in the context of specifically stated objections, and intended for there to be a dialogue to narrow the requests which, in their professional judgment, were remarkably over-reaching. *See* Freeman Decl. at ¶ 6. Counsel did not mean to imply that Mr. Kane would never produce responsive documents; indeed, Mr. Kane *did* produce a number of responsive documents along with his objections. *Id.* Rather, counsel's statement was intended to be read in the context of the specific objections that had been set forth in the preceding sentences. *Id.* Mr. Freeman made that point clear in his August 24 telephone conversation with Mr. Lattimer, when he stated that Mr. Kane *would* expand the scope of his production if plaintiffs would articulate their specific concerns, and the basis for their belief that the requested materials were discoverable. *Id.*

## LEGAL STANDARD

Rule 37(a)(4)(A) prohibits the imposition of sanctions in connection with a motion to compel when:

> the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

3

Fed.R.Civ.P. 37(a)(4)(A).

## ARGUMENT

### I.  Sanctions are Inappropriate Because Plaintiffs Filed Their Motion to Compel Without First Making A Good Faith Effort to Obtain the Reqested Disclosures Without Judicial Intervention.

Both the Federal Rules of Civil Procedure and the Local Rules of this Court require litigants to make a good faith effort to resolve discovery disputes before initiating motions practice.  *See generally* Fed.R.Civ.P. 37 and L.Civ.R. 7.  Accordingly, the timing and sequence of events leading up to the Court's September 15 hearing are critical.

Plaintiffs filed their Motion to Compel at 4:20 pm on September 14, 2006 – fewer than 24 hours before the parties were scheduled to appear before the Court on Mr. Kane's own Motion to Compel an initial discovery response from plaintiffs.  Indeed, at the time plaintiffs filed their Motion, they still had not served *any* responses or objections to Mr. Kane's discovery requests, and their responses were approximately four weeks past due.[2]

Plaintiffs filed their Motion to Compel without having requested a "Meet and Confer" opportunity with Mr. Kane's counsel.  That point is significant because Local Rule 7(m) explicitly requires such a discussion before a motion to compel may be filed, and because such a discussion is a prerequisite to obtaining an award of sanctions pursuant to Rule 37.  *See* L.Civ.R. 7(m) and Fed.R.Civ.P. 37(a)(4)(A).

Contrary to the representations contained in plaintiffs' Motion, there was no August 22nd telephone discussion between Mr. Lattimer and Mr. Freeman on the subject of written discovery.  *See* Freeman Decl. at ¶ 2.  Nor did Mr. Freeman ever state that Mr. Kane refused to supplement

---

[2] Plaintiffs finally served their initial responses at approximately 8:30 pm on September 14 – approximately four weeks after they were due, and just hours before the hearing on Mr. Kane's Motion to Compel their disclosure.

4

his discovery responses.[3]  Instead, Mr. Freeman told Mr. Lattimer on August 24 that while he believed plaintiffs' requests were objectionable, plaintiffs' counsel should describe their specific concerns in writing so that a meaningful dialogue (*i.e.* a Meet and Confer) could ensue, and lead to both a narrowing of the requests and a supplementation of the production.  *See* Freeman Decl. at ¶ 4.  Far from drawing a line in the sand, Mr. Freeman specifically stated that Mr. Kane *would* supplement his responses if plaintiffs would articulate the basis for their concerns.

Rather than engage in such a dialogue, however, plaintiffs took no further action on the subject of written discovery until they were confronted approximately three weeks later with a hearing directed at their own failure to provide even an *initial* response to Mr. Kane's discovery requests.  Their Motion came as a surprise to Mr. Kane and his counsel, who had no opportunity to respond in advance of the September 15 hearing.

Had plaintiffs' counsel complied with the Meet and Confer requirement imposed by Local Rule 7(m), many (if not all) of the issues presented by their Motion to Compel could have been resolved without judicial intervention.  Accordingly, because plaintiffs failed to attempt to resolve their disagreements with counsel before seeking judicial intervention, sanctions are not authorized.[4]

## II.  Sanctions are Inappropriate Because Mr. Kane's Responses to Discovery Were Substantially Justified and Made in Good Faith.

Mr. Kane served answers and objections to plaintiffs' extensive discovery requests within the time provided by the Scheduling Order and Rules 33 and 34.  Significantly, Mr. Kane *did* produce a number of documents that were sought in discovery.  To the extent that Mr. Kane

---

[3] It is noteworthy that there is no contemporaneous written record to support plaintiffs' claims in these two respects.

[4] To the extent the Court faces a credibility determination on this issue, sanctions would be inappropriate.

5

responded to certain requests with written objections, his objections were substantially justified and made in good faith. In fact, they were required under the Rules of Civil Procedure in order to avoid waiver. *See Byrd v. Reno*, 1998 U.S. Dist. LEXIS 11855, at *10 (D.D.C. 1998) (concluding that party waived his objections to discovery requests "by failing to timely object.").

