# EXHIBIT 2

Case 1:05-cv-02044-ESH   Document 38-3   Filed 09/22/2006   Page 1 of 16

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARLIN GODFREY, *et al.* | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| | * | |
| v. | * | Case No. 1:05-cv-02044-ESH |
| | * | |
| ALLEN IVERSON | * | |
| | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |

### PLAINTIFF MARLIN GODFREY'S
### FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS
### TO DEFENDANT JASON KANE

TO:      Jason Kane, Defendant
            c/o William R. Martin, Esq.
            Alan M. Freeman, Esq.
            Blank Rome, LLP
            Watergate Building
            600 New Hampshire Ave, NW
            Washington, DC 20037

FROM:    Marlin Godfrey, Plaintiff
            c/o Stephanie D. Moran, Esq.
            E. Gregory Watson, Esq.
            Watson & Moran, LLC
            8401 Corporate Drive, Suite 110
            Landover, MD 20785

            Gregory L. Lattimer, Esq.
            Law Offices of Gregory L. Lattimer
            1100 H Street, N.W., Suite 920
            Washington, D.C. 20005
            (202) 638-0095

Plaintiff, Marlin Godfrey, by his attorneys, Watson & Moran LLC and the Law Offices of Gregory Lattimer requests that the Defendant, Jason Kane, named above, file a written response under oath to each of the following Requests for Production of Documents, and to produce those documents for inspection and copying at 8401 Corporate Drive, Suite 110, Landover, Maryland, 20785, within (30) days from the date of service, all in accordance with Rule 34 of the Federal Rules of Civil Procedure.

## INSTRUCTIONS

a. In accordance with Rule 34(b), your written response "shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts."

b. In accordance with Rule 34(b), the documents shall be produced "as they are kept in usual course of business," or you "shall organize and label them to correspond with categories in the request."

c. Pursuant to Rule 34(a), these requests encompass all items within your "possession, custody or control."

d. Pursuant to Rule 26(e), these requests are continuing in character so as to require you to promptly amend or supplement your response if you obtain further material information.

2

e.  If in responding to these requests you encounter any ambiguity in construing any request, instruction or definition, set forth the matter deemed ambiguous and the construction used in responding, set forth the matter deemed ambiguous and the construction used in responding.

f.  All documents that are not produced under a claim of privilege, under a claim that such documents form a part of the attorney's work product or under a claim that such documents were prepared in anticipation of litigation shall be identified in sufficient detail to permit a request for *in camera* inspection of each such document in the event any such claim is disputed.

## DEFINITIONS

As used in these requests, the following terms are to be interpreted in accordance with these definitions:

a.  The term "person" shall be construed to include any individual, partnership, limited liability company, joint venture, joint stock company, unincorporated association or society, municipal, business, or other corporation, the State, its agencies or political subdivisions, any court, or any other governmental entity.

b.  The terms "you" or "your" include the person(s) to whom these requests are addressed, and all of that person's agents, representatives or attorneys.

c.  In accordance with Rule 34(a), the terms "document" or "documents" include all "writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by [you] through detection devices into reasonably usable form."

3

d.  Wherever appropriate in this Request for Production of Documents, the singular form of a word shall also be interpreted as its plural and vice versa as necessary to bring within the scope of this Request for Production of Documents any information which might otherwise be construed to be outside the scope.

e.  "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this Request for Production of Documents any information which might otherwise be construed to be outside its scope.

## DOCUMENTS TO BE PRODUCED

**Request No. 1:** Complete copies of your federal and state income tax returns for the past five (5) years, including, but not limited to all statements thereto (e.g. 1099's, K-1, W2, W-4, etc.) estimated tax forms, extension requests, and any other supporting documents schedules and attachments.

**Request No. 2:** Should Federal and State income tax returns for the past five (5) years have not been filed, then provide exact copies of all W-4, W-2, 1099, 1098, K1 statements for the past five (5) years, and any other statement or attachments that will be used to prepare and/or which will be attached to and filed with the Federal and/or State income tax returns for the past five (5) years.

