EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARLIN GODFREY, *et al.* | * |
| | * |
| Plaintiffs, | * |
| | * |
| | * |
| v. | *  Case No. 1:05-cv-02044-ESH |
| | * |
| ALLEN IVERSON, *et al.* | * |
| | * |
| | * |
| Defendant. | * |
| | * |
| | * |

## PLAINTIFF MARLIN GODFREY'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT JASON KANE

TO:      Jason Kane, Defendant
c/o William R. Martin, Esq.
Alan M. Freeman, Esq.
Blank Rome, LLP
Watergate
600 New Hampshire Ave, NW
Washington, DC 20037

FROM:    Marlin Godfrey, Plaintiff
c/o Stephanie D. Moran, Esq.
E. Gregory Watson, Esq.
Watson & Moran, LLC
8401 Corporate Drive, Suite 110
Landover, MD 20785
(301) 429-0505

Gregory L. Lattimer, Esq.
Law Offices of Gregory L. Lattimer
1100 H Street, N.W. , Suite 920
Washington, D.C. 20005
(202) 638-0095

Plaintiff Marlin Godfrey by and through counsel, and pursuant to the Federal Rules requests that Defendant Jason Kane respond to the following Interrogatories separately and under oath and serve a copy of his responses thereto and all documents requested herein upon counsel for Plaintiff, Stephanie D. Moran, Esq., Watson & Moran LLC, 8401 Corporate Drive, Suite 110, Landover, Maryland, 20785, within thirty (30) days of receipt of this request.

## INSTRUCTIONS

1.      When identifying a person in response to these interrogatories, state the person's full name and last known residential address, residential telephone number, business address, and business telephone number.

2.      When identifying an oral communication in response to these interrogatories, identify the person who initiated the communication and the person to whom the communication was directed; the date, time, and place of the communication; the substance of the communication in as verbatim a form as possible; and any other person present at the time of the communication.

2.      Record a separate answer fore each interrogatory and record a separate answer to each sub-part of an interrogatory.

3.      Estimates or approximations with regard to dates or other information should be given only if exact information is not available.  Any estimates or approximation should be identified as such.

4.      Whenever used herein, the singular shall be deemed to include the plural and

2

vice-versa; the present tense shall be deemed to include the past tense and vice-versa; the masculine shall be deemed to include the feminine and vice-versa; the disjunctive "or" shall be deemed to include the conjunctive "and" and vice versa; and each of the words "each," "every," "any," and "all," shall be deemed to include each of the other words.

6.      These interrogatories are continuing and Defendant shall supplement his responses in accordance with the Federal Rules.

## *DEFINITIONS*

1.      The pronoun "you" refers to the party to whom these Interrogatories are addressed as well as that party's representative, attorney, agent, investigator.

2.      To "identify" means to (1) state a person's full name (first, middle, last), telephone number, cell phone number, e-mail address, home address, business address, and present and past relationship to any party; (2) state the title of any document, who prepared it, when it was prepared, where it is located, and who its custodian is.

3.      A "document" means all written or printed matter of any kind, including but not limited to legal documents, letters, memoranda, business records, inter-office communications, e-mails, notes, and data stored electronically, which are in the possession or control of the answering party.

4.      A "communication" means all oral conversations, discussions, letters, telegrams, memoranda, e-mail, facsimile transmission, and any other transmission of information in any form, both oral and written.

5.      "Relating to" means and includes "constituting," "referring to," "pertaining to," "evidencing," "reflecting," "describing," or "has anything to do with," and in each

3

instance, directly or indirectly. These terms mean, without limitation, any reference or relationship which either (1) provides information with respect to the subject of inquiry, or (2) might lead to individuals who, or documents which might possess or contain information with respect to the subject of inquiry.

6. As used herein, the singular shall always include the plural, and the present shall always include the past tense.

7. "And" as well as "or" as used herein shall be read and applied as though interchangeable, and shall be construed either disjunctively or conjunctively so as to require the fullest most complete disclosure of all requested information and documents.

