## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MARLIN GODFREY, et al.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 05-2044** |
| **v.** | ) | |
| | ) | **(ESH)(DAR)** |
| **ALLEN IVERSON, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

### REPLY OF PLAINTIFFS' TO DEFENDANT JASON KANE'S
### MEMORANDUM AS TO WHY SANCTIONS SHOULD NOT BE IMPOSED

Comes now the plaintiffs, by and through counsel, and hereby submit their reply to the

memorandum of Jason Kane wherein he avers that sanctions should not be imposed in this case in

response to his sorry excuse for legitimate discovery responses because - plaintiffs filed their motion

to compel without making a good-faith effort to obtain the disclosures; his responses were

substantially justified; and because the imposition of sanctions would be unjust under the

circumstances.

F.R.C.P. 37(a)(2)(A) provides:

If a party fails to make a disclosure required by Rule 26(a), any other party may move
to compel disclosure and for appropriate sanctions. The motion must include a
certificate that the movant has in good faith conferred or attempted to confer with the
party not making the disclosure in an effort to secure the disclosure without court
action.

F.R.C.P. 37(a)(4) further provides:

If the motion is granted or if the disclosure or requested discovery is provided after
the motion was filed, the court shall, after affording an opportunity to be heard,
require the party or deponent whose conduct necessitates the motion or the party or
attorney advising such conduct or both of them to pay to the moving party the
reasonable expenses incurred in making the motion, including attorney's fees, unless
the court finds that the motion was filed without the movant's first making a good
faith effort to obtain the disclosures or discovery without court action, or that the

opposing party's nondisclosures, response, or objection was substantially justified, or that other circumstances makes an award of expenses unjust.

Here, there is no question that plaintiffs' motion was granted. Defendant Kane filed incredulously and stupefying discovery responses that no reasonable person could have believed satisfied his obligations under Rules 33 and 34.

Instead of owning up to his sorry discovery responses, defendant Kane again takes the low road and attempts to divert the Court from the real issue here by debating the date of his counsel's discussion with plaintiffs' counsel. It does not matter what date defendant Kane claims that plaintiffs' counsel discussed his deficient discovery responses with his counsel, there is no question that such a discussion occurred. That discussion, which Mr. Kane's counsel now seeks to minimize, is all that the Federal Rules and the Local Rules require.

Furthermore, the suggestion that the responses of defendant Kane were substantially justified and made in good faith is not only absurd, it is also a misrepresentation of fact. Since the time of Mr. Kane's submission, he has been deposed. It has come to light as a result of that deposition, that Mr. Kane has filed blatantly false interrogatory answers and has intentionally withheld responsive documents. Moreover, notwithstanding Mr. Kane's blatantly inappropriate discovery responses, his counsel have participated in this mockery and in fact, refused to allow Mr. Kane to execute a release for plaintiffs to obtain tax information regarding Mr. Kane that he admitted exists, but failed to produce in response to plaintiffs' discovery requests, even though this Court ordered him to do so.

As a result of these new discoveries, and the obstructive conduct of Mr. Kane and the complicity of his counsel, the plaintiffs are specifically requesting that the Court hold the issue of sanctions in abeyance pending the receipt of the deposition transcript of defendant Kane. We should

have that transcript within the next ten (10) days.  In addition to a motion to extend the period for taking depositions, which has been necessitated by false information provided by Mr. Kane in his interrogatory responses, which the plaintiffs will filing within the next 48 hours, it is anticipated that a more detailed submission identifying egregious misconduct on the part of Mr. Kane and the unequivocal violation of this Court's order compelling discovery shall be filed.

Wherefore, for the reasons set forth herein and in the record of this proceeding and because this Court's order compelling discovery has been clearly violated and because defendant Kane's counsel have not acted in good faith or consistent with Rule 11 in filing the discovery responses of Mr. Kane, it is respectfully requested that this Court hold the issue of sanctions in abeyance for fifteen (15) days so as to afford the plaintiffs an opportunity to obtain Mr. Kane's deposition transcript and present a further submission on or before October 26, 2006.

Respectfully submitted,

Gregory L. Lattimer [371926]
1100 H Street, N.W.
Suite 920
Washington, D.C. 20005
(202) 638-0095

Stephanie Moran [471555]
Gregory Watson
Watson & Moran, LLC
8401 Corporate Drive
Suite 110
Landover, MD 20785
(301) 429-0505

Attorneys for the Plaintiffs