## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MARLIN GODFREY, et al.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 05-2044** |
| **v.** | ) | |
| | ) | **(ESH)(DAR)** |
| **ALLEN IVERSON, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

### AFFIDAVIT OF GREGORY L. LATTIMER

I, Gregory L. Lattimer, am co-counsel for the plaintiffs in this case and I have personal knowledge of everything stated herein.

1. When I reviewed the discovery responses of Jason Kane, I was immediately taken aback because they were unlike any I had ever seen before in 25 years of practice in that they were blatantly unanswered or more incredulously, stated that responsive documents were not going to be provided even though properly requested.

2. Immediately after reviewing the discovery responses of Mr. Kane, I telephoned Mr. Martin, who was not in and then Mr. Freeman. I spoke with Mr. Freeman for approximately 30-45 minutes regarding the defendant's discovery responses and several specific interrogatories and document requests from both the responses to Mr. Godfrey's and Mr. Kittrell's interrogatories and document requests. Mr. Freeman contended that our requests were improper, burdensome and unnecessary and that if we really wanted answers to our requests, we should depose Mr. Kane. Mr. Freeman further recommended that I put in writing what I really wanted, and he would discuss it with Mr. Kane. I telephoned Mr. Martin and Mr. Freeman for the purpose of making a good faith attempt to have them properly respond to plaintiffs' discovery requests and assured that the conversation was conducted in a manner consistent with that purpose. Accordingly, I informed Mr. Freeman that I wanted Mr. Kane to properly respond to our discovery requests or we would seek court intervention. Mr. Freeman opined that we would get the information sooner by deposing Mr. Kane than if we "waited for Magistrate Robinson to deal with this issue." Our conversation ended on that note.

3.  At no time did I speak to Mr. Freeman on August 24, 2006.  I am certain of this for three (3) reasons: 1) I was in a conference the entire morning; 2) I had a scheduled appointment with representatives from Lexis-Nexis at 11:30 a.m. which I kept; and in the afternoon following the meeting with representatives from Lexis-Nexis, I was working on a brief that was due August 25, 2006 in the D.C. Circuit and therefore did not take any calls that afternoon.

4.  I did speak with Mr. Freeman on August 25, 2006, however, I did not telephone him, he telephoned me and we did in fact discuss plaintiffs' responses to Mr. Kane's discovery requests. This fact is confirmed by Mr. Freeman's letter of August 25, 2006.  See Kane's Motion to Compel Exhibit 3.

Further Your Affiant Sayeth Not

I attest and affirm under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

_____/s/_____
Gregory L. Lattimer

-2-