UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARLIN GODFREY et al., | ) |
| *Plaintiffs*, | ) |
| v. | ) Case No. 1:05-cv-2044 (ESH/DAR) |
| ALLEN IVERSON, et al., | ) |
| *Defendants*. | ) |

**PLAINTIFFS' MOTION TO EXTEND THE TIME FOR
COMPLETING DEPOSITIONS IN THIS MATTER**

Comes now the plaintiffs,' by and through counsel, and hereby move this Court for an order extending the time to complete depositions in this matter. In support of this motion, the plaintiffs' aver as follows:

1. On June 28, 2006, the Court entered a scheduling regarding defendant Jason Kane which called for depositions to be completed by September 25, 2006.

2. On September 14, 2006, the Court granted plaintiffs motion to compel and ordered that defendant Kane fully and properly respond to plaintiffs' discovery requests and further ordered that all depositions be completed by October 13, 2006.

3. Since that time, the plaintiffs have attempted to subpoena defendant Kane's alleged witnesses without much success. More significantly, however, the plaintiffs recently deposed Mr. Kane and uncovered that Mr. Kane deliberately provided inaccurate addresses for several witnesses and deliberately withheld documents that he was ordered to produce. (These transgressions will be the subject of a more extensive motion for sanctions which will be filed by the plaintiffs once the transcript of Mr. Kane's deposition is available in this matter). Because

Mr. Kane provided inaccurate contact information for his alleged witnesses, the plaintiffs have been hampered in their attempts to complete their depositions. Moreover, one of these alleged witnesses, whose contact information was inaccurate but who was nevertheless tracked down by the plaintiffs, Michael Persons, has spoken to plaintiffs' counsel and has specifically advised that he will not appear for deposition until he clears it "with Mr. Kane's lawyers." Apparently Mr. Kane's lawyers have yet to provide Mr. Persons the clearance he desires inasmuch as his deposition has not yet taken place. In addition, Mr. Kane's lawyers were unavailable for depositions on October 12, or 13 because of a "firm function" which his counsel had to attend. Their unavailability on those dates, precluded the deposition of Sean Spencer going forward, another witness identified by Mr. Kane whose information was inaccurate.

3. Because of the actions of Mr. Kane and the unavailability of his counsel during the relevant period, plaintiffs' have been unable to complete the depositions that they wish to take in this matter. Importantly in this regard is the fact that they have in fact been thwarted in their attempts to complete the desired depositions by sanctionable misconduct on the part of defendant Kane.

Wherefore for the reasons set forth herein and in the record of this proceeding, and because the plaintiffs are entitled to conduct discovery of the alleged witnesses identified by Mr. Kane, it is respectfully requested that the Court grant the plaintiffs' an additional ten(10) days to complete depositions in this matter.

### **CERTIFICATION OF COUNSEL AS TO JASON KANE**

Prior to filing this motion, the undersigned personally spoke with Mr. Martin, co-counsel for Mr. Kane who indicates that defendant Kane does not consent to the relief requested herein.

-3-

        Respectfully submitted,

        Gregory L. Lattimer [371926]
        1100 H Street, N.W.
        Suite 920
        Washington, D.C.  20005
        (202) 638-0095

        Stephanie D. Moran, [471555]
        E. Gregory Watson
        Watson & Moran, LLC
        8401 Corporate Drive
        Suite 110
        Landover, MD 20785
        (301) 429-0505

By:       /s/
        Gregory L. Lattimer