UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARLIN GODFREY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:05-cv-2044 |
| | ) | (ESH) (DAR) |
| | ) | |
| | ) | |
| | ) | |
| ALLEN IVERSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## REPLY OF JASON KANE CONCERNING IMPOSITION OF SANCTIONS

In urging the Court to hold the issue of sanctions in abeyance pending receipt of Mr. Kane's deposition transcript, Plaintiffs ignore the fact that the only issue currently pending before this Court is whether the conduct of Mr. Kane and/or his counsel in responding to Plaintiffs' written discovery requests merits the imposition of sanctions. The content of Mr. Kane's deposition is wholly irrelevant to that question, and played no role in Plaintiffs' Motion to Compel from which the question of sanctions arises.[1] Accordingly, there is no reason for the Court to delay its determination concerning sanctions.

More importantly, however, Plaintiffs evidently concede that Mr. Kane's counsel did agree to supplement Mr. Kane's discovery responses pending further discussions aimed at narrowing the issues in dispute. Indeed, neither Plaintiffs' brief nor the affidavit of Mr. Lattimer

---

[1] In any event, the recollection of Mr. Kane's counsel with respect to Mr. Kane's deposition testimony differs markedly from that of Plaintiffs' counsel. Though it may not have conformed to Plaintiffs' hopes or expectations, Mr. Kane's testimony was truthful and not misleading.

disputes that Mr. Kane's counsel requested that Plaintiffs put their specific concerns in writing in order to advance the objectives of further discourse on the issue of the scope of the requests and responses thereto, and thus, resolution of the parties' discovery disputes.  Defense counsel made that request in a cooperative and good faith spirit, fully anticipating that the parties would engage in a further discussion to narrow or eliminate any sources of disagreement. Plaintiffs also apparently concede that they filed their Motion to Compel with defense counsel's offer to supplement still pending.  Thus, perhaps recognizing that they filed their Motion to Compel precipitously, Plaintiffs devote the bulk of their Opposition to hurling baseless and irrelevant accusations at both Mr. Kane and his counsel.[2]

In light of the foregoing, as well as Mr. Kane's opening brief, Mr. Kane respectfully requests that the Court enter an order denying Plaintiffs' Motion for Sanctions.

Respectfully submitted,

/s/ William R. Martin
William R. Martin (Bar No. 465531)
Alan M. Freeman (Bar No. 454693)
Jennifer K. Gershberg (Bar No. 482710)
BLANK ROME LLP
Watergate, Twelfth Floor
600 New Hampshire Avenue, NW
Washington, D.C. 20037
Tel: (202) 772-5800
Fax: (202) 572-8370
Email: martin-w@blankrome.com
Email: freeman@blankrome.com

*Counsel for Defendant Jason Kane*

Dated:  October 16, 2006

---

[2] Plaintiffs mischaracterize defense counsel's statement concerning the Court's role in resolving discovery disputes.  What defense counsel stated (and still believes) was that the Court would want the parties to resolve this dispute quickly and, if possible, without judicial intervention.

2