UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARLIN GODFREY, et al., | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:05-cv-2044 |
| | ) | (ESH) (DAR) |
| | ) | |
| ALLEN IVERSON, et al., | ) | |
| | ) | |
| *Defendants.* | ) | |

**DEFENDANT JASON KANE'S OPPOSITION TO
PLAINTIFFS' MOTION TO EXTEND DISCOVERY**

By this Motion, plaintiffs ask the Court to excuse their failure to diligently pursue discovery. But their failure to complete depositions within the Scheduling Order is a dilemma entirely of their own creation, and there is no basis to extend discovery. Thus, the Motion should be denied.

**Background**

On September 15, the Court extended discovery until October 13. Among other things, the Court permitted each side to take up to four additional non-party depositions, and it specifically encouraged counsel to agree upon the dates for those depositions before leaving the courthouse. Accordingly, that same day, all counsel agreed that plaintiffs would take their non-party depositions on October 10 and 11.[1] The agreement was confirmed in writing. *See* Exhibit A. While Mr. Kane promptly noticed and took two non-party depositions, there is no

---

[1] Counsel did not discuss who would be deposed, or the logistics (*i.e.* time, place and manner) of the depositions. The parties were required to subsequently disclose that information in their Notices of Examination issued pursuant to Rule 30(b).

evidence that plaintiffs' counsel issued any third-party deposition subpoenas or notices of examination, or that they made any effort to serve such documents on any party or witness.

## Argument

**I.  The Motion Should Be Denied Because Plaintiffs' Failure to Depose Michael Persons Within the Scheduling Order is a Failure Entirely of Their Own Making.**

In order to comply with the Federal and Local Rules of Civil Procedure, plaintiffs should have provided at least five days notice of the deposition of Michael Persons. *See* Fed.R.Civ.P. 30(b)(1) ("A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action."); L.Cv.R. 30.1 ("Service of a notice of deposition five days in advance of the date set for taking the deposition shall constitute 'reasonable notice' to a party . . . ."). *See also* Fed.R.Civ.P. 45(c)(3)(A) (court may quash or modify a subpoena that "fails to allow a reasonable time for compliance"). They should have compelled his attendance with a subpoena. *See* Fed.R.Civ.P. 45.

But plaintiffs apparently failed to serve <u>any</u> deposition subpoena or notice of examination on Mr. Persons. To this day, in fact, no such documents have been served on the undersigned counsel, and none were appended to plaintiffs' Motion. Nor have plaintiffs supported their Motion with an affidavit or declaration attesting to their specific and timely efforts to serve Mr. Persons. Thus, there is no evidence that plaintiffs made even a minimally sufficient effort to depose Mr. Persons within the time periods established by the Scheduling Order. That is their fault, and not Mr. Kane's.

Plaintiffs contend that Mr. Kane is to blame for their failure to timely serve Mr. Persons because Mr. Kane allegedly provided inaccurate contact information for the witness. This effort at misdirection should be rejected. As an initial matter, there is no evidence that Mr. Kane provided false contact information for Mr. Persons. In fact, Mr. Kane's counsel spoke with Mr.

2

Persons as recently as October 10, and confirmed that the contact information provided in discovery was accurate, and that Mr. Persons was not aware of any effort to serve him at that address within the applicable time period. Plaintiffs allege that the transcript of Mr. Kane's deposition will confirm that he provided inaccurate contact information for Mr. Persons, but undersigned counsel's recollection of the deposition is that the transcript will confirm no such thing.

In any event, plaintiffs' argument is a red herring because there is no evidence that they made <u>any</u> effort to serve Mr. Persons at <u>any</u> address before the close of discovery. In the absence of a contemporaneously issued deposition subpoena or notice of examination, and in the absence of an affidavit or declaration attesting to their efforts to serve Mr. Persons at the address provided in discovery, there is no basis for the Court to conclude that Mr. Kane provided an inaccurate address. Moreover, even if such documentation had been provided, the fact that Mr. Persons was not at the specified address at the time(s) plaintiffs allegedly sought to serve him there proves only that Mr. Persons was not physically present at that location at that precise moment. It does not prove that the address provided by Mr. Kane was inaccurate.[2]

