IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARLIN GODFREY, et al.,** * | |
| **Plaintiffs,** * | |
| | Civil Action No. 05-2044 |
| vs. * | |
| | (ESH) (DAR) |
| * | |
| **ALLEN IVERSON, et al.** | |
| * | |
| **Defendants.** | |
| * | |

**MOTION OF THE PLAINTIFFS TO VACATE THE COURT'S
MINUTE ORDER OF OCTOBER 30, 2006 STRIKING DOCKET NO. 47**

Comes now, the plaintiffs, by and through counsel, and hereby move this Court to vacate its order of October 30, 2006, which it issued sua sponte, striking Docket No. 47. The document that this docket number refers to is Plaintiffs' Supplemental Reply to Defendant Jason Kane's Memorandum As To Why Sanctions Should Not Be Imposed. The reason why the Court issued the minute order is still unclear, however, it appears from the Court's Order that the Court is of the understanding that plaintiffs' submission, Docket No. 47, was a surreply to Docket No. 43, which was filed by defendant Kane on October 16, 2006, and is identified as a Reply Concerning Imposition of Sanctions but is in actuality a surreply to Docket No. 40, which is plaintiffs' Reply to the Memorandum By Defendant Kane as To Why Sanctions Should Not Be Imposed. The entire scenario is explained below.

On September 15, 2006, a Minute Entry was placed on the docket wherein the Court granted plaintiffs' motion to compel and ordered defendant Kane to file a response to proposed sanctions by September 22, 2006. Defendant Kane complied with that directive and filed a Memorandum As To Why Sanctions Should Not Be Imposed. Docket Entry 38. On October 2, 2006, the plaintiffs filed

a motion for extension of time to file their reply until October 11, 2006. Docket Entry 39. By minute Entry docketed on October 3, 2006, the Court granted plaintiffs' motion. On October 11, 2006, the plaintiffs filed their Reply to the Memorandum of Jason Kane as to Why Sanctions Should Not Be Imposed. Docket Entry 40. On October 12, 2006, the plaintiffs filed a Corrected Reply, which addressed some inadvertent typographical errors. Docket Entry 41.

Significantly, in their Reply the plaintiffs' informed the Court that defendant Kane had been deposed since the time of his original submission, that there had been new discoveries regarding his and his counsel's conduct and accordingly, the Court was requested to hold the sanctions issue in abeyance pending a supplemental submission on or before October 26, 2006. Reply at 2-3. On October 16, 2006, defendant Kane filed a surreply to that submission, Docket Entry 43, which he labeled a Reply [A non-moving party does not get to file a "reply," he either files an opposition or a response, the movant is the only party that is entitled to a reply without leave of court, LCvR 7(d)]. On October 26, 2006, the plaintiffs filed Docket Entry 47, which was a **supplement** to their original reply, which the Court had previously been advised would be filed, and is not a surreply.

Ironically, the only party that filed a surreply is defendant Kane, Docket Entry 43, and it slid under the radar. In fact, in the Minute Entry of October 30, 2006, erroneously identifies Docket Entry 47 (Plaintiffs' Supplemental Reply) as a surreply to Docket Entry 43, which is actually defendant Kane's surreply to Docket Entry 40 (Plaintiffs' Reply). In sum, the plaintiffs did not file a surreply and by definition, because they were the moving party, could not file a surreply. Plaintiffs filed a supplement to their Reply, just as the heading says, which the Court was apprised of before hand.

Wherefore for the reasons stated herein and in the record of this proceeding and because the plaintiffs did not file a "surreply," the Court is respectfully requested to vacate its order of October 30, 2006 and properly consider Docket Entry 47 for what it was, a Supplement to Plaintiffs' Reply to the Memorandum of Jason Kane As To Why Sanctions Should Not Be Imposed.

Respectfully submitted,

Gregory L. Lattimer, [371926]
1100 H Street, N.W.
Suite 920
Washington, D.C. 20005
(202) 638-0095

Stephanie D. Moran, [471555]
E. Gregory Watson
Watson & Moran, LLC
8401 Corporate Drive
Suite 110
Landover, MD 20785
(301) 429-0505