UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARLIN GODFREY, et al., | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:05-cv-2044 (ESH)(DAR) |
| | ) | |
| ALLEN IVERSON, et al., | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

**DEFENDANT JASON KANE'S OPPOSITION TO
PLAINTIFFS' SECOND MOTION FOR SANCTIONS**

Unburdened by legal citation or analysis, plaintiffs have filed a second motion for sanctions that is procedurally and substantively defective. Plaintiffs' latest motion merely regurgitates a brief that the Court previously struck as improper, and it purports to attack conduct that has not been the subject of any discovery order or good faith consultation among the parties. More importantly, however, Mr. Kane has complied with the Court's September 20 Order to the extent of his ability, and plaintiffs have received full disclosure of information and materials relevant to the altercation that underlies this dispute. To the extent Mr. Kane's present recollection of facts and retention of documents does not meet plaintiffs' expectations, the appropriate recourse is an effort to impeach Mr. Kane at trial.

For these and the reasons discussed more fully below, defendant Jason Kane urges that plaintiffs' Motion to Preclude the Presentation of a Defense be rejected.

123781.00602/35765066v.3

**Background**

Plaintiffs and Mr. Kane served dueling sets of written discovery requests on July 17, 2006.  Mr. Kane served answers and objections within the time provided by the Federal Rules of Civil Procedure, but plaintiffs failed to serve *any* response until the evening of September 14, 2006, which was more than a month after they were due and just hours before the Court was scheduled to hear oral argument on Mr. Kane's own motion to compel production.  Plaintiffs concurrently moved to compel further responses from Mr. Kane, and they sought sanctions based on his initial responses.

The Court granted plaintiffs motion to compel, and ordered Mr. Kane to supplement his responses.  The Court took plaintiffs' request for sanctions under advisement, and directed the parties to brief the issue, which they did.  Thus, the sufficiency of Mr. Kane's responses to written discovery already is before the Court on plaintiffs' first motion for sanctions. Importantly, however, neither plaintiffs' first motion to compel, nor the Court's September 20 Order, addressed the sufficiency of Mr. Kane's deposition testimony.  Indeed, they could not address deposition testimony because Mr. Kane was not deposed until October 3, 2006.  To this day, plaintiffs have not filed a motion to compel in connection with Mr. Kane's deposition.

Plaintiffs first sought judicial intervention in connection with Mr. Kane's deposition when, more than three weeks after the deposition had concluded, they filed a "Supplemental Reply" in support of their initial September 14 request for sanctions.  The overwhelming bulk of that brief attacked the sufficiency of Mr. Kane's deposition testimony, and the Court properly struck the brief as having been improvidently filed.  The Court reiterated that decision when it denied plaintiffs' November 1, 2006 Motion to Vacate.

Not content to take "no" for an answer, however, plaintiffs re-filed their stricken brief on December 6, 2006, this time calling it a memorandum in support of a new motion for sanctions. *See* Docket Entry No. 52.  Although plaintiffs' second motion fails to specify the conduct that allegedly warrants sanctions, their memorandum is, once again, focused almost exclusively on the sufficiency of Mr. Kane's deposition testimony.

**Argument**

I.     **Plaintiffs' Latest Motion for Sanctions Should be Denied Because Plaintiffs Did Not Seek or Obtain an Order Compelling Further Deposition Testimony, and Because Plaintiffs Made No Effort to Resolve Their Concerns Through Consultation With Counsel.**

At first glance, plaintiffs' latest motion appears simply to elaborate on the sanctions plaintiffs first sought on September 14.  Indeed, the motion itself does not specify the conduct at issue, but states only that it is necessitated by Mr. Kane's alleged failure to comply with the Court's September 20 Order.

Upon close examination, however, plaintiffs' latest motion has virtually nothing to do with the written discovery that was at issue in the Court's September 20 Order.  Instead, the overwhelming bulk of plaintiffs' memorandum is devoted to an attack on the sufficiency of Mr. Kane's *deposition testimony* – testimony that was not taken until two weeks after the Court's September 20 Order.  Thus, plaintiffs' latest motion is an effort to obtain sanctions based on conduct that has *not* previously been briefed to the Court, and that is *not* the subject of a prior discovery order.  That is significant because plaintiffs have failed to satisfy important prerequisites to the filing of such a motion.

First, to the extent plaintiffs' latest motion seeks sanctions based upon Mr. Kane's deposition testimony, plaintiffs first were required to file a motion to compel, and to obtain an order compelling further responses.  *See* Fed.R.Civ.P. 37(a).  Indeed, Rule 37 plainly provides

3

that a request for sanctions arising out of allegedly incomplete deposition testimony be *preceded* by a motion for an order compelling discovery.  *See* Fed.R.Civ.P. 37(a)(4) and 37(b)(2).[1]  Here, plaintiffs never sought an order compelling further responses to questions propounded at Mr. Kane's deposition, and they waited more than two months after the deposition to file their present motion seeking sanctions.  Under these circumstances, plaintiffs have failed to satisfy a material prerequisite to obtaining sanctions arising out of Mr. Kane's deposition.

