IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARLIN GODFREY, et al.** )<br>)<br>  **Plaintiff,** )<br>)<br>  )<br>**v.** )<br>  )<br>**ALLEN IVERSON, et al.** )<br>)<br>  **Defendants.** ) | Civil Action No. 05-2044<br><br>(ESH)(DAR) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT**
**JASON KANE'S MOTION TO CONTINUE THE HEARING DATE**

Come now the plaintiffs, by and through counsel, and hereby submit their opposition to the motion of Jason, not Jonathan, Kane to continue the hearing date. On December 6, the Court scheduled this matter for hearing on December 19, 2006 at 3:00 p.m. On December 8, 2006, the parties appeared before Judge Huevelle for a status conference. All parties were present at that status. At that time, it was confirmed that a hearing was scheduled before this Court on December 19, and no party indicated that December 19, was a problem date. On December 13, Mr. Kane filed his opposition to plaintiffs' motion to exclude the presentation of a defense by Jason Kane (the opposition was labeled Defendant Jason Kane's Opposition to Plaintiffs' Second Motion for Sanctions), and the instant motion to continue the hearing date.

Significantly, Mr. Kane, who is represented by three (3) lawyers from Blank Rome LLP, is seeking to continue the hearing because one of his lawyers, William R. Martin, is the lead counsel in a criminal matter that is scheduled to begin on December 18, 2006, before Judge Robertson of this Court. Another Blank Rome attorney is in that case as well. According to Mr. Kane

> it is critical that both Mr. Martin and Mr. Freeman be present for the hearing. Indeed, each of them may be required to provide testimony to rebut plaintiffs' allegations.

Mot. at 1.

Given the above assertion of Mr. Kane, it is somewhat puzzling why no affidavit was submitted by Mr. Martin or Mr. Freeman in lieu of testimony to rebut any of the allegations made by the plaintiffs. Perhaps, it is because the allegations made by the plaintiffs are supported by the deposition transcript and cannot be rebutted. However, that is beside the point. The fact of the matter is this, Mr. Martin is but one of three lawyers representing Mr. Kane. There is no requirement that three lawyers be present for a hearing and it is rather rudimentary that three lawyers cannot argue one motion in any event.

Moreover, to the extent that Mr. Kane believes that he needs to present testimony from Mr. Martin or Mr. Freeman, he can do so by way of affidavit, and in addition it is significant to note that neither Mr. Martin nor Mr. Freeman is going to argue the motion in any event. Motion at 2.

More importantly, however, the opposition of Mr. Kane indicates that:

1) he has complied with the Court's September 20 order;

2) plaintiffs' second motion fails to specify the conduct that allegedly warrants a sanction;

3) plaintiffs have failed to satisfy important prerequisites to the filing of such a motion;

4) plaintiffs have failed to identify any prejudice;

5) plaintiffs have utterly failed to explain why the joint-defense privilege is inapplicable;

6) Mr. Kane's offenses, if any, were not sufficiently egregious to warrant an extreme sanction; and

7) there simply is no evidence of bad faith conduct by either Mr. Kane or his counsel. Instead, the evidence of bad-faith points directly to plaintiffs . . .

And while each of these issues will be pointedly addressed in plaintiffs' reply, defendant Kane has conspicuously failed to explain even in cursory fashion, why it is necessary for Mr. Martin to be present to argue, or more precisely, to listen to "one of Mr. Martin and Mr. Freeman's law partners," Mot. at 2, argue the above points in opposition to plaintiffs' motion. The clear fact is that the only basis for the continuance of the hearing is because Mr. Martin may like to be present at the hearing but there is no necessity for his presence given that he is not even going to argue the motion.

Wherefore for the reasons stated herein and in the record of this proceeding and because there is no legitimate reason that exists for continuing the hearing in this case, it is respectively urged that defendant Kane's motion be denied.

        Respectfully submitted,

        Gregory L. Lattimer [371926]
        1100 H Street, N.W.
        Suite 920
        Washington, D.C. 20005
        (202) 638-0095

        Stephanie Moran [471555]
        Gregory Watson
        Watson & Moran, LLC
        8401 Corporate Drive
        Suite 110
        Landover, MD 20785
        (301) 429-0505

        Attorneys for the Plaintiffs