UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARLIN GODFREY, et al., | ) |
| | ) |
|     *Plaintiffs*, | ) |
| | ) |
| v. | )   Civil Action No. 1:05-cv-2044 (ESH)(DAR) |
| | ) |
| ALLEN IVERSON, et al., | ) |
| | ) |
|     *Defendants*. | ) |
| | ) |

### DEFENDANT JASON KANE'S
### REPLY IN SUPPORT OF HIS MOTION TO CONTINUE HEARING DATE

Defendant Jason Kane, by undersigned counsel, submits this Reply in support of his Motion to Continue Hearing Date, and in support thereof states as follows:

Plaintiffs have opposed this motion on two equally baseless and unsupported grounds.

First, plaintiffs argue that counsel's schedule conflict was waived when it was not raised during the December 8 status conference before Judge Huvelle. But one had nothing to do with the other. The prospective motions hearing was not on the agenda for the December 8 status conference, nor was it discussed. And, it would have been pointless to raise the issue before Judge Huvelle in light of the fact that the hearing was ordered and scheduled by Judge Robinson.

Second, plaintiffs argue that there is no reason for both Mr. Martin and Mr. Freeman to be present at the December 19 hearing, because any points they wish to convey could be made by affidavit. Plaintiffs miss the mark in several respects. Initially, Mr. Kane ought to be able to be represented at this hearing by Mr. Martin, his designated lead trial counsel, if he so chooses. This is particularly the case in light of the extreme sanctions that plaintiffs seek. Moreover,

plaintiffs' motions challenge the conduct of both Mr. Kane and his counsel. It is only fair that all counsel targeted by these motions be present and afforded a full opportunity to respond to plaintiffs' charges, whether through argument or by testimony elicited by their co-counsel. The suggestion that this could be done by affidavit is unpersuasive in light of the fact that plaintiffs will not file their final brief on the pending motions until the evening before the hearing, and thus counsel (who will be in trial at the time) would not have sufficient time or information to prepare fully responsive affidavits.

Plaintiffs' Opposition is most notable for what it does not say: It does not say how a modest continuance would cause any prejudice or scheduling conflict for plaintiffs or their counsel. Instead, their Opposition seems to be nothing more than a reflexive and unnecessary effort to punish Mr. Kane and his counsel for a schedule conflict that clearly was not of their own making, and that clearly cannot be avoided.

For these reasons, and those stated more fully in his Motion, defendant Jason Kane respectfully requests that the Motion to Continue Hearing Date be granted.

    Respectfully submitted,

/s/ WILLIAM R. MARTIN
William R. Martin (Bar No. 465531)
Alan M. Freeman (Bar No. 454693)
Jennifer K. Gershberg (Bar No. 482710)
BLANK ROME LLP
Watergate, Twelfth Floor
600 New Hampshire Avenue, NW
Washington, D.C. 20037
Tel: (202) 772-5800
Fax: (202) 772-5858
Email: martin-w@blankrome.com
Email: freeman@blankrome.com
Email: gershberg@blankrome.com

Dated: December 15, 2006    *Counsel for Defendant Jason Kane*