IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARLIN GODFREY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:05-CV-2044 (ESH) |
| ) | |
| ALLEN IVERSON, et al. ) | |
| ) | |
| Defendants. ) | |

## MOTION TO QUASH SUBPOENA

Curtis Jackson III, a non-party appearing by and through special appearance of his undersigned counsel, hereby moves this Court pursuant to Rule 45 (c) of the Federal Rules of Civil Procedure to quash a Subpoena to Testify served on May 14, 2007 in the above-captioned case. In summary, Mr. Jackson states as follows:

1)      personal jurisdiction over Mr. Jackson is lacking, and this subpoena requires Mr. Jackson to travel significantly over the one-hundred mile limitation set forth in the Federal Rules;

2)      service of the subpoena was improper and in violation of the Court's rules.

WHEREFORE, for the reasons stated in the accompanying Memorandum of Points and Authorities filed simultaneously herewith and incorporated herein, Mr. Jackson respectfully requests that the Court grant his Motion to Quash the subpoena and award Mr. Jackson his fees and costs for this Motion.

Respectfully submitted,

*/s/ Jacqueline E. Bennett*
Jacqueline E. Bennett, Esq. (Bar No. 474355)
Reed Smith, LLP
Suite 1100-- East Tower
1301 K Street, N.W.
Washington, DC 20005
(202) 414-9200
(202) 414-9299 (facsimile)

Counsel for Curtis Jackson III

May 24, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARLIN GODFREY, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 1:05-CV-2044 (ESH) |
| ALLEN IVERSON, et al. | ) |
| Defendants. | ) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH SUBPOENA

Curtis Jackson III, by and through his undersigned counsel, submits the following in support of his Motion to Quash Subpoena.

## STATEMENT OF FACTS

Mr. Jackson is not a party in this case and has not had any involvement in this case prior to the improper service of a subpoena. Mr. Jackson is a defendant in two consolidated actions filed in the Circuit Court for Prince George's County, Maryland (the "Consolidated Actions"). The plaintiff in one of those actions is represented by attorneys Stephanie Moran and E. Gregory Watson. Ms. Moran and Mr. Watson also currently represent the plaintiffs in the above-captioned action. Mr. Jackson was subpoenaed to appear for a deposition in the Consolidated Actions on May 2, 2007. *See* Exhibit A, Maryland Subpoena. As Mr. Jackson was unable to appear for the deposition on that day, the subpoena was continued until May 14, 2007.

Mr. Jackson, a resident of the state of Connecticut (*see* Jackson Affidavit, attached as Exhibit B), appeared in Upper Marlboro, Maryland, pursuant to the Maryland Subpoena. While attending the deposition, Mr. Jackson was served with a subpoena in the above-captioned case

("D.C. Subpoena"). *See* D.C. Subpoena, attached as Exhibit B-1. This D.C. Subpoena requires that Mr. Jackson appear on June 27, 2007 at 9:30 a.m. before this Court, to testify in the above-captioned matter.

Watson & Moran, LLC, counsel in one of the Consolidated Actions, had obtained special permission to hold the deposition of Mr. Jackson on May 14, 2007 in a restricted area in the County Administration Building in Upper Marlboro, Maryland. This area was permanently locked, had surveillance cameras, and required persons to identify themselves prior to entry. Counsel had received special permission to use this area for Mr. Jackson's deposition as Ms. Moran had a contact who worked in this building. Very few people knew that Mr. Jackson's deposition would be held in that building beyond counsel in the Consolidated Actions.

While Mr. Jackson and his counsel, along with other counsel, were in a conference room behind the locked doors for the deposition, a process server appeared and handed Mr. Jackson the D.C. Subpoena. It was obvious that the process server had been escorted into the conference room by Ms. Moran. Service took place during one of the first breaks of the deposition. The process server clearly had knowledge that the deposition was on a break.

For the reasons set out below, the D.C. Subpoena should be quashed.

## ARGUMENT

Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure authorizes a district court to, upon a timely motion, quash or modify a subpoena if it:

> (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where the person resides, is employed or regularly transacts business . . . ;
> . . .
> (iv) subjects a person to an undue burden.

Fed. R. Civ. P. 45(c)(3)(A)(i), (A)(iv).

