IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARLIN GODFREY, *et al.*,

    Plaintiffs,

v.                                                    Civil Action No. 05-2044 (ESH)

ALLEN IVERSON, *et al.*,

    Defendants.

## ORDER

Upon consideration of Defendants' Joint Omnibus Motion in Limine to Exclude Inadmissible Testimony and Evidence, the submissions and arguments relating thereto, the record and for good cause shown, it is hereby **ORDERED, ADJUDGED and DECREED** that:

Plaintiffs are prohibited from introducing testimony and evidence relating to their negligent hiring claims because they cannot establish the requisite duty and causation due to their failure to designate an expert; and it is further **ORDERED** that:

Plaintiffs are prohibited from introducing testimony and evidence relating to their negligent infliction of emotional distress claims because they cannot establish the requisite duty and causation due to their failure to designate an expert; and it is further **ORDERED** that:

Plaintiffs are prohibited from introducing testimony and evidence relating to their intentional infliction of emotional distress claims because they cannot establish a verifiable injury or causation due to their failure to designate an expert; and it is further **ORDERED** that:

Plaintiffs are prohibited from introducing testimony and evidence relating to their conspiracy claims because they cannot establish the existence of an agreement to commit assault

WO 723512.7

and battery, which is a necessary element to establish the conspiracy claim; and it is further **ORDERED** that:

Plaintiffs are prohibited from introducing testimony and evidence relating to damages for the loss of business revenue because they cannot establish projected profits and revenues due to their failure to designate an expert; and it is further **ORDERED** that:

Plaintiffs are prohibited from introducing testimony and evidence relating to Defendants' arrest records because Defendants' arrests are irrelevant to the claims and defenses of this matter, are rooted in hearsay and are more prejudicial than probative; and it is further **ORDERED** that:

Plaintiffs are prohibited from introducing testimony and evidence relating to other alleged incidents of misconduct involving Defendant Iverson including, *inter alia*, any claims included in the following, now-pending civil actions: (i) Broady v. Zanzibar on the Waterfront, LLC, *et al.* (U.S. District Court for the District of Columbia – Docket No. 1:06-cv-00792); (ii) Isman v. Iverson, *et al.* (Circuit Court of the City of Hampton, Virginia – Case No CL06-2025); (iii) Brown v. Iverson, *et al.* (Circuit Court of the City of Hampton, Virginia – Case No. CL06-2026); (iv) Cooper v. Iverson, *et al.* (Circuit Court of the City of Hampton, Virginia – Case No. CL06-2027); (v) Simmons v. Iverson, *et al.* (Circuit Court of the City of Hampton, Virginia – Case No. CL06-2028), because any such alleged incidents of misconduct – whether alleged by way of the aforementioned civil actions or not – are irrelevant to the claims and defenses of this matter, are rooted in hearsay, are more prejudicial than probative and are otherwise prohibited by the Federal Rules of Evidence; and it is further **ORDERED** that:

Plaintiffs are prohibited from introducing testimony and evidence which refers, depicts, portrays or characterizes a group of childhood friends to which Mr. Iverson was a member – known as the "Dynasty Raiders" and/or "Cruthik" – as a "gang" because any such testimony and

evidence is irrelevant to the claims and defenses of this matter, is rooted in hearsay and is more prejudicial than probative; and it is further **ORDERED** that:

Plaintiffs are prohibited from introducing testimony and evidence relating to police investigations of this incident and others, because any such investigations are irrelevant to the claims and defenses of this matter, are rooted in hearsay and are more prejudicial than probative; and it is further **ORDERED** that:

Plaintiffs are prohibited from introducing testimony and evidence relating to settlement talks, because any such communications are irrelevant to the claims and defenses of this matter, are rooted in hearsay and are more prejudicial than probative; and it is further **ORDERED** that:

Plaintiffs are prohibited from introducing testimony and evidence relating to any unspecified threats, whether allegedly against current or former parties to this civil action or otherwise, because any such allegations are irrelevant to the claims and defenses of this matter, are rooted in hearsay and are more prejudicial than probative; and it is further **ORDERED** that:

Plaintiffs are prohibited from introducing testimony and evidence relating to media reports of this incident, because any such media reports are irrelevant to the claims and defenses of this matter, are rooted in hearsay and are more prejudicial than probative; and it is further **ORDERED** that:

Plaintiffs are prohibited from introducing testimony and evidence relating to a group of individuals who are collectively referred to as "The Four Horsemen," including any allegations that Defendant Kane is a member therein because any such testimony or evidence is irrelevant to the claims and defenses of this matter, are rooted in hearsay and are more prejudicial than probative; and it is further **ORDERED** that:

Plaintiffs are prohibited from introducing testimony and evidence relating to any of Mr. Iverson's tattoos because any such testimony and evidence is irrelevant to the claims and defenses of this matter, are rooted in hearsay and are more prejudicial than probative; and it is further **ORDERED** that:

Plaintiffs are prohibited from introducing testimony and evidence relating to Mr. Iverson's income or financial status because any such testimony and evidence is irrelevant to the claims and defenses of this matter, are rooted in hearsay and are more prejudicial than probative;

**SO ORDERED.**

Date: _____        By: _____
                                       ELLEN SEGAL HUVELLE
                                       United States District Judge

Copies to:

Alan C. Milstein, Esquire
Fairway Corporate Center
4300 Haddonfield Road – Suite 311
Pennsauken, NJ 08109
*Counsel for Defendant Allen Iverson*

William R. Martin (Bar No. 465531)
1275 Pennsylvania Avenue, NW
Washington, DC 20004
*Counsel for Defendant Jason Kane*

Gregory L. Lattimer, Esq.
1100 H Street, N.W., Suite 920
Washington, D.C. 20005
*Counsel for Plaintiffs*

Stephanie D. Moran, Esq.
E. Gregory Watson, Esq.
Watson & Moran, LLC
8401 Corporate Drive, Suite 100
Landover, MD 20785
*Counsel for Plaintiffs*

4

WO 723512.7