IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MARLIN GODFREY, et al.,** | * | |
| **Plaintiffs,** | * | |
| | | Civil Action No. 05-2044 |
| vs. | * | |
| | | (ESH) (DAR) |
| | * | |
| **ALLEN IVERSON, et al.** | | |
| | * | |
| **Defendants.** | | |
| | * | |

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE MOTION OF CURTIS JACKSON, III, P/K/A 50 CENT, TO QUASH SUBPOENA**

Comes now, the plaintiffs, by and through counsel, and hereby file their opposition to the Motion to Quash Subpoena filed on behalf of Curtis Jackson, III, P/K/A "50 Cent." Counsel for Mr. Jackson posits that personal jurisdiction over Mr. Jackson is lacking, the subpoena requires Mr. Jackson to travel significantly over one hundred miles, and service of the subpoena was done improperly and in violation of the Court's rules.

None of the objections raised, however, as will be shown below, have any merit at all.

### Argument

F.R.C.P. 45(b) provides in relevant part:

(1) A subpoena may be served by any person who is not a party and is not less than 18 years of age . . .

(2) subject to the provisions of clause (ii) of subparagraph (c)(3)(A0 of this rule, a subpoena may be served at any place within the district of the court by which it is issued, or at any place without the District that is within 100 miles of the place of the deposition, hearing, trial, production , or . .

Mr. Jackson was served at the County Administration Building in Upper Marlboro, Maryland on May 14, 2007. He was at the location on that date to provide a deposition in a lawsuit currently

pending in the Circuit Court for Prince George's County in which he is a named defendant. *Kwasi Jones v. Jayceon Taylor, et al.*, Case No. CAL05-08517.

Clearly, Mr. Jackson was served in accord with the Federal Rules of Civil Procedure inasmuch as Upper Marlboro, Maryland is within 100 miles of the place of trial and the person who served him was not party to this proceeding and is over the age of 18 . Exhibit 1.

Nonetheless, Mr. Jackson contends that nonresident parties, witness, attorneys and others are immune from service of process or subpoena while in the forum to participate in judicial proceedings. Mot. Mem. at 3. In support of this position, Mr. Jackson cites to *Stewart v. Ramsey*, 242 U.S. 128, 130 (1916) and *Schwarz v. Thomas*, 222 F.2d 305, 306-07 (D.C. Cir. 1995). Neither of these cases, however, stand for the proposition advanced by Mr. Jackson. In both these cases it is significant that the person served was involved in a trial. And when that is the case, the general rule is that

> witnesses, suitors, and their attorneys, while in attendance in connection with the conduct of one suit are immune from service of process in another, is founded, not upon the convenience of the individuals, but of the court itself.

*Lamb v. Schmidt*, 285 U.S. 222, 225 (1932). In further explaining this immunity, the Supreme Court reasoned thusly:

> It follows that the privilege should not be enlarged beyond the reason upon which it is founded, and that it should be extended or withheld only as judicial necessities require . . . Limitations of it on this basis have been not infrequently made because the attendance upon the trial of a cause, however vital to the personal interests of those concerned, was not for the purpose of facilitating the progress of the cause . . . or because the service was made on **one whose attendance was not voluntary**, and hence had no tendency to interfere with judicial administration. [Citation omitted.]

*Id.* at 225-226. See also *Greene v. Weatherington*, 301 F.2d 565, 567 (D.C. Cir. 1962).

Thus, even if the privilege applied in this case even though no trial was taking place, Mr.

Jackson would still not be entitled to its shield because his appearance in Maryland for the taking of his deposition was not voluntary "and hence had no tendency to interfere with judicial administration." *Greene*, *supra* at 567. The fact that Mr. Jackson's appearance for his deposition was not voluntary is admitted by his counsel in his pleading, "Plaintiff's counsel Ms. Moran was only able to serve Mr. Jackson, **because he was compelled to be within one hundred miles of the forum** to attend his deposition in another matter." Mot. Mem. at 5.

Mr. Jackson next avers that this Court has no personal jurisdiction over him. However, as noted earlier, Mr. Jackson was properly served with a subpoena by an individual over the age of 18 and within 100 miles of the location of the trial of this matter. Therefore, there is no question that this Court has personal jurisdiction over Mr. Jackson.

F.R.C.P. 45(c)(3)(A)(ii) does in fact provide that a Court shall quash or modify the subpoena if it requires a party to travel more than 100 miles from the place where a person resides, is employed or regularly transacts business in person. First of all, Mr. Jackson has admitted that he regularly conducts business in Maryland and he has affirmed this fact by his consent to the jurisdiction of the Circuit Court of Prince George's County in Case No. CAL05-08517.

Even more significantly, however, is the fact that 1) Mr. Jackson completely failed to comply with LCvR 7(m) prior to filing this motion and 2) prior to filing this opposition, plaintiffs' counsel telephoned Mr. Jackson's counsel, Jacqueline E. Bennett, and specifically informed her that plaintiffs were willing to have Mr. Jackson testify via a de bene esse deposition in Connecticut where he lives or New York where his offices are located. Ms. Bennett flat out rejected that proposal and advised counsel that Mr. Jackson was not going to testify in this case. She said this even though plaintiffs' counsel explained that it had come to their attention that Mr. Jackson had relevant and material

information pertinent to plaintiffs' claim of negligent supervision and vicarious liability.

In sum, no basis exists for the Court to quash plaintiffs' subpoena to Mr. Jackson inasmuch as plaintiffs stand ready to accommodate Mr. Jackson so as to alleviate any travel burden that he may have.

Mr. Jackson next complains that service of the subpoena was invalid. There is absolutely nothing that was invalid about the service of the subpoena on Mr. Jackson. The plaintiffs meticulously complied with F.R.C.P. 45 in serving the subpoena upon Mr. Jackson. Without any basis upon which to challenge service of the subpoena under the Federal Rules of Civil Procedure, Mr. Jackson seeks refuge within the contours of Md. Code Ann., Cts. & Jud. Proc. § 6-305(a). In doing so, Mr. Jackson does not even attempt to explain how a state statute dealing with service of process in the State Courts of Maryland, has any affect on judicial process in the federal courts of the United States and particularly, the United States District Court for the District of Columbia. Without question, service of a federal court subpoena is governed by the Federal Rules of Civil Procedure, F.R.C.P. 1, not the laws of the State of Maryland.

Wherefore, for the reasons stated herein and in the record of this proceeding and because the subpoena served upon Mr. Jackson was in full compliance with the federal rules and because the plaintiffs have offered to relieve Mr. Jackson form any burden that he may have in complying with plaintiffs' subpoena, it is respectfully submitted that the motion to quash should be denied.

Respectfully submitted,
Gregory L. Lattimer, [371926]
1100 H Street, N.W.
Suite 920
Washington, D.C.  20005
(202) 638-0095

Stephanie D. Moran, [471555]
E. Gregory Watson
Watson & Moran, LLC
8401 Corporate Drive
Suite 110
Landover, MD 20785
(301) 429-0505