**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| MARLIN GODFREY, *et al.*, | * |
| Plaintiffs, | * |
| v. | *  Civil Action No. 05-2044 (ESH) |
| ALLEN IVERSON, *et al.*, | * |
| Defendants. | * |

**DEFENDANTS' PROPOSED NON-STANDARD JURY INSTRUCTIONS**

Defendants submit that the following non-standard jury instructions to ensure a fair and impartial judgment based solely on the facts and evidence presented at trial:

**I.    General Instructions**

Defendants' Request No. 1

*Juror Attentiveness*

Before you begin your deliberations, you will be instructed on the law. You must pay close attention.

Until now you have faithfully discharged your duty to listen carefully and observe each witness who testified. Your interest never flagged, and you have followed the testimony with close attention.

You must now pay the same close attention as you are instructed on the law.

Defendants' Request No. 2

*Juror Oath*

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. You must do this to reach a just and true verdict in this matter.

Defendants' Request No. 3

*Sympathy*

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

Defendants' Request No. 4

*Publicity—Preliminary Statement*

There may be some newspaper attention given to this case, or there may be some talk about it on the radio or television. If there is that kind of media attention during the trial, you must insulate yourselves from all information about this case, except what comes to you in this courtroom through the rules of evidence. So, when you leave here and go to your home and pick

up the paper, if you see something about the case, you must put the paper down right away. Do not read the article.

You must avoid listening to or watching any radio or television discussing the case. If you encounter such publicity about the case, you should bring it to the attention of the Court.

## II. Sufficiency of Evidence Instructions

Defendants' Request No. 5

*Burden of Proof—Preponderance of the Evidence*

The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish his claim by a preponderance of the evidence, you must decide against him on the issue you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side is right—then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence—he must prove the

element at issue by a preponderance of the evidence.

**Authority**:     *Metropolitan Stevedore Co. v. Rambo*, 521 U.S. 121, 137 n.9 (1997).

Defendants' Request No. 6

*What Is and Is Not Evidence*

The evidence in this case is the sworn testimony of the witnesses; the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the question of a lawyer is not to be considered by you as evidence.  It is the witnesses' answers that are evidence, not the questions.  At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true.  If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's questions.

The famous example of this is the lawyer's question of a married witness:  "When did you stop beating your wife?"  You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict.  Also, if certain testimony was received for a limited purpose— such as for the purpose of assessing a witness' credibility—you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses.  What they have said to you in their opening statements and in their summations is intended to help you

understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

Exhibits which have been marked for identification may not be considered by you as evidence until and unless they have been received in evidence by the court.

To constitute evidence, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

**Authority**:   *In re Estate of Bonham*, 817 A.2d 192, 195 n.5 (D.C. 2003); *Rink v. United States*, 388 A.2d 52, 58 (D.C. 1978).

Defendants' Request No. 7

*Bias*

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony. In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care and subject it to close and searching scrutiny.

**Authority**:   *Clayborne v. United States*, 751 A.2d 956, 962 (D.C. 2000).

**III.     Deliberation and Verdict Instructions**

Defendants' Request No. 8

*Duty To Deliberate/Unanimous Verdict*

You will now return to decide the case. In order to prevail, the plaintiffs must sustain their burden of proof as explained to you with respect to each element of the complaint. If you find that the plaintiffs failed to sustain the burden on any element of the claim, you should return a verdict against them. (Similarly, if you find that the defendants sustained their burden with respect to any element of their affirmative defense, you must return a verdict against the plaintiffs on that claim.)

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

**Authority**:    *Lohrenz v. Donnelly*, 350 F.3d 1272, 1286 (D.C. Cir. 2003); *Segar v. Smith*, 738 F.2d 1249, 1298 (D.C. Cir. 1989).

