## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
MARLIN GODFREY, et al.,                 )
                                        )
            Plaintiffs,                 )
                                        )
      v.                                )        Case No. 1:05-CV-2044 (ESH)
                                        )
ALLEN IVERSON, et al.                   )
                                        )
            Defendants.                 )
                                        )
_____)

### REPLY IN SUPPORT OF CURTIS JACKSON III'S MOTION TO QUASH SUBPOENA

      Curtis Jackson III, a non-party appearing by and through special appearance of his undersigned counsel, hereby replies to Plaintiffs' Memorandum of Points and Authorities in Opposition to the Mr. Jackson's Motion to Quash Subpoena ("Opposition").

      1.     Contrary to Plaintiffs' assertions, Mr. Jackson was not served in accordance with the Federal Rules of Civil Procedure.  Although he (a) was served within one-hundred miles of the place of trial and (b) the person who served him is allegedly not a party to this action and is over 18, service was highly improper.  Mr. Jackson was only able to be served because he had come to Maryland to defend himself and give his deposition in a case in which he was sued (by the same attorneys representing the plaintiffs in this case, but which is otherwise unrelated to this case).

      2.     Plaintiffs seemingly contend that a deposition is not a judicial proceeding, as understood by the Supreme Court and the Circuit Court of Appeals for the District of Columbia. Plaintiffs cite to both *Stewart v. Ramsey*, 242 U.S. 128, 130 (1916) and *Schwarz v. Thomas*, 222

F.2d 305, 306-07 (D.C. Cir. 1995) and rely on the fact that the "person served [in both cases] was involved in a trial."

3.    Plaintiffs are misguided.  For the purposes of the privilege for immunity against service, a deposition is considered a judicial proceeding.  *See Celanese Corp. & Fiber Indus., Inc. v. Duplan Corp., et al.,* 502 F.2d 188 (4th Cir. 1974) (finding immunity existed where a foreign witness appeared in South Carolina for a deposition and service was attempted for an action in federal court in Florida); *In re Aluminum Phosphide Antitrust Litig.*, 160 F.R.D. 629, 630 (D. Kan. 1995) ("As a general rule, witnesses attending depositions or hearings in connection with the conduct of one suit are immune from service of process in another suit.").

4.    Plaintiffs further contend that because Mr. Jackson was compelled to attend the deposition in Maryland, he is open to service of process.[1]  Plaintiffs are incorrect in this regard as well.  The District of Columbia Circuit stated, "[w]hether we view [the witness'] appearance as voluntary or involuntary, we think the privilege attached to him."  *Church v. Church*, 270 F. 361, 363 (D.C. Cir. 1921) ("It would border on an abuse of process to force a person to come within the jurisdiction for one purpose, say that he may be prosecuted for a crime, and then subject him to other litigation, for which he could not have been compelled to leave the state of his home."); *Estate of Ungar v. Palestinian Auth.*, 396 F. Supp. 2d 376, 381  (S.D.N.Y. 2005) (citing *Church*, among other cases, for the proposition that immunity exists regardless of whether the witness' attendance was voluntary or compelled); *see also* M*cDonnell v. American Leduc Petroleums, Ltd.,* 456 F.2d 1170, 1179 (2d Cir. 1972) ("Federal courts have held that immunity

---

[1]    Plaintiffs do not dispute that Plaintiffs' counsel, Ms. Moran, used her knowledge of a separate Maryland state proceeding to arrange for service of the subpoena by informing the process server of the date, time, and location of Mr. Jackson's deposition and by assisting the process server in gaining access to a non-public area of the building.

from service is granted to witnesses whose appearance is compelled as well as to those who appear voluntarily."). Furthermore, the privilege historically applied "to those who came involuntarily" into the jurisdiction, "in response to subpoenas," not those who appeared voluntarily. *United States v. Conley*, 80 F. Supp. 700, 701 (D. Mass. 1948) ("And even today immunity from civil process is often accorded to defendants and witnesses appearing in civil cases in response to subpoenas.") (citing to Wigmore, Evidence, (3d Ed.) § 2195g). As such, Plaintiffs' contention that Mr. Jackson is "not entitled to" the protection of immunity from service of process is inaccurate. Despite Mr. Jackson's attendance and service in the State of Maryland, he only appeared in the jurisdiction due to a judicial proceeding, and thus is immune from service in a completely unrelated action.

5.     Mr. Jackson's contacts, as referenced by Plaintiffs' counsel, consist of a deposition and his participation as a defendant in an unrelated civil action in Prince George's County, Maryland.[2] Neither of these actions demonstrates that Mr. Jackson's consented to personal jurisdiction by this Court for this action or any court within the District of Columbia.

6.     Finally, Plaintiffs' counsel attempts to mislead this Court by stating that Mr. Jackson "completely failed to comply with LCvR 7(m) prior to filing this motion. On the contrary, Mr. Jackson's counsel had a discussion with one of Plaintiffs' attorneys, Ms. Stephanie Moran, during a deposition on May 20, 2007, regarding the appropriateness of this subpoena.

7.     As demonstrated by the declaration attached to Mr. Jackson's Motion to Quash, Mr. Jackson is a resident of the State of Connecticut, and he does not have a place of residence

---

[2]     Contrary to Plaintiffs' suggestions, Mr. Jackson does not regularly conduct business in Maryland in person, as required by Fed. R. Civ. P. 45(c)(3)(A)(ii). Plaintiff further admits that the other provisions of this Rule do not apply to Mr. Jackson as he resides in Connecticut and maintains an office in New York.

or business within 100 miles of the District of Columbia.  Even if service of the subpoena were otherwise proper, the subpoena should be quashed due to the undue burden it imposes on this non-resident, non-party individual.[3]

WHEREFORE, for the foregoing reasons, Mr. Jackson respectfully requests that this Court enter an Order quashing Plaintiffs' subpoena in its entirety.  Mr. Jackson further requests that this Court award him his fees and costs for this Motion.

Respectfully submitted,

        /s/ Jacqueline E. Bennett
Jacqueline E. Bennett, Esq. (474355)
Reed Smith LLP
Suite 1100 – East Tower
1301 K Street, N.W.
Washington, DC  20005
(202) 414-9200
(202) 414-9299 (facsimile)

Counsel for Curtis Jackson III

Dated: June 12, 2007

---

[3]    Plaintiffs contend without explanation that Mr. Jackson has "relevant" knowledge, yet even if true that would not change the outcome of this Motion to Quash.  Further, based upon a review of the defendants' recently filed Motion in Limine and the parties' recently filed Joint Pretrial Statement, it appears that any testimony by Mr. Jackson would be properly excluded as irrelevant and because he was not identified as a potential witness during discovery in this matter.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 12 day of June 2007, I caused a copy of the foregoing

Reply in Support of Mr. Jackson's Motion to Quash Subpoena to be sent via electronic filing on

all parties who have appeared in this action.


<u>        /s/ Jacqueline E. Bennett        </u>
Jacqueline E. Bennett