## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MARLIN GODFREY**, *et al.*, | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | **Civil Action No. 05-2044** |
| | : | **(ESH)** |
| **ALLEN IVERSON**, *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

### ORDER

Before the Court is Curtis Jackson's motion to quash plaintiffs' subpoena requiring him to appear to testify at trial. Jackson, a Connecticut resident who is not a party to this suit, traveled to Maryland to testify at a deposition in a civil action, filed in the Circuit Court for Prince George's County, in which he is a defendant. While at the deposition, he was served with the subpoena to testify in this unrelated matter. Because Jackson is not subject to the subpoena power of this Court under Fed. R. Civ. P. 45, his motion is granted.

Although Jackson was served within 100 miles of this district, as required by Rule 45, he argues that he is immune from service while he was compelled to attend his deposition. Jackson is correct that "[a]s a general rule, witnesses attending depositions or hearings in connection with the conduct of one suit are immune from service of process in another suit."[1] *In re Aluminum*

---

[1] Plaintiffs argue that because Jackson's appearance at the Maryland deposition was involuntary, he was not immune to service of process. (Pl.'s Opp. at 2.) However, the D.C. Circuit has held that this immunity applies to non-resident witnesses regardless of whether their appearance at a judicial proceeding is voluntary or involuntary. *See Church v. Church*, 270 F. 361, 362 (D.C. Cir. 1920) (noting that the immunity "is the same whether [the witness] came of his own volition or was coerced."). *But see Greene v. Weatherington*, 301 F.2d 565 (D.C. Cir. 1962) (finding no immunity existed for a non-resident defendant *held in custody* when service

*Phosphide Antitrust Litig.*, 160 F.R.D. 629, 630 (D. Kan. 1995); *see also Stewart v. Ramsey*, 242

U.S. 128, 129 (1916) (holding that non-resident plaintiffs and witnesses are immune from service

of process "while in attendance upon court[] and during a reasonable time in coming and going");

*Schwartz v. Thomas* 222 F.2d 305, 306-07 (D.C. Cir. 1955) (finding that a non-resident witness or

non-resident party litigant is exempt from service of process while attending a trial); *Celanese*

*Corp. & Fiber Indus., Inc. v. Duplan Corp. et al.*, 502 F.2d 188, 189-90 (4th Cir. 1974) (finding

that service of a subpoena on a foreign non-party witness in South Carolina to give a deposition in

an unrelated action in Florida was invalid); James Wm. Moore, *et al.*, *Moore's Federal Practice -*

*- Civil* § 4.59[2] (3d ed. 1998) ("[W]itnesses who appear before a court or for some other judicial

proceeding -- such as a deposition -- are immune from service of process, provided that the matter

for which they appear is unrelated to the case for which service is sought.").

  Moreover, Jackson is not subject to the Court's subpoena power under Rule 45, which

provides that a court shall quash or modify a subpoena if it "requires a person who is not a party

or an officer of a party to travel to a place more than 100 miles from the place where that person

resides, is employed or regularly transacts business in person . . . ." Fed. R. Civ. P.

45(c)(3)(A)(ii). It is undisputed that Jackson does not reside within 100 miles of Washington, and

while plaintiffs contend that he regularly conducts business in Maryland (Pl.'s Opp'n at 3), they

offer *no* support for this assertion. To the contrary, Jackson has declared that he does not have a

place of business within 100 miles of Washington. (Jackson Decl. ¶ 3.) Plaintiffs suggest that

Jackson's participation as a defendant in a civil action in Prince George's County "affirms" that

he "regularly conducts business in Maryland." (Pl.'s Opp. at 3.) This argument is frivolous, since

---

was sought for a *related* action).

such limited activity is not sufficient for purposes of Rule 45.  *See, e.g.*, *Regents of Univ. of Cal. v. Kohne*, 166 F.R.D. 463, 464-65 (S.D. Cal. 1996) (holding that "'regularly transacts business in person' means just what it says," and ten trips in seven years was insufficient under Rule 45).

Accordingly, Jackson's Motion to Quash [Dkt. # 64] is **GRANTED**, but his request for fees and costs will be denied.

_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge

Date:   June 15, 2007