UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARLIN GODFREY, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 05-2044 |
| ) | (ESH) |
| ALLEN IVERSON, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

### PRETRIAL ORDER

Based on the Pretrial Conference held on June 19, 2007, and for the reasons stated in open court, it is hereby **ORDERED** that:

1.  Plaintiffs take the position that defendant Allen Iverson is directly liable for the torts of assault and battery; intentional infliction of emotional distress; and negligent infliction of emotional distress, and that he is also vicariously liable for any torts committed by defendant Jason Kane. Plaintiffs claim that Kane is directly liable for assault and battery, intentional infliction of emotional distress, and negligent infliction of emotional distress. Plaintiffs further claim in Count IV that Iverson is liable for negligently retaining and/or supervising defendant Kane, and for negligently supervising third-party "independent-contractor" Terrance Williams. They also claim in Count V that Iverson, Kane and others were involved in a civil conspiracy to injure plaintiffs. According to the defendants, only Terrance Williams raises a defense of self-defense.

2.  Plaintiffs' witnesses in their case-in-chief will be limited to the following:

    a.  Anthony Kittrell

    b.    Marlin Godfrey

    c.    Curtis Fitzgerald

    d.    Andre DeMoya

    e.    Sean Studevant

    f.    either Rose Kittrell or Andrea Kittrell, but not both

    g.    Dr. Perry Alexion

    h.    Dr. Raymond Carnegie

    i.    Dr. Jae S. Chung

    j.    Jamal Daniels (live or by deposition if he is unavailable)

    k.    Saul Simington (by deposition)

3. The Court reserves ruling on whether plaintiffs' proffered witnesses (Daryl Cooper, Arthur Simmons, Robin Isman, and Priest Brown) may testify about the incident at Crabber's Restaurant on July 10, 2005. Plaintiff must produce these witnesses for questioning outside of the presence of the jury on Wednesday morning (June 27, 2007) to determine the admissibility of their testimony.

4. Defendants' witnesses in their case will be limited to the following:

    a.    Allen Iverson

    b.    Jason Kane

    c.    Terrance Williams

    d.    Terra Barrow

    e.    Nikeith Goins

    f.    Gregory Iverson

   g. Mike Persons

   h. Jason McCree

5. Either party may call in its case a witness identified in paragraphs 2 or 4.

6. Plaintiffs must file on ECF, with a courtesy copy to chambers, page and line designations of all deposition testimony that they intend to introduce in their case-in-chief by noon on June 21, 2007, including but not limited to all proposed designations from the depositions of Alan Iverson, Jason Kane, Jamal Daniels, Terra Barrows, and Saul Simington.  Defendants shall file their counter-designations and objections to plaintiffs' designations by noon on June 22, 2007, and must include with their filing the portions of the deposition transcripts as to which they object. Plaintiffs shall file any objections to defendants' counter-designations by noon on June 25, 2007, and must include with their filing the portions of the deposition transcripts as to which they object.

7. <u>Plaintiffs' Exhibits</u>: Plaintiffs' Exhibit 5, the medical records of Marlin Godfrey, will be admitted.  Plaintiffs may introduce *either* Exhibit 1, the photographs of Mr. Godfrey, or Exhibit 3, the television news segment (without any audio), but not both.  Defendants' objection to Exhibit 2, photographs of Mr. Kane taken in Virginia on July 11, 2005, is sustained, and the exhibit will not be admitted at trial.  The Court has reviewed plaintiffs' Exhibit 4 (the *Punk'd* video) and based on the excerpt provided, it sustains defendants' objection, since the video is not probative of any issue in the case.

8. <u>Defendants' Exhibits</u>: Defendants' Exhibits 2 through 8 are admitted.  Plaintiffs' objection to Exhibit 1, the eyewitness statement of Nicole Wickliffe, is sustained.

9. Defendants' Motion *in Limine* [Dkt. # 65] is granted in part as follows:

   a. Plaintiffs are prohibited from introducing testimony or evidence that refers

       to "the Four Horsemen," "Dynasty Raiders," or "Cruthik," or any evidence relating to gangs or groups that defendants allegedly are or were members of, or the reputation or violent propensities of such groups.

   b.   Plaintiffs are prohibited from introducing testimony or evidence relating to any of defendant Iverson's tattoos.

   c.   The Court will reserve ruling with respect to the use of defendant Kane's criminal record.

   d.   Defendants' Motion *in Limine* is denied to the extent that expert testimony is not required for plaintiffs to establish their claims of negligent supervision, emotional distress, loss of business revenue, and causation of medical conditions. Plaintiff Godfrey's medical witnesses may testify about causation and prognosis if plaintiff lays a proper foundation to establish that those opinions were formed during the course of their treatment of Godfrey's injuries.

   e.   The Court is reserving ruling on the incident at Crabber's Restaurant in Virginia on July 10, 2005 (*see* ¶ 3 *supra*).

   f.   Counsel for plaintiff Kittrell represents that he will not claim that he suffers from diverticulosis as a result of the incident at the Eye Bar, so the Court need not address defendants' objection to that testimony.

10. Plaintiffs shall have a total of thirty (30) minutes for their opening arguments; defendants shall have a total of forty-five (45) minutes for their opening arguments.

11. Each side shall provide a binder containing all of their exhibits for each juror, the

Court, its law clerk, and opposing counsel. Each side shall also provide an exhibit list to the Courtroom Deputy.

     12.    Plaintiffs shall make arrangements for any video equipment that they will need to present their video exhibits to the jury.

     **SO ORDERED.**

                                 /s/
                           ELLEN SEGAL HUVELLE
                           United States District Judge

Date:   June 20, 2007