IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARLIN GODFREY, *et al.*, | * |
| Plaintiffs, | * |
| v. | *   Civil Action No. 05-2044 (ESH) |
| ALLEN IVERSON, *et al.*, | * |
| Defendants. | * |

### DEFENDANTS' SUPPLEMENTAL JOINT PRETRIAL STATEMENT

Defendants Allen Iverson and Jason Kane, by and through their undersigned counsel, and pursuant to the Court's June 20, 2007 Order, hereby submit objections to Plaintiffs' deposition designations and cross-designates portions of depositions (where possible) and in support thereof, states as follows:

### I.      Objections to Plaintiffs' Designations

Defendants object to Plaintiffs' deposition designations for the testimony identified below.

### A.    Saul Simington

Plaintiffs designated the following deposition testimony for the above-referenced deponent:

> p. 6, line 9 through p. 12 line 16
> p. 13, line 2 through p.26, line 6
> p.29, line 14 through p. 31, line 9
> p. 31, line 20 through p. 37, line 7
> Deposition Exhibit #11.

Defendants object to the Plaintiffs' designations above as follows:

*Defendants object generally to this witness as Plaintiffs have not laid a proper foundation that he can identify either Plaintiff Godfrey or Defendants Iverson and Kane in this matter. Defendants also object to these designations to the extent the witness is characterizing individuals, other than Defendant Kane, as "bodyguards" without first hand knowledge or the proper foundation to make such a characterization. Defendants also object to the identification of exhibit 11 as Plaintiffs failed to include this document on its exhibit list and its contents are hearsay.*

Defendants also object to:

> 8:2 – 8:4
> *Objection. Ambiguous question. Plaintiffs fail to identify the particular point of time to which the witness answered. We cannot tell if she is discussing Defendant Iverson's arrival at the bar or his arrival at the VIP section.*
>
> 14:1 – 14:14
> *Objection. Leading and narrative question.*
>
> 14:15 - 14:22
> *Objection. Asked and answered.*
>
> 15:9 – 15:20
> *Objection. Leading, narrative and ambiguous questions*
>
> 16:21 – 17:2
> *Objection. Assumes facts not in evidence, mischaracterizes and leading*
>
> 18:7 – 19:6
> *Objection. Assumes facts not in evidence; and question seeks a narrative response*
>
> 19:22 – 20:14
> *Objection. Compound question and narrative question and assumes facts not in evidence*

> 23:4 – 29:12
> *Objection as to relevancy; assumes facts not in evidence; prejudice and improper character – these designations involving questioning on pictures the Court has ruled inadmissible.*
>
> 29:14 – 30:19 (and cited exhibit 11)
> *Objection on the basis of hearsay; prejudice- testimony about an inadmissible hearsay affidavit about which defendants cannot now cross examine the witness due to his death is improper.*

### **B.** **Jamal Daniels**

Plaintiffs designated the following deposition testimony for the above-referenced deponent:

> p. 5, line 9 through p. 6, line 7
> p. 11, line 11 through p. 12, line 2
> p. 22, line 18 through p. 45, line 22
> p. 47, line 7 through p. 47, line 11
> p. 48, line 2 through p. 49, line 12
> p. 79, line 3 through p. 100, line 5
> p. 108, line 2 through p. 112, line 20
> p. 124, line 14 through p. 129, line 2

Defendants object to the Plaintiffs' designations above as follows:

*Defendants object generally to this witness's testimony as Plaintiffs have not laid a proper foundation that he can identify either Plaintiffs or Defendants in this matter. Defendants also object to these designations to the extent the witness is characterizing individuals, other than Defendant Kane, as "bodyguards" or "security" without first hand knowledge or the proper foundation to make such a characterization.*

Defendants also object to:

> 36:1 – 36:14
> *Objection. Question calls for speculation and assumes facts not in evidence as Mr. Daniels lacks knowledge that any of these individuals were security personnel employed by Mr. Iverson.*

