IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARLIN GODFREY, *et al.*, | * |
| Plaintiffs, | * |
| v. | * Civil Action No. 05-2044 (ESH) |
| ALLEN IVERSON, *et al.*, | * |
| Defendants. | * |

**DEFENDANTS' MOTION TO STRIKE PLAINTIFFS'
DEPOSITION DESIGNATIONS FOR DEFENDANTS**

Defendants Allen Iverson and Jason Kane, by and through their undersigned counsel, move to strike Plaintiffs' Deposition Designations for Defendants Iverson and Kane as these designations fail to comply with the Court's June 20, 2007 Order and in support thereof, states as follows:

The parties are designating deposition testimony only a few days before trial because Plaintiffs previously refused to provide designations pursuant to the Court's Pretrial Order despite that order specifically requesting that Plaintiffs do so. Counsel for Plaintiffs represented at the June 19, 2007 pretrial conference that Plaintiffs did not make the appropriate deposition designations and instead identified entire depositions that they intend to use because of the rule of completeness. Indulging counsel's reason for not following the Pretrial Order (notwithstanding that that reason would allow any party in litigation to hide their deposition designations under the guise of the rule of completeness), the Court allowed Plaintiffs two additional days in which to submit appropriate designations. The Court cautioned, however, that Plaintiffs must include "page and line designations of all deposition testimony *they intend to*

*introduce in their case-in-chief.*" Court's June 20, 2007 Order at 1 (emphasis added). Again, Plaintiffs failed to follow an Order of this Court.

Plaintiffs designated almost the entire depositions of Defendants Iverson and Kane without regards to Plaintiffs' intention to introduce the testimony in their case-in-chief. Defendant Iverson's deposition is 212 pages. Plaintiffs made one designation of this deposition: pages 11, line 14 through page 212, line 4. This designation consists of everything that occurred at the deposition — including the deponent's entire testimony and all colloquial among counsel — except for the court reporter's reading of the case caption at the beginning of the deposition and her adjourning remarks at the conclusion of the deposition. Plaintiffs do not intend to offer all of this designation in their case-in-chief. Rather, Plaintiffs again designated the entire deposition in an attempt to conceal the portion of Mr. Iverson's testimony upon which Plaintiffs intend to focus at trial. Plaintiffs then did the same thing with respect to Defendant Kane's deposition.

Defendant Kane's deposition is 257 pages. Again, Plaintiffs made one designation of this deposition: pages 7, line 3 through page 249, line 11. Again, this designation consists of everything that transpired at the deposition except for a few pages related to the court reporter's reading of the case caption, counsel for Plaintiffs' introduction of himself and the deponent, and issues concerning Defendant Kane's past (including his inadmissible prison record). Again, Plaintiffs do not intend to offer all of this designation in their case-in-chief, but rather designated the entire deposition in an attempt to conceal the portion of Mr. Iverson's testimony upon which Plaintiffs intend to focus at trial. This approach is improper.

In reality, there is no substantive difference between Plaintiffs' initial designations — that identify the entire deposition for Defendants — compared to their current designations that

2

**Error! Unknown document property name.**

identifies the entire depositions again but only by page number. Plaintiffs' only attempt to identify information they will not introduce is a general statement that they don not intend to offer any testimony that the Court has excluded. Again, by failing to specifically identify what they do intend to offer, Defendants cannot properly levy specific objections. Defendants believe the Court wanted to avoid this scenario so as not to complicate the use of deposition at trial. Now, the use of the transcripts will be more labored. Since Plaintiffs received two bites at the apple on designating Defendants' deposition testimony and either refused or failed to comply, the Court should strike their designations. *See, e.g., Battle v. Nash*, 470 A.2d 1252 (D.C. Dec 29, 1983) (motion to strike the plaintiff's pleadings and entered judgment against her because of her failure to comply with a protective order); *Bank-Fund Staff Federal Credit Union v. Cuellar*, 639 A.2d 561 (D.C. Mar 15, 1994) (noting that trial judge stated "[t]his case is not over and the Court certainly has the power to strike whatever pleadings and/or defenses or anything else as a sanction for the defendants' failure to properly comply with the Court Order.").

