## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARLIN GODFREY, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 05-2044 (ESH) |
| ALLEN IVERSON, *et al.*, | * | |
| Defendants. | * | |

## DEFENDANTS' SECOND SUPPLEMENTAL JOINT PRETRIAL STATEMENT

Defendants Allen Iverson and Jason Kane, by and through their undersigned counsel, and pursuant to the Court's June 20, 2007 Order, hereby submit objections to Plaintiffs' deposition designations and cross-designates portions of depositions (where possible) and in support thereof, states as follows:

### I.        Objections to Plaintiffs' Designations

Defendants object to Plaintiffs' deposition designations for the testimony identified below.

### A.        Saul Simington

Plaintiffs designated the following deposition testimony for the above-referenced deponent:

> p. 6, line 9 through p. 12 line 16
> p. 13, line 2 through p.26, line 6
> p.29, line 14 through p. 31, line 9
> p. 31, line 20 through p. 37, line 7
> Deposition Exhibit #11 (copy was not provided with deposition)

A copy of the deposition testimony for Saul Simington is attached hereto at Exhibit 1.

Defendants generally object to the Plaintiffs' designations of the above deposition testimony as follows:

> *Defendants object generally to this witness as Plaintiffs have not laid a proper foundation that he can identify either Plaintiff Godfrey or Defendants Iverson and Kane in this matter. Defendants also object to these designations to the extent the witness is characterizing individuals, other than Defendant Kane, as "bodyguards" without first hand knowledge or the proper foundation to make such a characterization. Defendants also object to the identification of exhibit 11 as Plaintiffs failed to include this document on its exhibit list and its contents are hearsay.*

Defendants also object to the following portions of Plaintiffs' designations for this deponent:

> 8:2 – 8:4
> *Objection. Ambiguous question. Plaintiffs fail to identify the particular point of time to which the witness answered. We cannot tell if she is discussing Defendant Iverson's arrival at the bar or his arrival at the VIP section.*
>
> 14:1 – 14:14
> *Objection. Leading and narrative question.*
>
> 14:15 - 14:22
> *Objection. Asked and answered.*
>
> 15:9 – 15:20
> *Objection. Leading, narrative and ambiguous questions*
>
> 16:21 – 17:2
> *Objection. Assumes facts not in evidence, mischaracterizes and leading*
>
> 18:7 – 19:6
> *Objection. Assumes facts not in evidence; and question seeks a narrative response*
>
> 19:22 – 20:14
> *Objection. Compound question and narrative question and assumes facts not in evidence*
> 23:4 – 29:12

2

> *Objection as to relevancy; assumes facts not in evidence; prejudice and improper character – these designations involving questioning on pictures the Court has ruled inadmissible.*
>
> 29:14 – 30:19 (and cited exhibit 11)
> *Objection on the basis of hearsay; prejudice- testimony about an inadmissible hearsay affidavit about which defendants cannot now cross examine the witness due to his death is improper.*

**B.**    **Jamal Daniels**

Plaintiffs designated the following deposition testimony for the above-referenced deponent:

> p. 5, line 9 through p. 6, line 7
> p. 11, line 11 through p. 12, line 2
> p. 22, line 18 through p. 45, line 22
> p. 47, line 7 through p. 47, line 11
> p. 48, line 2 through p. 49, line 12
> p. 79, line 3 through p. 100, line 5
> p. 108, line 2 through p. 112, line 20
> p. 124, line 14 through p. 129, line 2

A copy of the deposition testimony for Jamal Daniels is attached hereto at <u>Exhibit</u> <u>2</u>.

Defendants generally object to the Plaintiffs' designations of the above deposition testimony as follows:

> *Defendants object generally to this witness's testimony as Plaintiffs have not laid a proper foundation that he can identify either Plaintiffs or Defendants in this matter. Defendants also object to these designations to the extent the witness is characterizing individuals, other than Defendant Kane, as "bodyguards" or "security" without first hand knowledge or the proper foundation to make such a characterization.*

Defendants also object to the following portions of Plaintiffs' designations for this deponent:

> 36:1 – 36:14
> *Objection. Question calls for speculation and assumes facts not in evidence as Mr. Daniels lacks knowledge that any of these individuals were security personnel employed by Mr. Iverson.*

3

42:5 – 42:20
*Objection.  Question calls for speculation and assumes facts not in evidence as Mr. Daniels lacks knowledge that any of these individuals were security personnel employed by Mr. Iverson.*

