**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ———————————— * | |
| MARLIN GODFREY, *et al.*,　　　* | |
| 　　　　　　　　　　　　　　* | |
| 　　　　Plaintiffs,　　　　* | |
| 　　　　　　　　　　　　　　* | |
| v.　　　　　　　　　　　　* | Civil Action No. 05-2044 (ESH) |
| 　　　　　　　　　　　　　　* | |
| ALLEN IVERSON, *et al.*,　　　* | |
| 　　　　　　　　　　　　　　* | |
| 　　　　Defendants.　　　　* | |
| ———————————— * | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANTS' JOINT MOTION TO PREVENT PLAINTIFFS FROM**
**TAKING THE DEPOSITION *DE BENE ESSE* OF DR. JAE S. CHUNG**

Defendants Allen Iverson and Jason Kane respectfully submit this memorandum in support of their Joint motion to prevent Plaintiffs Marlin Godfrey and David Kittrell from taking the deposition *de bene esse* of Dr. Jae S. Chung.

## I. Introduction

In spite of the fact that discovery in this case has been closed since before December 2006 and witnesses were first identified almost three weeks ago on the Joint Pretrial statement, Plaintiffs requested for the first time last week, at the June 19, 2007 pretrial conference, that they be permitted to take the deposition *de bene esse* of Dr. Chung on Tuesday, June 26, 2007 at 5:00 p.m. *See* Noticed attached hereto at Exhibit 1. For the reasons set forth below, the Court should not permit Plaintiffs to employ this "extraordinary device" on the day before trial and, instead,

should grant Defendants' motion and enter a protective order to prevent Defendants from taking the deposition *de bene esse* of Dr. Chung.[1]

## II. Argument

Pursuant to Federal Rule of Civil Procedure 26(c), this Court may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order that the "discovery not be had." Fed. R. Civ. P. 26(c)(1). Here, justice clearly requires that Plaintiffs be prevented from taking the deposition *de bene esse* of Dr. Chung, as there are no circumstances making the use of such a device necessary.

As this Court has explained, "[d]epositions, *de bene esse,* are properly used when it is impossible for the witness to appear as required due to circumstances beyond that witness's control." *Bregman v. District of Columbia*, No. Civ. A. 97-789, 1998 WL 665018 at *1 (D.D.C. Sept. 28, 1998). Such circumstances may include "[t]he gravity of a final illness and the near certainty of a sudden death." *Johnson v. Washington Metropolitan Area Transit Authority,* No. 86-3110-LFO, 1993 WL 37445 at *1 (D.D.C. Feb.3, 1993). In the absence of such circumstances, this Court should not permit a party to employ this "extraordinary device." *Bregman*, 1998 WL 665018 at *1 (noting that "using this device permits a person to abandon whatever obligation he may have to give his testimony in favor of something he thinks is more important"). As this Court has explained, it would be "a perversion of the purpose of a deposition *de bene esse* to use it to encourage a witness to believe that his desires are more important than the Court's ordinary processes." *Id.* Yet such a perversion of justice appears to

---

[1] Plaintiffs raised this issue before the Court during the June 19, 2007 pretrial conference. Transcript at 57:23-24. The Court responded "You can work it out with them. It's not my problem." *Id.*

2

be exactly what Plaintiffs now seek.

Plaintiffs have shown no circumstances necessitating a deposition *de bene esse* of Dr. Chung, who appears to be within the Court's subpoena power.  Notably, Plaintiffs have not provided any reason why Dr. Chung would be unavailable at trial and no such reasons appear to exist.  Dr. Chung works at 9470 Annapolis Rd, #306, Lanham, MD 20706, which is not far from the District of Columbia, where both parties have counsel.  Moreover, Dr. Chung is not a newly discovered witness.  Plaintiffs designated Dr. Chung in their June 8, 2007 pretrial statement and mention him in their discovery more than a year ago.  It appears that Plaintiffs simply have no excuse for their eleventh-hour request to depose Dr. Chung *de bene esse*, which request was made more than six months after the close of discovery, and less than a week prior to the commencement of trial.

Notwithstanding the impropriety of Plaintiffs' request, lead counsel for the Defendants, Billy Martin, offered to consult his schedule regarding the possibility of scheduling a deposition of Dr. Chung.  However, as Mr. Martin subsequently explained to Plaintiffs' counsel, scheduling conflicts associated with trial preparation and commitments to other cases have made it impossible to schedule such a deposition.  Similarly, lead counsel Alan Milstein has similar conflicts — traveling, client commitments and trial preparation — which make him unavailable to depose Dr. Chung before trial.  Other counsel for Defendants, Matt Tucker and newly admitted Thomas Bundy, neither have availability nor the experience to attend the deposition of a key witness like Dr. Chung.[2]  In light of the fact that Plaintiffs have never articulated why it is necessary for them to depose Dr. Chung *de bene esse*; the late designation of the deposition; and

---

[2] Notwithstanding their unavailability to conduct the deposition, defense counsel cannot helped but feel sandbag by the late designation of this witness and even later request for deposition.

the unavailability of defense counsel, the Court should enter an Order protecting Defendants

from the undue burden and expense of Plaintiffs' last minute, and unjustified, request.

## IV.     Conclusion

WHEREFORE, Defendants respectfully request that the Court enter a Protective Order

precluding Plaintiffs from taking the deposition *de bene esse* of Dr. Chung.


Submitted this 25th day of June, 2007.               Respectfully submitted,

**SHERMAN, SILVERSTEIN, KOHL
ROSE & PODOLSKY, P.A.**

Date: _____June 25, 2007_____          By: _____*/s/ Alan C. Milstein, Esquire*_____
                                            Alan C. Milstein, Esquire
                                            Fairway Corporate Center
                                            4300 Haddonfield Road – Suite 311
                                            Pennsauken, NJ 08109
                                            Telephone: (856) 662-0700
                                            Facsimile: (856) 488-4744
                                            *Counsel for Defendant Allen Iverson*


**SUTHERLAND ASBILL &
BRENNAN LLP**

Date: _____June 25, 2007_____          By: _____*/s/ William R. Martin, Esquire*_____
                                            William R. Martin (Bar No. 465531)
                                            1275 Pennsylvania Avenue, NW
                                            Washington, DC 20004
                                            Telephone: (202) 383-0100
                                            Facsimile: (202) 637-3593
                                            *Counsel for Defendant Jason Kane*


4