IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| MARLIN GODFREY, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 05-2044 (ESH) |
| ALLEN IVERSON, *et al.*, | * | |
| Defendants. | * | |

## **DEFENDANTS' THIRD SUPPLEMENTAL PRETRIAL STATEMENT**

Defendants Allen Iverson and Jason Kane, by and through their undersigned counsel, and pursuant to the Court's June 27, Order, respond to Plaintiffs' newly designated deposition testimony for Defendants,[1] withdraw certain objections to Saul Simington's deposition and supplement cross designations of certain deposition testimony for unavailable witnesses based on the testimony and evidence presented to date and in support thereof, states as follows:

**I.    Objections to Allen Iverson Designations**

Plaintiffs designated the following deposition testimony for the above-referenced deponent:

Page 48 line 6 - Page 49 line 13

Page 59 line 18 - Page 60 line 14

Page 87 line 13 - Page 98 line 21

Page 108 line 19 - Page 111 line 9

Defendants also object to the following portions of Plaintiffs' designations for this deponent:

59:18-60:14

---

[1] Despite the Court's strong order that Plaintiffs provide supplemental designations by 8:00 p.m., the supplemental designations were not filed until approximately 11:00 p.m.

**Error! Unknown document property name.**

*Objection to 60:2-3 as asked and answered; object to 60:4-6 as irrelevant, vague and ambiguous form does not limit question to Crabbers incident but any incident in the United States involving friends, security, fellow basketball players, etc. . .*

  87:13-98:21

*Object to form, the entire line of questioning is riddled with improper questions which are confusing to the deponent, for example, 90:20-91:2. Moreover, the questions includes colloquy among counsel and the witness at 87:16-87:21.*

  108:19-111:9

*Object to form, as the questions are compound and vague using words like socialize without defining them; objections as argumentative; objection includes testimony from counsel regarding going to the grocery store; objections includes colloquy from counsel regarding objections*

**II.    Objections to Kane Designations**

Plaintiffs designated the following deposition testimony for the above-referenced deponent:

  Page 4 line 10 - Page 13 line 21

  Page 21 line 2 - Page 35 line 20

  Page 128 line 12 - Page 129 line 4

  Page 219 line 19 - Page 220 line 9

  Page 238 line 10 - Page 240 line 16

Defendants also object to the following portions of Plaintiffs' designations for this deponent:

Error! Unknown document property name.

7:3 – 13:21

*Objection based on relevancy and argumentation, mischaracterization and harassing questions. Defendant Kane identified himself by his full name and testified to his nickname J and that others call him Jason. Defendant will even stipulate his name is Jason or Jonathan.*

21:2 – 21:3

*Objection based on relevancy as the questions relate to where the defendant lives which have nothing to do with this case.*

22:12 – 26:14

*Objection questions repeatedly asked and answer and argumentative; questions are irrelevant as they relate to Defendant Kane's knowledge of his employment after high school. Counsel is arguing with the witness about facts more than 10 years ago that the witness clearly and repeatedly testified he doesn't recall.*

27:7 – 27:8; 27:13 – 27:19

*Objection argumentative.*

29:6 – 31:10

*Objection mischaracterize testimony, assumes facts not in evidence, argumentative and asked and answered.*

128:12 – 129:4

*Objection based on relevancy, prejudice, incomplete and assumes facts not in evidence. Also, questions relate to evidence that the Court has ruled inadmissible such as pictures of Mr. Kane or not yet ruled admissible.*

219:19-220:9

*Objection relevancy-testimony is about his cell phone and knowing a person who has not been established to be linked to the fight at the Eye Bar in any manner.*

3

    238:10 – 240:16

*Objection based on relevancy and prejudicial and the Court has excluded items related to this testimony. Also object based on Rule 609*

### III.    Withdrawal of Certain Simington Objections

Defendants withdraw the objections to Saul Simington's deposition designation from 8:2-8:4.

### IV.    Supplemental Cross Designations of Unavailable Witnesses

Defendants, based on the testimony and evidence presented to date and the unavailability of this witness, supplement their cross designations for Saul Simington to include the following:

    7:21-8:4

    9:1-10:5

    13:2-22

    33:15-17, 33:19-34:4

    37:10-13

Defendants supplement their cross designations for Terra Barrrow to correct the following miscitation:

    13:11-13:19

Submitted this 28th day of June, 2007.    Respectfully submitted,

    **SHERMAN, SILVERSTEIN, KOHL ROSE & PODOLSKY, P.A.**

Date:   June 28, 2007    By:   */s/ Alan C. Milstein, Esquire*
    Alan C. Milstein, Esquire
    Fairway Corporate Center
    4300 Haddonfield Road – Suite 311
    Pennsauken, NJ 08109
    Telephone: (856) 662-0700
    Facsimile: (856) 488-4744
    *Counsel for Defendant Allen Iverson*

|  |  |
|---|---|
|  | **SUTHERLAND ASBILL & BRENNAN LLP** |
| Date: June 22, 2007 | By: */s/ William R. Martin, Esquire* <br> William R. Martin (Bar No. 465531) <br> 1275 Pennsylvania Avenue, NW <br> Washington, DC 20004 <br> Telephone: (202) 383-0100 <br> Facsimile: (202) 637-3593 <br> *Counsel for Defendant Jason Kane* |

**Error! Unknown document property name.**