IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARLIN GODFREY, *et al.*, | * |
| Plaintiffs, | * |
| v. | * Civil Action No. 05-2044 (ESH) |
| ALLEN IVERSON, *et al.*, | * |
| Defendants. | * |

### DEFENDANTS' FOURTH SUPPLEMENTAL PRETRIAL STATEMENT

Defendants Allen Iverson and Jason Kane, by and through their undersigned counsel, supplement their pretrial statement to include the name of one impeachment witness for reasons stated below.

1. **Witness**. Defendants add Ansley Grant to their witness list.

2. **Scope of Testimony**. Mr. Grant is added to the list to impeach Plaintiff Godfrey's testimony on statements he attributed to Mr. Grant, actions Plaintiff Godfrey took in front of Mr. Grant, and actions Mr. Grant allegedly took in connection with participating in this litigation as a former plaintiff. He is also added to the witness list to corroborate statements made by Plaintiffs' witness Curtiss Fitzgerald, thereby, impeaching statements made by Plaintiffs' counsel in front of the jury. Specifically, Defendants plan to call this witness on four narrow subjects: (1) Mr. Godfrey's testimony that Mr. Grant wanted to file a lawsuit; (2) Mr. Godfrey's testimony that because he suffered emotional distress, he would leave the room when discussing his case in front of Mr. Grant and their attorneys; (3) Mr. Lattimore's statements before the jury that witness Curtis Fitzgerald lied about what transpired at meetings before and

after the Plaintiffs initially filed suit; and (4) Mr. Fitzgerald's testimony regarding discussions with Mr. Grant that Mr. Lattimore's offered millions of dollars for their participation in this case.

3.      **Factual Basis for Testimony**.  Defendants did not know that Plaintiff Godfrey would testify about Mr. Grant's specific conduct and actions Plaintiff Godfrey allegedly took in front of Mr. Grant, other than Mr. Grant's alleged actions at the Eye Bar.  Defendants also did not know Mr. Lattimore would accuse Mr. Fitzgerald of lying (which the Court warned him should be addressed outside the presence of the jury) and did not know Mr. Lattimore would act 'hysterical' (paraphrasing Court's word hysterics) in front of the jury given Mr. Fitzgerald was Plaintiffs' witness.  Particularly troubling and prejudicial to Defendants is Mr. Lattimore's statements and suggestions in front of the jury that defense counsel conspired with Mr. Fitzgerald to create his testimony.  Defendants are now entitled to offer a corroborating witness to confirm Mr. Fitzgerald's testimony is indeed accurate and not fabricated, which would effectively impeach Mr. Lattimore's statements.  He opened this door.  As such, Defendants have a right to call Mr. Grant to impeach Mr. Godfrey and Mr. Lattimore.

4.      **Legal Basis for Testimony**.  While not binding on this Court, certainly the case of *R & G Orthopedic Appliances and Prosthetics, Inc. v. Curtin*, 596 A.2d 530, 537-38 (D.C. 1991) is instructive on this issue.  In *Curtin*, the D.C. Court of Appeals held that "[t]he only witnesses you're not obligated to disclose in a case are people who are genuinely impeachment witnesses; people who are called in rebuttal to things other people raise you didn't know were coming out and then you go out and find those witnesses." *Id.*  The *Curtin* court explained that "[a]n ' impeachment witness,' by definition, includes one who will testify that the adversary's witness has made a prior inconsistent statement, and is therefore less worthy of belief than if she had testified consistently." *Id.*  The failure to identify this type of witness on a pretrial statement

or witness list would not preclude you from later identifying that witness during trial for impeachment or rebuttal purposes. *Id.* The court also noted that "[a]pparently, the trial judge thought that a party is not entitled to present impeachment testimony unless that party has been surprised at trial. We know of no authority for that proposition." *Id.*

5. **Effect of Testimony**. The addition of this witness is neither unfair surprise nor prejudicial, but omitting this witness would be an injustice and otherwise prejudicial to Defendants. The addition of the witness is not a surprise or prejudicial given he was a former Plaintiff who was identified in discovery. Omitting this witness, however, would create an injustice to Defendants given the jury has heard that Plaintiff Godfrey and others wanted to file this lawsuit. The jury is under the erroneous impression that Mr. Grant also wanted to file this lawsuit, which could strengthen or legitimize the lawsuit in some of the jurors' minds. It could also strengthen or legitimize Plaintiffs' version of the events particularly those attributed to Mr. Grant at the Eye Bar. Defendants are entitled to impeach Plaintiff Godfrey on his statements. Defendants would also be prejudiced by Mr. Lattimore's testimony (for a lack of a better word) that defense counsel conspired with the witness to produce his testimony.

Submitted this 1st day of July, 2007.                Respectfully submitted,

**SHERMAN, SILVERSTEIN, KOHL
ROSE & PODOLSKY, P.A.**

Date:   July 1, 2007                        By:   */s/ Alan C. Milstein, Esquire*
                                                Alan C. Milstein, Esquire
                                                Fairway Corporate Center
                                                4300 Haddonfield Road – Suite 311
                                                Pennsauken, NJ 08109
                                                Telephone: (856) 662-0700
                                                Facsimile: (856) 488-4744
                                                *Counsel for Defendant Allen Iverson*

                                            **SUTHERLAND ASBILL & BRENNAN LLP**

Date:   July 1, 2007               By:   */s/ William R. Martin, Esquire*
                                                     William R. Martin (Bar No. 465531)
                                                     1275 Pennsylvania Avenue, NW
                                                     Washington, DC 20004
                                                     Telephone: (202) 383-0100
                                                     Facsimile: (202) 637-3593
                                                     *Counsel for Defendant Jason Kane*