IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARLIN GODFREY, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 05-2044 (ESH) |
| ALLEN IVERSON, *et al.*, | * | |
| Defendants. | * | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CLAIMS
FOR PUNITIVE DAMAGES AGAINST DEFENDANT ALLEN IVERSON**

Defendants Allen Iverson and Jason Kane, by and through their undersigned counsel, hereby move to dismiss Plaintiffs' claims for punitive damages against Defendant Allen Iverson, and, in support thereof, state as follows:

**I.     Introduction**

Plaintiffs' Second Amended Complaint previously alleged five causes of action against Defendants Allen Iverson and Jason Kane: Assault & Battery (Count I); Intentional Infliction of Emotional Distress (Count II); Negligent Infliction of Emotional Distress (Count III); Negligent hiring, Training & Supervision (Count IV); and Civil Conspiracy (Count V). On July 2, 2007, the Court heard oral argument concerning Defendants' Rule 50(a) Motion for Directed Verdict, at which time the Court dismissed all but one count of Plaintiffs' Second Amended Complaint against Defendant Iverson: Negligent Hiring, Training & Supervision (Count IV). Defendants now move the Court to dismiss Plaintiffs' claim for punitive damages against Defendant Allen Iverson because negligence – even gross negligence – does not support a claim for punitive damages under the law of the District of Columbia.

## II. Legal Argument

Punitive damage awards are generally disfavored under District of Columbia law. *Raynor v. Richardson-Merrell, Inc.*, 643 F.Supp. 238, 245 (D.D.C. 1986). In fact, "[u]nder District of Columbia law, punitive damages are normally available only in actions arising from intentional torts." *Calvetti v. Antcliff*, 346 F.Supp.2d 92, 108 (D.D.C. 2004). For a court to award punitive damages, the conduct in question must be "willful and outrageous, constitute gross fraud, or be aggravated by evil motive, active malice, deliberate violence or oppression." *Raynor,* 643 F.Supp. at 245 (quoting *Mariner Water v. Aqua Purification,* 665 F.2d 1066, 1071 (D.C. Cir. 1981) (applying District of Columbia law)). Accordingly:

> in order to sustain an award of punitive damages, the plaintiff must prove, by a preponderance of the evidence, that the defendant committed a tortious act, and by clear and convincing evidence that the act was accompanied by conduct and a state of mind evincing malice or its equivalent.

*Jonathan Woodner Co. v. Breeden*, 665 A.2d 929, 938 (D.C. 1995).

It is clear that "[w]anton and reckless disregard for the rights of others will support an award of punitive damages, but gross negligence will not suffice." *Raynor,* 643 F.Supp. at 245 (citing *Knippen v. Ford Motor Co.*, 546 F.2d 993, 1002-3 (D.C. Cir. 1976) ("It is well settled that gross negligence will not support punitive damages….The most extreme negligence lacks the essential element of conscious indifference to consequences.")) This Court has also held that claims alleging negligence alone will not support an award of punitive damages, and consequently deemed an award of punitive damages for negligent retention and supervision improper. *Alqahtani v. George Washington Univ.*, 1996 WL 568843 at 5 (D.D.C. 1996) ("because negligent conduct cannot support an award for punitive damages, awarding punitive damages for the negligent retention and supervision claim is inappropriate.") (citing *Hackett v.*

2

*Washington Metro. Area Transit Auth.*, 736 F.Supp. 8, 10 (D.D.C. 1990)).

Applying the facts of record in this case to the foregoing controlling principles leads to the immediate conclusion that Plaintiffs' claims of negligent, hiring, training and supervision against Defendant Iverson cannot support an award for punitive damages. First, under District of Columbia law, punitive damages are typically available only in claims arising out of intentional torts, whereas here all of Plaintiffs' claims alleging intentional torts against Defendant Iverson have been dismissed. Even if it could be said that Plaintiffs' allegations of negligent hiring, training and supervision against Defendant Iverson establish a case of gross negligence against Defendant Iverson (which it cannot), it would still be insufficient to support an award for punitive damages. Second, in order to sustain an award of punitive damages on appeal, it is the plaintiff's burden to prove – by clear and convincing evidence – not only that the defendant committed the tortious act, but also that the defendant committed the act with a state of mind "aggravated by evil motive, active malice, deliberate violence or oppression." In the present case, Plaintiffs have failed to establish that Defendant Iverson was negligent in hiring, training or supervising Defendant Kane and/or Terrance Williams. More importantly, however, Plaintiffs have failed to establish that Defendant Iverson's alleged actions were "willful and outrageous," fraudulent, or that he was "aggravated by evil motive, active malice, deliberate violence or oppression" against the Plaintiffs. In short, Plaintiffs' claim of negligent hiring, training and supervision against Defendant Iverson falls well short of the conduct required under District of Columbia law to warrant the award of punitive damages.

### III.   Conclusion

WHEREFORE, Defendants Allen Iverson and Jason Kane respectfully request that the Court enter the accompanying proposed form of Order, dismissing Plaintiffs' claims for punitive

damages against Defendant Allen Iverson on the grounds set forth herein and in any subsequent brief filed in support of their motion.

                                                           Respectfully submitted,

**SHERMAN, SILVERSTEIN, KOHL ROSE & PODOLSKY, P.A.**

Date: July 3, 2007    By: */s/ Alan C. Milstein, Esquire*
Alan C. Milstein, Esquire
Fairway Corporate Center
4300 Haddonfield Road – Suite 311
Pennsauken, NJ 08109
Telephone: (856) 662-0700
Facsimile: (856) 488-4744
*Counsel for Defendant Allen Iverson*

**SUTHERLAND ASBILL & BRENNAN LLP**

Date: July 3, 2007    By: */s/ William R. Martin, Esquire*
William R. Martin (Bar No. 465531)
1275 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 383-0100
Facsimile: (202) 637-3593
*Counsel for Defendant Jason Kane*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MARLIN GODFREY, *et al.*, | * |
| Plaintiffs, | * |
| v. | *   Civil Action No. 05-2044 (ESH) |
| ALLEN IVERSON, *et al.*, | * |
| Defendants. | * |

**CERTIFICATE OF SERVICE**

I, Alan C. Milstein, declare under penalty of perjury that on July 3, 2007, certified copies of the Defendants' Motion to Dismiss Plaintiffs' Claims for Punitive Damages Against Defendant Allen Iverson were served on the following counsel of record via hand delivery:

Gregory L. Lattimer, Esquire
Law Offices of Gregory L. Lattimer
1100 H. Street, N.W. - Suite 920
Washington, D.C. 20005

Stephanie D. Moran, Esquire
E. Gregory Watson, Esquire
Watson & Moran, LLC
8401 Corporate Drive - Suite 110
Landover, MD  20785

**SHERMAN, SILVERSTEIN, KOHL**
**ROSE & PODOLSKY, P.A.**

Date:   July 3, 2007          By:   */s/ Alan C. Milstein, Esquire*
Alan C. Milstein, Esquire
Fairway Corporate Center
4300 Haddonfield Road – Suite 311
Pennsauken, NJ 08109
Telephone: (856) 662-0700
Facsimile: (856) 488-4744
*Counsel for Defendant Allen Iverson*