**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|                                    |   |                            |
|------------------------------------|---|----------------------------|
| MARLIN GODFREY, *et al.*,          | * |                            |
|                                    | * |                            |
| Plaintiffs,                        | * |                            |
|                                    | * |                            |
| v.                                 | * | Civil Action No. 05-2044 (ESH) |
|                                    | * |                            |
| ALLEN IVERSON, *et al.*,           | * |                            |
|                                    | * |                            |
| Defendants.                        | * |                            |
|                                    | * |                            |

**DEFENDANTS' MEMORANDUM OF LAW**

Defendants Allen Iverson and Jason Kane, by and through their undersigned counsel, hereby submit the following Memorandum of Law regarding the point at which a duty arises under the tort of negligent supervision.

## I.      Introduction

Plaintiffs' Second Amended Complaint previously alleged five causes of action against Defendants Allen Iverson and Jason Kane: Assault & Battery (Count I); Intentional Infliction of Emotional Distress (Count II); Negligent Infliction of Emotional Distress (Count III); Negligent hiring, Training & Supervision (Count IV); and Civil Conspiracy (Count V).  On Monday, July 2, 2007, the Court heard oral argument concerning Defendants' Rule 50(a) Motion for Directed Verdict, at which time the Court dismissed all but one count of Plaintiffs' Second Amended Complaint against Defendant Iverson: Negligent Hiring, Training & Supervision (Count IV).  On Tuesday, July 3, 2007, the Court and counsel endeavored to finalize the Jury Instructions and Verdict Form that will guide the jurors in this case.  Following oral argument, Judge Huvelle suggested that counsel provide her with a summary of law on the following legal issues: (a) the point at which duty arises under the tort of Negligent Hiring, Training & Supervision; *and* (b)

whether apparent authority can give rise to such a claim. For the reasons that follow, it is

Defendants' position that any duty imposed under the tort of negligent supervision only arises if

– and only if – the jury first finds that the Defendant in question conducted an activity through an

agent. A Memorandum of Law regarding whether apparent authority can give rise to a claim of

negligent supervision will follow shortly.

## II.    Legal Argument

### The Duty Imposed Under the Cause of Action of Negligent Supervision Only Arises if the Jury First Finds the Existence of an Agency Relationship.

The Restatement (Second) of Agency, adopted by this Court, defines negligent

supervision as follows:

> A person conducting an activity through servants or other agents is subject to liability for harm resulting from his conduct if he is negligent or reckless:
>
> (a)    in giving improper or ambiguous orders of in failing to make proper regulations; or
>
> (b)    in the employment of improper persons or instrumentalities in work involving risk of harm to others:
>
> (c)    in the supervision of the activity; or
>
> (d)    in permitting, or failing to prevent, negligent or other tortious conduct by persons, whether or not his servants or agents, upon premises or with instrumentalities under his control.

*Restatement (Second) of Agency* § 213 (1958) (emphasis added). It is readily apparent, upon

reviewing only the first line of the foregoing statement of law, that in order to establish liability

for alleged negligent supervision, a jury must first find that the defendant in question

"conduct[ed] an activity through servants or other agents." *Id.* A cursory review of District of

Columbia law leads to the same conclusion:

> [t]o invoke this theory of liability it is incumbent upon a party to
> show that an employer knew or should have known its *employee*
> behaved in a dangerous or otherwise incompetent manner, and that
> the employer, armed with that actual or constructive knowledge,
> failed to adequately supervise the employee.

*Giles v. Shell Oil Corp.* 487 A.2d 610, 613 (D.C. 1985) (emphasis in original) (citing *Murphy v.*

*Army Distaff Foundation, Inc.* 458 A.2d 61 (D.C. 1983).

There is, however, a narrow exception to the Restatement's requirement of an initial finding of a master-servant, employer-employee, principal-agent relationship in order to establish liability for negligent supervision, however. Subsection (d) of §213 above indicates that a person may be liable is he or she "permit[s], or fail[s] to prevent, negligent or otherwise tortuous actions by persons, whether or not his/her servants or agents, upon premises or instrumentalities under his control." *Restatement (Second) of Agency* § 213(d). Therefore, although there is a narrow exception to the requirement that a jury must first find that a defendant "conduct[ed] an activity through servants or other agents," that approach requires first finding either: (a) that the defendant in question controlled the premises upon which the allegedly tortuous activity occurred *or* (b) that the defendant controlled the instrumentalities used to commit the allegedly tortuous activity. There is absolutely no evidence in the record that Defendant Iverson either controlled the Eyebar on the evening in question or that any allegedly tortuous actions by Defendant Kane and/or Terrance Williams were committed with instrumentalities under his control. As such, the Restatement's exception is inapplicable in the present case and Defendants respectfully request that the Court amend the Jury Instructions and Verdict Form to reflect the fact that any duty imposed under the tort of negligent supervision only arises if – and only if – the jury first finds that the Defendant Kane and/or Terrance Williams were Defendant Iverson's agents on the evening in question.

### III.    Conclusion

WHEREFORE, Defendants Allen Iverson and Jason Kane respectfully request that the Court amend the Jury Instructions and Verdict Form in this case to reflect the legal principles outlined above – specifically, that any duty imposed under the cause of action of negligent supervision arises if – and only if – the jury first finds that the Defendant Kane and/or Terrance Williams were Defendant Iverson's agents on the evening in question.

Respectfully submitted,

**SHERMAN, SILVERSTEIN, KOHL ROSE & PODOLSKY, P.A.**

Date:    July 4, 2007    By:    */s/ Alan C. Milstein, Esquire*
Alan C. Milstein, Esquire
Fairway Corporate Center
4300 Haddonfield Road – Suite 311
Pennsauken, NJ 08109
Telephone: (856) 662-0700
Facsimile: (856) 488-4744
*Counsel for Defendant Allen Iverson*

**SUTHERLAND ASBILL & BRENNAN LLP**

Date:    July 4, 2007    By:    */s/ William R. Martin, Esquire*
William R. Martin (Bar No. 465531)
1275 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 383-0100
Facsimile: (202) 637-3593
*Counsel for Defendant Jason Kane*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MARLIN GODFREY, *et al.*, | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | *    Civil Action No. 05-2044 (ESH) |
| | * |
| ALLEN IVERSON, *et al.*, | * |
| | * |
| Defendants. | * |

## CERTIFICATE OF SERVICE

I, Alan C. Milstein, declare under penalty of perjury that on July 4, 2007, Defendants'

foregoing Memorandum of Law was filed via the Court's electronic filing system (ECF), which

will automatically send a copy of the foregoing pleading to Plaintiff's following counsel:

> Gregory L. Lattimer, Esq.
> 1100 H Street, N.W., Suite 920
> Washington, D.C. 20005
>
> Stephanie D. Moran, Esq.
> E. Gregory Watson, Esq.
> Watson & Moran, LLC
> 8401 Corporate Drive, Suite 100
> Landover, MD 20785

Copies of the Defendants' foregoing Memorandum of Law will also be hand delivered to

Plaintiffs' aforementioned counsel of record on July 5, 2007.

**SHERMAN, SILVERSTEIN, KOHL
ROSE & PODOLSKY, P.A.**

Date:      July 4, 2007          By:      */s/ Alan C. Milstein, Esquire*
                                        Alan C. Milstein, Esquire
                                        *Counsel for Defendant Allen Iverson*