IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARLIN GODFREY, *et al.* | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| | * | |
| v. | * | Case No. 1:05-cv-02044 |
| | * | |
| ALLEN IVERSON, *et al.* | * | (ESH/DAR) |
| | * | |
| | * | |
| Defendant. | * | |
| | * | |

**PLAINTIFFS' SUBMISSION REGARDING THE NEGLIGENT
SUPERVISION JURY INSTRUCTION REGARDING TERRANCE WILLIAMS**

Comes now the plaintiffs, by and through counsel and hereby submit their position as to the proposed negligent supervision jury instruction regarding Terrence Williams. It has been argued by the defendants that in order to submit the issue of negligent supervision to the jury, the issue of whether or not Terrence Williams was an agent or independent contractor must first be decided. That is a misstatement of the law.

> It is clear from the Restatement and other authorities that a claim of negligent supervision does not require proof that the supervised person was also an employee or agent.

*Brown v. Argenbright Security, Inc.*, 782 A.2d 752, 760 n.11.

Accordingly, the plaintiffs submit that pages 17 and 18 of the jury instruction should be modified as follows:

If you determine that Terrence Williams is responsible for an assault and battery or intentionally infliction of emotional distress against a plaintiff, and that he was not acting in self-defense, then you must decide whether Allen Iverson is liable for negligently supervising Terrence Williams.

First, you must determine whether Allen Iverson had a duty to supervise Terrence Williams.

To show that Allen Iverson had this duty, plaintiffs must establish by a preponderance of the evidence that because of the nature of Allen Iverson's relationship to Terrence Williams, Allen Iverson had the ability to control his actions at the Eyebar. The plaintiffs must further show by a preponderance of the evidence that Allen Iverson knew or should have known that Terrence Williams behaved in a dangerous or otherwise incompetent manner in this instance or on previous occasions.

If you determine that Allen Iverson had a duty to supervise Terrence Williams, you must consider whether he was negligent in discharging this duty. In other words, you must decide whether Allen Iverson failed to use ordinary care in supervising or failing to supervise Terrence Williams.

If you find that Allen Iverson had a duty to supervise Terrence Williams and was negligent in discharging that duty, you must also decide whether Allen Iverson's negligence in supervising Terrence Williams was a substantial factor in bringing about the injuries suffered by the plaintiff or plaintiffs.

In sum, to hold Allen Iverson liable for negligent supervision of Terrence Williams, you must find by a preponderance of the evidence that:

1) Because of the nature of Allen Iverson's relationship to Terrene Williams, Allen Iverson had the ability to control Williams's actions at the Eyebar;

2) Allen Iverson knew or should have known that Terrence Williams behaved in a dangerous or otherwise incompetent manner;

3) Allen Iverson, armed with that actual or constructive knowledge, failed to use reasonable care in supervising Terrence Williams;

4) that Allen Iverson's failure to use such reasonable care in supervising Terrence Williams was a substantial factor in bringing about the injuries suffered by a plaintiff.

Respectfully submitted,

Gregory L. Lattimer [371926]

          1100 H Street, N.W.
          Suite 920
          Washington, D.C.  20005
          (202) 638-0095

          Stephanie D. Moran [471555]
          E. Gregory Watson
          Watson & Moran, LLC
          8401 Corporate Drive
          Suite 110
          Landover, MD 20785
          (301) 429-0505
          Counsel for the Plaintiffs