IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARLIN GODFREY, *et al.* | * |
| Plaintiffs, | * |
| v. | *  Case No. 1:05-cv-02044 |
| ALLEN IVERSON, *et al.* | *  (ESH/DAR) |
| Defendant. | * |

**PLAINTIFFS' MOTION FOR RECONSIDERATION
OF THE ISSUE OF VICARIOUS LIABILITY**

Comes now the plaintiffs, by and through counsel and hereby move this Court to reconsider its ruling on the issue of vicarious liability. The Court determined that defendant Iverson could not be held liable for the actions of defendant Kane because he is an independent contractor and not an employee. While that determination is generally sound, under the facts and circumstances of this case, it is erroneous as a matter of law.

An employer generally is not liable for injuries to third parties caused by an independent contractor over whom (or whose work) the employer has reserved no control. There are exceptions to the rule, however, one of which is that:

One who employs an independent contractor to do work involving a special danger to others which the employer knows or has reason to know to be inherent in or normal to the work, or which he contemplates or has reason to contemplate when making the contract, is subject to liability for physical harm caused to such others by the contractor's failure to take reasonable precautions against such danger. [Citation omitted].

*District of Columbia v. Howell*, 607 A.2d 501, 504-05 (D.C. 1992).

\*      \*      \*      \*      \*

An employer is liable for injuries caused by the negligence of an independent contractor where the work performed by the contractor is inherently dangerous . . . But the application of the "inherent danger" rule is not limited to intrinsically hazardous work.

> On the contrary, the rule applies inter alia, where the employer has special reason to contemplate such a risk [of harm] under the particular circumstances under which the work is to be done. "The existence of a danger and knowledge of it by the employer are normally questions of fact for the jury." [Citations omitted.]

*Fry v. Diamond Construction, Inc.,* 659 A.2d 241, 249 (D.C. 1995).

In the present case, defendant Kane is a personal bodyguard. His job clearly involves the potential use of physical force. As such, an employer can be held liable for the actions of such an independent contractor.

> It is sufficient that work of any kind involves a risk, recognizable in advance, of physical harm to others which is inherent in the work itself, or normally expected in the ordinary course of the usual or prescribed way of doing it.

*Levy v. Currier*, 587 A.2d 205, 209 (D.C. 1991). In sum, the issue of whether or not defendant Iverson should be vicariously liable is an issue for the jury. In order to decide that issue, the plaintiffs submit that the Court should instruct the jury pursuant to D.C. Standard Jury Instructions 6.06 and 6.06B.

Respectfully submitted,

Gregory L. Lattimer [371926]
1100 H Street, N.W.
Suite 920
Washington, D.C. 20005
(202) 638-0095

Stephanie D. Moran [471555]
E. Gregory Watson
Watson & Moran, LLC
8401 Corporate Drive
Suite 110
Landover, MD 20785
(301) 429-0505