**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| MARLIN GODFREY, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 05-2044 (ESH) |
| ALLEN IVERSON, *et al.*, | * | |
| Defendants. | * | |

**DEFENDANTS' MEMORANDUM OF LAW REGARDING APPARENT AUTHORITY**

Defendants Allen Iverson and Jason Kane, by and through their undersigned counsel, hereby submit the following Memorandum of Law regarding whether apparent authority can give rise to a claim of negligent supervision.

**I.      Introduction**

Plaintiffs' Second Amended Complaint previously alleged five causes of action against Defendants Allen Iverson and Jason Kane: Assault & Battery (Count I); Intentional Infliction of Emotional Distress (Count II); Negligent Infliction of Emotional Distress (Count III); Negligent hiring, Training & Supervision (Count IV); and Civil Conspiracy (Count V). On Monday, July 2, 2007, the Court heard oral argument concerning Defendants' Rule 50(a) Motion for Directed Verdict, at which time the Court dismissed all but one count of Plaintiffs' Second Amended Complaint against Defendant Iverson: Negligent Hiring, Training & Supervision (Count IV). On Tuesday, July 3, 2007, the Court and counsel endeavored to finalize the Jury Instructions and Verdict Form that will guide the jurors in this case. Following oral argument, Judge Huvelle suggested that counsel provide her with a summary of law on the following legal issues: (a) the point at which duty arises under the tort of Negligent Hiring, Training & Supervision; *and* (b)

whether apparent authority can give rise to such a claim. For the reasons that follow, it is Defendants' position that a person acting under apparent authority *cannot* give rise to a claim of negligent supervision, and that the Jury Instructions and Verdict Form should reflect that principle.

## II.     Legal Argument

### Apparent Authority Cannot Provide the Basis of an Agency Relationship for the Purposes of Negligent Supervision

According to the Restatement (Second) of Agency, adopted by this Court, "[a]pparent authority is the power to affect the legal relations of another person by transactions with third persons, professedly as agent for the other, arising from and in accordance with the other's manifestations to such third persons." *Restatement (Second) of Agency* § 8 (1958). The Restatement also notes that apparent authority "is entirely distinct from authority, either express or implied." *Id.* at comment a. Moreover:

> [a]pparent authority exists only to the extent that it is reasonable for the third person dealing with the agent to believe that the agent is authorized. Further, the third person must believe the agent to be authorized. In this respect apparent authority differs from authority since an agent who is authorized can bind the principal to a transaction with a third person who does not believe the agent to be authorized.

*Id.* at comment c.

This Court has also held that in determining the existence of apparent authority, the following factors must be analyzed:

    (i)    whether the principal can be bound by apparent authority;

    (ii)    whether the principal acted in a way that may give rise to an inference that the agent is authorized to act on behalf of the principal; and

>  (iii)   whether the third party reasonably believed that the agent was acting on behalf of the principal.

*Smith v. Washington Metropolitan Area Transit Authority*, 1997 WL 182286 *8 (D.D.C. 1997) (citing *Williams v. WMATA,* 721 F.2d 1412, 1416 (D.C.Cir. 1983); *Drexel Burnham Lambert v. Commodities Futures Trading Comm'n,* 850 F.2d 742, 753 (D.C.Cir. 1988).

Thus, it is clear that the primary focus in determining whether apparent authority exists is whether the third party reasonably believed that the purported agent was authorized to act on behalf of the purported principal. In making this determination, it is important to note that

> apparent authority to do an act is created as to a third person by written or spoken words or any other conduct of the principal which, reasonably interpreted, causes the third person to believe that the principal consents to have the act done on his behalf by the person purporting to act for him.

*Restatement (Second) of Agency* § 27 (1958). Furthermore, [t]he third party seeking to prove the existence of an agency relationship must show that the reliance was to his or her detriment. *Wagshal v. Selig,* 403 A.2d 338, 344 (D.C. 1979) (citing *Gonzalez v. Internacional De Elevadores, S.A.*, 891 A.2d 227, 238 (D.C. 2006).

In the present case, Plaintiffs have indicated that they intend allege that Defendant Kane and/or Terrance Williams possessed the apparent authority of Defendant Iverson and that said alleged apparent authority provides the basis for the agency element of their claims of negligent supervision.

The Restatement (Second) of Agency, adopted by this Court, defines negligent supervision as follows:

> A person conducting an activity through servants or other agents is subject to liability for harm resulting from his conduct if he is negligent or reckless:

>   (a) in giving improper or ambiguous orders or in failing to make proper regulations; or
>
>   (b) in the employment of improper persons or instrumentalities in work involving risk of harm to others:
>
>   (c) in the supervision of the activity; or
>
>   (d) in permitting, or failing to prevent, negligent or other tortious conduct by persons, whether or not his servants or agents, upon premises or with instrumentalities under his control.

