IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARLIN GODFREY,** *et al.*            ) | |
| )| |
| **Plaintiff,**            ) | |
| ) | Civil Action No. 05-2044 |
| v.            ) | |
| ) | (ESH)(DAR) |
| **ALLEN IVERSON,** *et al.*            ) | |
| ) | |
| **Defendants.**            ) | |

### PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CLAIMS FOR PUNITIVE DAMAGES AGAINST ALLEN IVERSON

Comes now the plaintiffs, by and through counsel, and hereby submit their opposition to the Defendant's Motion to Dismiss Plaintiffs' Claims for Punitive Damages Against Allen Iverson and state as follows:

It is well established that in the District of Columbia that a showing of wanton and reckless disregard for other will support an award of punitive damages. *Knippen v. Ford Motor Company, et al.,* 546 F.2d 993 (DC Cir. 1976). In fact, the United States Supreme Court has determined that punitive damages in tort cases may be awarded not only for actual intent to injure or evil motive, but also for recklessness, serious indifference to or disregard for the rights of others. *See Smith v. Wade*, 461 U.S. 30; 103 S. Ct. 1625 (1983). In the District of Columbia punitive damages may also be awarded for "conscious disregard" (*Muir v. Navy Federal Credit Union, et al.* 2007 RLJ 03-1193  or "conscious indifference" *See Knippen*. Actual malice is not required. *(Knippen* citing W. PROSSER, LAW OF TORTS, § 2, at 9-10 (1971).)

> **"Punitive damages may be assessed to penalize a defendant for outrageous conduct and to deter him and others from similar activity in the future. Such damages --- also aptly termed "exemplary" damages – are appropriate when defendant's misbehavior demonstrates a particularly reckless disregard for the rights of another."**
>
> **-*Nepra Chemical, Inc. v. Sea-Land Service, Inc*., *et al*. 253 U.S. App. D.C. 394 (1986).**

Here, plaintiffs have clearly established that the manner in which defendant Iverson negligently supervised and retained both Jason Kane and Terrance Williams constituted willful and conscious disregard for the plaintiffs rights, willful and wanton conduct, extreme recklessness and malice. Specifically, defendant Iverson has a pattern and practice of encouraging, laughing and enjoying the vicious conduct of his entourage, agents, contractors and individuals under his control, namely, Jason Kane and Terrance Williams.

Additionally, plaintiffs have offered evidence that on at least two occasions defendant Iverson laughed and smirked while defendant Terrance Williams viciously beat innocent individuals in the presence of Defendant Iverson.  On both of these occasions defendant Iverson even had knowledge that his entourage, agents, contractors and individuals under his control were going to commit an act of violence while he stood by and watched.  On July 10, 2005, at Crabber's restaurant in Virginia, Terrance Williams consulted and laughed with Defendant Iverson before turning to an innocent victim, Darryl Cooper, and gesturing that he was going to put Mr. Cooper's "lights out" by severely beating him   Less than two weeks later, on July 20, 2005, at the Eyebar, Defendant Iverson stood on a couch to watch Jason Kane and Terrance Williams brutally beat plaintiffs Godfrey and Kittrrell.  Moreover, not only did defendant

Iverson know that this beating was going to occur, he watched, smirked and laughed as the Plaintiffs here were attacked.

Defendant Iverson could have at any moment directed, ordered, gestured, demanded, instructed, and commanded defendants Kane and Terrance Williams to stop beating and pounding plaintiffs. Instead of stopping or even attempting to stop their actions, defendant Iverson laughed and enjoyed watching the beat down.

Moreover, it should be noted that while defendants rely on *Alqantani v. George Washington Univ.,* 1996 WL 5678843 (D.D.C. 1996) for the proposition that negligence alone will not support an award of punitive damages, that case mischaracterizes the law. *Alqantani* merely cited to the case of *Hacket v. WMATA*, 736 F. Supp. (D.D.C. 1990) without any analysis and without context. *Hacket* concerned a plaintiff, bus passenger, who sued WMATA on grounds of negligent supervision, hiring, retention and respondeat superior in relationship to a motor vehicle collision. The court in *Hacket* restated the standard that punitive damages are available in the District of Columbia where a defendant's conduct is willful and outrageous, however, it determined that Hacket's claims of negligent hiring, retention and supervision, *in that particular case,* fell short of the standard given that the plaintiff had "no specific factual circumstances to support this claim" and thus *that particular plaintiff's* allegations of willful or, deliberate of fraudulent conduct on the part of WMATA were lacking.

Negligent conduct that is found to exhibit "conscious indifference" "conscious disregard" and "wantonness" and/or "outrageousness" will support an award for punitive damages. Plaintiffs' have established sufficient evidence to supports a claim of punitive damages against Iverson.

Wherefore, for the reasons set forth herein and in the record of this proceeding, it is respectfully requested that defendants' motion be summarily denied.

Respectfully submitted,

*/S/* E. Gregory Watson, Esq.
E. Gregory Watson, Esq.[MD14398]
Stephanie Moran, Esq. [471555]
Watson & Moran, LLC
8401 Corporate Drive
Suite 110
Landover, MD 20785
(301) 429-0505

Gregory L. Lattimer, Esq. [371926]
1100 H Street, N.W.
Suite 920
Washington, D.C. 20005
(202) 638-0095

Attorneys for the Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARLIN GODFREY,** *et al.*  )<br>  )<br>  **Plaintiff,**  )<br>  )  **Civil Action No. 05-2044**<br>  **v.**  )<br>  )  **(ESH)(DAR)**<br>  **ALLEN IVERSON,** *et al.*  )<br>  )<br>  **Defendants.**  ) | |

## ORDER

Upon consideration of Defendants' Motion To Dismiss Plaintiffs' Claims For Punitive Damages Against Defendant Allen Iverson, it is hereby

**ORDERED,** that the Defendants' Motion is hereby **DENIED**.

_____
Judge Ellen Huvelle
United States District Court
District of Columbia

Copies to:

E. Gregory Watson, Esquire
Stephanie D. Moran, Esquire
Watson & Moran, L.L.C.
8401 Corporate Drive, Suite 110
Landover, Maryland 20785

Gregory L. Lattimer, Esquire
Law Offices of Gregory Lattimer
1100 H Street, N.W., Suite 920
Washington, D.C. 20005

*Attorneys for Plaintiffs*

Alan C. Milstein, Esquire
Matt Tucker, Esquire
Sherman, Silverstein, Kohl,
Rose & Podolsky, P.A.
4300 Haddonfield, Suite 311
Pennsauken, N.J. 08109

*Attorneys for Defendant Allen Iverson*


William R. Martin, Esquire
Thomas Bundy, Esquire
Sutherland, Asbill & Brennan, LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004

*Attorneys for Defendant Jason Kane*