UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARLIN GODFREY, *et al.*,              :
                                        :
                    Plaintiffs,         :
                                        :
        v.                              :        Civil Action No. 05-2044
                                        :        (ESH)
ALLEN IVERSON, *et al.*,                :
                                        :        **FILED**
                    Defendants.         :
_____        :        JUL 0 9 2007

<u>Jury Instructions</u>

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Ladies and gentlemen, the time has now come to instruct you on the law that will govern your deliberations on the facts. I will begin by discussing some of the same general rules I discussed at the beginning of the trial, and I will then discuss the specific rules in this case. Finally, I will talk briefly about the procedures for your deliberations.

First, as I mentioned at the beginning, the judge and jury have different jobs in a trial. The function of the judge is to conduct the trial of the case in an orderly, fair, and efficient manner. The judge also must rule upon questions of law arising during the trial, and must tell you the law that applies to this case. It is your duty to accept the law as I state it to you without questioning the wisdom of these instructions. In other

words, even if you disagree or do not understand the reasons for any of the instructions, you are bound to follow them.

Your function as jurors is to decide the facts. You are the exclusive judges of the facts. You alone determine the weight, the effect and the value of the evidence, and the believability of the witnesses.

During the course of the trial, you have heard references to the terms plaintiff and defendant. To put it as simply as possible, the plaintiff is the person who starts a lawsuit and the defendant is the person who is sued by the plaintiff.

During your deliberations, however, you must not attach any significance in weighing the evidence to the terms plaintiff and defendant. In other words, the fact that the plaintiffs have filed a lawsuit against the defendants does not mean that the plaintiffs are entitled to your verdict or that their evidence is entitled to greater weight than the defendants' evidence. A plaintiff must prove every element of his claim against a defendant by a preponderance of the evidence before he is entitled to prevail.

It is your duty as jurors to consult with one another and to deliberate expecting to reach an agreement.  You must decide the case for yourself but you should do so only after thoroughly discussing it with

your fellow jurors.  You should not hesitate to change an opinion when convinced that it is wrong.  You should not be influenced to vote in any way on any question just because another juror favors a particular decision or holds an opinion different from your own.  You should reach an agreement only if you can do so in good conscience.  In other words, you should not surrender your honest beliefs about the effect of weight of evidence merely to return a verdict or solely because of other jurors' opinions.

Remember that you are not advocates in this matter.  You are neutral judges of the facts.  The final test of the quality of your service will lie in the verdict which you return to this courtroom.  You will make an important contribution to the cause of justice if you arrive at a just and proper verdict in this case.  Therefore, during your deliberations in the jury room, your purpose should not be to support your own opinion but to determine the facts.

You must treat and consider all of these instructions as a whole. You must not single out any particular instruction or sentence while ignoring others. You must give each instruction equal importance and consider each one equally with all other instructions.

During the course of this trial, I may have asked questions of a witness to obtain information or to bring out facts.  You should not take my questions to witnesses as any indication of my opinion about how you

should determine the facts.

If I have said or done anything at any time during this case, including giving these instructions, which seemed to indicate my opinion on any of these matters, then I instruct you to disregard that indication. Nothing I have said or done should influence or suggest to you that I favor any party in this case.

I have not meant to express, or to suggest, any opinion about which witnesses should be believed, or which facts are established.

There have certainly been times during the trial when a lawyer made an objection to a question asked by another lawyer or to an answer given by a witness. It is the duty of a lawyer to make objections if the lawyer believes something improper is being done. When I sustained an objection to a question, the witness was not allowed to answer it. Do not attempt to guess what the answer might have been had I allowed the question to be answered. Similarly, when I told you to disregard a particular answer--when I ordered it stricken--you should have put that statement out of your mind, and you may not refer to that stricken answer during your deliberations.

While it may have been natural for you to become impatient with the delay caused by objections or other portions of the proceedings, you must not let your feelings in any way affect your deliberations. Those

interruptions concerned legal matters, while your job is to decide the facts. You should not be influenced by any lawyer's objections, no matter how I ruled upon them.

Our system of justice requires that you decide the facts of this case in an impartial manner. You must not be influenced by bias, sympathy, prejudice or public opinion. It is a violation of your sworn duty to base your verdict upon anything other than the evidence in this case.

In reaching a verdict, you must consider and decide this case as an action between persons of equal standing in the community and of equal worth. All persons stand equal before the law and must be treated as equals in this Court.

