**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| MARLIN GODFREY, *et al.*, | * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 05-2044 (ESH) |
| ALLEN IVERSON, *et al.*, | * * | |
| Defendants. | * * | |

**DEFENDANTS' ALTERNATIVE REQUEST FOR RELIEF
BY WAY OF MOTION FOR REMITTITUR**

Defendants Allen Iverson and Jason Kane, by and through their respective undersigned

counsel, and pursuant to Federal Rules of Civil Procedure 50 and 59, respectfully move this

Court to remit the damages awarded to Plaintiff Marlin Godfrey for his claims of assault and

battery and intentional infliction of emotional distress against Defendant Kane and negligent

supervision against Defendant Iverson.  This motion seeks alternative relief if the Court denies

Defendants' motions for judgment as a matter of law and request for new trial.  In support of this

motion, Defendants submit the accompanying memorandum of points and authorities.

WHEREFORE, Defendants respectfully request the Court enter an Order vacating the

jury's damages award to Plaintiff Godfrey and entering an award equal to the injuries he

sustained.

Submitted this 23rd day of July, 2007.          Respectfully submitted,

                                                **SHERMAN, SILVERSTEIN, KOHL
                                                ROSE & PODOLSKY, P.A.**

Date:      July 23, 2007                    By:      */s/ Alan C. Milstein, Esquire*
                                                 Alan C. Milstein, Esquire

WO 760408.3

Fairway Corporate Center
4300 Haddonfield Road – Suite 311
Pennsauken, NJ 08109
Telephone: (856) 662-0700
Facsimile: (856) 488-4744
*Counsel for Defendant Allen Iverson*

**SUTHERLAND ASBILL &
BRENNAN LLP**

Date: _____July 23, 2007_____          By:_____*/s/ William R. Martin, Esquire*_____
                                            William R. Martin (Bar No. 465531)
                                            1275 Pennsylvania Avenue, NW
                                            Washington, DC 20004
                                            Telephone: (202) 383-0100
                                            Facsimile: (202) 637-3593
                                            *Counsel for Defendant Jason Kane*

2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 23, 2007, a copy of the forgoing motion

together with a proposed Order and memorandum in support were sent first class mail, postage

prepaid, to the following counsel of record:

Gregory L. Lattimer, Esq.
1100 H Street, N.W., Suite 920
Washington, D.C. 20005

Stephanie D. Moran, Esq.
E. Gregory Watson, Esq.
Watson & Moran, LLC
8401 Corporate Drive, Suite 100
Landover, MD 20785

**SHERMAN, SILVERSTEIN, KOHL
ROSE & PODOLSKY, P.A.**

Date:    July 23, 2007    By: _/s/ Alan C. Milstein, Esquire_
Alan C. Milstein, Esquire
Fairway Corporate Center
4300 Haddonfield Road – Suite 311
Pennsauken, NJ 08109
Telephone: (856) 662-0700
Facsimile: (856) 488-4744
*Counsel for Defendant Allen Iverson*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| MARLIN GODFREY, *et al.*, | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | *    Civil Action No. 05-2044 (ESH) |
| | * |
| ALLEN IVERSON, *et al.*, | * |
| | * |
| Defendants. | * |
| | * |

**ORDER**

Upon consideration of Defendants' Alternative Request for Relief by way of Motion for

Remittitur, the submissions and arguments relating thereto, the record and for good cause shown,

it is hereby **ORDERED, ADJUDGED and DECREED** that:

Defendants' motion is granted; and it is further **ORDERED** that:

The Jury's damages award to Plaintiff Godfrey is vacated; and it is further **ORDERED**

that:

Judgment is entered in the amount of_____.

