**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MARLIN GODFREY, *et al.*, | * |
| | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | *    Civil Action No. 05-2044 (ESH) |
| | * |
| ALLEN IVERSON, *et al.*, | * |
| | * |
| Defendants. | * |
| | * |

**DEFENDANTS JOINT OPPOSITION TO**
**PLAINTIFF'S SECOND REQUEST FOR EXTENSION OF TIME**

Defendants Allen Iverson and Jason Kane oppose Plaintiff Marlin Godfrey's Motion for

Further Extension of Time to File His Opposition to the Post Trial Motions filed by Defendants

and, in support thereof, state as follows:

1.      On July 23, 2007, Defendants timely filed post-trial motions pursuant to Federal

Rules of Civil Procedure 50(b) and 59.  Responses to those motions were due August 6, 2007.

(*See* LCvR 7(b); Fed.R.Civ.P. 6(a),(e)).

2.      On August 6, 2007, Plaintiff's counsel moved to extend time to oppose

Defendants' motion arguing that although he had more than two weeks to file a response, he

chose to go to a conference and attend a family reunion instead.  (Motion for Extension of Time,

Dkt. No. 129).

3.      On August 6, 2007, notwithstanding Plaintiff previously ignoring filing deadlines

imposed by this Court or its rules (*e.g.,* opposition to motion in limine and portions of their

pretrial statement) and notwithstanding Plaintiff's counsel never contacting Defendants' counsel

about the subject matter of the motion despite representations to the contrary, Defendants

consented to Plaintiff's request for an extension of time to file his opposition to Defendants'

post-trial motions.  The court extended the deadline to file an opposition to August, 13, 2007.

4.    On August 13, 2007, without consulting Defendants' counsel again, Plaintiff filed

a second request for additional time to file his opposition to Defendants' post-trial motions.  In

support of his second request for an extension of time, Plaintiff states that he is missing trial

transcripts that are necessary to complete his opposition.  Counsel made no representation when

he ordered trial transcripts, how he followed up to get transcripts, whether Defendants had copies

of transcripts to give him, or whether he tried going to the court reporter to obtain copies of the

needed transcripts.  As counsel failed to mention any need for trial transcripts in his first request

for additional time, clearly these missing trial transcripts represent nothing more than counsel's

latest excuse for not completing his work on time.  Defendants respectfully request the Court see

through these antics and deny Plaintiff's request.  Defendants worked hard to meet their

deadlines, as they have done throughout this case, Plaintiff should not be excused from meeting

his deadline based on family reunions, conferences or now missing transcripts.

5.    Plaintiff's second request for an extension of time represents an abuse of both

Defendants' and the Court's good faith.  Plaintiff's request for another extension should be

denied for two main reasons.

6.    First, Federal Rule of Civil Procedure 6(b) prevents the Court from providing an

extension.  Rule 6(b) states that a court "may not extend the time for taking any action under

Rules 50(b) and (c)(2), 52(b), 59(b), (d), and (e), and 60(b), except to the extent and under the

conditions stated in them." Fed. R. Civ. P. 6(b).  There is no right for an extension of time under

any of the cited rules in Rule 6(b).  As a result, any request for an extension of time to file their

post-judgment motions under Rules 50(b) and 59 must be denied as a matter of course.  Here,

Defendants gave Plaintiff an opportunity to avoid the inability to extend time under the rules of procedure by consenting to the extension. Plaintiff, however, elected not to submit his filing-hoping that the Court would give him yet another extension until he is ready to file something. This approach is improper.

7.    Second, Plaintiff's second request for an extension of time should be denied for failure to set forth facts establishing "good cause" as required Federal Rule of Civil Procedure 6(b). The purported cause for Plaintiff's request is to locate or reproduce trial transcripts necessary for his opposition. In other words, Plaintiff claims to need additional time to research the factual bases for his allegations and formulate a response to Defendants' post-trial motions. This is *not* a showing of "good cause" under Fed. R. Civ. P. Rule 6(b)(1); indeed, it is not a showing of *any* cause at all. It is always the case that a plaintiff must formulate a response to a defendant's motion. "If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." LCvR 7(b).

