**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

———————————————————    \*
                                                    \*
MARLIN GODFREY, *et al.*,                           \*
                                                    \*
        Plaintiffs,                                 \*
                                                    \*
v.                                                  \*    Civil Action No. 05-2044 (ESH)
                                                    \*
ALLEN IVERSON, *et al.*,                            \*
                                                    \*
        Defendants.                                 \*
———————————————————    \*

## DEFENDANTS' JOINT
## OBJECTION TO PLAINTIFF'S BILL OF COSTS

Defendants Allen Iverson and Jason Kane, by and through their undersigned counsel, and pursuant to Local Rule 54.1(b), object to Plaintiff Marlin Godfrey's Bill of Costs proposing to tax Defendants for costs in the amount of $16,174.16 and, in support thereof, state as follows:

## I.    INTRODUCTION

Plaintiff's attempt to recover costs from Defendants is improper for one main reason: he is not a prevailing party who is entitled to costs. Even if the Court disagrees with this point, Plaintiff Godfrey's bill of cost is improper for a number of other reasons. First, he failed to properly document his costs. Second, he inflated costs, seeks reimbursement for inappropriate costs and does not apportion costs in light of the verdict against Plaintiff Kittrell and, thus, the Bill of Costs contravenes both the purpose for awards of costs under 28 U.S.C. § 1920 and this Court's Local Rules. Finally, and perhaps most important, Plaintiff's Bill of Costs is premature given that a final judgment under the Local Rules has not been rendered. For these reasons, as discussed more fully below, Plaintiff's Bill of Costs should be denied in its entirety or, alternatively, it should be reduced substantially.

## II.    FACTUAL BACKGROUND

On March 17, 2006, Plaintiffs Godfrey and Kittrell filed an Amended Complaint in this Court asserting 24 claims against the Defendants Iverson and Kane under 5 different legal theories – assault and battery, intentional infliction of emotional distress, negligent infliction of emotional distress, negligent hiring, training and supervision, and civil conspiracy. (Amended Complaint, Dkt. No. 16). Plaintiffs demanded a judgment against the Defendants totaling $40 million, plus an untold amount in punitive damages. (*Id.*) At trial, Plaintiffs' counsel argued to the jury that Plaintiff Godfrey should receive roughly $8 million in punitive damages, the equivalent of an NBA 15 game suspension. At the close of Plaintiffs' case, Plaintiffs withdrew their negligent infliction of emotional distress and civil conspiracy claims, recognizing that they had failed to put forth adequate evidence to support those claims. The Court then also summarily dismissed those two claims together with Plaintiff Kittrell's emotional distress claim. (7/2 Tr., at 85:15-86:9).

On July 9, 2007, the jury returned a verdict for Defendants on all of Plaintiff Kittrell's claims and against Defendants on three of Plaintiff Godfrey's claims. The jury awarded Plaintiff Kittrell nothing and awarded Plaintiff Godfrey $10,000 for medical expenses and $250,000 for pain and suffering. The jury also rejected Plaintiffs' claims for punitive damages. (Verdict Forms, Dkt. Nos. 118 and 119). On July 23, 2007, Defendants filed with the Court a timely Renewed Motion for Judgment as a Matter of Law or, In the Alternative, Motion for a New Trial and an Alternative Request for Relief By Way of Motion for Remittitur. (Dkt. Nos. 124 and 125). Those motions are currently pending with the Court. Plaintiff Godfrey has now filed a Bill of Costs with the Court. (Dkt. No. 127).

### III.    ARGUMENT AND CITATION OF AUTHORITIES

The Federal Rules of Civil Procedure provide that a *prevailing party* can recoup costs.

Fed. R. Civ. P. 54(d)(1).  Rule 54(d) and 28 U.S.C. § 1920 empower the Court, however, to

decide questions concerning whether a party should be taxed with costs.  *See Sun Ship, Inc. v.*

*Lehman*, 655 F.2d 1311, 1314 (D.C. Cir. 1981).  While Rule 54(d) creates a general presumption

that the prevailing party is entitled to costs, that presumption is not absolute and indeed that party

must be established as the prevailing party.  *See Robertson v. McCloskey*, 121 F.R.D. 131, 132

(D.D.C. 1988) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 107 S.Ct. 2494, 2496-98

(1987)); *see also White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir.

