IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARLIN GODFREY, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 05-2044 (ESH) |
| ALLEN IVERSON, *et al.*, | |
| Defendants. | |

## REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION TO STRIKE

Defendants Allen Iverson and Jason Kane, by and through their undersigned counsel, hereby reply to Plaintiff Marlin Godfrey's opposition to Defendants' Joint Motion to Strike.

In Plaintiff's opposition to Defendants' motion to strike Plaintiff's opposition to Defendants' post trial motions, Plaintiff continues his pattern of *ad hominem* attacks against counsel for Defendants. These attacks are unprofessional in addition to being completely without merit. The attacks, however, are not surprising.

Plaintiff must pound the table to distract the Court from the fact that deadlines are missed and pleadings are filed at Plaintiff's convenience — a luxury Defendants do not have or expect. Plaintiff must pound the table to distract the Court because Plaintiff lacks any justification for his actions. Plaintiff's repeated failures to meet court imposed deadlines has nothing to do with anyone other than Plaintiff himself. All the adjectives, adverbs and accusations of underhandedness, misrepresentations, wickedness and dastardly actions spewed by Plaintiff against Defendants' counsel does not change the fact that it is Plaintiff's obligation to file timely.

WO 779462.1

Plaintiff offers no reasonable justification whatsoever to excuse his failure to satisfy his obligation.

Instead, Plaintiff offers a new excuse for this most recent failure to file timely: a computer error prevented him from filing on August 16. Even crediting Plaintiff with a August 16 filing, this alleged computer error does not explain why counsel filed three-days after the court imposed August 13th deadline for Plaintiff to submit their opposition to Defendants' post trial motions. Reading Plaintiff's opposition one would think that Defendants' counsel had something to do with the alleged computer error since Plaintiff accuses them of dastardly and wicked contemptuous acts. Reading Plaintiff's opposition you would think counsel for Plaintiff repeatedly called anyone of Defendants' four counsel of record and asked for an extension, which was denied. Obviously, none of this is true. Plaintiff simply missed another deadline and enough is enough.

Perhaps another extension of time would have been justified had this been the first or even second missed deadline or had Plaintiff provided a reasonable justification rather than the continued litany of dubious excuses such as attending a family reunion, attending a conference, an allegedly missing transcript or now an alleged computer error (or even past excuses like other court obligations prevented timely attendance at the pretrial conference, a misunderstanding prevented timely inclusion of key material in the pretrial statement and no excuse whatsoever for filing the opposition to Defendants' motion in limine almost two weeks late). The time has come to put an end to Plaintiff's apparent cavalier attitude about filing deadlines and the importance thereto. It is clear the Court should strike Plaintiff's opposition to Defendants' post trial motions (and perhaps admonish counsel against *ad hominem* attacks completely unsupported by the record).

Submitted this 20th day of August, 2007.            Respectfully submitted,

                                                    **SUTHERLAND ASBILL &**
                                                    **BRENNAN LLP**

Date: _____August 20, 2007_____            By: _____*/s/ William R. Martin, Esquire*_____
                                                    William R. Martin (Bar No. 465531)
                                                    1275 Pennsylvania Avenue, NW
                                                    Washington, DC 20004
                                                    Telephone: (202) 383-0100
                                                    Facsimile: (202) 637-3593
                                                    *Counsel for Defendant Jason Kane*


                                                    **HERMAN, SILVERSTEIN, KOHL**
                                                    **ROSE & PODOLSKY, P.A.**

Date: _____August 20, 2007_____            By: _____*/s/ Alan C. Milstein, Esquire*_____
                                                    Alan C. Milstein, Esquire
                                                   Fairway Corporate Center
                                                   4300 Haddonfield Road – Suite 311
                                                   Pennsauken, NJ 08109
                                                   Telephone: (856) 662-0700
                                                   Facsimile: (856) 488-4744
                                                   *Counsel for Defendant Allen Iverson*

WO 779462.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 20, 2007, a copy of the forgoing opposition was sent first class mail, postage prepaid, to the following counsel of record:

Gregory L. Lattimer, Esq.
1100 H Street, N.W., Suite 920
Washington, D.C. 20005

Stephanie D. Moran, Esq.
E. Gregory Watson, Esq.
Watson & Moran, LLC
8401 Corporate Drive, Suite 100
Landover, MD 20785

**SUTHERLAND ASBILL & BRENNAN LLP**

Date: _____August 20, 2007_____

By: _____/s/ William R. Martin, Esquire_____
William R. Martin (Bar No. 465531)
1275 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 383-0100
Facsimile: (202) 637-3593

*Counsel for Defendant Jason Kane*

WO 779462.1