Plaintiffs' discovery requests (attached hereto as Exhibits 2 and 3) appeared to be quite overbroad, and in many cases ambiguous. Counsel was unable to discern how many of the requests for production were reasonably calculated to lead to the discovery of admissible evidence, and responding to each of them would have placed an undue burden on Mr. Kane and his family. For example, plaintiff Godfrey's Request Nos. 1, 2, 3, 6, 7, 8, 10, 11, 19 and 20, and plaintiff Kittrell's Request Nos. 5, 6, 7, 8, 9, 10, 15, 17, 18 and 20 sought documents encompassing all of Mr. Kane's personal, professional and financial affairs for the last five years. In light of the fact that this lawsuit is about nothing more than a single bar fight, counsel was substantially justified in believing that the records sought by these requests were not properly discoverable. Indeed, they could not possibly lead to the discovery of admissible evidence on a material issue in this case.[5]

Similarly, counsel objected to many of plaintiffs' interrogatories in the belief that they contained numerous discrete subparts to which Mr. Kane was not required by Rule 33 to respond.[6] For example, plaintiff Kittrell's Interrogatory No. 22, which sought information about Mr. Kane's relationship with Allen Iverson, included discrete specifications that counsel interpreted as separate interrogatories. While the Court later held to the contrary, and counsel

---

[5] To the extent plaintiffs sought these materials in order to establish that Mr. Kane was working for defendant Iverson on the night in question, their inquiry should have been resolved by Mr. Freeman's offer that Mr. Kane would stipulate to that fact, thereby rendering discovery on the subject unnecessary.

[6] *See generally* Fed.R.Civ.P. 33(a) (limiting available interrogatories to "25 in number, including all discrete subparts").

6

respect that decision, counsel submit that their initial objections were substantially justified in light of the language of Rule 33(a), even if they ultimately were overruled.

That Mr. Kane and his counsel acted in good faith is confirmed by the fact that Mr. Kane *did* provide answers and documents in response to many of plaintiffs' requests within the time provided by Rules 33 and 34, although the same cannot be said of the plaintiffs. Moreover, had plaintiffs engaged in the Meet and Confer required by the applicable rules, it is likely that all of their concerns could have been resolved.

It merits emphasis that when Mr. Kane stated in his Rule 34 responses that he would not produce documents, each such statement followed one or more specific, substantially justified, good faith objections regarding the substance or scope of the request in question. The statements that documents would not be provided were intended to be read in that specific context, and they should be read accordingly. In stating that documents would not be produced, Mr. Kane intended and hoped for a dialogue among counsel to narrow the scope of plaintiffs' requests, which were remarkably broad, to manageable and permissible limits. The fact that Mr. Kane did produce a number of documents along with his objections confirms his good faith in providing materials that he reasonably believed were discoverable.

Neither Mr. Kane nor his counsel ever intended to withhold properly discoverable information, or to engage in improper conduct. *See generally* Freeman Decl. To the contrary, Mr. Kane's responses were meant only to assert appropriate, good faith objections, and to invite a meaningful discourse that would result in resolution without the need for judicial intervention. To that end, Mr. Kane's counsel specifically advised plaintiffs' counsel on August 24 that Mr. Kane *would* supplement his production if plaintiffs would clarify their concerns in writing, and explain the basis for their belief that the requested materials were discoverable. *See* Freeman

7

Decl. at ¶ 4. Inexplicably, however, plaintiffs declined to do so, and they instead remained silent for approximately three weeks before filing their Motion to Compel.

Under the foregoing circumstances, sanctions should not be imposed. *See OAO Alfa Bank v. Ctr. For Public Integrity*, 2006 U.S. Dist. LEXIS 29000, at *5 (D.D.C. 2006) (noting that "the subjective good faith of plaintiffs' responses" to discovery requests and the fact that the requests were "significantly flawed" in terms of overbreadth and ambiguity did not justify an award of sanctions).

### III. An Award of Sanctions Would be Unjust Under the Circumstances.

It would be inequitable to sanction Mr. Kane – who provided documents, answers and objections to discovery within the time provided by the applicable rules, and who engaged in a well-documented effort to resolve disagreements with plaintiffs' counsel – while at the same time not imposing sanctions on plaintiffs, who failed without explanation to provide *any* responses or objections to discovery until almost four weeks after they were due, and then did so only because they were confronted with a Motion to Compel. Indeed, Plaintiffs' failure to provide *any* discovery until almost four weeks after the deadline for disclosure is no more justified – and arguably is much more egregious – than defendant's decision to assert timely objections, while at the same time producing answers and materials that plainly were discoverable. *Cf.* Fed.R.Civ.P. 37(d) (authorizing the imposition of sanctions on a party who fails to respond to interrogatories or requests for production).

Undersigned counsel clearly understand that only the Court may determine that documents are not subject to production in discovery, and counsel did not intend to suggest otherwise. Rather, counsel intended to engage in a productive dialogue regarding the scope of discovery in this case, so that the issue would not have to be presented to the Court at all.

**CONCLUSION**

     For the foregoing reasons, defendant Jason Kane respectfully requests that the Court not impose sanctions in connection with his responses to discovery. Pursuant to the Court's oral order of September 15, Mr. Kane has provided supplemental responses to plaintiffs' requests by facsimile and first-class mail on this date.

                                        Respectfully submitted,

                                         /s/ ALAN M. FREEMAN
                                        William R. Martin (Bar No. 465531)
                                        Alan M. Freeman (Bar No. 454693)
                                        Jennifer K. Gershberg (Bar No. 482710)
                                        BLANK ROME LLP
                                        Watergate, Twelfth Floor
                                        600 New Hampshire Avenue, NW
                                        Washington, D.C. 20037
                                        Tel: (202) 772-5800
                                        Fax: (202) 572-8370
                                        Email: martin-w@blankrome.com
                                        Email: freeman@blankrome.com

                                        *Counsel for Defendant Jason Kane*

Dated:  September 22, 2006