**Request No. 3:** Any and all records indicating dates and sources of any and all monies received by you, earned or unearned, including but not limited to gifts, loans, wages, self employment income, welfare benefits, worker's compensation, proceeds from legal judgments, commissions, scholarships, consulting or other fees, bonuses, tips, awards, actual or deferred income derived from pension or profit sharing, investment

trusts, rental income, stock income, retirement income, reimbursement for expenses and expenses which were paid by others for the past five (5) years.

**Request No. 4**: Any and all statements, invoices, bills, canceled checks, receipts or other documents concerning information related to the cost of any security services provided by you from July 1, 2005 through July 21, 2005.

**Request No. 5**: Any and all reports, statements, invoices, bills, canceled checks, receipts or other documents for the past five (5) years concerning information related to the monies, wages, expenses, costs you have paid to any individual providing security services on your behalf or on behalf of any entity in which you have or had any interests.

**Request No. 6**: All documents related to any telephone, cell phone, pager and "2-way," owned or operated by you from January 1, 2005, to present, including, but not limited to, all phone call records for the month of July 2005 and July 2006.

**Request No. 7**: All statements, invoices, bills, canceled checks, receipts or other documents of any and all purchases or expenses for any purchase or expense you incurred from July 3, 2005 through July 21, 2005.

**Request No. 8**: All documents related to the names, address, and telephone number of any and all persons accompanying you to any concert, event, engagement, club, restaurant, party, meeting, outing, trip, show, ceremony, etc. from July 1, 2005 through July 21, 2005 when you were providing security or protection services for anyone. Include any individual who met you, arrived with you, departed with you from, joined you at any said location.

**Request No. 9**: All documents related to the names, address, cell phone, and telephone number of any and all persons accompanying you to the Eye Bar nightclub

5

from July 19, 2005 through July 20, 2005. Include any individual who met you, arrived with you, departed with you from, joined you at any said location.

**Request No. 10:** All documents related to the names, address, and telephone number of any and all persons accompanying you to any concert, event, engagement, club, restaurant, party, meeting, trip, outing, ceremony, show etc. from July 1, 2000 through present when you were providing security or protection services for anyone. Include any individual who met you, arrived with you, departed with you, joined you at any said location.

**Request No. 11:** Any and all documents containing the names, address, and telephone number of any potential party to this lawsuit or any persons having knowledge of relevant facts to this lawsuit, including, but not limited to, any person who provided security services with you during the weeks of July 3, 2005 through July 23, 2005. You are instructed that a person has knowledge of relevant facts when he or she has or may have knowledge of any discoverable matter and that information itself need not be admissible to constitute having knowledge of discoverable matters.

**Request No. 12:** Any and all tangible evidence, photographs, drawings, video recordings, audio recordings, documents which relate to this matter.

**Request No. 13:** Any and all documents, notes, memoranda, drawings, graphs, charts, blueprints, models, sketches, x-rays, or any such tangible things which relate to the allegations of this lawsuit. If such items are not in your possession or constructive possession, please produce all documents or information which would identify the existence and location of such items, and the person in possession of such items.

**Request No. 14:** Any contract, agreement between you and the person(s) and/ or entity(ies) responsible for hiring your security services during the weeks of July 3, 2005 through July 23, 2005.

**Request No. 15:** Any documents or other tangible things which will be used or offered at trial.

**Request No. 16:** Any indemnity agreement between any of the parties to this case.

**Request No. 17:** Any indemnity agreement, between any party to this case and nonparty which is relevant to the injures making the basis of this lawsuit.

**Request No. 18:** Any and all insurance agreements or policies, whether basic, umbrella or excess under which any person or entity carrying an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy any judgment rendered.

**Request No. 19:** Copies of all transcripts and pleadings and documents related to any legal proceeding in which you have ever been a party or witness. This request includes both civil and criminal proceedings.

**Request No. 20:** All documents constituting and reflecting your academic transcript and school disciplinary record from age fourteen (14), including, but not limited to such records from all college(es), junior college(es), high school(s), and trade school(s) attended.