8. "Employee" means any person that has been compensated or that Defendant is obligated to compensate for services whether in the form on money, goods, services, or the like.

9. The term "Defendant" as used herein means Jason Kane, and any agent, representative, employee, or attorney thereof, or employee of any of them, and all other persons acting or purporting to act either directly or indirectly on behalf of any of them.

10. If a refusal to answer any Interrogatory is stated on the grounds of burdensomeness, identify the number and nature of documents, needed to be searched, the location of the documents and the number of persons, hours and costs required to conduct the search.

11. If any Interrogatory cannot be answered in full, answer to the extent possible and specify all reasons for your inability to answer and identify the persons or entities who, to the best of your knowledge, have the information that you would need to answer the Interrogatory completely and accurately.

4

12.     The term "Plaintiffs" as used herein means the Plaintiffs, Marlin Godfrey and David Anthony Kittrell and any agent, representative, or attorney thereof and all other persons acting or purporting to act either directly or indirectly on behalf of any of them.

13.     The answers and responses hereto must include not only information known or available to Defendant Jason Kane, but to his attorneys, representatives, agents, investigators and employees of the same

## INTEROGATORIES

**INTERROGATORY 1:**     State the amount and identify the source of all of your gross income (both taxable and non-taxable) regardless of source (both legal and illegal) for each of the last seven (7) calendar years and for this year to date including but not limited to: rental income, 1099 income, 1098 income, W-2 income, benefits, reimbursements for costs, self employment income, cash payments, and tax refunds.

**INTERROGATORY 2:**     Give the history of your employment from seven (7) years past to the present, identifying each and every employer by name and address, and specifying, with respect to each listed, the dates of your employment, the history of your duties, job titles, the number of hours in your average work week, your regular pay period, gross wages per pay period, your deductions per pay period, and reason(s) for leaving (each) job. If you were unemployed for any period of time, specify the amount and source of any income which you received during such period. If you have opportunities to work overtime in your job, state what rate of pay you receive for overtime employment, and how many hours of overtime you have worked in the past seven (7) years. If you were self employed, state for whom, the employer identification

5

number, the gross revenue of the entity, and the gross income to you for each said year. Include in your answer each individual or entity for whom you have provided security services. Identify all both taxable and non-taxable income you received.

**INTERROGATORY 3:** Please state all cellular telephone numbers and all cellular service carriers to all cellular telephones you have maintained or used more than once within the past five (5) years.

**INTERROGATORY 4:** Describe in your words how the incident that made the basis of this lawsuit occurred.

**INTERROGATORY 5:** Identify by court, case number and parties, any and all lawsuits against you alleging assault and battery, intentional infliction of emotional distress, civil conspiracy and/or vicariously liability filed within the past ten (10) years of your answer.

**INTERROGATORY 6:** Please identify all persons accompanying you to Crabbers Restaurant, located in Hampton, Virginia on July 9, 2005, and/or July 10, 2005 by: 1) name; 2) address; and 3) telephone number 4) cell phone number 5) height, 6) weight, 7) color 8) race and 9) gender 10) relationship to you, 11) capacity in which they were present. Include in your answer any individual who arrived with you, left with you, met you there, joined you there, gathered with you there, etc.

**INTERROGATORY 7:** Please identify all of your employees, agents, contractors, co-workers accompanying you to Crabbers Restaurant, located in Hampton, Virginia on July 9, 2005, and/or July 10, 2005 by: 1) name; 2) address; and 3) telephone number 4) cell phone number 5) height, 6) weight, 7) color 8) race and 9) gender, 10) relationship to you, 11) capacity in which they were present. Include in your answer any individual who

6

arrived with you, left with you, met you there, joined you there, gathered with you there etc.