Finally, plaintiffs suggest that Mr. Kane is to blame for Mr. Persons' refusal to be deposed without first speaking with Mr. Kane's counsel. This, too, is a red herring. If plaintiffs had properly served Mr. Persons with a deposition subpoena, neither Mr. Kane nor his counsel would have had the ability to veto plaintiffs' proposed deposition, and there is no evidence that they sought to do so. Though Mr. Persons may have wished to speak with Mr. Kane or his

---

[2] Plaintiffs' protestations are ironic in light of Mr. Kane's inability to serve plaintiffs' witness, Saul Simington, on numerous separate occasions at the address provided by plaintiffs. Undersigned counsel have resisted the temptation to conclude that the contact information plaintiffs provided was inaccurate or deliberately misleading. Moreover, the suggestion that plaintiffs were unable to locate Mr. Persons is rather incredible in light of Mr. Persons' statement that one of plaintiffs' counsel in this matter previously served as his [Mr. Persons'] personal attorney.

3

counsel before being deposed, that desire could not have stood in the way of a properly served deposition subpoena. Had plaintiffs properly served Mr. Persons with a deposition subpoena, they could have moved to compel his attendance. But they failed to do so, and they now ask the Court to excuse that failure by extending discovery.

There being no evidence that plaintiffs made any effort to serve Mr. Persons within the time provided by the Scheduling Order, and there being no evidence that Mr. Kane interfered with their ability to do so, there is no basis upon which to grant plaintiffs' Motion. Indeed, the Court recently refused to indulge such conduct under similar circumstances, finding that "the Plaintiff must now pay for its lack of diligence in pursuing discovery. The court will not make allowances for plaintiff's incomprehensible failure to [notice a deposition]…." *Chatman Electric, Inc. v. Interior Systems, Inc.*, 2005 U.S. Dist. LEXIS 15698, at *7 (D.D.C. 2005).

II.     **The Motion Should Be Denied Because Plaintiffs' Failure to Depose Sean Spencer Within the Scheduling Order also is a Failure Entirely of Their Own Making.**

As an initial matter, there is no evidence that plaintiffs ever attempted to serve Mr. Spencer with a deposition subpoena or notice of deposition. Undersigned counsel have not received any such documents, and none were appended to plaintiffs' Motion. The absence of such documentation seemingly confirms that plaintiffs failed to make a diligent effort to depose Mr. Spencer within the time periods established by the Scheduling Order.

Plaintiffs suggest that schedule conflicts of Mr. Kane's counsel are to blame for plaintiffs' failure to depose Mr. Spencer. This, too, is a red herring. Mr. Kane's counsel had long-standing business affairs outside the Washington Metropolitan area on October 12 and 13, and that is why all counsel agreed that plaintiffs would take their non-party depositions on October 10 and 11. Plaintiffs entered into this agreement on September 15, and undersigned counsel, William R. Martin, specifically advised plaintiffs on that date that he and Mr. Freeman

4

would be out of the City on other business on October 12 and 13.  Plaintiffs knew Mr. Spencer's name, role and address as early as September 22, 2006,[3] and reasonable diligence should have dictated that they immediately proceed to notice his deposition in order to avoid conflicts with the witness' own schedule.  But plaintiffs apparently failed to do so, and indeed their Motion provides no indication as to when (if at all) they finally sought to serve Mr. Spencer.  Had they made reasonable efforts to serve a deposition subpoena on Mr. Spencer within the discovery period, there would have been ample time to schedule a deposition convenient to both counsel and the witness.  But plaintiffs failed to do so, and that is their fault, not Mr. Kane's.

## Conclusion

For the foregoing reasons, plaintiffs' Motion to Extend the Time for Completing Depositions should be denied.

Respectfully submitted,

 /s/ William R. Martin
William R. Martin (Bar No. 465531)
Alan M. Freeman (Bar No. 454693)
Jennifer K. Gershberg (Bar No. 482710)
BLANK ROME LLP
Watergate, Twelfth Floor
600 New Hampshire Avenue, NW
Washington, D.C. 20037
Tel: (202) 772-5800
Fax: (202) 572-8370
Email: martin-w@blankrome.com
Email: freeman@blankrome.com

*Counsel for Defendant Jason Kane*

Dated:  October 17, 2006

---

[3] This is the date that Mr. Kane served his supplemental discovery responses on all counsel by facsimile.

5