Second, because plaintiffs' latest motion addresses conduct unrelated to the Court's September 20 Order, they were required by Rule 37 and Local Civil Rule 7(m) to certify their good faith efforts to confer with undersigned counsel in an effort to secure the requested information without court action.  *See* Fed.R.Civ.P. 37(a)(2)(B) and L.Civ.R. 7(m).  But, as was the case with plaintiffs' first motion, their latest motion includes no such certification because plaintiffs' counsel engaged in no such effort.  Instead, though more than two months have passed since Mr. Kane's deposition, there had been "radio silence" on these issues until plaintiffs filed their present motion.[2]

The foregoing are material prerequisites to the filing of a motion for sanctions, and plaintiffs' failure to satisfy these prerequisites is dispositive of their latest motion.

---

[1] *Contrast* Rule 37(d), which permits the Court to impose sanctions without an antecedent order compelling discovery where the witness failed to *appear* for a deposition.  But it is conceded that Mr. Kane did appear for his deposition and did answer plaintiffs' questions for almost an entire day.  Rule 37(d) makes no provision for the imposition of sanctions based on allegedly incomplete deposition testimony.

[2] The requirement that counsel confer with each other before filing motions to compel or for sanctions is more than mere surplus.  Such discussions often lead to a narrowing of issues in dispute such that judicial intervention becomes unnecessary.  It is unclear why plaintiffs continue to treat these rules as optional.

4

**II.     Even if Plaintiffs' Latest Motion for Sanctions Were Properly Before the Court, the Conduct in Question Was Not Sanctionable.**

In their latest memorandum, plaintiffs devote considerable energy and vitriol to arguing that Mr. Kane's deposition testimony was intentionally obstructive such that sanctions are appropriate.  They are wrong on both points.

Initially, plaintiffs devote almost twenty percent of their memorandum to describing their outrage upon hearing Mr. Kane testify that his legal name is "Jonathan," rather than "Jason." Given that Mr. Kane answered all of plaintiffs' questions on this subject, and that he has not interposed any objection (such as to service of process) on the basis that plaintiffs failed to accurately identify him in their Complaint, it is difficult to understand how Mr. Kane's testimony or conduct in this regard was obstructive or prejudicial, much less sanctionable.

Next, plaintiffs complain that counsel for Mr. Kane instructed him not to answer questions about his arrest, conviction, and incarceration history.  But even plaintiffs acknowledge that Mr. Kane's counsel did subsequently withdraw that admonition, and that Mr. Kane did answer each of plaintiffs' questions on the subject.  Again, it is difficult to discern any impropriety, much less any prejudice.

Plaintiffs go on to argue that because Mr. Kane could not recall the circumstances under which he filed income tax returns in the past, and because he could not confirm the existence or present location of documents related to such returns, that he must deliberately have been obstructing plaintiffs' efforts to obtain discovery.  Simply put, however, no witness can testify to that which he cannot recall or does not know.  While it is easy to assume that all individuals should have instant recall of their financial history and be fastidious in their personal record-keeping habits, the fact is that many individuals are not as careful as plaintiffs' counsel would like or expect.  The failure of a witness to recall such details at a deposition, or to retain such

5

documents in his possession, may well provide fodder for impeachment or an adverse inference jury instruction, but it does not evidence the sort of willful contempt of the Court that would justify the imposition of sanctions. And, given the tangential relevance of these particular matters to the underlying dispute, it is difficult to discern (and plaintiffs have not alleged) any prejudice.

Plaintiffs proceed to argue that Mr. Kane's counsel erred when he instructed Mr. Kane to not reveal the substance of conversations held with his co-defendant's counsel during a recess in the deposition. Counsel for Mr. Kane and Mr. Iverson both stated – on the record – that the basis of the objection and instruction not to answer was a joint-defense privilege. The joint defense privilege is well-established in the District of Columbia, *see In re: Sealed Case*, 29 F.3d 715 (D.C. Cir. 1994); *United States v. Philip Morris, Inc.*, 2004 Dist. LEXIS 27026 (D.D.C. 2004); *United States v. MWI Corp.*, 209 F.R.D. 21 (D.D.C. 2002), and plaintiffs have utterly failed to explain why it is inapplicable to these circumstances.

Plaintiffs devote the remaining bulk of their memorandum to arguing that Mr. Kane should be sanctioned because his deposition testimony regarding two fact witnesses – Terrence Williams and Michael Persons – somehow was evasive or incomplete. But plaintiffs never explain how Mr. Kane's testimony was improper, much less sanctionable. The fact of the matter is that plaintiffs had an unfettered opportunity to depose each of these witnesses. (In fact, it was Mr. Kane who arranged for Mr. Williams to be deposed by video-conference while he was traveling outside the Washington Metropolitan area.) Again, it is difficult to discern how the dialogue quoted by plaintiffs' memorandum evidences a contempt of the Court, resulted in any prejudice or otherwise justifies the sanctions that plaintiffs now seek.