Nonresident parties, witnesses, attorneys and others are immune from service of process or subpoena while in forum to participate in judicial proceedings. *See Stewart v. Ramsey*, 242 U.S. 128, 130 (1916) ("The privilege which is asserted here is the privilege of the court, rather than of the defendant. It is founded in the necessities of the judicial administration, which would be often embarrassed, and sometimes interrupted, if the suitor might be vexed with process while attending upon the court for the protection of his rights, or the witness while attending to testify."); *Schwarz v. Thomas*, 222 F.2d 305, 306-07 (D.C. Cir. 1955) ("It has long been settled, by the great weight of authority, that a non-resident who is in attendance as a witness at a trial in a state other than that of his residence is exempt or privileged from service of process while in that other jurisdiction attending the trial and while en route to and from court.")

A.   **This Court Does Not Have Personal Jurisdiction Over Mr. Jackson.**

This Court has the power to quash a subpoena if it "requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where the person resides, is employed or regularly transacts business." Fed. R. Civ. Pro. 45(c)(3)(A)(ii). The D.C. Subpoena was issued by the clerk of the District Court of the District of Columbia for a case pending in that jurisdiction. Mr. Jackson is a resident of the state of Connecticut, a jurisdiction outside of the one-hundred mile limitation outlined within the Federal Rules. Further, Mr. Jackson is not a party to this action, and does not have a residence or a regular place of business in the Washington DC area. As the nature of the D.C. Subpoena requires Mr. Jackson to travel over one-hundred miles from his residence, this Court should enter an order quashing the subpoena in order to protect Mr. Jackson. Therefore, the D.C. Subpoena must be quashed by this Court.

B.     **Service of the Subpoena Was Invalid.**

The D.C. Subpoena issued by this Court was served on Mr. Jackson on May 14, 2007, while he was in Upper Marlboro, Maryland, solely for the purpose of attending his deposition. Knowing that he was compelled to be in Upper Marlboro, Maryland on that day, Ms. Moran had Mr. Jackson served with a subpoena to testify in the above captioned matter. It is abuse of process to permit Ms. Moran to serve a subpoena in another, unrelated matter, on Mr. Jackson while he was forced to be present in Maryland, within the one-hundred mile restriction set forth in the Federal Rules of Civil Procedure. Had Mr. Jackson not been compelled to enter this forum to testify in another one of Ms. Moran's cases, she would have been unable to serve him.

Even under Maryland law, the service of the D.C. Subpoena was invalid. Maryland law strictly prohibits the service a subpoena for deposition in another matter on an individual while that individual was within Maryland solely for the purpose of testifying in or defending an action: "[a] nonresident person who is within the State for the purpose of testifying in or prosecuting or defending an action may not be served with process." Md. Code Ann., Cts. & Jud. Proc. § 6-305(a); *see also* Md. Rule 1-202(u) ("'Process'" means any written order issued by a court to secure compliance with its commands or to require action by any person and includes a summons, subpoena, an order of publication, a commission or other writ"). As such, even under Maryland law, counsel abused process by causing the D.C. Subpoena to be served on Mr. Jackson while he was testifying at his deposition.

The purpose of immunity from service, for both summons and subpoenas, is to ensure that judicial administration is not interrupted. Mr. Jackson clearly did not anticipate that he would be served with a subpoena to testify in an unrelated case when he returned to Maryland to testify pursuant to a subpoena. Therefore, the D.C. Subpoena must be quashed.

C.  **The Subpoena Places an Undue Burden on Mr. Jackson**

As the D.C. Subpoena would require Mr. Jackson to travel farther than one hundred miles, to testify in an action in which he is not a party, it places an undue burden on him. Under the Federal Rules, this Court has the power to quash a subpoena if it "subjects a person to an undue burden." Fed. R. Civ. Pro. 45(c)(3)(A)(iv). Mr. Jackson is not a party in the captioned case and has never been given notice that he was a potential witness, or even asked if he was available on the date listed on the D.C. Subpoena. By requiring him to incur the expense of traveling to the District of Columbia, significantly more than one-hundred miles from his residence, and causing disruption to his own already scheduled business obligations, clearly subjects him to an undue burden.

## CONCLUSION

Mr. Jackson is a resident of Connecticut and does not have a place of residence or business in this forum or anywhere near it. He is not a party to this case. Thus, this Court does not have personal jurisdiction over him. Plaintiff's counsel Ms. Moran was only able to serve Mr. Jackson because he was compelled to be within one-hundred miles of the forum to attend his deposition in another matter. For the foregoing reasons, Mr. Jackson respectfully requests that this Court enter an Order quashing Plaintiffs' subpoena in its entirety. Mr. Jackson further requests that this Court award him his fees and costs for this Motion.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of May 2007, I caused a copy of the foregoing Motion to Quash Subpoena and Memorandum in Support thereof to be sent via electronic filing on all parties who have appeared in this action.

*Jacqueline E. Bennett*
_____
Jacqueline E. Bennett