Defendants' Request No. 9

*Right to See Exhibits and Hear Testimony: Communications With Court*

You are about to go into the jury room and begin your deliberations. If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room. If you want any of the testimony read back to you, you may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

Your requests for exhibits or testimony—in fact any communication with the court—should be made to me in writing, signed by your foreperson, and given to one of the marshals. In any event, do not tell the Court or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

**Authority**: *United States v. Holton*, 116 F.3d 1536, 1542 (D.C. Cir. 1997).

Defendants' Request No. 10

*General Verdict Form*

A general verdict form has been prepared for you to use in recording your decision. On the form, there are spaces to indicate your verdict on each of the plaintiff's claims against the defendants (and each of the defendant's affirmative defenses against the plaintiffs). Remember, each verdict must (be unanimous and must) reflect the conscientious judgment of each juror. You should return a verdict on each claim.

7

Defendants' Request No. 11

*Return of Verdict*

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

### IV.  **Assault and Battery Instructions**

*Defendants rely on the District of Columbia standard jury instructions for assault and battery instructions as set forth in the Joint Pretrial Statement.

### V.  **Civil Conspiracy Instructions**

Defendants' Request No. 12

*Civil Conspiracy - Elements*

To establish the elements of civil conspiracy, a plaintiff must show: (1) an agreement between two or more persons; (2) to participate in an unlawful act, or in a lawful act in an unlawful manner; and (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement pursuant to, and in furtherance of, the common scheme.

**Authority:**   *Griva v. Davison,* 637 A.2d 830, 848 (D.C. 1994) (citing *Halberstam v. Welch*, 705 F.2d 472, 477 (D.C. Cir. 1983)).

Defendants' Request No. 13

*Agreement to Commit an Unlawful Act*

Civil conspiracy depends on the performance of some underlying tortious act. It is thus not an independent action; it is, rather, a means for establishing vicarious liability for the underlying tort. It is thus not independently actionable; rather, it is a means for establishing vicarious liability for the underlying tort, and when a plaintiff cannot prove beyond a

8

preponderance of the evidence that (1) an underlying tort occurred and (2) there was an agreement between the parties to commit that tort, the plaintiffs cannot prove the existence of a civil conspiracy.

**Authority**:   *Halberstam v. Welch*, 705 F.2d 472, 480 (D.C. Cir. 1983).

### VI.   Intentional Infliction of Emotional Distress

Defendants' Request No. 14

*Intentional Infliction of Emotional Distress*– Elements

To establish infliction of emotional distress, "a plaintiff must show (1) extreme and outrageous conduct on the part of the defendant which (2) either intentionally or recklessly (3) causes the plaintiff severe emotional distress. The ultimate question is whether the facts would arouse the resentment of an average member of the community against the actor.

**Authority**:   *Darrow v. Dillingham & Murphy, LLP*, 902 A.2d 135, 139 (D.C. 2006).

Defendants' Request No. 15

*Extreme and Outrageous Conduct*

For a plaintiff to prevail on the claim for outrageous conduct, Plaintiff must establish by the preponderance of the evidence four elements. These elements are:  (1) that Defendants conduct was atrocious, intolerable and so extreme and outrageous as to exceed the bounds of decency; (2) that Defendants acted with the intent to inflict emotional distress or acted recklessly when it was certain or substantially certain emotional distress would result from the conduct; (3) that the actions of Defendants caused Plaintiff to suffer emotional distress; and (4) that the emotional distress suffered by Plaintiff was so severe that no reasonable person could be expected to endure it.  It is not enough that the plaintiffs' distress or embarrassment resulted from the mere fact of their involvement in the Eye Bar altercation. Instead, the plaintiffs may

only recover if the manner in which defendants acted during the Eye Bar altercation was extreme and outrageous.

After considering all the evidence, you may conclude that Plaintiff has not proved any one or more of these elements by preponderance of the evidence. If you determine that any element of Plaintiff's claim for intentional inflection of the emotional distress has not been proven against Defendants, then Defendants are not liable. Your verdict would then be against Plaintiff and in favor of Defendants.