3

42:5 – 42:20
*Objection. Question calls for speculation and assumes facts not in evidence as Mr. Daniels lacks knowledge that any of these individuals were security personnel employed by Mr. Iverson.*

44:1 – 44:7
*Objection. Mr. Daniels' deposition testimony is inadmissible pursuant to this Court's order prohibiting testimony relating to other alleged incidents of misconduct, including the television show Punk'd.*

44:22 – 45:22
*Objection. Hearsay and testimony is inadmissible pursuant to this Court's order prohibiting testimony relating to other alleged incidents of misconduct, including testimony regarding the Four Horsemen.*

48:2 – 49:12
*Objection on the basis of misleading. Rule of completeness requires designation of line 13 must be added, in which Mr. Daniels' states: "I don't know if that's Jason Kane".*

48:2 – 49:12
*Objection. Mr. Daniels' deposition testimony is inadmissible pursuant to this Court's order prohibiting testimony relating to other alleged incidents of misconduct, including the television show Punk'd.*

82:16 - 82:18
*Objection, leading questions*

87:12 - 87:15
*Objection, leading questions*

82:19 – 84:10
*Objection speculation and assumes facts not in evidence.*

84:19 - 85:20
*Objection. Question calls for speculation and assumes facts not in evidence as Mr. Daniels lacks knowledge that any of these individuals were security personnel employed by Mr. Iverson.*

88:8 – 89:1
*This portion of Mr. Daniels' deposition testimony is inadmissible pursuant to this Court's order governing defendants' motion in limine. Pursuant to this order, plaintiffs are prohibited from*

4

*introducing testimony and evidence relating to other alleged incidents of misconduct, including the television show Punk'd.*

91:11 – 92:8
*Objection. Mr. Daniels' deposition testimony is inadmissible pursuant to this Court's order prohibiting testimony relating to other alleged incidents of misconduct, including the television show Punk'd.*

94:5 – 94:13
*Objection. Mr. Daniels' deposition testimony is inadmissible pursuant to this Court's order prohibiting testimony relating to other alleged incidents of misconduct, including the television show Punk'd.*

97:13 – 97:17
*Objection inadmissible character evidence.*

98:18 – 99:7
*Objection hearsay*

99:21 -100:5:
*Objection hearsay*

108:2 – 109:3
*Objection. Mr. Daniels' deposition testimony is inadmissible pursuant to this Court's order prohibiting testimony relating to other alleged incidents of misconduct, including the television show Punk'd.*

109:4 – 112:9
*Objection, leading questions.*

109:18 – 109:20
*Objection, leading questions.*

124:14 - 129:2
*Objection. Mr. Daniels' deposition testimony is inadmissible pursuant to this Court's order prohibiting testimony relating to other alleged incidents of misconduct, including the television show Punk'd.*

5

**C.** **Terra Barrow**

Plaintiffs designated the following deposition testimony for the above-referenced deponent:

>p. 7, line 19 through p. 7, line 24
>p. 8, line 8 through p. 8, line 23
>p. 13, line 24 through p. 14, line 12
>p. 14, line 22 through p. 14, line 23
>p. 15, line 18 through p. 16, line 9
>p. 18 lines 8 through p.18, line 24
>p. 19, line 1 through p. 19, line 4
>p. 19, line 13 through page 19, line 18
>p. 21, lines 16 through p. 21, line 20
>p. 23, line 15 through p. 24, line 8
>p.26, line 7 through p. 79, line 17

Defendants object to:

>26:2 – 40:18
>*Objection. Based on relevancy to the claims and defenses of this matter. Testimony discusses a relationship between Mr. Williams and the witnesses, how they met, and Mr. Williams' work history unrelated to Defendant Iverson, Kane or the Eye Bar fight. To the extent the relationship is relevant; Defendants will consider stipulating to Mr. Williams and Ms. Barrow's relationship.*