      WHEREFORE, Defendants respectfully request that the Court enter an Order striking Plaintiffs' deposition designations for Defendants.

Submitted this 22nd day of June, 2007.   Respectfully submitted,

                                  **SHERMAN, SILVERSTEIN, KOHL ROSE & PODOLSKY, P.A.**

Date:   June 22, 2007           By:   */s/ Alan C. Milstein, Esquire*
                                          Alan C. Milstein, Esquire
                                          Fairway Corporate Center
                                          4300 Haddonfield Road – Suite 311
                                          Pennsauken, NJ 08109
                                          Telephone: (856) 662-0700
                                          Facsimile: (856) 488-4744
                                          *Counsel for Defendant Allen Iverson*

                                          **SUTHERLAND ASBILL &**

**BRENNAN LLP**

Date: <u>June 22, 2007</u>　　　　By: <u>　*/s/ William R. Martin, Esquire*　</u>
　　　　　　　　　　　　　　　　William R. Martin (Bar No. 465531)
　　　　　　　　　　　　　　　　1275 Pennsylvania Avenue, NW
　　　　　　　　　　　　　　　　Washington, DC 20004
　　　　　　　　　　　　　　　　Telephone: (202) 383-0100
　　　　　　　　　　　　　　　　Facsimile: (202) 637-3593
　　　　　　　　　　　　　　　　*Counsel for Defendant Jason Kane*

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 22, 2007, a copy of the forgoing motion together with a proposed Order were sent first class mail, postage prepaid, to the following counsel of record:

Gregory L. Lattimer, Esq.
1100 H Street, N.W., Suite 920
Washington, D.C. 20005

Stephanie D. Moran, Esq.
E. Gregory Watson, Esq.
Watson & Moran, LLC
8401 Corporate Drive, Suite 100
Landover, MD 20785

**SHERMAN, SILVERSTEIN, KOHL ROSE & PODOLSKY, P.A.**

Date:    June 22, 2007            By:    */s/ William R. Martin, Esquire*
William R. Martin (Bar No. 465531)
1275 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 383-0100
Facsimile: (202) 637-3593
*Counsel for Defendant Jason Kane*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARLIN GODFREY, *et al.*, | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | *   Civil Action No. 05-2044 (ESH) |
| | * |
| ALLEN IVERSON, *et al.*, | * |
| | * |
| Defendants. | * |

## **ORDER**

Upon consideration of Defendants' Motion to Strike Plaintiffs' Deposition Designation for Defendants, the submissions and arguments relating thereto, the record and for good cause shown, it is hereby **ORDERED, ADJUDGED and DECREED** that:

Defendants' motion is **GRANTED**; and it is further **ORDERED** that:

Plaintiffs will be precluded from designating and thus using at trial any portion of Defendants' depositions.

**SO ORDERED**.


Date: _____     By: _____
                                      ELLEN SEGAL HUVELLE
                                      United States District Judge

Copies to:

Alan C. Milstein, Esquire
Fairway Corporate Center
4300 Haddonfield Road – Suite 311
Pennsauken, NJ 08109
*Counsel for Defendant Allen Iverson*

**Error! Unknown document property name.**

William R. Martin (Bar No. 465531)
1275 Pennsylvania Avenue, NW
Washington, DC 20004
*Counsel for Defendant Jason Kane*

Gregory L. Lattimer, Esq.
1100 H Street, N.W., Suite 920
Washington, D.C. 20005
*Counsel for Plaintiffs*

Stephanie D. Moran, Esq.
E. Gregory Watson, Esq.
Watson & Moran, LLC
8401 Corporate Drive, Suite 100
Landover, MD 20785
*Counsel for Plaintiffs*

**Error! Unknown document property name.**

Case 1:05-cv-02044-ESH   Document 81   Filed 06/22/2007   Page 8 of 8

**Error! Unknown document property name.**