44:1 – 44:7
*Objection. Mr. Daniels' deposition testimony is inadmissible pursuant to this Court's order prohibiting testimony relating to other alleged incidents of misconduct, including the television show Punk'd.*

44:22 – 45:22
*Objection. Hearsay and testimony is inadmissible pursuant to this Court's order prohibiting testimony relating to other alleged incidents of misconduct, including testimony regarding the Four Horsemen.*

48:2 – 49:12
*Objection on the basis of misleading.  Rule of completeness requires designation of line 13 must be added, in which Mr. Daniels' states: "I don't know if that's Jason Kane".*

48:2 – 49:12
*Objection. Mr. Daniels' deposition testimony is inadmissible pursuant to this Court's order prohibiting testimony relating to other alleged incidents of misconduct, including the television show Punk'd.*

82:16 - 82:18
*Objection, leading questions*

87:12 - 87:15
*Objection, leading questions*

82:19 – 84:10
*Objection speculation and assumes facts not in evidence.*

84:19 - 85:20
*Objection.  Question calls for speculation and assumes facts not in evidence as Mr. Daniels lacks knowledge that any of these individuals were security personnel employed by Mr. Iverson.*

88:8 – 89:1
*This portion of Mr. Daniels' deposition testimony is inadmissible pursuant to this Court's order governing defendants' motion in limine.  Pursuant to this order, plaintiffs are prohibited from*

*introducing testimony and evidence relating to other alleged incidents of misconduct, including the television show Punk'd.*

91:11 – 92:8
*Objection. Mr. Daniels' deposition testimony is inadmissible pursuant to this Court's order prohibiting testimony relating to other alleged incidents of misconduct, including the television show Punk'd.*

94:5 – 94:13
*Objection. Mr. Daniels' deposition testimony is inadmissible pursuant to this Court's order prohibiting testimony relating to other alleged incidents of misconduct, including the television show Punk'd.*

97:13 – 97:17
*Objection inadmissible character evidence.*

98:18 – 99:7
*Objection hearsay*

99:21 -100:5:
*Objection hearsay*

108:2 – 109:3
*Objection. Mr. Daniels' deposition testimony is inadmissible pursuant to this Court's order prohibiting testimony relating to other alleged incidents of misconduct, including the television show Punk'd.*

109:4 – 112:9
*Objection, leading questions.*

109:18 – 109:20
*Objection, leading questions.*

124:14 - 129:2
*Objection. Mr. Daniels' deposition testimony is inadmissible pursuant to this Court's order prohibiting testimony relating to other alleged incidents of misconduct, including the television show Punk'd.*

5

**C.**    **Terra Barrow**

Plaintiffs designated the following deposition testimony for the above-referenced

deponent:

> p. 7, line 19 through p. 7, line 24
> p. 8, line 8 through p. 8, line 23
> p. 13, line 24 through p. 14, line 12
> p. 14, line 22 through p. 14, line 23
> p. 15, line 18 through p. 16, line 9
> p. 18 lines 8 through p.18, line 24
> p. 19, line 1 through p. 19, line 4
> p. 19, line 13 through p. 19, line 18
> p. 21, lines 16 through p. 21, line 20
> p. 23, line 15 through p. 24, line 8
> p.26, line 7 through p. 79, line 17

A copy of the deposition testimony for Terra Barrow is attached hereto at Exhibit 3.

Defendants also object to the following portions of Plaintiffs' designations for this

deponent:

> 26:2 – 40:18
> *Objection. Based on relevancy to the claims and defenses of this matter. Testimony discusses a relationship between Mr. Williams and the witnesses, how they met, and Mr. Williams' work history unrelated to Defendant Iverson, Kane or the Eye Bar fight.  To the extent the relationship is relevant; Defendants will consider stipulating to Mr. Williams and Ms. Barrow's relationship.*
>
> 48:2 – 49:13
> *Objection based on relevancy to the claims and defenses of this matter. Testimony discusses a relationship between Mr. Williams and the witnesses, how they met, and Mr. Williams' work history unrelated to Defendant Iverson, Kane or the Eye Bar fight.  To the extent the relationship is relevant; Defendants will consider stipulating to Mr. Williams and Ms. Barrow's relationship.*
>
> 65:3 – 66:22
> *Objection based on relevancy to the claims and defenses of this matter. Testimony discusses a relationship between Mr. Williams and the witnesses, how they met, and Mr. Williams' work history unrelated to Defendant Iverson, Kane or the Eye Bar fight.  To the*