*Restatement (Second) of Agency* § 213 (1958). It is readily apparent, upon reviewing only the first line of the foregoing statement of law, that in order to establish liability for alleged negligent supervision, a jury must first find that the defendant in question "conduct[ed] an activity through servants or other agents." *Id.* A cursory review of District of Columbia law leads to the same conclusion:

> [t]o invoke this theory of liability it is incumbent upon a party to show that an employer knew or should have known its *employee* behaved in a dangerous or otherwise incompetent manner, and that the employer, armed with that actual or constructive knowledge, failed to adequately supervise the employee.

*Giles v. Shell Oil Corp.* 487 A.2d 610, 613 (D.C. 1985) (emphasis in original) (citing *Murphy v. Army Distaff Foundation, Inc.* 458 A.2d 61 (D.C. 1983).

In the present case, the Plaintiffs have failed to present evidence during the trial that Defendant Iverson could even be bound by apparent authority or that he acted in any manner to give rise to the inference that either Defendant Kane or Terrance Williams were authorized to act on his behalf. In fact, there were no interactions or communications between Defendant Iverson and the Plaintiffs to provide such an inference. Most importantly, however, there is no evidence that the Plaintiffs reasonably believed that either Defendant Kane or Terrance Williams was acting on behalf of Mr. Iverson. As such, Plaintiffs cannot establish that Defendant Kane and/or

Terrance Williams possessed the apparent authority of Defendant Iverson on the evening in question. Even if they could establish apparent authority, however, any such authority could not provide the basis for their negligent supervision claims, which require a finding of a master-servant, employer-employee, principal-agent relationship in order to establish liability for negligent supervision. Apparent authority, which is typically applied in contract cases and focuses on whether the third party's beliefs were reasonable, is inapplicable to Plaintiff's negligent supervision claims, which examine the actions of Defendant Iverson were proper. In short, apparent authority is simply an incompatible legal proposition which cannot provide the requisite requirement of an agency relationship for Plaintiffs' claims of negligent supervision against Defendant Iverson.

### III.   Conclusion

WHEREFORE, Defendants Allen Iverson and Jason Kane respectfully request that the Court amend the Jury Instructions and Verdict Form in this case to reflect the legal principles outlined above – namely, that apparent authority *cannot* give rise to a claim of negligent supervision.

Respectfully submitted,

**SHERMAN, SILVERSTEIN, KOHL
ROSE & PODOLSKY, P.A.**

Date:    July 4, 2007             By:    */s/ Alan C. Milstein, Esquire*
Alan C. Milstein, Esquire
Fairway Corporate Center
4300 Haddonfield Road – Suite 311
Pennsauken, NJ 08109
Telephone: (856) 662-0700
Facsimile: (856) 488-4744
*Counsel for Defendant Allen Iverson*

|  |  |
|---|---|
|  | **SUTHERLAND ASBILL & BRENNAN LLP** |
| Date: <u>July 4, 2007</u> | By: <u>*/s/ William R. Martin, Esquire*</u><br>William R. Martin (Bar No. 465531)<br>1275 Pennsylvania Avenue, NW<br>Washington, DC 20004<br>Telephone: (202) 383-0100<br>Facsimile: (202) 637-3593<br>*Counsel for Defendant Jason Kane* |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| MARLIN GODFREY, *et al.*, | * |
| Plaintiffs, | * |
| v. | *  Civil Action No. 05-2044 (ESH) |
| ALLEN IVERSON, *et al.*, | * |
| Defendants. | * |

**CERTIFICATE OF SERVICE**

I, Alan C. Milstein, declare under penalty of perjury that on July 4, 2007, Defendants' foregoing Memorandum of Law Regarding Apparent Authority was filed via the Court's electronic filing system (ECF), which will automatically send a copy of the foregoing pleading to Plaintiff's following counsel:

Gregory L. Lattimer, Esq.
1100 H Street, N.W., Suite 920
Washington, D.C. 20005

Stephanie D. Moran, Esq.
E. Gregory Watson, Esq.
Watson & Moran, LLC
8401 Corporate Drive, Suite 100
Landover, MD 20785

Copies of the Defendants' foregoing Memorandum of Law will also be hand delivered to Plaintiffs' aforementioned counsel of record on July 5, 2007.

**SHERMAN, SILVERSTEIN, KOHL
ROSE & PODOLSKY, P.A.**

Date:   July 4, 2007            By:   */s/ Alan C. Milstein, Esquire*
                                          Alan C. Milstein, Esquire
                                          *Counsel for Defendant Allen Iverson*