You may consider only the evidence properly admitted in the case. Evidence includes the sworn testimony of witnesses and exhibits admitted into evidence.

In arriving at your verdict, you are to consider only the evidence in the case. When you are considering the evidence, however, you are not limited solely to the statements of the witnesses. You are permitted to draw from the evidence any inferences or conclusions that reason and common sense lead you to make.

Statements and arguments of the lawyers, such as their opening statements and closing arguments, are not evidence. They are intended

only to help you understand and interpret the evidence from each party's perspective.

The questions that the lawyers ask are not evidence. A lawyer's question that contains an assertion of a fact does not provide evidence of that fact.

During this case, I or the lawyers may have called your attention to certain evidence. If you remember that evidence differently from the way I or the lawyers stated it, then you should disregard our characterization of the evidence and rely upon your own memory.

The party who makes a claim has the burden of proving it.  This burden of proof means that the plaintiff must prove every element of his claim by a preponderance of the evidence. To establish a fact by a preponderance of the evidence is to prove that it is more likely so than not so. In other words, a preponderance of the evidence means that the evidence produces in your mind the belief that the thing in question is more likely true than not true.

If, after considering all of the evidence, the evidence favoring the plaintiff's side of an issue is more convincing to you, and causes you to believe that the probability of truth favors the plaintiff on that issue, then the plaintiff will have succeeded in carrying the burden of proof on that issue.

The term "preponderance of the evidence" does not mean that the proof must produce absolute or mathematical certainty. For example, it does not mean proof beyond a reasonable doubt as is required in criminal cases.

Whether there is a preponderance of the evidence depends on the quality, and not the quantity, of evidence. In other words, merely having a greater number of witnesses or documents bearing on a certain version of the facts does not necessarily constitute a preponderance of the evidence.

If you believe that the evidence is evenly balanced, on an issue the plaintiff had to prove, then the plaintiff has not carried the burden of proof and your finding on that issue must be for the defendant.

In determining whether any fact has been proved by a preponderance of the evidence, you should consider all the evidence bearing upon that fact, regardless of who produced it. A party is entitled to benefit from all evidence that favors him whether he produced it or his adversary produced it.

There are two types of evidence: direct and circumstantial. Direct evidence is the direct proof of a fact, such as the testimony of an eyewitness. Circumstantial evidence is indirect evidence of a fact which is established or logically inferred from a chain of other facts or

circumstances. For example, direct evidence of whether an animal was running in the snow might be the testimony of a person who actually saw the animal in the snow. Circumstantial evidence might be the testimony of a person who saw the tracks of the animal in the snow, rather than the animal itself.

You may consider both types of evidence equally. The law makes no distinction between the weight to be given either direct or circumstantial evidence. The law does not require a greater degree of certainty for circumstantial evidence than for direct evidence. You should weigh all the evidence in the case, both direct and circumstantial, and find the facts in accordance with that evidence.

In evaluating the evidence and deciding what the facts are, you must consider and weigh the testimony of all the witnesses who have appeared before you. You are the sole judges of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and to what extent any witness should be believed. If there is any conflict in the testimony between a witness's testimony and other evidence, it is your function to resolve the conflict and to determine where the truth lies.

In deciding the credibility of any witness, you may consider any matter that may have a bearing on the subject. You may consider the appearance and the behavior of the witness on the witness stand; whether

the witness impresses you as a truthful individual; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case; or whether the witness has any friendship or animosity toward other persons concerned in this case.

You may consider the reasonableness or unreasonableness, and the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or corroborated by other credible evidence.

If you believe that any witness has shown himself to be biased or prejudiced, either for or against either side in this trial, you may consider and decide whether that bias or prejudice has colored the testimony of the witness so as to affect the witness's desire and capability to tell the truth.

You should give the testimony of each witness as much weight as in your judgment it is fairly entitled to receive.

During the trial, certain testimony was read to you or presented by videotape  in the form of a deposition.  You should give this testimony the

same consideration as to its weight and credibility as you give to the testimony of witnesses who testified here in court.  You must not discount any testimony simply because it was read to you or presented on videotape.

The testimony of a witness may be discredited or impeached by showing that he has previously made statements which are inconsistent with his present courtroom testimony.  It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact inconsistent with the witness's testimony in court here.

If a witness at trial has been confronted with a prior statement which that witness made, and that prior statement is inconsistent with his testimony here in court, then you may consider the prior statement when you assess the truthfulness of the testimony he gave in court.