**SO ORDERED**.

Date: _____        By:_____
                                                                ELLEN SEGAL HUVELLE
                                                                United States District Judge

Copies to:

Alan C. Milstein, Esquire
Fairway Corporate Center
4300 Haddonfield Road – Suite 311

WO 760408.3

Pennsauken, NJ 08109
*Counsel for Defendant Allen Iverson*

William R. Martin (Bar No. 465531)
1275 Pennsylvania Avenue, NW
Washington, DC 20004
*Counsel for Defendant Jason Kane*

Gregory L. Lattimer, Esq.
1100 H Street, N.W., Suite 920
Washington, D.C. 20005
*Counsel for Plaintiffs*

Stephanie D. Moran, Esq.
E. Gregory Watson, Esq.
Watson & Moran, LLC
8401 Corporate Drive, Suite 100
Landover, MD 20785
*Counsel for Plaintiffs*

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | * | |
| MARLIN GODFREY, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 05-2044 (ESH) |
| | * | |
| ALLEN IVERSON, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' ALTERNATIVE REQUEST FOR RELIEF
BY WAY OF MOTION FOR REMITTITUR**

Defendants Allen Iverson and Jason Kane submit this memorandum in support of their

motion to remit the jury's award of medical damages and pain and suffering to Plaintiff Godfrey.

## I.    INTRODUCTION

Defendants have moved for a judgment as a matter of law or, in the alternative, for a new

trial on both liability and damages pursuant to Federal Rules of Civil Procedure 50(b) and 59(a).

If the Court denies Defendants' motions — which Defendants contend would be improper

because of the prejudicial errors made at trial — then Defendants seek alternative relief in the

form of this motion to remit the jury's award of damages to Plaintiff Godfrey.[1]  Because the

$260,000 compensatory damages verdict returned by the jury is (1) excessive and (2) not

supported by the evidence, Defendants request that the Court reduce the award of compensatory

damages to an amount not greater than $31,200.

---

[1]  In moving for remittitur, Defendants do not waive any issue raised in their post-trial motions or
any other issue that Defendants may raise on appeal.

## II.    FACTS

This matter came to trial on June 27, 2007, upon the Complaint filed by Plaintiffs alleging personal injuries resulting from a bar fight on July 20, 2005.  Defendants have always argued that this suit represents nothing more than an opportunistic Plaintiff seeking to financially benefit from the fact that Mr. Iverson, a well-known basketball player and well-off celebrity, was present during a fight in which he was injured by others.  Defendants understand, however, that the jury reached a different conclusion (albeit based on erroneous evidence and rulings).  Notwithstanding the jury's decision on liability, which Defendants do not dispute in this motion, the evidence simply does not support the jury's award of compensatory damages in this case.

Plaintiff Marlin Godfrey suffered a concussion, a perforated eardrum, a damaged right eye, a separated shoulder and assorted contusions and bruises.  (6/28 Tr., at 95:20-23).  As Mr. Godfrey testified to, none of his injuries were permanent.  (6/29 Tr., at 49:18-50:8).  As reflected in Dr. German H. Nader's August 24, 2005 report, Mr. Godfrey's shoulder injury did not appear serious as Dr. Nader believed that it "should heal without any problem."  (Pl. Ex. 5).  In fact, Plaintiff Godfrey did not even mention he sustained a separated shoulder in his Complaint or Amended Complaint.  Moreover, less than a month after the incident, Mr. Godfrey's perforated eardrum healed and "his hearing subjectively seem[ed] normal to him."  (Pl. Ex. 6).  By September 6, 2005, Mr. Godfrey reported that his vision was back to normal and Dr. Alan R. Malouf confirmed that his vision was "completely normal in both eyes."  (Pl. Ex. 7).  No evidence was offered at trial indicating that Plaintiff suffered any broken bones or required any stitches.  As was clear from Plaintiff's physical appearance at trial and through Plaintiff's testimony, all of his injuries have fully healed.  (6/23 Tr., at 49:18-50:8).  While the jury awarded Plaintiff Godfrey $10,000 in medical costs, evidence presented at trial showed that Plaintiff's

4

only medical expenses included co-payments and drug store receipts totaling $1,200.  (See Pl.

Exs. 2a, 3a, 6a, 7a, and 10).  Evidence of Plaintiff's emotional injuries is also skeptical.

Testimony established that it was almost a month after the bar fight (and after Plaintiff

had spoken with an attorney about the case) that Plaintiff "complained" of "emotional distress."