8    Here, Plaintiff has already been granted one extension of time. The circumstance that prevented him from filing a response to Defendants post-trial motions on the extended deadline is a simple pretext for Plaintiff counsel's need for more time to draft a response given his decision not to do so on two separate occasions. Plaintiff has already had ample time to "properly respond to defendants' motions." (Motion for Further Extension at ¶ 2). In short, there is no "good cause" for granting Plaintiff's Motion for Further Extension of Time to File His Opposition. Again, counsel's failure to mention any need for trial transcripts in his first request for additional time demonstrates that these missing trial transcripts do not represent "good cause" but rather counsel's excuse for not completing his work on time.

WHEREFORE, in light of Plaintiff continued practice of ignoring deadlines of this Court, the rules preventing extensions for pleadings related to post trial motions and the absence of any good cause for an extension, the Court should deny Plaintiff's motion for an extension of time and enter an Order in favor of Defendant's post trial motions.

Submitted this 14th day of August, 2007.    Respectfully submitted,

**SUTHERLAND ASBILL &
BRENNAN LLP**

Date: _____ August 14, 2007 _____    By:_____ /s/ William R. Martin, Esquire _____
William R. Martin (Bar No. 465531)
1275 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 383-0100
Facsimile: (202) 637-3593
*Counsel for Defendant Jason Kane*

**HERMAN, SILVERSTEIN, KOHL
ROSE & PODOLSKY, P.A.**

Date: _____ August 14, 2007 _____    By:_____ /s/ Alan C. Milstein, Esquire _____
Alan C. Milstein, Esquire
Fairway Corporate Center
4300 Haddonfield Road – Suite 311
Pennsauken, NJ 08109
Telephone: (856) 662-0700
Facsimile: (856) 488-4744
*Counsel for Defendant Allen Iverson*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 14, 2007, a copy of the forgoing

opposition  was sent first class mail, postage prepaid, to the following counsel of record:

Gregory L. Lattimer, Esq.
1100 H Street, N.W., Suite 920
Washington, D.C. 20005

Stephanie D. Moran, Esq.
E. Gregory Watson, Esq.
Watson & Moran, LLC
8401 Corporate Drive, Suite 100
Landover, MD 20785

**SUTHERLAND ASBILL &
BRENNAN LLP**

Date: _____ August 14, 2007 _____          By:_____ */s/ William R. Martin, Esquire* _____
William R. Martin (Bar No. 465531)
1275 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 383-0100
Facsimile: (202) 637-3593

*Counsel for Defendant Jason Kane*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARLIN GODFREY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ALLEN IVERSON, *et al.*, <br><br> Defendants. | Civil Action No. 05-2044 (ESH) |

## ORDER

Upon consideration of Plaintiff's Motion for Further Extension of Time to File His Opposition to the Post Trial Motions Filed by the Defendants and Defendants' Joint Opposition, the submissions and arguments relating thereto, it is hereby **ORDERED, ADJUDGED and DECREED** that:

Plaintiff's motion is **DENIED**; and it is further **ORDERED** that:

Defendants' Renewed Motion for Judgment as a Matter of Law is considered conceded; and, therefore, it is further **ORDERED** that:

Defendants' Renewed Motion for Judgment as a Matter of Law is **GRANTED**.

**SO ORDERED.**

Date: _____          By:_____
                                              ELLEN SEGAL HUVELLE
                                              United States District Judge

Copies to:

2

Alan C. Milstein, Esquire
Fairway Corporate Center
4300 Haddonfield Road – Suite 311
Pennsauken, NJ 08109
*Counsel for Defendant Allen Iverson*

William R. Martin (Bar No. 465531)
1275 Pennsylvania Avenue, NW
Washington, DC 20004
*Counsel for Defendant Jason Kane*

Gregory L. Lattimer, Esq.
1100 H Street, N.W., Suite 920
Washington, D.C. 20005
*Counsel for Plaintiffs*

Stephanie D. Moran, Esq.
E. Gregory Watson, Esq.
Watson & Moran, LLC
8401 Corporate Drive, Suite 100
Landover, MD 20785
*Counsel for Plaintiffs*