1986).  District courts properly exercise their discretion to deny costs to a party who technically

prevailed, but who is not a prevailing party, based on considerations that: (1) the prevailing

party's recovery was insignificant in comparison to the amount sought; (2) the prevailing party

unnecessarily prolonged the trial or injected unmeritorious issues; (3) the good faith of the

unsuccessful litigants; (4) the propriety with which the unsuccessful party conducted the

litigation; and (5) the fact that the costs being sought were unnecessary to the litigation and/or

are unreasonably large. *Farrar v. Hobby, Jr.*, 506 U.S. 103, 114-15 (1992); *see also Sun Ship,*

*Inc.*, 655 F.2d at 1318; *White & White*, 786 F.2d at 730; *Lichter Found., Inc. v. Welch*, 269 F.2d

142 (6th Cir. 1959).  Courts engaged in this Rule 54(d) prevailing party determination must

consider all circumstances in the case to determine whether an award of costs is proper.  *See Sun*

*Ship*, 655 F.2d at 1319.  Courts should deny costs to the victors when there would be an element

of injustice in a cost award. *Id.* at 1315.

Against the backdrop of this standard, it is clear that Plaintiff Godfrey's Bill of Costs

should be denied.  His recovery was insignificant compared to what Plaintiffs sought initially.

Plaintiffs unnecessarily prolonged the trial and interjected numerous unmeritorious issues.

Defendants, on the other hand, acted in good faith in conducting this litigation. Finally and most important, justice and fairness dictates that Plaintiff's Bill of Costs be denied. Accordingly, the Court must deny Plaintiff Godfrey's request for payment of costs as discussed below.

**A.    Plaintiff's recovery was insignificant in comparison to the relief sought.**

"Circumstances justifying denial of costs to the prevailing party [exist] where the judgment recovered was insignificant in comparison to the amount actually sought." *Farrar v. Hobby, Jr.*, 506 U.S. at 120 (O'Connor concurring) (citation omitted). At the beginning of this lawsuit, Plaintiff asserted 24 claims against the two Defendants under 5 different legal theories. Plaintiff sought compensatory relief from Defendants in the amount of $40 million plus an untold amount of punitive damages.[1] Plaintiffs never realized a judgment anywhere close to the amount originally sought.

Plaintiffs received $260,000 from the $40,000,000 initially sought and $0 from the $8,000,000 in punitive damages that Plaintiff Godfrey sought. This award represents a half of a percent recovery for Plaintiffs. Even more telling then the nominal recovery percentage is how the recovery was obtained.

The Plaintiffs withdrew and the Court dismissed Plaintiffs' negligent infliction of emotional distress and civil conspiracy claims against both Defendants and Plaintiff Kittrell's intentional infliction of emotional distress claim. In fact, of the original 24 claims, only seven made there way to the jury.[2] The jury returned a verdict against Defendants on three of Plaintiffs' claims – Godfrey's assault and battery claim, Godfrey's intentional infliction of

---

[1] Counsel for Plaintiff argued to the jury that Plaintiff Godfrey should receive in punitive damages from Defendant Iverson at least the equivalent of a 15 game suspension or roughly $8,000,000.

[2] The Court ultimately submitted to the jury: (1) assault and battery of Marlin Godfrey; (2) assault and battery of David Kittrell; (3) intentional infliction of emotional distress of Marlin Godfrey; (4) negligent supervision of Jason Kane in relation to Marlin Godfrey; (5) negligent supervision of Jason Kane in relation to David Kittrell; (6) negligent supervision of Terrance Williams in relation to Marlin Godfrey; and (7) negligent supervision of Terrance Williams in relation to David Kittrell.

emotional distress claim, and Godfrey's negligent supervision of Jason Kane claim. The jury awarded Plaintiff Godfrey $260,000 in compensatory damages.[3] The jury found for Defendants on four of Plaintiffs' claims – Kittrell's assault and battery claim, Kittrell's negligent supervision of Jason Kane claim, and both Godfrey and Kittrell's negligent supervision of Terrance Williams claims. The jury also rejected Plaintiffs' claims for punitive damages. In an order entered on July 13, 2007, the Court entered judgment on the verdicts. [Dkt. Nos. 122 and 123.] The judgment did ***not*** include an award of costs to Plaintiff. *Id.* (emphasis added).