**Request No. 21:** All documents, contracts, manuals relating to the compensation, hiring, training, screening of any security personnel who works on your behalf or on behalf of any entity in which you have any interests, including, but not limited to documents reflecting the qualifications, standards guidelines, regulations, rules,

protocols, procedures for hiring all such security personnel. Include documents related to all such individuals regardless of whether such individual is an employee, contractor, sub-contractor, volunteer, independent contractor, trainee, co-works, partner etc.

**Request No. 22:** All documents which support any contention of yours that you were not present at the Eye Bar night club when the alleged incident which forms the basis of this lawsuit allegedly occurred.

**Request No. 23:** Any and all agreements and contracts between you and Allen Iverson.

**Request No. 24:** Any and all contracts and agreements between you and Gary Moore.

**Request No. 25:** Any and all contracts and agreements between you and Crossover Promotions

Respectfully Submitted:

*/s/ Stephanie D. Moran*

Stephanie D. Moran, Esq.
E. Gregory Watson, Esq.
Watson & Moran, LLC
8401 Corporate Drive, Suite 110
Landover, MD 20785
Ph. (301) 429-0505
Fax. (301) 429-0371


Gregory L. Lattimer, Esq.
Law Office of Gregory L. Lattimer
1100 H Street, N.W., Suite 920
Washington, DC 20005

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARLIN GODFREY, *et al.*    *
                            *
    Plaintiffs,        *
                            *
                            *
v.                          *    Case No. 1:05-cv-02044-ESH
                            *
ALLEN IVERSON              *
                            *
                            *
    Defendant.          *
                            *
                            *

### PLAINTIFF DAVID ANTHONY KITTRELL
### FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
### JASON KANE

TO:    Jason Kane, Defendant
       c/o William R. Martin, Esq.
       Alan M. Freeman, Esq.
       Blank Rome, LLP
       Watergate
       600 New Hampshire Ave, NW
       Washington, DC 20037

FROM:  David Anthony Kittrell, Plaintiff
       c/o Stephanie D. Moran, Esq.
       E. Gregory Watson, Esq.
       Watson & Moran, LLC
       8401 Corporate Drive, Suite 110
       Landover, MD 20785

       Gregory L. Lattimer, Esq.
       Law Offices of Gregory L. Lattimer
       1100 H Street, N.W., Suite 920
       Washington, D.C. 20005
       (202) 638-0095

Plaintiff, David Anthony Kittrell, by his attorneys, Watson & Moran LLC and the Law Offices of Gregory Lattimer requests that the Defendant, Jason Kane, named above, file a written response under oath to each of the following Requests for Production of Documents, and to produce those documents for inspection and copying at 8401 Corporate Drive, Suite 110, Landover, Maryland, 20785, within (30) days from the date of service, all in accordance with Rule 34 of the Federal Rules of Civil Procedure.

## INSTRUCTIONS

a.   In accordance with Rule 34(b), your written response "shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts."

b.   In accordance with Rule 34(b), the documents shall be produced "as they are kept in usual course of business," or you "shall organize and label them to correspond with categories in the request."

c.   Pursuant to Rule 34(a), these requests encompass all items within your "possession, custody or control."

d.   Pursuant to Rule 26(e), these requests are continuing in character so as to require you to promptly amend or supplement your response if you obtain further material information.

2

  e. If in responding to these requests you encounter any ambiguity in construing any request, instruction or definition, set forth the matter deemed ambiguous and the construction used in responding, set forth the matter deemed ambiguous and the construction used in responding.

  f. All documents that are not produced under a claim of privilege, under a claim that such documents form a part of the attorney's work product or under a claim that such documents were prepared in anticipation of litigation shall be identified in sufficient detail to permit a request for *in camera* inspection of each such document in the event any such claim is disputed.

## **DEFINITIONS**

As used in these requests, the following terms are to be interpreted in accordance with these definitions:

  a. The term "person" shall be construed to include any individual, partnership, limited liability company, joint venture, joint stock company, unincorporated association or society, municipal, business, or other corporation, the State, its agencies or political subdivisions, any court, or any other governmental entity.

  b. The terms "you" or "your" include the person(s) to whom these requests are addressed, and all of that person's agents, representatives or attorneys.

  c. In accordance with Rule 34(a), the terms "document" or "documents" include all "writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by [you] through detection devices into reasonably usable form."