**INTERROGATORY 8:** Please identify all persons hired by you or by a representative of yours who accompanied you to the Hampton, Virginia area the weekend of July 8, 2005 by: 1) name; 2) address; and 3) telephone number 4) cell phone number 5) height, 6) weight, 7) color 8) race and 9) gender, 10) relationship to you, 11) capacity in which they were present. . Include in your answer any individual who arrived with you, left with you, met you there, joined you there, gathered with you there etc.

**INTERROGATORY 9:** Please state whether any person hired by or on behalf of you has ever been fired, terminated, disciplined, fined, reprimanded, arrested or sanctioned in any way for the actions they took during the incident that forms the basis of this lawsuit. If your answer is in the affirmative, please identify the person and disciplinary actions taken.

**INTERROGATORY 10:** Identify any insurance agreement under which any insurance business may be liable to satisfy part or all of the judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name of the person or entity insured, the name of the insurer, and the amount of any liability insurance coverage.

**INTERROGATORY 11:** Please state whether you had or currently have any surveillance movies, videos, photographs, visual recordings and/ or sound recordings of depicting the scene, the incident and/or Plaintiffs. In your answer indicate where such items are located, how and when they were obtained or destroyed.

7

**INTERROGATORY 12:** State whether you intend to rely on any document(s) or other tangible evidence to support a position that you have taken or intend to take in this action and if so, identify each such document, provide a brief description, by category and location, of all such documents and other tangible things, and identify all persons having possession, custody or control of them. Attach a copy of each such document to your answers.

**INTERROGATORY 13:** If you or any representative of yours has conducted an investigation or made a report of the incident upon which this lawsuit is based, please state the name of the person or persons who conducted such investigation or made a report of the incident in question, including the date(s) such investigation or report was made and the names of the persons interviewed in same investigation.

**INTERROGATORY 14:** State the names and addresses, telephone numbers, and cell phone numbers of all persons you intend to call as witnesses.

**INTERROGATORY 15:** State the names and addresses and telephone numbers of and each and every person(s) known to you who have personal knowledge of any relevant facts, information, or evidence concerning this case or any issue to this action as well as a summary of the knowledge they contain. Include in you answer a brief summary of any conversation(s) you have had with such person about any matter related to the events on July 19 and/or July 20, 2005 and this lawsuit. Also, include in your Answer a affirmative statements as to whether or not the individual was present at the Eyebar on July 19, 2005 and/or July 20, 2005.

**INTERROGATORY 16:** Please identify each person and/or entity hired by you or by a agent of yours for the purposes of providing security services in the past five (5) years.

8

In your answer please, state the date hired, the dates they provided such services, for whom they provided services, the amount they were paid for such services, who paid said individual(s), the location where said services were provided.

**INTERROGATORY 17:** Please identify and describe in detail the times and substance of any conversations between yourself and any person regarding the incident that occurred on July 19, 2005 and/or July 20, 2005.

**INTERROGATORY 18:** Please state whether or not you or any of your representatives, employees and/ or agents have any standards, rules, regulations, or procedures relating to the hire of security personnel and performing security services. If you have such standards or procedures, please describe with specificity such standards, procedures, rules, or regulations or attach a copy of such procedures, rules, or regulations with the answers to these interrogatories.

**INTERROGATORY 19:** Please identify your current e-mail address(es) and, if applicable, any e-mail addresses you may have used in the past five (5) years.

**INTERROGATORY 20:** Please provide in detail and with specificity how you spent your entire day on July 19, 2005. You answer must include, but is not limited to: (1) the time you awoke; (2) each and every address and location you visited; (3) the name, address and telephone number of each and every establishment you visited; 4) the name, address and telephone number of each person you visited; (5) the name, address and telephone number of each person you spoke with; (6) the name, address and telephone number of each person who was in your presence; (7) the mode of transportation you used form and to each location; (8) the time when you arrived and departed each location;

9

(9) the time when you commenced and concluded speaking with each person; and (10) a description of all the clothing you wore that day.