### III.    Even If Sanctionable, Mr. Kane's Conduct Does Not Warrant the Extreme Sanctions Sought by Plaintiffs.

Plaintiffs ask the Court to sanction Mr. Kane by precluding him from presenting any defense to the charges against him. But Mr. Kane's offenses, if any, were not sufficiently egregious to warrant such an extreme sanction.

Initially, it should be noted that asking the Court to preclude Mr. Kane from mounting any defense at all is the functional equivalent of asking the Court to enter a default judgment against him. Entry of a default judgment "is a drastic sanction," *Flynn v. Thibodeauz Masonry, Inc.*, 311 F. Supp. 2d 30, 36 (D.D.C. 2004), and the D.C. Circuit has held:

> As the Supreme Court stated in connection with one of its declarations that courts must use their inherent power with restraint and discretion, '[a] primary aspect of that discretion is the ability to fashion an *appropriate* sanction for conduct which abuses the judicial process.' We ourselves have made clear that 'dismissal is a drastic step, normally to be taken only after unfruitful resort to lesser sanctions.'

*Shepherd v. American Broadcasting Companies, Inc.*, 62 F.3d 1469, 1478 (D.C. Cir. 1995) (*quoting Ripalda v. American Operations Corp.*, 977 F.2d 1464, 1466 (D.C. Cir. 1992) (*quoting Jackson v. Washington Monthly Co.*, 569 F.2d 119, 123 (D.C. Cir. 1977)). *See also McDowell v. Government of the District of Columbia*, 233 F.R.D. 192, 201, 203 (D.D.C. 2006) (noting sanctions must be proportional to the offense committed, and observing that "a judgment by default is the 'most severe in the spectrum of sanctions . . . provided in Rule 37.''). Thus, in determining what sanctions to impose, "the district court must properly 'calibrate the scales' to ensure that the gravity of an inherent power sanction corresponds to the misconduct. The graver the sanction under consideration, the more precision this calibration requires." *Shepherd*, *supra*, 62 F.3d at 1479.

In light of the foregoing caselaw and the undisputed facts, precluding Mr. Kane from presenting any defense at trial would be disproportionate and inequitable for several reasons.

First, none of the allegedly withheld information relates to the substance of this lawsuit, *i.e.* who hit whom, and under what circumstances. Plaintiffs have received full and complete discovery from Mr. Kane on the "who, what, when, where and why" of this lawsuit, and there is no allegation that Mr. Kane prevented plaintiffs from obtaining such discovery from any third-party. Instead, plaintiffs' allegations of obstruction relate to extraneous issues of little or no relevance to any genuine issue of material fact. It therefore is not surprising that plaintiffs have failed to articulate any prejudice resulting from Mr. Kane's alleged misconduct, and it is even less surprising that they have failed to cite even a single legal authority to support their Motion.

Second, because plaintiffs allege in their Complaint that Mr. Kane was working for defendant Iverson at the time of the altercation at issue, and because they allege that the basis of Mr. Iverson's liability is *respondeat superior*, the effective imposition of a default judgment against Mr. Kane would work a substantial prejudice on Mr. Iverson's ability to defend against plaintiffs' case in chief. Because plaintiffs have not alleged any discovery misconduct by Mr. Iverson, it would be inappropriate to penalize him through sanctions imposed on Mr. Kane.

Finally, there simply is no evidence of bad faith conduct by either Mr. Kane or his counsel. Instead, the evidence of bad faith points directly at plaintiffs, who ignored substantive prerequisites to filing this Motion, and who once again ignored multiple rules requiring that litigants attempt to resolve discovery disputes through direct discussion before filing motions with the Court. The knowing and continuing disregard of such rules, and the repeated reliance on unprofessional personal attacks on counsel, is the essence of bad faith, and it should not be rewarded.

123781.00602/35765066v.3

**Conclusion**

For the foregoing reasons, defendant Jason Kane respectfully requests that the Court deny the Motion of the Plaintiffs to Preclude the Presentation of a Defense by Defendant Jason Kane as a Sanction for His Refusal to Cooperate in Discovery in Violation of a Direct Order of this Court.

Respectfully submitted,

/s/ WILLIAM R. MARTIN
William R. Martin (Bar No. 465531)
Alan M. Freeman (Bar No. 454693)
Jennifer K. Gershberg (Bar No. 482710)
BLANK ROME LLP
Watergate, Twelfth Floor
600 New Hampshire Avenue, NW
Washington, D.C. 20037
Tel: (202) 772-5800
Fax: (202) 772-5858
Email: martin-w@blankrome.com
Email: freeman@blankrome.com
Email: gershberg@blankrome.com

*Counsel for Defendant Jason Kane*

Dated:  December 13, 2006

123781.00602/35765066v.3