**Authority:** *Smith v. District of Columbia*, 882 A.2d 778, 794 (D.C. 2005).

Defendants' Request No. 16

*Intentional Infliction*

You must decide whether Defendants intentionally caused Plaintiff severe emotional distress. "Intentionally" means that Defendants desired to inflict severe emotional distress upon Plaintiff or knew to a certainty or substantial certainty that this distress would result from their actions. If you find that Defendants did not act intentionally you must find in favor or Defendants on the claim of outrageous conduct and intentional infliction of emotional distress.

**Authority:** RESTATEMENT (SECOND) OF TORTS, §§ 46, cmt. i, 500 cmt. a (1977); 4 Stewart M. Speiser. et al.. The American Law of Torts § 16; 13 at *10/30-31* (1987 & supp. 1992).

Defendants' Request No. 17

*Proximate Cause*

A "proximate cause" of an injury is a cause which is a substantial factor in bringing about the injury. When a cause is a "substantial factor," that means the defendants' conduct must have had such an effect in producing the harm, so that a reasonable person would regard the conduct as a cause of the harm. If the plaintiffs would have sustained the same injury even if the

10

defendants' conduct had not been intentional, extreme and outrageous, then the defendant's conduct is not a substantial factor in causing the harm.

**Authority:**   *Butts v. United States*, 822 A.2d 407, 417 (D.C. 2003).

## VII.   <u>Negligent Infliction of Emotional Distress</u>

<u>Defendants' Request No. 18</u>

*Negligent Infliction of Emotional Distress – Elements*

To establish negligent infliction of emotional distress, the plaintiff must prove all of the following: (1) The defendant was negligent; (2) The negligence, if any, caused an emotional injury to the plaintiff; and (3) The emotional injury to the plaintiff was serious or severe.

**Authority:**   *Jane W. v. President and Directors of Georgetown College*, 863 A.2d 821, 826-27 (D.C. 2004).

<u>Defendants' Request No. 19</u>

*Negligence*

To prove negligence, the plaintiffs must prove that defendants had a duty of ordinary care to plaintiffs; that defendants breached that duty of care; and that defendants' breach of their duty was the proximate cause of plaintiffs' cognizable injury.

To exercise ordinary care means to use the same caution, attention or skill that a reasonable person would use under similar circumstances. It is negligent to do something that a person using ordinary care would not do. It is also negligent to fail to do something that a person using ordinary care would do.

A person has the right to assume that others will [obey the law and] exercise reasonable care. A person has the right to assume that others have normal sight, hearing and intelligence, and are exercising ordinary care when using these senses or abilities. This right does not apply,

however, once a person observes, or should reasonably have observed, that the other person(s) either lacks one or more of the normal senses [or abilities], or is not going to [obey the law or] act reasonably. A person is not justified in ignoring obvious danger even though it is created by another's physical condition or misconduct.

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from a preponderance of the evidence that the act or failure to act played a substantial part in bringing about the injury or damage. Moreover, it must be shown that the injury or damage was either a direct result or a reasonably probable consequence of the act or failure to act.

If you find that the defendants were negligent, but that the wrongful or negligent or criminal acts or omissions of a third person also contributed to causing plaintiff's injuries, then you have to decide whether the third person's acts or omissions were not reasonably foreseeable. If under the circumstances a reasonably prudent person would not have reasonably foreseen the third person's acts or omissions and protected against them, then the defendant may not be liable for the plaintiff's injuries.

Moreover, the defendant is not liable for the plaintiffs' injuries if the plaintiffs' own negligence is a proximate cause of their injuries. The same rules you use to decide negligence apply when you decide whether the plaintiffs were negligent.

**Authority:** *Youssef v. 3636 Corp.*, 777 A.2d 787, 792 (D.C. 2001); *District of Columbia v. Brown*, 589 A.2d 384, 388 (D.C. 1991); *Bell v. Jones*, 523 A.2d 982, 997 (D.C. 1986); *Butts v. United States*, 822 A.2d 407, 417 (D.C. 2003); *District of Columbia v. Beretta, U.S.A., Corp.*, 872 A.2d 633, 641 (D.C. 2005).