>48:2 – 49:13
>*Objection based on relevancy to the claims and defenses of this matter. Testimony discusses a relationship between Mr. Williams and the witnesses, how they met, and Mr. Williams' work history unrelated to Defendant Iverson, Kane or the Eye Bar fight. To the extent the relationship is relevant; Defendants will consider stipulating to Mr. Williams and Ms. Barrow's relationship.*

>65:3 – 66:22
>*Objection based on relevancy to the claims and defenses of this matter. Testimony discusses a relationship between Mr. Williams and the witnesses, how they met, and Mr. Williams' work history unrelated to Defendant Iverson, Kane or the Eye Bar fight. To the extent the relationship is relevant; Defendants will consider stipulating to Mr. Williams and Ms. Barrow's relationship.*

>70:1 - 79:17

*Objection based on relevancy to the claims and defenses of this matter. Testimony discusses a relationship between Mr. Williams and the witnesses, how they met, and Mr. Williams' work history unrelated to Defendant Iverson, Kane or the Eye Bar fight.  To the extent the relationship is relevant; Defendants will consider stipulating to Mr. Williams and Ms. Barrow's relationship.*

18:8 – 18:24
*Objection based on completeness and relevancy.  In order to complete Ms. Barrow's testimony regarding this line of questions, it should start at p. 17, line 11, where Ms. Barrow began discussing what she observed on the night of the subject incident.*


28:5 – 28:17
*Objection calls for speculation.  Ms. Barrow admits she lacks knowledge to definitely state whether Mr. Kane was employed as security on the night that she met him.*

30:5 – 30:21
*Objection based on relevancy.*

31:8 – 35:21
*Objection based on relevancy. This testimony discusses Ms. Barrow's personal and sexual life, which should not be discussed and made public particularly because she is a public figure and a well-respected member of the Philadelphia Police Department and the Philadelphia community as a whole.*

36:23 – 37:2
*Objection- leading mischaracterized question.*

37:3 – 38:8
*Objection- leading mischaracterized question and relevancy*

38:9 – 39:16
*Objection relevancy*

40:15 – 40:18
*Objection relevancy based on this Court's prohibiting from introducing testimony and evidence relating to other alleged incidents of misconduct, including the television show Punk'd.*

41:14 – 41:17
*Objection based on relevancy. This testimony discusses Ms. Barrow's personal and sexual life, which should not be discussed*

*and made public particularly because she is a public figure and a well-respected member of the Philadelphia Police Department and the Philadelphia community as a whole.*

46:3 – 46:14:
*Objection based on relevancy.*

48:14 – 49:13:
*Objection based on relevancy. This testimony discusses Ms. Barrow's personal and sexual life, which should not be discussed and made public particularly because she is a public figure and a well-respected member of the Philadelphia Police Department and the Philadelphia community as a whole.*

49: 21 – 50:13
*Objection- leading mischaracterized question and relevancy*

61:8 - line 61:21
*Objection based on relevancy. This testimony discusses Ms. Barrow's personal and sexual life, which should not be discussed and made public particularly because she is a public figure and a well-respected member of the Philadelphia Police Department and the Philadelphia community as a whole.*

65:24 – 66:18
*Objection based on relevancy.*

70:23 – 71:2
*Objection relevancy based on this Court's prohibiting from introducing testimony and evidence relating to other alleged incidents of misconduct, including references to the Four Horsemen.*

71:3 – 72:8
*Objection based on relevancy.*

74:4 – 74:18
*Objection based on relevancy. This testimony discusses Ms. Barrow's personal and sexual life, which should not be discussed and made public particularly because she is a public figure and a well-respected member of the Philadelphia Police Department and the Philadelphia community as a whole.*

74:19 – 79:17
*Objection based on relevancy.*

**D.** **Jason Kane**

Plaintiffs designated the following deposition testimony for the above-referenced deponent:

> p. 7, line 3 through p. 248, line 11 (excluding those portions addressing the arrest and conviction of Mr. Kane).