6

*extent the relationship is relevant; Defendants will consider stipulating to Mr. Williams and Ms. Barrow's relationship.*

70:1 - 79:17
*Objection based on relevancy to the claims and defenses of this matter. Testimony discusses a relationship between Mr. Williams and the witnesses, how they met, and Mr. Williams' work history unrelated to Defendant Iverson, Kane or the Eye Bar fight. To the extent the relationship is relevant; Defendants will consider stipulating to Mr. Williams and Ms. Barrow's relationship.*

18:8 – 18:24
*Objection based on completeness and relevancy. In order to complete Ms. Barrow's testimony regarding this line of questions, it should start at p. 17, line 11, where Ms. Barrow began discussing what she observed on the night of the subject incident.*

28:5 – 28:17
*Objection calls for speculation. Ms. Barrow admits she lacks knowledge to definitely state whether Mr. Kane was employed as security on the night that she met him.*

30:5 – 30:21
*Objection based on relevancy.*

31:8 – 35:21
*Objection based on relevancy. This testimony discusses Ms. Barrow's personal and sexual life, which should not be discussed and made public particularly because she is a public figure and a well-respected member of the Philadelphia Police Department and the Philadelphia community as a whole.*

36:23 – 37:2
*Objection- leading mischaracterized question.*

37:3 – 38:8
*Objection- leading mischaracterized question and relevancy*

38:9 – 39:16
*Objection relevancy*

40:15 – 40:18
*Objection relevancy based on this Court's prohibiting from introducing testimony and evidence relating to other alleged incidents of misconduct, including the television show Punk'd.*

7

41:14 – 41:17
*Objection based on relevancy. This testimony discusses Ms. Barrow's personal and sexual life, which should not be discussed and made public particularly because she is a public figure and a well-respected member of the Philadelphia Police Department and the Philadelphia community as a whole.*

46:3 – 46:14:
*Objection based on relevancy.*

48:14 – 49:13:
*Objection based on relevancy. This testimony discusses Ms. Barrow's personal and sexual life, which should not be discussed and made public particularly because she is a public figure and a well-respected member of the Philadelphia Police Department and the Philadelphia community as a whole.*

49: 21 – 50:13
*Objection- leading mischaracterized question and relevancy*

61:8 - line 61:21
*Objection based on relevancy. This testimony discusses Ms. Barrow's personal and sexual life, which should not be discussed and made public particularly because she is a public figure and a well-respected member of the Philadelphia Police Department and the Philadelphia community as a whole.*

65:24 – 66:18
*Objection based on relevancy.*

70:23 – 71:2
*Objection relevancy based on this Court's prohibiting from introducing testimony and evidence relating to other alleged incidents of misconduct, including references to the Four Horsemen.*

71:3 – 72:8
*Objection based on relevancy.*

74:4 – 74:18
*Objection based on relevancy. This testimony discusses Ms. Barrow's personal and sexual life, which should not be discussed and made public particularly because she is a public figure and a well-respected member of the Philadelphia Police Department and the Philadelphia community as a whole.*

WO 750707.3

> 74:19 – 79:17
> *Objection based on relevancy.*

**D.**    **Jason Kane**

Plaintiffs designated the following deposition testimony for the above-referenced

deponent:

> p. 7, line 3 through p. 248, line 11 (excluding those portions
> addressing the arrest and conviction of Mr. Kane).

A copy of the deposition testimony for Jason Kane is attached hereto at <u>Exhibit</u> <u>4</u>.

Defendants generally object to the Plaintiffs' designations of the above deposition

testimony as follows:

> *Defendants object to Plaintiffs use of the above referenced*
> *deposition to the extent such use is inconsistent with Fed. R. Evid.*
> *402, 403, 404, 802, 805 which, thereby, renders use of the*
> *transcript and/or videotape depositions as inadmissible and/or*
> *improper under Fed R. Civ. P. 32.  Defendant further objects to the*
> *cited deposition pages on the grounds of hearsay, assumes facts*
> *not in evidence, relevancy, prejudice, inadmissible character*
> *evidence and form of question.  Defendants also object because*
> *counsel for Plaintiffs was argumentative throughout the deposition*
> *and acted to embarrass and ridicule Defendant Kane for his*
> *memory relating to insignificant occurrences, dates and addresses*
> *none of which are relevant to this case.*

Defendants also object to the following portions of Plaintiffs' designations for this

deponent:

> 7:3 – 14:6
> *Objection based on relevancy and argumentation,*
> *mischaracterization and harassing questions.  Defendant Kane*
> *identified himself by his full name and testified to his nickname J*
> *and that others call him Jason.  Defendant will even stipulate his*
> *name is Jason or Jonathan.*
>
> 14:7 – 20:2
> *Objections based on relevancy in that the questions relate to*
> *Defendant Kane's family (including their names, residence, age*

9

*and frequency of communications) but the questions do not relate to any issue, any party or any defense in this matter.*

20:3 – 21:3
*Objection based on relevancy as the questions relate to where the defendant lives which have nothing to do with this case.*

22:12 – 26:14
*Objection questions repeatedly asked and answer and argumentative; questions are irrelevant as they relate to Defendant Kane's knowledge of his employment after high school. Counsel is arguing with the witness about facts more than 10 years ago that the witness clearly and repeatedly testified he doesn't recall.*

27:7 – 27:8; 27:13 – 27:19
*Objection argumentative.*

29:6 – 31:10
*Objection mischaracterize testimony, assumes facts not in evidence, argumentative and asked and answered.*

38:11-39:6
*Objection. Asked and answered and argumentative.*

41:2 – 48:11
*Objection based on relevancy, asked and answered, argumentative and form. Counsel is arguing with the witness over information he cannot recall and about information irrelevant to the claims and defenses of this case. Counsel is also arguing about documents that were outside his possession but that have nothing to do with the claims or defenses subject to testimony and which are not a subject of proper foundation. Counsel is asking these questions in a confusing manner such as compound questions.*

48:12 – 49:21
*Objection. Calls for personal information irrelevant to the claims or defenses of this matter.*

50:19 – 50:21
*Objection asked and answered.*

50:21 – 58:11
*Objection based on relevancy and lack of foundation, mischaracterization and speculation. The witness is being asked questions about something his attorney is handling that requires a certain level of expertise. More important, the questions have*

*nothing to do with the fight at the Eye Bar. Counsel is also arguing with the witness about his testimony*

58:22 – 71:16
*Objection argumentative, compound questions and relevancy. Counsel is arguing with the witness about who pays cell phone bills at his house and whether he recalls seeing cell phone records neither of which has anything to do with this case. This also involves significant colloquial among counsel. The testimony also involves questions about a privilege and witnesses interpretation of law all of which are improper.*

71:17 – 77:7
*Objection. Questions relate to Punk' video which are inadmissible.*

79:8 – 81:9
*Objection. Involves arguments among counsel that do not shed light on the witnesses testimony.*

81:21 – 87:10
*Objection. Questions relate to Punk' video which are inadmissible.*

87:19 – 88:2
*Objection asked and answered and argumentative*

89:4- 91:3
*Objection to form, foundation and mischaracterization of the record and hearsay. Counsel is testifying himself and asking questions not related to the incident. In fact halfway through the deposition, counsel has yet to even mention the Eye Bar. This testimony also includes conversations among counsel that are inadmissible.*

91:4 – 93:12
*Objection mischaracterization, assumes facts not in evidence, foundation.*

93:12 – 99:9
*Objection relates to questions about the Horsemen which is inadmissible and about mischaracterized questions that assume facts not in evidence.*

11

100:8 – 113:6
*Objection asked and answered and relates to inadmissible testimony relating to the Punk'd video that is consistently being played and referring to during this portion of the deposition. Questions also relates to taxes paid for income earned on trip to Punk'd trip.*

115:13 – 115:16
*Objection improper communication by counsel that sheds no light on testimony.*

116:12 – 121:11
*Objection as to relevancy-when Defendant was paid for another job during another year has no relationship to the claims or defenses in this matter. Also, counsel is arguing with the witness and repeating questions so objections based on argumentative and asked and answered.  Counsel is also asking about other bad acts that were excluded by the Court*

122:10 – 132:8
*Objection based on relevancy, prejudice and assumes facts not in evidence.  Also, questions relate to evidence that the Court has ruled inadmissible such as pictures of Mr. Kane or not yet ruled admissible.*

134:17 – 137:13
*Objection, argumentative and asked and answered and assumes facts not in the record and inadmissible conversations among counsel.  Objection also on the basis of relevancy in that the topic of what happened at Dream night club sheds no light on the claims or defenses in this matter.*

144:11 – 144:19
*Objection.  Argumentative and lacks foundation and relates to inadmissible testimony regarding Punk'd*