If the witness made the prior inconsistent statement under oath at a deposition, then you may also treat the prior statement as evidence in this case -- that is, you may treat what the witness said in that prior statement as evidence like any other evidence in this case.

If the witness was not at a deposition when he made the statement, then you may not treat the prior statement as evidence of the facts in the statement.  You may consider the statement only to evaluate the witness's credibility.  That is, you may use the prior statement only to determine

whether to believe the witness's present testimony in court.

If you believe that any witness has been discredited or impeached, then you should give his testimony the weight, if any, that you judge it is fairly entitled to receive.

If a witness testifies that a prior inconsistent statement is the truth, then you may consider the prior statement both to evaluate the witness's credibility and as evidence of the truth of any fact contained in that statement.

There are two plaintiffs in this trial. However, the case of each plaintiff is separate from, and independent of, that of the other. The law permits these plaintiffs to join their cases solely because their claims involve the same subject matter. Each plaintiff has separate individual rights. Thus, just because one plaintiff might be entitled to receive damages does not necessarily mean that the other should receive damages.

Unless I tell you otherwise, the instructions I give you apply equally to each plaintiff. You must decide each plaintiff's case independently as a separate action as to each defendant.

There is also more than one defendant in this lawsuit. Each defendant deserves fair consideration of his own separate defense. Accordingly, your finding one defendant liable or not liable should have

no effect on your decision about the liability of any other defendant.  The same instructions I give you govern the case as to each defendant to the same effect as if that defendant were the only one in the lawsuit.

If you should find that no defendant is liable to any plaintiff, then your verdict should be in favor of both defendants and against both plaintiffs.  If you should find that one defendant is liable to one or both of the plaintiffs, then your verdict should be in favor of the one or both of the plaintiffs, and against only the defendant whom you found liable.

## ASSAULT AND BATTERY (COUNT I)

And now, ladies and gentlemen, I am going to turn to the substance of the claims in this case.

In Count I, both plaintiffs have brought a claim of assault and battery against Jason Kane.  Again, to prevail, they must prove their claim by a preponderance of the evidence.

An assault occurs when one person intentionally and unlawfully threatens or attempts to cause physical harm or offensive contact to one or both plaintiffs.

A battery occurs when one person unlawfully and intentionally touches or uses force against one or both plaintiffs in a harmful, offensive, or insulting way.  The term "touching" includes direct contact. "Touching" also refers to putting an object into motion that directly contacts another person or that contacts something connected with that person.

A defendant cannot be liable for battery if the plaintiff consented to be touched.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (COUNT II)

If you find Jason Kane liable for assault and battery of Marlin Godfrey, you must then determine if Jason Kane is also liable for intentional infliction of emotional distress to Marlin Godfrey.

To prove intentional infliction of emotional distress, Marlin Godfrey must show by a preponderance of the evidence that:

1)   Jason Kane's conduct toward him was extreme and outrageous;

2)   Jason Kane acted intentionally or recklessly; and

3)   Jason Kane's conduct caused Marlin Godfrey severe emotional distress.

The actor's conduct is considered "extreme and outrageous" when it goes beyond all possible bounds of decency or violates public policy, and there can be no just cause or excuse for that conduct.  This cause of action does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.

The required intent or recklessness may be inferred from the outrageousness of the conduct or, for example, from accompanying threats of physical violence or when the actor has been informed that the plaintiff's emotional health is being adversely affected by his or her

actions and nonetheless fails to desist.

And finally, the actor's actions must proximately cause the plaintiff so severe an emotional upset that harmful physical consequences might be likely to result.  The likelihood of such a result must be measured against whether a reasonable person performing the acts in question could have foreseen causing emotional distress.

## NEGLIGENT SUPERVISION OF JASON KANE (COUNT IV)

Plaintiffs also claim that Allen Iverson is liable for negligently supervising Jason Kane.  Defendants concede that Jason Kane was an agent -- specifically an independent contractor -- of Allen Iverson.  A person conducting an activity through an agent is liable for the harm resulting from the agent's conduct if he is negligent in supervising the agent in that activity.  To prevail on this claim, plaintiffs must show by a preponderance of the evidence that Allen Iverson failed to adequately supervise Jason Kane.

Negligence is the failure to exercise ordinary care under the circumstances.  To exercise ordinary care means to use the same caution, attention or skill that a reasonable person would use under similar circumstances.  It is negligent to do something that a person using ordinary care would not do.  It is also negligent to fail to do something that a person using ordinary care would do.