On August 16, 2005, Mr. Godfrey complained to Dr. Memunatu Banguru that "I was attacked by

a group of people and now I'm feeling sad."  (Pl. Ex. 8).  Mr. Godfrey was diagnosed with a

single episode of major depressive disorder, acute stress disorder, and post-traumatic stress

disorder.  (Pl. Ex. 8, 9).  By September 30, 2005, however, Dr. Raymond Carnegie's medical

records indicate that Mr. Godfrey appeared "less stressed" and "more positive."  (Pl. Ex. 9).

In light of the foregoing, the jury's verdict against Defendants — in the amount of

$10,000 for medical expenses and $250,000 for pain and suffering — cannot be supported by a

preponderance of the evidence presented in this case.  As a result, the Court should reduce the

damages award to an amount equal to or less than $31,200 for reasons set forth below.

### III.   ARGUMENT

There are two alternative standards in the D.C. Circuit for determining whether a jury

award for damages is excessive as to warrant a remittitur.  The first is "whether the verdict is

beyond all reason, or is so great as to shock the conscience." *Jeffries v. Potomac Dev. Corp.*,

822 F.2d 87, 95-96 (D.C.Cir. 1987) (quoting *Wingfiled v. Peoples Drug Store*, 379 A.2d 685,

687 (D.C. 1977) (internal citation omitted).  The second is "whether the verdict is so inordinately

large as obviously to exceed the maximum limit of a reasonable range within which the jury may

properly operate." *Id.* (internal citation omitted).  The granting of a motion for remittitur is

"particularly within the discretion of the trial court[.]" *Id.* (quoting *Doe v. Binker*, 429 A.2d 857,

863 (D.C. 1985)).  Applying its discretion, the Court should vacate a jury verdict if it results in a

5

"miscarriage of justice" or is excessive. *See Langevine v. District of Columbia*, 106 F.3d 1018, 1024 (D.C.Cir. 1997).

When measuring whether a verdict is excessive, "[e]ach case … rises or falls on its own facts and the trial court in ruling on the question of whether or not a jury verdict is excessive must determine on the totality of facts before it whether it was the result of passion, prejudice, or mistake." *Capitol Hill Hospital, et al., v. Jones*, 532 A.2d 89, 93 (D.C. 1987).  A jury verdict "must strike a balance between ensuring that important personal rights are not lightly disregarded, and avoiding extravagant awards that bear little or no relation to the actual injury involved." *Moss v. Stockard*, 580 A.2d 1011, 1035 (D.C. 1990) (quoting *Phillips v. District of Columbia*, 458 A.2d 722, 726 (D.C. 1983)).  The verdict must focus on the pain and suffering not the cause of it or the financial wherewithal of a defendant.  *See Finkelstein v. District of Columbia*, 593 A.2d 591, 599 (D.C. 1991) (sustaining the trial court's ruling that pain and suffering damages were excessive because they were "improperly influenced by nongermane factors." (quoting *Vassiliades v. Garfinkel's, Brooks Bros.*, 492 A.2d 580, 599 (D.C. 1985))).  Thus, it is the "quality [and] quantity of evidence" of damages at trial that must support a compensatory damages award.  *See Liberatore v. CVS New York, Inc.*, 160 F.Supp.2d 114, 120 (D.D.C. 2001).

In *Liberatore*, this Court concluded that the jury's emotional distress award was excessive in relation to the evidence of the plaintiff's harm because of the lack of credible evidence supporting the claim.  160 F.Supp. at 115.  The *Liberatore* court granted defendant's motion for remittitur finding the jury's emotional distress damage award was excessive.  *Id.* While the Court recognized that the jury believed the plaintiff suffered a relatively high degree of emotional distress from the amount of the emotional distress damages awarded, it concluded

6

that "neither the quality nor quantity of evidence presented at trial support[ed] a $1.1 million award for emotional distress damages." *Id.* The *Liberatore* court relied on *Nyman v. Federal Deposit Insurance Corp.*, 967 F.Supp. 1562, 1572 (D.D.C. 1997) in reaching its decision on remittitur. The *Liberatore* court recognized that Judge Urbina's factors in *Nyman*, analyzing a remittitur motion, remain valid today.