Given the relief Plaintiffs sought—$40 million plus punitive damages—and the amount it recovered—$260,000, it is reasonable to conclude that the verdict amounted to a victory for Defendants. On this basis, costs should not be awarded to Plaintiff. *See Farrar v. Hobby, Jr.*, 506 U.S. at 120 (O'Connor concurring) (quoting *Lichter*, 269 F.2d at 146 - noting as a proper ground for denying costs where "the judgment recovered was insignificant in comparison to the amount sought and actually amounted to a victory for the defendant.")

**B.    Plaintiffs prolonged the trial and injected unmeritorious issues.**

Plaintiffs raised several unmeritorious issues in this litigation as evidenced by both Plaintiffs' *voluntary withdrawal* of their negligent infliction of emotional distress and civil conspiracy claims and the Court's summary dismissal of those two claims together with Plaintiff Kittrell's emotional distress claim. As this Court concluded, and Plaintiffs' counsel agreed, "I don't see how you can charge him with civil conspiracy." (7/2 Tr., at 85:15-19). Moreover, at the conclusion of Plaintiffs' case in chief, Plaintiffs' counsel recognized, "And I don't think that our evidence has been that there was – well, that there was negligent infliction of emotional

---

[3]    Defendants dispute the validity of any award in their Renewed Motion for Judgment as a Matter of Law or, In the Alternative, Motion for a New Trial and Defendants' Alternative Request for Relief By Way of Motion for Remittitur, currently pending with the Court. In its Motion for Remittitur, Defendants argue that the jury's award for medical expenses did not reflect what Plaintiffs actually proved and that the award for pain and suffering was excessive and out of proportion to the award for medical expenses. *See* Defs.' Motion for Remittitur, Dkt. No. 124.

distress with respect to Mr. Kane ..." (7/2 Tr., at 86:7-9). These facts were known to Plaintiffs since the inception of this litigation and were never genuinely contested. Moreover, as evidenced by the jury's finding for Defendants, Plaintiffs' claim of negligent supervision of Terrance Williams had nothing to do with anything other than another attempt to get to Defendant Iverson's deep pockets. No where in Plaintiffs' Amended Complaint was Terrance Williams ever mentioned. Instead, Plaintiffs decided to change their theory of the case at the pretrial conference to allege that Mr. Williams caused Plaintiff Godfrey's injuries together with Defendant Kane while Defendant Iverson negligently supervised them both. (6/19 Pretrial Conf. Tr., at 23:23 – 24:2; 27:17-19; 65:16-66:19). Plaintiffs prolonged the trial and injected unmeritorious issues and, therefore, should not be granted costs.

**C.    Defendants acted properly and in good faith in conducting the litigation.**

The Court may in its discretion require each party to bear its own costs when the Defendants have acted in good faith. *See Rural Housing Alliance v. U.S. Dept. of Agriculture,* 511 F.2d 1347, 1349 (D.C. Cir. 1974). "This approach is premised on the proposition that the taxation of costs works as a penalty, which should not be imposed unless the loser can fairly be expected to have known at the outset that his position lacked substance." *Id. See also White & White,* 786 F.2d at 730, 731 (good faith of unsuccessful party in defending action is a relevant consideration as to whether to award costs to prevailing party). There is no question about whether Defendants properly conducted the litigation. *White & White,* 786 F.2d at 730 ("propriety with which the losing party conducts the litigation" is a relevant factor in the Court's cost-award determination). For example, during the cross-examination of Plaintiff Godfrey, out of the presence of the jury and out of an abundance of caution, counsel for Defendants alerted the Court of impeachment evidence counsel wished to use during cross examination. (6/29 Tr., at

6

3:4-10:16). Defense counsel had learned that Plaintiff Godfrey had been issued a restraining order and that in the complaint, Plaintiff Godfrey had threatened to kill his brother's girlfriend. (*Id.*). Instead of using this information to question Plaintiff Godfrey about his previous testimony relating to his psychological state and non-aggressive nature, Defense counsel raised the matter with the Court outside the presence of the jury.[4]  (*Id.*).