3

d.  Wherever appropriate in this Request for Production of Documents, the singular form of a word shall also be interpreted as its plural and vice versa as necessary to bring within the scope of this Request for Production of Documents any information which might otherwise be construed to be outside the scope.

e.  "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this Request for Production of Documents any information which might otherwise be construed to be outside its scope.

## DOCUMENTS TO BE PRODUCED

**Request No. 1:** Any and all records concerning mental treatment you have sought or received, of any kind or nature, including, but not limited to, therapy, counseling, psychiatric consultation or treatment and/or for alcoholism, emotional disorders, or drug abuse at any time in the past ten (10) years.

**Request No. 2:** All documents concerning all personal arrests, charges, convictions, judgments, and confessions of judgment, including, but not limited to, documents reflecting the date, place, jurisdiction, nature of offens(es), cause and/ or case number(s) and the disposition of same.

**Request No. 3:** All statements taken or given by you or any other party which are relevant to this lawsuit.

**Request No. 4:** All personal permits for weapons.

**Request No.5:** Copies of all bank statements, including checking accounts, savings accounts, money market accounts, CDs, etc. from January 1, 2000 through present in which you have any interests regardless of how titled.

4

**Request No.6:** Copies of all Deeds for any real property in which you have any interests regardless of how titled.

**Request No. 7:** All statements and other documents for the past five (5) years indicating your ownership, either individually, or in conjunction with any other entity or individual of any nature whatsoever in any financial, savings and/or checking account(s).

**Request No. 8:** All wage and income statements received by you from any and all sources which evidence payment of any salaries or compensation paid for the past five (5) years.

**Request No. 9:** Any and all records which indicate any and all fringe benefits which have been provided to you in addition to money and compensation heretofore mentioned, including, but not limited to, expense accounts and allowances, as well as any vehicles, housing or any other tangible items of personal property which are provided for your use and benefit.

**Request No. 10:** All documents which reflects, refers or otherwise relates to your income, whether taxable or not, from sources for the past five (5) years to the date of production which have not been produced heretofore.

**Request No. 11:** All physical evidence which reflects or relates to the material issues in this action, or which you may offer as evidence in this action.

**Request No. 12:** Any and all written reports made by any and all experts who you intend to call as witnesses in the trial of this matter.

**Request No. 13:** All titles to and registrations for any motor vehicles currently being used or owned by you.

**Request No 14:** Copies of all documents identified in your answers to Interrogatories propounded upon you by either Plaintiff.

**Request No: 15:** Documents and evidence of any resources and assets in which you have or had a direct or indirect interest, either solely or with some other person or entity, including, but not limited to, stock, trust corporation, partnership, joint venture, limited liability company, sole proprietorship or any other business venture for the past five (5) years.

**Request No. 16:** All contracts of employment involving you or any entity in which you have any interests, (whether as an "employee", "independent contractor", "agent", "representative" or "employer") and any third person or entity, whether the same are presently in effect, were in effect in the past five (5) years or to become effective in the future.

**Request No: 17:** All statements of any and every nature representing income and loss in any partnership, limited liability company, sole proprietorship, trust or corporation, in which you have or have had an interest within the past five (5) years to the date of your responses to this request.

**Request No. 18:** All documents indicating value of and the date upon which you secured any interest in any asset in which you have an interest presently.

**Request No: 19:** All documents obtained as a result of a subpoena *duces tecum*.

**Request No: 20:** All documents containing the name(s), address(es) and telephone number(s), cell phone number(s) of all persons and entities for whom you have provided security services within the past five (5) years.

6

Respectfully Submitted:

*/s/ Stephanie D. Moran*

Stephanie D. Moran
E. Gregory Watson
Watson & Moran, LLC
8401 Corporate Drive, Suite 110
Landover, MD 20785
Ph. (301) 429-0505
Fax. (301) 429-0371


Gregory L. Lattimer
Law Office of Gregory L. Lattimer
1100 H Street, N.W., Suite 920
Washington, DC 20005

Attorney for Plaintiffs