**INTERROGATORY 21:** Please provide in detail and with specificity how you spent your entire day on July 20, 2005. You answer must include, but is not limited to: (1) the time you awoke; (2) each and every address and location you visited; (3) the name, address and telephone number of each and every establishment you visited, (4) the name, address and telephone number of each person you visited; (5) the name, address and telephone number of each person you spoke with; (6) the name, address and telephone number of each person who was in your presence; (7) the mode of transportation you used from and to each location; (8) the time when you arrived and departed each location; (9) the time when you commenced and concluded speaking with each person; and (10) a description of all the clothing you wore that day.

**INTERROGATORY 22:** Please describe and detail the specifics of any and all altercations, fights, arguments, that any employee, contractor, agent, co-worker, associate, or representative of yours has been involved in while providing security services for any individual or entity during the past ten (10) years, including, but not limited to, the incident in the State of Virginia in the summer of 2005. Include in your answer that date of such incident(s), the individuals involved, the individual(s) or entity(ies) for whom services were being provided, a statement of what transpired.

**INTERROGATORY 23:** Please describe and detail the substance of any and all accounts of the events of July 19, 2005 and July 20, 2005, that you have given to any person. In your answer identify the person to whom such account was given and the date. This request includes, but is not limited to: law enforcement officers, friends,

10

security personnel, members of your entourage, your agent(s), media, employees, team members, relatives, medical personnel, Eyebar staff, Alcohol Beverage Control Division ("ABC").

**INTERROGATORY 24:** Please identify and provide a description with specificity of every civil or criminal legal proceeding in which you have participated whether as a witness or a party. This request includes, but is not limited to: the case number, court locations, nature of the proceedings, your role, outcome and the type of matter.

**INTERROGATORY 25:** Please describe each occasion wherein you have been involved in a physical altercation from the time you were eighteen (18) years old to present. Include in your answer the date of each incident, the circumstances surrounding each incident, the individuals involved in each incident, whether anyone was injured, whether you were working, and if so, in what capacity and for whom.

Watson & Moran LLC,

Stephanie D. Moran
E. Gregory Watson
Watson & Moran, LLC
8401 Corporate Drive, Suite 110
Landover, MD 20785
Ph. (301) 429-0505

Gregory L. Lattimer
1100 H Street, N.W.
Suite 920
Washington, D.C. 20005
(202) 638-0095

Attorneys for Plaintiffs

11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **MARLIN GODFREY, *et al,*** | : |
| | : |
| **Plaintiffs,** | : |
| | : **CIVIL ACTION NO.:** 1:05-cv 2044 |
| **v.** | : |
| | : |
| **ALLEN IVERSON** | : |
| **Defendant.** | : |

## PLAINTIFF DAVID A. KITTRELL'S FIRST SET ON INTERROGATORIES TO DEFENDANT ALLEN IVERSON

TO:      Jason Kane, Defendant
        c/o William R. Martin, Esq.
        Alan M. Freeman, Esq.
        Blank Rome, LLP
        Watergate
        600 New Hampshire Ave, NW
        Washington, DC 20037

FROM:   David Anthony Kittrell, Plaintiff
        c/o Stephanie D. Moran, Esq.        Gregory L. Lattimer, Esq.
        E. Gregory Watson, Esq.        Law Offices of Gregory L. Lattimer
        Watson & Moran, L.L.C.        1100 H Street, N.W., Suite 920
        8401 Corporate Drive, Suite 110    Washington, D.C. 20005
        Landover, MD 20785

Plaintiff David Anthony Kittrell, by and through counsel, and pursuant to Federal Rules requests that Defendant Jason Kane respond to the following Interrogatories separately and under oath and serve a copy of his responses thereto and all documents requested herein upon counsel for Plaintiff, Stephanie D. Moran, Watson & Moran LLC, 8401 Corporate Drive, Suite 110, Landover, Maryland, 20785, within thirty (30) days of receipt of this request.