Defendants' Request No. 20

*Serious or Severe Injury*

A serious or severe emotional injury is one which causes a reasonable person, normally constituted, to be unable to adequately cope with the mental stress arising from the circumstances of the event. The emotional injury must be established by expert medical or scientific proof.

**Authority:**   *Jones v. Howard University, Inc.*, 589 A.2d 419, 424 (D.C. 1991).

**VIII.   Negligent Hiring, Training and Supervision**

Defendants' Request No. 21

*Negligent Hiring, Training and Supervision - Elements*

To establish a negligence hiring claim, in addition to establishing the elements of negligence as previously described in connection with negligent infliction of emotional distress, a plaintiff must show that (1) the employer knew or should have known its employee behaved in a dangerous or incompetent manner; and (2) despite actual or constructive knowledge, the employer failed to adequately supervise the employee.  As with the negligence claim, the plaintiff has failed to plead the essential elements of a negligent hiring claim.  Thus, to establish a claim of negligent hiring, a plaintiff must prove a that defendants had a duty of ordinary care to plaintiffs; that defendants breached that duty of care; that defendants' breach of their duty was the proximate cause of plaintiffs' cognizable injury; that

**Authority:**   *Daisley v. Riggs Bank, N.A.*, 372 F.Supp.2d 61, 79 (D.D.C. 2005) (citing *Giles v. Shell Oil Corp.,* 487 A.2d 610, 613 (D.C.1985)).

## IX. **Damages**

Defendants' Request No. 22

*Consider Damages Only If Necessary*

If the plaintiff has proved by a preponderance of the credible evidence that defendant is liable on the plaintiff's claim, then you must determine the damages to which the plaintiff is entitled.  However, you should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages.  It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to recovery.

Defendants' Request No. 23

*Compensatory Damages*

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the defendant's violation of the plaintiff's rights.  If you find that the defendant is liable on the claims, as I have explained them, then you must award the plaintiff sufficient damages to compensate him or her for any injury proximately caused by the defendant's conduct.

These are known as "compensatory damages."  Compensatory damages seek to make the plaintiff whole—that is, to compensate him or her for the damage suffered.  (*If applicable:* Damages for a breach of contract should place the wronged party in as good a position as that party would have been in if the breaching party had fully performed its obligations under the contract.) (*if applicable:*  Furthermore, compensatory damages are not limited merely to expenses that plaintiff may have borne.  A prevailing plaintiff is entitled to compensatory

damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that he or she has suffered because of a defendant's conduct.)

I remind you that you may award compensatory damages only for injuries that a plaintiff proves were proximately caused by a defendant's allegedly wrongful conduct. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that a plaintiff has actually suffered or which he or she is reasonably likely to suffer in the near future.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a plaintiff to prove the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

**Authority:**   *Croley v. Republican Nat'l Comm.*, 759 A.2d 682, 689 (D.C. 2000).

Defendants' Request No. 24

*Nominal Damages*

If you find, after considering all of the evidence presented, that the defendant violated the plaintiff's rights or breached a duty owed to the plaintiff, but that the plaintiff suffered no injury as a result of this violation or breach, you may award the plaintiff "nominal damages." "Nominal damages" are awarded as recognition that the plaintiff's rights have been violated. You would award nominal damages if you conclude that the only injury that a plaintiff suffered

15

was the deprivation of his constitutional rights, without any resulting physical, emotional or financial damage.

You may also award nominal damages if, upon finding that some injury resulted from a given unlawful act, you find that you are unable to compute monetary damages except by engaging in pure speculation and guessing.

You may not award both nominal and compensatory damages to a plaintiff; either he was measurably injured, in which case you must award compensatory damages, or else he was not, in which case you may award nominal damages.

Nominal damages may not be awarded for more than a token sum.

**Authority:**   *Garcia v. Llerena*, 599 A.2d 1138, 1143 (D.C. 1991).