*Defendants object to Plaintiffs use of the above referenced deposition to the extent such use is inconsistent with Fed. R. Evid. 402, 403, 404, 802, 805 which, thereby, renders use of the transcript and/or videotape depositions as inadmissible and/or improper under Fed R. Civ. P. 32. Defendant further objects to the cited deposition pages on the grounds of hearsay, assumes facts not in evidence, relevancy, prejudice, inadmissible character evidence and form of question. Defendants also reserve the right to assert additional and more specific objections at trial given Plaintiffs improperly designated the testimony.[1]*

**E.** **Allen Iverson**

Plaintiffs designated the following deposition testimony for the above-referenced deponent:

> p. 11, line 16 through p. 212, line 4 (excluding those portions addressing subjects the Court has deemed inadmissible).

*Defendants object to Plaintiffs use of the above referenced deposition to the extent such use is inconsistent with Fed. R. Evid. 402, 403, 404, 802, 805 which, thereby, renders use of the transcript and/or videotape depositions as inadmissible and/or improper under Fed R. Civ. P. 32. Defendant further objects to the cited deposition pages on the grounds of hearsay, assumes facts not in evidence, relevancy, prejudice, inadmissible character evidence and form of*

---

[1] Contemporaneous with the filing of this supplemental pretrial statement, Defendants have moved to strike Plaintiffs' designations for Defendants' depositions.

*question. Defendants also reserve the right to assert additional and more specific objections at trial given Plaintiffs improperly designated the testimony.*

## II.     Cross Designations

Defendants offer the following cross designations in response to Plaintiffs' designations of deposition testimony:

### A.     Saul Simington

Defendants designate the following portion of the transcript for the above-identified deponent in response to Plaintiffs' designations:

      37:11 – 37:13

### B.     Jamal Daniels

Defendants designate the following portion of the transcript for the above-identified deponent in response to Plaintiffs' designations:

      52:22 – 53:2
      57:3 – 58:17
      61:11 – 61:16
      63:4 – 63:7
      64:6 – 64:8
      67:3 – 67:19
      72:17 – 72:22
      77:13 – 79:1
      100:20 – 101:4
      103:19 – 104:10

### C.     Terra Barrow

Defendants designate the following portion of the transcript for the above-identified deponent in response to Plaintiffs' designations:

      11:12 – 12:5
      13:11 – 13:9
      16:16 – 16:19
      17:4 – 17:8

          17:11 – 17:20
          17:23 – 18:7
          19:22 – 19:24

**D.**     **Jason Kane**

Defendants are unable to cross designate testimony given Plaintiffs have designated the entire deposition transcript.

**E.**     **Allen Iverson**

Defendants are unable to cross designate testimony given Plaintiffs have designated the entire deposition transcript.

Submitted this 22nd day of June, 2007.          Respectfully submitted,

                                                     **SHERMAN, SILVERSTEIN, KOHL ROSE & PODOLSKY, P.A.**

Date:    June 22, 2007                By:    */s/ Alan C. Milstein, Esquire*
                                                                    Alan C. Milstein, Esquire
                                                                    Fairway Corporate Center
                                                                    4300 Haddonfield Road – Suite 311
                                                                    Pennsauken, NJ 08109
                                                                    Telephone: (856) 662-0700
                                                                    Facsimile: (856) 488-4744
                                                                    *Counsel for Defendant Allen Iverson*

                                                                    **SUTHERLAND ASBILL & BRENNAN LLP**

Date:    June 22, 2007                By:    */s/ William R. Martin, Esquire*
                                                                      William R. Martin (Bar No. 465531)
                                                                    1275 Pennsylvania Avenue, NW
                                                                    Washington, DC 20004
                                                                    Telephone: (202) 383-0100
                                                                    Facsimile: (202) 637-3593
                                                                    *Counsel for Defendant Jason Kane*