149:20 – 150-10
*Objection calls for speculation and hearsay.*

152:2 – 154:15
*Objection, questions lack foundation, include mischaracterized testimony and improper hearsay.*

155:15 – 156:3
*Objection, asked and answered.*

12

156:4- 159:10
*Objection to form and foundation and hearsay, and mischaracterization of testimony. Also, objection to the extent that it calls for information excluded by the court, Also, objection based on argumentative questions*

159:16 – 160:18
*Objection mischaracterizes testimony, hearsay, double hearsay, argumentative, assumes facts not in evidence.*

161:19 – 169:7
*Objection. Testimony and questions relate to inadmissible statements and hearsay events that have no bearing on the claims and defenses in this matter. Moreover, the questions have been asked and answered and are argumentative. Furthermore, the questions mischaracterize testimony. Improper foundation questions and refusing to allow witness to refresh recollection by reading the transcript.*

174:3- 179:9
*Objection, hearsay and argumentative questions. Assumes facts not in evidence and mischaracterization. Also, lacks foundation for line of questions.*

179:10 – 180:19
*Objection. Testimony and questions relate to inadmissible statements and hearsay events that have no bearing on the claims and defenses in this matter. Moreover, the questions have been asked and answered and are argumentative.*

181:5 – 183:10
*Objection, asked and answered, mischaracterized testimony and argumentative.*

186:13 – 198:1
*Objection. Asked and answered, mischaracterized testimony, argumentative, relevancy. None of this relates to truthfulness, or the claims or defense but only what a person recalls relating to addresses and dates. Also, documents speak for themselves. Counsel is badgering the witness about addresses provided by the witnesses themselves.*

198:2 – 203:20
*Objection lacks foundation concerning the relevancy of the people he is naming and lacks relevancy to the issues before the Court.*

13

203:21- 213:13
*Objection lacks relevancy to the issues before the Court; also argumentative; also asks legal questions regarding discovery obligations. Also, mischaracterizes facts and assumes facts not in evidence. Counsel is arguing with the witness about discovery status and obligations.*

213:14-219:1
*Objection calls for privileged information and contains communication between counsel that has nothing to do with the witness testimony; also the subject is completely irrelevant to the claims and defenses in this matter.*

219:2-221:1
Objection relevancy-testimony is about his cell phone and knowing a person who has not been established to be linked to the fight at the Eye Bar in any manner.

221:2-222:19
*Objection calls for inadmissible evidence that the Court has not rule upon relating to the Crabbers restaurant incident; calls for facts not in evidence, involves hearsay and relates to information that has been excluded by the court*

222:20-231:15
*Objection calls for information not related to this matter that might be prejudicial to defendants and confusing to the jury. Also calls for information designed to embarrass and harass the witness.*

231:16 – 234:18
*Objection asked and answer and relevancy.*

234:20 – 248:11
*Objection based on relevancy and prejudicial and the Court has excluded items related to this testimony. Also object based on Rule 609*

.

## E.    Allen Iverson

Plaintiffs designated the following deposition testimony for the above-referenced

deponent:

p. 11, line 16 through p. 212, line 4 (excluding those portions addressing subjects the Court has deemed inadmissible).

14

A copy of the deposition testimony for Allen Iverson is attached hereto at Exhibit 5.

Defendants generally object to the Plaintiffs' designations of the above deposition testimony as follows:

> *Defendants object to Plaintiffs use of the above referenced deposition to the extent such use is inconsistent with Fed. R. Evid. 402, 403, 404, 802, 805 which, thereby, renders use of the transcript and/or videotape depositions as inadmissible and/or improper under Fed R. Civ. P. 32. Defendant further objects to the cited deposition pages on the grounds of hearsay, assumes facts not in evidence, relevancy, prejudice, inadmissible character evidence and form of question. Defendants also reserve the right to assert additional and more specific objections at trial given Plaintiffs improperly designated the testimony.*

Defendants also object to the following portions of Plaintiffs' designations for this deponent:

> 16:1 - 48:5
> *This portion of Mr. Iverson's deposition testimony is inadmissible pursuant to this Court's order governing defendants' motion in limine. Plaintiffs are prohibited from admitting any testimony or evidence relating to the following because they are  irrelevant to the claims and defenses of this matter, are rooted in hearsay and are more prejudicial than probative: defendants' arrest records; other alleged incidents of misconduct; references to "Dynasty Raiders" and/or "Cruthik," a group of childhood friends to which Mr. Iverson was a member; and  police investigations of this incident and others.*
>
> 48:6 - 48:8
> *Objection, leading question.*
>
> 49:10 - 51:12
> *Objection, based on relevancy to the claims and defenses of this matter.*
>
> 51:14 - 56:18
> *This portion of Mr. Iverson's  deposition testimony is inadmissible pursuant to this Court's order governing defendants' motion in limine. Plaintiffs are prohibited from admitting any testimony or evidence relating to the following because they are  irrelevant to the claims and defenses of this matter, are rooted in hearsay and are more prejudicial than probative: defendants' arrest records; other alleged incidents of misconduct; references to "Dynasty Raiders" and/or "Cruthik," a group*

15

*of childhood friends to which Mr. Iverson was a member; and police investigations of this incident and others.*

56:19 - 57:9
*Objection based on relevancy to the claims and defenses of this matter.*

57:12 - 59:4
*Objection based on relevancy to the claims and defenses of this matter*
62:4 - 62:7
*Objection. Mr. Iverson's deposition testimony is inadmissible pursuant to this Court's order prohibiting testimony relating to his wealth or status as a celebrity.*

65:11 - 66:6
*Objection. Leading, narrative and ambiguous question, which calls for speculation.*

66:7 - 67:10
*This portion of Mr. Iverson's deposition testimony is inadmissible because it is rooted in hearsay and is more prejudicial than probative.*

75:8 - 75:9
*This portion of Mr. Iverson's deposition testimony is inadmissible pursuant to this Court's order governing defendants' motion in limine. Plaintiffs are prohibited from admitting any testimony or evidence relating to other alleged incidents of misconduct because they are irrelevant to the claims and defenses of this matter, are rooted in hearsay and are more prejudicial than probative.*

75:21 - 76:3
*This portion of Mr. Iverson's deposition testimony is inadmissible pursuant to this Court's order governing defendants' motion in limine. Plaintiffs are prohibited from admitting any testimony or evidence relating to other alleged incidents of misconduct and police investigations of this incident and others because they are irrelevant to the claims and defenses of this matter, are rooted in hearsay and are more prejudicial than probative.*

76:17 - 77:4
*This portion of Mr. Iverson's deposition testimony is inadmissible pursuant to this Court's order governing defendants' motion in limine. Plaintiffs are prohibited from admitting any testimony or evidence relating to other alleged incidents of misconduct and police investigations of this incident and others because they are irrelevant to the claims and defenses of this matter, are rooted in hearsay and are more prejudicial than probative.*

16

79:1 - 79:3
*Objection, leading question.*

80:11 - 81:13
*Objection, leading question.*

84:4 - 85:5
*Objection, leading question.*

85:12 - 86:10
*Objection, leading question.*

86:18 - 20
*Objection, leading question.*

87:13 - 92:9
*Objection. Mr. Iverson's deposition testimony is inadmissible pursuant to this Court's order prohibiting testimony relating to other alleged incidents of misconduct, including the television show Punk'd.*

92:10 - 92:12
*Objection, leading question.*

93:1 - 94:18
*Objection, leading question.*

95:4 - 95:21
*Objection, leading question.*

96:10 - 96:13
*Objection, leading question.*

96:14 - 98:21
*Objection, leading questions. Mr. Iverson's deposition testimony is also inadmissible pursuant to this Court's order prohibiting testimony relating to other alleged incidents of misconduct, including the television show Punk'd.*

99:1 - 99:19
*Objection, leading question.*

99:20 – 102:21
*Objection based on relevancy to the claims and defenses of this matter in that they address whether Mr. Iverson went to softball games and*

*remembers when they occurred. This portion also includes colloquial among counsel regarding who is allowed to ask questions at a deposition, which is argumentation. Finally this portion of testimony involves questions, again in an argumentative tone, that address whether Mr. Iverson recalls going to the Eye Bar which has been stipulated to.*

103: 8 - 103:9
*Objection, leading questions. Mr. Iverson's deposition testimony is also inadmissible pursuant to this Court's order prohibiting testimony relating to other alleged incidents of misconduct, including the television show Punk'd.*

103:10 - 103:15
*Objection, leading question.*

103:18 - 104:1
*Objection, leading questions.*

104:4 - 7
*Objection, leading questions.*

106:3 - 106:12
*Objection, leading questions. Mr. Iverson's deposition testimony is also inadmissible pursuant to this Court's order prohibiting testimony relating to other alleged incidents of misconduct, including the television show Punk'd.*