To make this determination, you must first determine whether Jason Kane committed assault and battery against one or both plaintiffs, and then you may consider whether Allen Iverson knew or should have known that Jason Kane behaved in a dangerous or otherwise incompetent manner, whether Allen Iverson had the opportunity and ability to stop Jason Kane's actions towards the plaintiffs, and whether he failed to use reasonable care to control Jason Kane's actions towards

-16-

the plaintiffs.

If you find that Allen Iverson failed to use reasonable care in supervising Jason Kane at the Eyebar, you must also decide whether Allen Iverson's failure to use reasonable care was a substantial factor in bringing about the injuries suffered by the plaintiff or plaintiffs.

In sum, to hold Allen Iverson liable for negligent supervision of Jason Kane, you must find by a preponderance of the evidence that:

1) Jason Kane committed assault and battery against one or both of the plaintiffs;

2) Allen Iverson knew or should have known that Jason Kane behaved in a dangerous or otherwise incompetent manner;

3) Allen Iverson, armed with that actual or constructive knowledge, failed to use reasonable care in supervising Jason Kane at the Eyebar; and

4) Allen Iverson's failure to use such reasonable care in supervising Jason Kane was a substantial factor in bringing about the injuries suffered by a plaintiff.

# NEGLIGENT SUPERVISION OF TERRANCE WILLIAMS (COUNT IV)

Plaintiffs also claim that Allen Iverson is liable for negligently supervising Terrance Williams.  First, you must consider whether Allen Iverson had a duty to supervise Terrance Williams.

For you to find that Allen Iverson had a duty to supervise Terrance Williams, you must find that plaintiffs have proven by a preponderance of evidence that:

1) Terrance Williams was performing security for Allen Iverson at the Eyebar, but it is not necessary to find that Terrance Williams was paid by or had a formal contractual relationship with Allen Iverson;

2) that Allen Iverson knew or had reason to know that Terrance Williams was conducting these activities on his behalf; and

3) that Allen Iverson had the ability to control Terrance Williams' activities.

If you determine that Allen Iverson had a duty to supervise Terrance Williams at the Eyebar, you must then decide if plaintiffs have proven by a preponderance of the evidence that Terrance Williams committed assault and battery against a plaintiff.

If you determine that Terrance Williams committed assault and battery against a plaintiff, you must also decide whether Terrance Williams was acting in self-defense when he did those acts.

Not all threats, attempts to use, or actual uses of force are unlawful. A person has the right to use both threats of force and actual force to defend one's self or another person.  To carry out a lawful defense, a person has the right to use only as much force as is reasonably necessary.

In the case of self-defense, a person is justified in using reasonable force to prevent the harm if that person reasonably believes that he is in immediate danger of physical harm, or that he must act to repel an actual assault.  If a person reasonably believes the other party is an aggressor, he does not have to wait for the aggressor to make the first move.

To use force to defend another victim, a person must reasonably and actually believe both that the victim had a right in this situation to use self-defense, and that the person must intervene to protect the victim.

The defendants have the burden of proving by a preponderance of the evidence that Terrance Williams was acting in self-defense.

If you determine that Allen Iverson had a duty to supervise Terrance Williams at the Eyebar, and you determine that Terrance Williams committed assault and battery against a plaintiff, and that he was not acting in self defense, then you must decide whether Allen Iverson was negligent in discharging his duty to supervise Terrance Williams.  In other words, you must decide whether Allen Iverson failed to use ordinary care in supervising or failing to supervise Terrance Williams.

Again, to make this determination, you must consider whether Allen Iverson knew or should have known that Terrance Williams behaved in a dangerous or otherwise incompetent manner, whether Allen Iverson had the opportunity and ability to stop Terrance Williams' actions towards the plaintiffs, and whether Allen Iverson failed to use reasonable care to control Terrance Williams' actions towards the plaintiffs.

If you find that Allen Iverson had a duty to supervise Terrance Williams, that Terrance Williams committed assault and battery against a plaintiffs, and that Allen Iverson was negligent in supervising Terrance Williams, you must also decide whether Allen Iverson's negligence in supervising Terrance Williams a substantial factor in bringing about the injuries suffered by the plaintiff or plaintiffs.