In *Nyman*, this Court remitted a jury award of $300,000 in compensatory damages to $175,000 in an employment case. 967 F.Supp. at 1567. The *Nyman* court found that the reasonable range for intangible and non-economic damages "is generally between $10,000 and $150,000." *Id.* at 1571. In remitting the plaintiff's award in *Nyman*, the court "relied foremost on the evidence introduced at trial" by both parties, and considered other jury awards, plaintiff's physical harm and medical treatment evidence, while at the same time giving deference to the jury's belief that the plaintiff's injuries warranted a large award. *Id.* at 1571-72.

Similarly, in *George Washington University v. Lawson*, the trial court concluded that the evidence of *lasting injuries* was insufficient to justify a verdict more than four times the size of the special damages the plaintiff had reasonably incurred after the jury found that her doctor was negligent in amputating her right ring finger.[2] 745 A.2d 323, 331 (D.C. 2000) (emphasis added). The trial court granted defendants' motion for new trial on the ground that the damage award was excessive. *Id.* The trial court found that the pain and suffering award was well out of proportion to the permanent physical and emotional injuries the plaintiff suffered from the amputation. *Id.* In considering plaintiff's claim that she was still so debilitated and depressed two and half years after the surgery, the appellate court noted that the trial court was not barred

---

[2]   Plaintiffs, a husband and wife, sued their doctor and his employer in making the decision to amputate a portion of the wife's right ring finger. 745 A.2d 323, 325 (D.C. 2000). The jury awarded the wife $2,750,000 and the husband $200,000 for loss of consortium. *Id.* at 326.

from asking whether the jury could reasonably credit that assertion or, rather, in doing so, the

jury was swayed by passion or other impermissible factors.  *Id.*

Here, applying either standard for remittitur, the evidence in this case clearly does not

support the excessive amount of compensatory damages awarded against Defendants.  As in

*Liberatore*, *Nyman*, and *Lawson*, the evidence of lasting injuries in this case is insufficient to

justify a verdict of pain and suffering in the amount of $250,000 for several reasons.  First,

Plaintiff's injury in this case was less severe than those plaintiffs in *Liberatore, Nyman* and

*Lawson* whose pain and suffering damages were reduced.  Second, the award of $10,000 in

medical expenses is unsupported by the record.  Third, the $250,000 for pain and suffering falls

outside this Court's reasonable range for intangible and non-economic damages especially

considering the suspect quality and limited quantity of the evidence of Plaintiff Godfrey's pain

and suffering.  Fourth, the fact that the medical treatment evidence lacked support for permanent

injuries militates in favor of reducing the pain and suffering award.  Thus, an award of $10,000

in medical expenses and $250,000 falls outside the reasonable range within which the jury may

properly find.  Leaving the jury's verdict unchanged would be a miscarriage of justice and would

create an extravagant award that bears little relation to the actual injury involved.  Each damage

award is discussed in more detail below.

A.     **The Jury's Award of Medical Expenses is Excessive and Unsupported by the
       Record.**

The $10,000 compensatory damages award for medical expenses returned by the jury in

this case is excessive and should be reduced because Plaintiff Godfrey's medical expenses were

actually $1,200 (See Pl. Exs. 2a, 3a, 6a , 7a, and 10).  A Plaintiff must prove his medical

expenses.  *See Croley v. Republican Nat. Comm.*, 759 A.2d 682, 689-90 (D.C. 2000).

Compensatory damages are designed only to make the injured party whole and are not intended

8

to (and should not be permitted to) punish the defendant for alleged wrongdoing or otherwise place the plaintiff in a better position. *Id.*; *See also Finkelstein*, 593 A.2d at 599 (affirming the trial court's ruling that the size of the damage award reflected the jury's determination to punish the defendant and, hence, was improper and excessive.)