**D.    Justice dictates that Plaintiff's Bill of Costs must be denied.**

Finally and most important, justice and fairness dictates that Plaintiff's Bill of Costs be denied as (1) he seeks to recover excessive costs; (2) his request for costs is premature; (3) his costs are not properly documented; and (4) his costs are not properly taxable. Each of these issues is discussed below.

**1.    Plaintiffs' Costs are Excessive.**

As detailed *infra*, many of Plaintiffs' costs are unnecessary or unreasonably large. For beginners, Plaintiffs' costs should be divided in half as Defendants prevailed on all claims brought by one of the two Plaintiffs. Unnecessary and unreasonable costs are an additional factor that militates against awarding Plaintiff his costs. *Sun Ship, Inc.*, 655 F.2d at 1319 (noting as a proper ground for denying all costs:  where "victor's bill ... seem[s] excessive under the circumstances.") For these reasons, Plaintiff's Bill of Costs should be denied in its entirety.

**2.    To Tax Costs At This Point Would Be Premature.**

The Court should deny Plaintiff's Bill of Costs because to tax costs in this case would be premature. Local Civil Rule 54.1(c) states: "The Clerk shall tax costs after the judgment has become final or at such earlier time as the parties may agree or the court may order. A judgment is final ***when the time for appeal has expired and no appeal has been taken***, or when the court

---

[4]  Defendants contend that the Court's exclusion of this impeachment evidence was in error and address this point in their Renewed Motion for Judgment as a Matter of Law or, In the Alternative, Motion for a New Trial. (Dkt. No. 125).

of appeals issues its mandate." (emphasis added). In a civil case such as this, a notice of appeal must be filed with the district court within 30 days after the judgment is entered. Fed.R.App.P. 4(a)(1)(A). However, if a party timely files in the district court a motion for judgment under Fed.R.Civ.P. 50(b), or for a new trial under Fed.R.Civ.P. 59, if the motion is filed no later than 10 days after the judgment is entered, then the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion. Fed.R.App.P. 4(a)(4). In this case, on July 23, 2007, Defendants timely filed a Renewed Motion for Judgment as a Matter of Law or, In the Alternative, Motion for a New Trial and an Alternative Request for Relief By Way of Motion for Remittitur. While these motions are pending, the time for appeal has been tolled and, therefore, a final judgment has not been entered under LCvR 54.1(c). It would be premature for the Court to tax costs while these issues remain unresolved. *See Machesney v. Larry Bruni, M.D.*, 905 F.Supp. 1122, 1137 (D.D.C. 1995) (finding that the costs should not be taxed until the judgment becomes final.)

**3.    Plaintiff's Bill of Costs is not properly documented.**

Plaintiff is entitled only to those costs associated with items that were "necessary for use in the case." 28 U.S.C. § 1920. The reasonableness of costs can only be ascertained when they are adequately documented. When costs lack documentary explanation they should be denied. *See Martini v. Federal National Mortgage Assoc.*, 977 F.Supp. 482, 491 (D.D.C. 1997); *see also Robertson v. McCloskey, Jr.*, 121 F.R.D. 131, 134 (D.D.C. 1988) (request for costs was denied because the prevailing party's justification in support of his claim was vague and inconsistent.) In this case, Plaintiff provided no documentary explanation with his Bill of Costs, instead simply filing an itemized list of costs and receipts and basically told the Court to figure it out. In *Martini*, the court held that the prevailing party's affidavit stating that the expenses were

"necessary" was not sufficient. *Id.* at 490-91. The plaintiff in *Martini* provided no documentary explanation for expert witness fees or for depositions. *Id.* As a result, the court denied the request for costs. *Id.* In this case, Plaintiff even failed to provide an affidavit explaining his Bill of Costs. For this reason, the request for costs should be denied.