## DEFINITIONS

1.      The pronoun "you" refers to the party to whom these Interrogatories are addressed as well as that party's representative, attorney, agent, investigator.

2.      To "identify" means to (1) state a person's full name (first, middle, last), telephone number, cell phone number, e-mail address, home address, business address, and present and past relationship to any party; (2) state the title of any document, who prepared it, when it was prepared, where it is located, and who its custodian is.

3.      A "document" means all written or printed matter of any kind, including but not limited to legal documents, letters, memoranda, business records, inter-office communications, e-mails, notes, and data stored electronically, which are in the possession or control of the answering party.

4.      A "communication" means all oral conversations, discussions, letters, telegrams, memoranda, e-mail, facsimile transmission, and any other transmission of information in any form, both oral and written.

5.      "Relating to" means and includes "constituting," "referring to," "pertaining to," "evidencing," "reflecting," "describing," or "has anything to do with," and in each instance, directly or indirectly. These terms mean, without limitation, any reference or relationship which either (1) provides information with respect to the subject of inquiry, or (2) might lead to individuals who, or documents which might possess or contain information with respect to the subject of inquiry.

2

6.    As used herein, the singular shall always include the plural, and the present shall always include the past tense.

7.    "And" as well as "or" as used herein shall be read and applied as though interchangeable, and shall be construed either disjunctively or conjunctively so as to require the fullest most complete disclosure of all requested information and documents.

8.    "Employee" means any person that has been compensated or that Defendant is obligated to compensate for services whether in the form on money, goods, services, or the like.

9.    The term "Defendant" as used herein means Jason Kane, and any agent, representative, employee, or attorney thereof, or employee of any of them, and all other persons acting or purporting to act either directly or indirectly on behalf of any of them.

10.    If a refusal to answer any Interrogatory is stated on the grounds of burdensomeness, identify the number and nature of documents, needed to be searched, the location of the documents and the number of persons, hours and costs required to conduct the search.

11.    If any Interrogatory cannot be answered in full, answer to the extent possible and specify all reasons for your inability to answer and identify the persons or entities who, to the best of your knowledge, have the information that you would need to answer the Interrogatory completely and accurately.

12.    The term "Plaintiffs" as used herein means the Plaintiffs, Marlin Godfrey and David Anthony Kittrell and any agent, representative, or attorney thereof and all other persons acting or purporting to act either directly or indirectly on behalf of any of them.

3

13.  The answers and responses hereto must include not only information known or available to Defendant Jason Kane, but to his attorneys, representatives, agents, investigators and employees of the same.

## INTERROGATORIES

1.  If you, Defendant Jason Kane, or any of your agents claim that any current or former Plaintiff (Marlin Godfrey, David Anthony Kittrell, Ansley Grant, Curtiss Fitzgerald) made any statements, comments or assertions that are contrary to any allegation or assertion contained in the Complaint or Amended Complaint filed herein, state: (a) the date made; (b) the name of the person whom made such communication; (c) the full name (first, middle, last), cell phone number, telephone number and address of the person to whom such communication was made; (d) where made; (e) the name and address of each person present at the time such communication was made; (f) the contents of the communication; and (g) if in writing, the location of the writing and attach a copy.

2.  If you or your representative, agent, investigator and the former Plaintiffs (Ansley Grant, Curtiss Fitzgerald) have had any oral communication concerning the subject matter of this lawsuit or anything related to this lawsuit, state: (a) the date of the communication; (b) the full name (first, middle, last) and address of each participant; (c) the full name and address of each person present at the time of such communication; (d) where such communication took place; and (e) a summary of what was said by each party participating in the communication.