106:18 - 109:17
*Objection, leading questions. Mr. Iverson's deposition testimony is also inadmissible pursuant to this Court's order prohibiting testimony relating to other alleged incidents of misconduct, including the television show Punk'd.*

109:18 - 110:21
*Objection. Mr. Iverson's deposition testimony is inadmissible pursuant to this Court's order prohibiting testimony relating to his wealth or status as a celebrity.*

111:1 - 111:14
*Objection, leading questions. Mr. Iverson's deposition testimony is also inadmissible pursuant to this Court's order prohibiting testimony relating to other alleged incidents of misconduct, including the television show Punk'd.*

111:15 - 111:17
*Objection, leading question.*

112:16 - 112:18
*Objection, leading question.*

114:15 - 116:11
*Objection. Mr. Iverson's deposition testimony is inadmissible pursuant to this Court's order prohibiting testimony relating to his wealth or status as a celebrity.*

116:12 - 119:8
*Objection, leading questions. Mr. Iverson's deposition testimony is also inadmissible pursuant to this Court's order prohibiting testimony relating any of his tattoos. Plaintiffs are prohibited from introducing testimony and evidence relating to any of Mr. Iverson's tattoos because any such testimony and evidence is irrelevant to the claims and defenses of this matter, are rooted in hearsay and are more prejudicial than probative.*

120:1 - 120:2
*Objection, leading questions. Mr. Iverson's deposition testimony is also inadmissible pursuant to this Court's order prohibiting testimony relating any of his tattoos.  Plaintiffs are prohibited from introducing testimony and evidence relating to any of Mr. Iverson's tattoos because any such testimony and evidence is irrelevant to the claims and defenses of this matter, are rooted in hearsay and are more prejudicial than probative.*

121:4 - 127:13
*Objection, leading questions. Mr. Iverson's deposition testimony is also inadmissible pursuant to this Court's order prohibiting testimony relating any of his tattoos.  Plaintiffs are prohibited from introducing testimony and evidence relating to any of Mr. Iverson's tattoos because any such testimony and evidence is irrelevant to the claims and defenses of this matter, are rooted in hearsay and are more prejudicial than probative.*

135:3 - 141:10
*Objection, leading questions. Mr. Iverson's deposition testimony is also inadmissible pursuant to this Court's order prohibiting testimony relating to other alleged incidents of misconduct, including the television show Punk'd.*

142:7
*Objection, leading questions. Mr. Iverson's deposition testimony is also inadmissible pursuant to this Court's order prohibiting testimony relating to other alleged incidents of misconduct, including the television show Punk'd.*

19

143:12 - 144:6
*Objection, Mr. Iverson's deposition testimony is inadmissible because it asks about conversations he had with his attorney, thereby invoking the attorney-client privilege.*

144:8 - 144:17
*Objection, leading questions.*

145:17 - 145:21
*Objection, leading questions.*

148:13 - 148:15
*Objection, leading questions.*

148:19 - 148:21
*Objection, leading questions.*

149:3 - 149:5
*Objection, leading questions.*

149: 8 - 149:10
*Objection, leading questions.*

150:3 - 150:7
*Objection, leading questions.*

150:17 - 150:18
*Objection, leading questions.*

151:7 - 151:9
*Objection, leading questions.*

151:12 - 151:14
*Objection, leading questions.*

152:6 - 152:20
*Objection, leading questions.*

153:5 - 153:11
*Objection, leading questions.*

153:16 - 154:4
*Objection, leading questions.*

WO 750707.3

154:14 - 155:7
*Objection, leading questions.*

160:13 - 160:15
*Objection. Mr. Iverson's deposition testimony is also inadmissible pursuant to this Court's order prohibiting testimony relating to other alleged incidents of misconduct.*

161:10
*Objection, leading questions. Mr. Iverson's deposition testimony is also inadmissible pursuant to this Court's order prohibiting testimony relating to other alleged incidents of misconduct, including the television show Punk'd.*

163:3 - 164:13
*This portion of Mr. Iverson's deposition testimony is inadmissible pursuant to this Court's order governing defendants' motion in limine. Plaintiffs are prohibited from admitting any testimony or evidence relating to the following because they are  irrelevant to the claims and defenses of this matter, are rooted in hearsay and are more prejudicial than probative: the Four Horsemen, other alleged incidents of misconduct; and police investigations of this incident and others.*

165:4 - 165:7
*Objection, leading question.*

165:13 - 165:15
*Objection, leading question.*

167:17 - 167:10
*Objection, leading question.*

168:11 - 168:20
*Objection based on relevancy to the claims and defenses of this matter.*