In sum, to hold Allen Iverson liable for negligent supervision of

Terrance Williams, you must find by a preponderance of the evidence that:

1) Allen Iverson had a duty to supervise Terrance Williams at the Eyebar;

2) Terrance Williams committed assault and battery against one or both of the plaintiffs and was not acting in self defense;

3) Allen Iverson knew or should have known that Terrance Williams behaved in a dangerous or otherwise incompetent manner;

4) Allen Iverson, armed with that actual or constructive knowledge, failed to use reasonable care in supervising Terrance Williams; and

5) Allen Iverson's failure to use such reasonable care in supervising Terrance Williams was a substantial factor in bringing about the injuries suffered by a plaintiff.

## DAMAGES

If either plaintiff has proved by a preponderance of the credible evidence that either defendant is liable on any of the plaintiff's claims, then you must award that plaintiff a sum of money which will fairly and reasonably compensate him for all the damage which he experienced which was proximately caused by the defendant. However, you should not infer that plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that one or both of the plaintiffs are entitled to recovery.

## EXTENT OF DAMAGES – PROXIMATE CAUSE

The plaintiff is entitled to damages that the defendant's negligent or wrongful conduct proximately caused.  The defendant is liable only for the damages that his conduct caused.  If you find that defendant's conduct caused only part of the plaintiff's damages, then the defendant is liable only for that part.

An injury or damage is proximately caused by an act whenever it appears that the act played a substantial part in bringing about the injury or damage.  Moreover, it must be shown that the injury or damage was either a direct result or a reasonably probable consequence of the act or failure to act.

## MULTIPLE DEFENDANTS – SIZE OF VERDICT

The number of defendants that you may find liable to the plaintiffs should not influence the amount of your verdict.  You must determine what amount will fairly and reasonably compensate each plaintiff for his injuries and damages.  You should then return a verdict in that amount against the responsible defendants.

If you find that either plaintiff is entitled to receive damages from more than one defendant, then you must award such damages in a single amount against all defendants whom you find to be liable.

## DAMAGES – ELEMENTS

If you find in favor of either plaintiff, then you should consider whether he is entitled to any damages. You may award damages for any of the following items that you find the defendant's negligence proximately caused:

1.      the extent and duration of any physical injuries sustained by the plaintiff;

2.      the effects that any physical injuries have on the overall physical and emotional well-being of the plaintiff;

3.      any physical pain and emotional distress that the plaintiff has suffered in the past;

4.      any inconvenience the plaintiff has experienced;

5.      any medical expenses incurred by the plaintiff;

## MEDICAL TREATMENT – PAST AND PRESENT

**Only Marlin Godfrey has a claim for past medical expenses. If you determine that Marlin Godfrey is entitled to a damage award for medical expenses incurred, then you should consider the reasonable value of all medical services given to him. These medical services can include examinations, tests, and care by physicians, services of nurses and attendants, hospital accommodations and care, ambulance services, medications, and any other services which were actually given and reasonably required for the plaintiff's treatment.**

## CLOSING REMARKS/DELIBERATIONS

Ladies and gentlemen, I have a few final words before you begin your deliberations in the this case. First, I am sending the exhibits that have been received in evidence with you as you retire for your deliberations. You may examine any or all of the exhibits as you consider your verdict.

Now, during the trial I have permitted those jurors who wanted to to take notes. You may take your notes with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes only are intended to be an aid to your memory and should not take precedence over your own independent recollection. Those jurors who have not taken notes should rely on their own memory of the evidence and should not be influenced by the fact that another juror has taken notes, since the notes are only for the notetaker's own personal use in assisting his or her memory of the evidence.

At the end of your deliberations, please tear out from your notebooks any notes you have made and give them to the foreperson. The Clerk will collect your notebooks and pencils when you return to the courtroom, and I will ask the foreperson to give me your notes when your verdict is returned. I will destroy your notes immediately after the trial and no one, including myself, will look at them.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to the verdict. Your verdicts must be unanimous.

If it becomes necessary during your deliberations to communicate with me, you may send a note by the Courtroom Clerk, signed by your foreperson, or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed note, and I will never communicate with any member of the jury on any subject touching the merits of this case, except in writing, or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person -- not to the Courtroom Clerk or to me -- how the jury stands, numerically or otherwise, on the question of the jury's potential verdict, until after you have reached a unanimous verdict. This mean, for example, ladies and gentlemen, that you should never state to the Court that the jury is divided -- 6 to 3, 5 to 4, or in any other fashion, whether for the plaintiff or the defendant.

Upon retiring to the jury room, you should select one from among you to act as foreperson. The foreperson will preside over your deliberations and will be your spokesperson before the Court if there is any matter that you wish to communicate with me about.