Here, although Plaintiff sustained physical injuries as a result of the incident, the evidence submitted to the jury indicated that Plaintiff did not exceed $1,200 in medical costs. (See 6/28 Tr., at 95:20-23). Certainly, Plaintiff Godfrey did not testify that he incurred any medical costs other than what was submitted in his exhibits. (See Pl. Ex. 2a, 3a, 6a, 7a and 10). Accordingly, the jury's compensatory damage award for medical costs failed to reflect the fact that Godfrey's actual medical expenses totaled $1,200. Therefore, the jury's $10,000 verdict for medical expenses should be reduced by $8,800. A verdict of $1,200 for medical expenses would make Mr. Godfrey whole.

**B.    The Jury's Award of Pain and Suffering Damages is Excessive.**

The damages awarded for pain and suffering likewise are excessive and cannot be supported by the preponderance of the evidence. While compensation for suffering can be accomplished only in a "symbolic and arbitrary fashion," compensable damage must be proven and cannot be presumed. *See Nyman*, 967 F.Supp. at 1570-71. Damages awarded for pain and suffering — measured by the enlightened conscience of fair and impartial jurors — are subject to judicial review and should be reduced when they are "beyond all reason." *Jeffries*, 822 F.2d at 95-96. In this case, the totality of the facts demonstrate that a $250,000 verdict bears no relation to Plaintiff Godfrey's actual pain and suffering and, as equally important, bears no relation to the actions of Defendants.

As reflected in Mr. Godfrey's medical records, none of his injuries were permanent as the evidence offered at trial demonstrated. (See Godfrey Depo. 26:10-13; 6/23 Tr., at 49:18-50:8). In fact, none of Plaintiff Godfrey's injuries were traced to the testimony (if construed in Plaintiff's favor) that Defendant Kane hit him on the head with a carfare. Moreover, as previously mentioned and should be stressed, Godfrey's shoulder, which he did not even mention in his Complaint, also healed without any problem, his eardrum healed without any loss of hearing, and his vision returned to normal. (See Pl. Ex. 5,6 and 7). Simply put, there was no testimony that Godfrey suffered a disabling injury or permanent disfigurement justifying an award of compensatory damages in an amount outside the range of what this Court itself determined was reasonable in *Liberatore*, *Nyman* and *Lawson*.

More important, evidence of Mr. Godfrey's emotional distress was not credible. On August 16, 2005, Mr. Godfrey complained to Dr. Banguru that "I was attacked by a group of people and now I'm feeling sad." (Pl. Ex. 8). Mr. Godfrey has already retained an attorney at this time. Dr. Raymond Carnegie diagnosed Godfrey with a single episode of major depressive disorder, acute stress disorder, and post-traumatic stress disorder, (Pl. Ex. 8, 9), but he had been practicing less than a year and reached his diagnosis based on the fact that Godfrey had not shaved. (6/28 Tr., at 48:23-24). Let us not forget, that another witness, Curtiss Fitzgerald testified that Plaintiff's counsel suggested to him that "emotional distress" was a possibility from being in the incident. Let us also not forget that Plaintiff Godfrey's emotional distress was fleeting. By September 30, 2005, Dr. Raymond Carnegie's medical records indicate that Mr. Godfrey appeared "less stressed" and "more positive." (Pl. Ex. 9). In fact, Mr. Godfrey testified that not only did all of his physical injuries heal; he stopped seeing a psychologist and psychiatrist. (6/23 Tr., at 50:3-6). While Mr. Godfrey may have been entitled to damages for

10

WO 760408.3

pain and suffering, an award of $250,000 for non-permanent injuries that took merely a month to

heal is out of line for a case such as the one before the Court.  Clearly, the jury must have been

swayed by some element beyond that which was proper to consider (like those cited in

Defendants' motion for judgment as a matter of law) because the jury's award was excessive.

"Excessiveness refers not merely to the amount of the verdict but to whether, in light of

all the facts and circumstances, the verdict appears to have been the product of passion,

prejudice, mistake or consideration of improper factors rather than a measured assessment of the

degree of injury suffered by the plaintiff." *Moss*, 580 A.2d at 1035.  (citations omitted).  In fact,

the District of Columbia applies proportionality to its juries' awards of damages.  *See District of*

*Columbia v. Jackson*, 810 A.2d 388, 398 (D.C. 2002) (the court concluded that compensatory

damages exceeded the "maximum limit of a reasonable range" justified by the evidence because

it was out of proportion to the pain and suffering proven.)  Even in cases involving damages for

pain and suffering, such an amount must be reasonably related to the evidence presented.