###### 4.    **Plaintiff's Unnecessary Costs Are Not Properly Taxable.**

"Items proposed by winning parties as costs should always be given careful scrutiny." *Sun Ship, Inc.*, 655 F.2d at 1319 n.51. (citation omitted). "[M]aterial must not be 'obtained primarily for the convenience of parties' but must be 'necessary for use in the case.'" *Robertson*, 121 F.R.D. at 133 (quoting *McDowell v. Safeway Stores*, 758 F.2d 1293, 1294 (8th Cir. 1985)). Several of Plaintiff's listed costs are unnecessary and, therefore, are not properly taxable as costs to Defendants, including those items described below.

###### a.    **Transcripts Costs.**

First, Plaintiff charged Defendants for costs associated with seventeen depositions and two video depositions totaling $7,465.05. (See Pl.'s Itemization of Costs, Dkt. No. 127-2). Local Rule 54.1(d)(6) states that the Clerk shall tax costs, "at the reporter's standard rate, of the original and one copy of any deposition noticed by the prevailing party, and one copy of any deposition noticed by any other party, ***if the deposition was used on the record, at a hearing or trial.***" (emphasis added). In this case, the depositions of Michael Persons, William Harbor, Terra Barrow, Nicole Wicliff, Niketh Goins, Sean Studevent, Andre Demoya, Gary Moore, and Jamal Daniels were never used at a hearing or trial. Furthermore, the video deposition of Allen Iverson was also never used. Costs associated with these depositions total $3,379.30. Plaintiff is not entitled to recover deposition costs absent a showing that the depositions were actually used in the case. *Cody v. Private Agencies Collaborating*, 911 F.Supp 1, 6 (D.D.C. 1995) (court

sustained the objection to the taxation of costs because plaintiff did not use any deposition transcript at trial or at any hearing before the court.)

Second, Plaintiff charged Defendants $1,322.51 for the trial transcripts relating to Jacqueline Sullivan and Bryan A. Wayne. (See Pl.'s Itemization of Costs, Dkt. No. 127-2). Local Rule 54.1(d)(7) states that the Clerk shall tax costs associated with the transcript of a hearing or trial "if the transcript: (i) is alleged by the prevailing party to have been necessary for the determination of an appeal with the meaning of Rule 39(e), Federal Rules of Appellate Procedure, or (ii) was required by the court to be transcribed." In this case, Plaintiff has failed to allege that the trial transcript is necessary for the determination of an appeal nor was the transcript required by the court to be transcribed. For these reasons, Plaintiff's costs associated with transcripts should be reduced by $4,701.81

### b.    Copying Costs.

Plaintiff has charged Defendants for copies totaling $1,325.30. A prevailing party may recover copy costs only for documents "necessarily obtained for the use in the case." 28 U.S.C. § 1920(4). Plaintiff has provided no information to determine the necessity of the copy expenses that it lists. *Cody*, 911 F.Supp at 6 (denying copy costs where the prevailing party did not demonstrate that copies obtained were necessarily obtained for use in the case.) Based on Plaintiff's invoices, Defendants have no way of knowing how Plaintiff used these copies, including whether the copies were used for Plaintiff counsel's own benefit. Indeed, copies that were obtained merely for the convenience of counsel are not recoverable as taxable costs. *Oetiker v. Jurid Werke*, 104 F.R.D. 389, 394 (D.D.C. 1982) (citations omitted). Local Rule 54.1(d)(9) states that the Clerk shall tax copying costs up to $300.00. Because Plaintiff has not

met its burden of demonstrating that these copies were necessarily obtained for use in the case, Plaintiff is only entitled to $300.00. His copying costs should be reduced by $1,025.30.

### c.    Fees for witnesses.

Plaintiff seeks reimbursement of witness fees for fifteen different witnesses. Local Rule 54.1(d)(10) states that the Clerk shall tax costs relating to "witness fees pursuant to 28 U.S.C. § 1821(b), and travel and subsistence costs pursuant to 28 U.S.C. § 1821(c), paid to each witness *who testified at a hearing or trial*." (emphasis added). Six of the fifteen witnesses Plaintiff seeks fees are for depositions, totaling $270.00. (See Pl.'s Itemization of Costs, Dkt. No. 127-2). Since these fees were not for a witness who testified at a hearing or trial, they should be denied. Furthermore, Local Rule 54.1(d)(12) provides that only "fees of *court-appointed experts*" shall be taxed. (emphasis added). Plaintiff seeks reimbursement totaling $2,530.00 for expert witness fees. However, neither Dr. Perry Alexion, Dr. Raymond G. Carnegie, nor Dr. Jae Chung were court appointed. Therefore, Plaintiff's expert witness fees should be reduced by $2,410 to reflect the statutory allowance of $40 for each witness pursuant to 28 U.S.C. §1821(b).