3.  If you or anyone on your behalf has obtained a statement whether oral or written from any person regarding the subject matter of this action or anything related

4

to this action, state: (a) the full name (first, middle, last) and present address of the person who gave the statement; (b) whether the statement was oral or in writing and if in writing, identify the location of the document and attach a copy; (c) the date the statement was obtained; (d) if such statement was oral, whether a recording was made, and if so, the nature of the recording and the name, telephone number, cell phone number, former address and present address of the person who has custody of it; (e) if the statement was written, whether it was signed by the person making it; (f) the name and address of the person who obtained the statement; and (g) if the statement was oral, a detailed summary of its contents.

4.   With respect to the preparation of each answer to these interrogatories, identify each person who prepared, who was consulted or interviewed, or who in any way participated in the preparation of each answer and state the capacity in which each person or person participated.

5.   Identify all persons you recognized or are familiar with who were present at the club formerly known as Dream or currently known as Love located in Washington, DC on July 19, 2005 and/or July 20, 2005.

6.   With respect to individuals you or your representatives, agents or attorneys identified or will identify in any Initial Disclosures, Witness List, Discovery Responses filed, to be filed or provided herein, provide the complete and correct names and addresses, of all said persons and a summary of the knowledge they contain with respect to any relevant and material facts, information, or evidence concerning any issue in this action. Include in you answer a brief summary of any conversation(s) you have had with such person about any matter related to the events on July 19, 2005 and/or July 20, 2005,

5

and this lawsuit. Also, include in your Answer an affirmative statement as to whether or not the individual was present at the Eyebar on July 19, 2005 and/or July 20, 2005.

7.     State the dates and times, the nature and substance of all communications you or your representative(s), agent(s), investigator, or attorney(s) have had with Allen Iverson, from July 19, 2005 to date. Include in your answer all communications in writing, in person, via e-mail and/or telephone, or by any other means.

8.     State the dates and times, the nature and substance of all communications you or your representative(s), agent(s), investigator, or attorney(s) have had with Terrance Williams from July 19, 2005 to date. Include in your answer all communications in writing, in person, via e-mail and/or telephone, or by any other means.

9.     State the dates and amounts of any and all monies you or anyone on your behalf have given to or on behalf of the individuals identified in any Initial Disclosures, Disclosures, Witness List, Discovery Response filed, to be filed or provided in this action for the past seven (7) calendar years and for this year to date.

10.    State the dates and times and the nature of all communications you or your representative(s), agent(s), investigator, or attorney(s) have had with any individual identified in any Discovery response, Disclosure or Witness List filed, to be filed or provided in this action from July 19, 2005, to date. Include in your answer all communications in writing, in person, via e-mail and/or telephone, or by any other means.

11.    State the dates and amounts of any and all monies you or anyone on your behalf have received from or on behalf of the individuals identified in any Initial Disclosures,

6

07/17/2005 10:29 301 428 8371    Document 38-4    WATSON & MORAN/11    Filed 09/22/2006    Page 19 of 22    08/11

Disclosures, Witness List, Discovery Response filed, to be filed or provided in this action for the past seven (7) calendar years and for this year to date.

12. State the dates and amounts of any and all monies you or anyone on your behalf have received from or on behalf of the Defendant Allen Iverson for the past seven (7) calendar years and for this year to date.

13. Identify the individual or entity whom paid for your attorneys fees/retainer with respect to this lawsuit. Include in your answer the date, amount, and form of payment.

14. Explain whom the "Horseman" are and identify all persons or entities (who to your knowledge or who you have been told or believe) are part of the "Horsemen" or similar name.

15. State and explain your relationship to Terrance Williams. State whether he has provided security services, protection services or has otherwise worked with you or on your behalf, whether as an independent contractor, volunteer, employee, contractor, co-worker etc. Include in your answer, a) the dates he has worked with or for you, b) the nature of the services performed, c) the location the services were performed, d) the amount of any monies paid to him or on his behalf by any individual (including by you or on your behalf, e) for whom the services were performed f) the reason he no longer work with or for you, g) when he ceased working with or for you or on your behalf, h) the capacity in which he worked.