168:21 - 176:13
*Objection. Mr. Iverson's deposition testimony is inadmissible pursuant to this Court's order prohibiting testimony relating to his wealth or status as a celebrity.*

183:15 - 183:17
*Objection, leading question.*

188:8 - 188:12
*Objection, leading question.*

21

189:18 - 189:20
*Objection, leading question.*

190:14 - 190:21
*Objection, leading questions. Mr. Iverson's deposition testimony is also inadmissible pursuant to this Court's order prohibiting testimony relating to other alleged incidents of misconduct, including the television show Punk'd.*

194:1 - 194:5
*Objection, leading question.*

195:1 - 195:2
*Objection, leading questions.*

197:17 - 198:5
*Objection, leading question.*

199:10 - 201:13
*Objection based on relevancy to the claims and defenses of this matter. This portion consists of colloquial among counsel which is argumentation.*

201:14 - 202:15
*Objection.  Question calls for speculation and  is misleading.*

202:16 - 203:5
*Objection, leading questions. Mr. Iverson's deposition testimony is also inadmissible pursuant to this Court's order prohibiting testimony relating to other alleged incidents of misconduct, including the television show Punk'd.*

203:11 - 203:13
*Objection, leading question.*

205:17 - 206:17
*Objection. Mr. Iverson's deposition testimony is inadmissible pursuant to this Court's order prohibiting testimony relating to his wealth or status as a celebrity.*

206:18 - 207:11
*Objection based on relevancy to the claims and defenses of this matter. This portion consists of colloquial among counsel which is argumentation.*

207:13 - 209:2
*Objection.  Question calls for speculation and  is misleading.*

22

209:14 - 210:9
*Objection based on relevancy to the claims and defenses of this matter.*
*This portion consists of colloquial among counsel which is argumentation.*

210:10 - 212:4
*Objection. Mr. Iverson's deposition testimony is inadmissible*
*pursuant to this Court's order prohibiting testimony relating to his*
*wealth or status as a celebrity.*

## II.   Cross Designations

Defendants offer the following cross designations in response to Plaintiffs' designations

of deposition testimony:

### A.   Saul Simington

Defendants designate the following portion of the transcript for the above-identified

deponent in response to Plaintiffs' designations:

37:11 – 37:13

### B.   Jamal Daniels

Defendants designate the following portion of the transcript for the above-identified

deponent in response to Plaintiffs' designations:

52:22 – 53:2
57:3 – 58:17
61:11 – 61:16
63:4 – 63:7
64:6 – 64:8
67:3 – 67:19
72:17 – 72:22
77:13 – 79:1
100:20 – 101:4
103:19 – 104:10

### C.   Terra Barrow

Defendants designate the following portion of the transcript for the above-identified

deponent in response to Plaintiffs' designations:

WO 750707.3

     11:12 – 12:5
     13:11 – 13:9
     16:16 – 16:19
     17:4 – 17:8
     17:11 – 17:20
     17:23 – 18:7
     19:22 – 19:24

**D.**   **Jason Kane**

   Defendants are unable to cross designate testimony given Plaintiffs have designated the

entire deposition transcript. Defendants incorporate Plaintiffs non-objectionable designations

herein.

**E.**   **Allen Iverson**

   Defendants are unable to cross designate testimony given Plaintiffs have designated the

entire deposition transcript. Defendants incorporate Plaintiffs non-objectionable designations

herein.


Submitted this 22nd day of June, 2007.    Respectfully submitted,

                **SHERMAN, SILVERSTEIN, KOHL**
                **ROSE & PODOLSKY, P.A.**

Date:    June 22, 2007    By:   */s/ Alan C. Milstein, Esquire*
                Alan C. Milstein, Esquire
                Fairway Corporate Center
                4300 Haddonfield Road – Suite 311
                Pennsauken, NJ 08109
                Telephone: (856) 662-0700
                Facsimile: (856) 488-4744
                *Counsel for Defendant Allen Iverson*

                **SUTHERLAND ASBILL &**
                **BRENNAN LLP**

Date:    June 22, 2007    By:   */s/ William R. Martin, Esquire*
                William R. Martin (Bar No. 465531)
                1275 Pennsylvania Avenue, NW
                Washington, DC 20004

Telephone: (202) 383-0100
Facsimile: (202) 637-3593
*Counsel for Defendant Jason Kane*

WO 750707.3