*Lawson*, 745 A.2d at 331 (the court concluded that damages for pain and suffering should not be

more than four times the award of any special damages.)

Applying these principles here, given the insufficient evidence to support a $250,000 pain

and suffering damages award, the jury's verdict was likely a product of Mr. Iverson's celebrity

status and consideration of other improper evidence (like Terrence Williams, Crabbers and the

like).  Plaintiffs' exorbitant damage request of $20 million was likely an additional factor in

improperly leading the jury to conclude that a $250,000 award for pain and suffering could not

be viewed as excessive.  On these facts, the verdict of $250,000 in compensatory damages for

pain and suffering clearly exceeds the maximum limit of a reasonable range justified by the

evidence. The Court should reduce it proportionately with the award of special damages (medical costs) in this case which total $1,200.

**C.     The Court should Reduce the Jury Award in light of its Excessiveness.**

The trial court in *Lawson* found a verdict four times the size of the special damages is appropriate for an award of pain and suffering lacking permanent injuries. Here, the jury awarded pain and suffering damages that were 25 times the amount of special damages that the jury awarded (namely 25 times the $10,000 in medical expenses). Accordingly, Defendants respectfully suggest that the compensatory damage award should be reduced to reflect Plaintiff's actual out-of pocket medical expense and pain and suffering damages equaling four times Plaintiff's actual medical but no more than 25 times those medical expenses as follows:

| | |
|---|---|
| Jury Award | $260,000 |
| Reduction in Medical Expenses | -$8,800 |
| (Actual Medical Expenses) | ($1,200) |
| Reduction in Pain and Suffering | -$220,000 |
| (25 times Medical Expenses) | ($30,000) |
| Reduced Compensatory Award | $31,200 |

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully requests that if the Court were to deny Defendants' motion for a new trial, the Court grant Defendants' motion for remittitur and grant Defendants a new trial on damages conditioned on Plaintiff's rejection of a reduced compensatory damages award in an amount not greater than $61,200.

WO 760408.3

Submitted this 23rd day of July, 2007.

Respectfully submitted,

**HERMAN, SILVERSTEIN, KOHL ROSE & PODOLSKY, P.A.**

Date: _____ July 23, 2007 _____

By: _____ */s/ Alan C. Milstein, Esquire* _____
Alan C. Milstein, Esquire
Fairway Corporate Center
4300 Haddonfield Road – Suite 311
Pennsauken, NJ 08109
Telephone: (856) 662-0700
Facsimile: (856) 488-4744
*Counsel for Defendant Allen Iverson*

**SUTHERLAND ASBILL & BRENNAN LLP**

Date: _____ July 23, 2007 _____

By: _____ */s/ William R. Martin, Esquire* _____
William R. Martin (Bar No. 465531)
1275 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 383-0100
Facsimile: (202) 637-3593
*Counsel for Defendant Jason Kane*

13

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 23, 2007, a copy of the forgoing motion

together with a proposed Order and memorandum in support were sent first class mail, postage

prepaid, to the following counsel of record:

Gregory L. Lattimer, Esq.
1100 H Street, N.W., Suite 920
Washington, D.C. 20005

Stephanie D. Moran, Esq.
E. Gregory Watson, Esq.
Watson & Moran, LLC
8401 Corporate Drive, Suite 100
Landover, MD 20785

**SHERMAN, SILVERSTEIN, KOHL
ROSE & PODOLSKY, P.A.**

Date:        July 23, 2007            By:        */s/ Alan C. Milstein, Esquire*
                                          Alan C. Milstein, Esquire
                                          Fairway Corporate Center
                                          4300 Haddonfield Road – Suite 311
                                          Pennsauken, NJ 08109
                                          Telephone: (856) 662-0700
                                          Facsimile: (856) 488-4744
                                          *Counsel for Defendant Allen Iverson*