### d.    Other Miscellaneous Fees and Costs.

Plaintiff seeks $1,509.10 for "other costs." First, Plaintiff seeks reimbursement for $1,078.36 for witness travel expenses. Local Rule 54.1(d)(10) provides that the Clerk shall tax costs for witness "travel and subsistence costs pursuant to 28 U.S.C. § 1821(c), paid to each witness *who testified at a hearing or trial*." (emphasis added). Again, Plaintiff has failed to provide adequate documentation to justify that the $1,078.36 in witness travel expenses were for a witness that testified at a hearing or trial.

Finally, Plaintiff seeks reimbursement totaling $430.74 for postage, Lexis and an Investigative Report. (See Pl.'s Itemization of Costs, Dkt. No. 127-2). Costs associated with the

practice of law that are commonly referred to as 'overhead' costs are not litigation costs and, therefore, should not be taxed against defendant. *Cody*, 911 F.Supp at 6 (denying costs associated with facsimile transmission, postage, messenger, Federal Express, long distance telephone, parking and travel.) For these reasons, Plaintiff's "other costs" totaling $1,509.10 should be denied.

\* \* \*

In summary, if any costs are allowed, Plaintiff's costs should be reduced to an amount that reflects necessary costs and then divided in half to reflect Defendant's victory on Plaintiff Kittrell's claims:

| Plaintiff's Bill of Cost | $16,174.16 |
| --- | --- |
| Transcripts | - 4701.81 |
| Copying | -1025.30 |
| Witness Fees/ Depositions | -270.00 |
| Expert Witness Fees | -2410.10 |
| Other Fees | -1509.00 |
| Subtotal | $6258.05 |
| Divided by half (Justifiable Bill of Costs) | $3129.03 |

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Bill of Costs should be denied in its entirety. Should the Court determine that some amount of costs are warranted, however, Defendants

requests that these costs be reduced by $13,045.13 for a total award of $3,139.03 in costs taxed to Defendants.

Submitted this 16th day of August, 2007.

Respectfully submitted,
**SUTHERLAND ASBILL &
BRENNAN LLP**

Date: _____ August 16, 2007 _____

By:_____ */s/ William R. Martin, Esquire* _____
William R. Martin (Bar No. 465531)
1275 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 383-0100
Facsimile: (202) 637-3593
*Counsel for Defendant Jason Kane*

**HERMAN, SILVERSTEIN, KOHL
ROSE & PODOLSKY, P.A.**

Date: _____ August 16, 2007 _____

By:_____ */s/ Alan C. Milstein, Esquire* _____
Alan C. Milstein, Esquire
Fairway Corporate Center
4300 Haddonfield Road – Suite 311
Pennsauken, NJ 08109
Telephone: (856) 662-0700
Facsimile: (856) 488-4744
*Counsel for Defendant Allen Iverson*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on August 16, 2007, a copy of the forgoing motion together with a proposed Order and memorandum in support were sent first class mail, postage prepaid, to the following counsel of record:

Gregory L. Lattimer, Esq.
1100 H Street, N.W., Suite 920
Washington, D.C. 20005

Stephanie D. Moran, Esq.
E. Gregory Watson, Esq.
Watson & Moran, LLC
8401 Corporate Drive, Suite 100
Landover, MD 20785

**SUTHERLAND ASBILL & BRENNAN LLP**

Date: _____August 16, 2007_____        By:_____ */s/ William R. Martin, Esquire*____
William R. Martin (Bar No. 465531)
1275 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 383-0100
Facsimile: (202) 637-3593

*Counsel for Defendant Jason Kane*