16. If you contend that any attorney or party in this case has offered money to any Plaintiff, former Plaintiff, witness or other individual in exchange for testimony in this case, identify all facts to support any contention or assertion.

7

17.     State and explain whether you, Defendant Jason Kane, or any other named Defendant in this action or their representative, agent have offered to settle this matter with any of the Plaintiffs or former Plaintiffs, offered monies to or on behalf of any current or former Plaintiff (Marlin Godfrey, David Anthony Kittrell, Ansley Grant, Curtiss Fitzgerald) from July 1, 2005 to present. Include in your answer, a) the date(s) on which said settlement and/or money was offered, b) the date(s) on which said money was paid, c) the person(s) to whom such money was paid, d) the person(s) to whom such settlement and/or money was offered, (e) on whose behalf such money was paid or offered, d) the amount of any monies paid, g) the reason the money was offered or paid.

18.     State and explain whether you, Defendant Jason Kane, or any other named Defendant in this action or their representative, agent or any other individual have any information or knowledge about threats made to current or former Plaintiff (Marlin Godfrey, David Anthony Kittrell, Ansley Grant, Curtiss Fitzgerald) from July 1, 2005 to present. Include in you answer: (a) the date of the communication or threat; (b) the name and address of each participant; (c) the name and address of each person present at the time of such communication or threat; (d) where such communication or threat took place; and (e) a summary of what was said by each party participating in the communication or threat.

19.     Identify each person who you were with at the club formerly known as Dream or Love located in Washington, DC at any point on July 19, 2005 and/or July 20, 2005. Include in your answer, any person who met you at said establishment, any person who arrived at said establishment before or after you and congregated with you or your entourage, any person who arrived with you or your entourage, any person

8

who left with you or your entourage, any person you spoke to while at said establishment, any person who sat at your table at said establishment.

**20.**    Identify all persons you recognized or are familiar with who were present at the club known as Eyebar located in Washington, DC on July 19, 2005 and/or July 20, 2005.

**21.**    Identify each person who you were with at the Eyebar located in Washington, DC at any point on July 19, 2005 and/or July 20, 2005. Include in your answer, any person who met you at said establishment, any person who arrived at said establishment before or after you and congregated with you or your entourage, any person who arrived with you or your entourage, any person who left with you or your entourage, any person you spoke to while at said establishment, any person who sat at your table at said establishment.

**22.**    State and explain your relationship to Defendant Allen Iverson. Include in your answer, a) the dates you have worked for him or on his behalf, b) the nature of the services performed, c) the location the services were performed, d) the amount of any monies paid to you for said services, e) the name of any individual or entity who paid fro said services, e)if you ceased working for Allen Iverson, the reason you no longer work for him, f) when you ceased working for him or on his behalf, g) the capacity in which you worked.

**23.**    Please describe the procedures by which you, or any entity in which you have any interest, are/ is retained to perform security services on behalf of Allen Iverson. Include in your answer a description of: a) how you are contacted; b) by whom are you contacted; c) how you are compensated; and d) by whom are you compensated.

9

**24.** Please identify how you spent the weekend of July 14, 2006 through July 17, 2006. Include in your answer the places you visited, patronized, the individuals whom accompanied you to and from each place, the individuals who met you at each place, the time you arrived and left each place, whether you were at each place in a working capacity, identify the individual or entity for whom you were working.

Respectfully submitted,

Stephanie D. Moran, Esq.
E. Gregory Watson, Esq.
Watson & Moran, LLC
8401 Corporate Drive, Suite 110
Landover, MD 20785
(301) 429-0505

Gregory L. Lattimer, Esq.
Law Offices of Gregory L. Lattimer
1100 H Street, N.W., Suite 920
Washington, D.C. 20005
(202) 638-0095

Counsel for the Plaintiffs

10