**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MARLIN GODFREY, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 05-2044 (ESH) |
| | * | |
| ALLEN IVERSON, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

**DEFENDANTS ALLEN IVERSON AND JASON KANE'S**
**MOTION TO STAY EXECUTION PENDING APPEAL**

Defendants Allen Iverson and Jason Kane (collectively, "Defendants"), by and through their respective undersigned counsel, and pursuant to Federal Rules of Civil Procedure 62(d) and LCvR 65.1.1, respectfully move this Court to enter an Order, in the form annexed hereto, granting Defendants' Motion to Stay Judgment Pending Appeal in favor of Defendants Iverson and Kane. In support of this motion, Defendants submit the accompanying memorandum of points and authorities.

WHEREFORE, Defendants respectfully request the Court enter an Order in the form annexed hereto staying execution of the judgment entered in favor of Plaintiff Godfrey in this matter pending the resolution of the Defendants' appeal to The United States Court of Appeals for the District of Columbia Circuit.

Respectfully submitted this 18th day of September, 2007,

*[Signatures on following page]*

**SHERMAN, SILVERSTEIN, KOHL
ROSE & PODOLSKY, P.A.**

Date: _____September 18, 2007_____     By: _____*/s/ Alan C. Milstein, Esquire*_____
                                            Alan C. Milstein, Esquire
                                            Fairway Corporate Center
                                            4300 Haddonfield Road – Suite 311
                                            Pennsauken, NJ 08109
                                            Telephone: (856) 662-0700
                                            Facsimile: (856) 488-4744
                                            *Counsel for Defendant Allen Iverson*


**SUTHERLAND ASBILL &
BRENNAN LLP**

Date: _____September 18, 2007_____     By: _____*/s/ William R. Martin, Esquire*_____
                                            William R. Martin (Bar No. 465531)
                                            1275 Pennsylvania Avenue, NW
                                            Washington, DC 20004
                                            Telephone: (202) 383-0100
                                            Facsimile: (202) 637-3593
                                            *Counsel for Defendant Jason Kane*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on September 18, 2007, a copy of the forgoing Motion, together with a proposed Order and memorandum in support thereof, were sent first class mail, postage prepaid, to the Plaintiffs' following counsel of record:

Gregory L. Lattimer, Esq.
1100 H Street, N.W., Suite 920
Washington, D.C. 20005

Stephanie D. Moran, Esq.
E. Gregory Watson, Esq.
Watson & Moran, LLC
8401 Corporate Drive, Suite 100
Landover, MD 20785

**SHERMAN, SILVERSTEIN, KOHL
ROSE & PODOLSKY, P.A.**

Date:  September 18, 2007          By:  */s/ Alan C. Milstein, Esquire*
                                        Alan C. Milstein, Esquire
                                        Fairway Corporate Center
                                        4300 Haddonfield Road – Suite 311
                                        Pennsauken, NJ 08109
                                        Telephone: (856) 662-0700
                                        Facsimile: (856) 488-4744
                                        *Counsel for Defendant Allen Iverson*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARLIN GODFREY, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 05-2044 (ESH) |
| | * | |
| ALLEN IVERSON, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

## <u>ORDER</u>

**AND NOW**, this _____ day of _____, 2007, upon consideration of Defendants Allen Iverson and Jason Kane's Motion to Stay Execution Pending Appeal, the submissions and arguments relating thereto, Plaintiff's opposition thereto, the record, and for good cause shown, it is hereby:

**ORDERED, ADJUDGED and DECREED** that execution of the Judgment entered on July 12, 2007 in favor of Plaintiff Godfrey in this matter shall be stayed pending the resolution of the Defendants' appeal to The United States Court of Appeals for the District of Columbia Circuit.

**SO ORDERED**.


Date: _____       By:_____
                                      ELLEN SEGAL HUVELLE
                                      United States District Judge

Copies to:

Alan C. Milstein, Esquire
Fairway Corporate Center
4300 Haddonfield Road – Suite 311
Pennsauken, NJ 08109
*Counsel for Defendant Allen Iverson*

William R. Martin (Bar No. 465531)
1275 Pennsylvania Avenue, NW
Washington, DC 20004
*Counsel for Defendant Jason Kane*

Gregory L. Lattimer, Esq.
1100 H Street, N.W., Suite 920
Washington, D.C. 20005
*Counsel for Plaintiffs*

Stephanie D. Moran, Esq.
E. Gregory Watson, Esq.
Watson & Moran, LLC
8401 Corporate Drive, Suite 100
Landover, MD 20785
*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | * | |
| MARLIN GODFREY, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 05-2044 (ESH) |
| | * | |
| ALLEN IVERSON, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

## <u>ORDER</u>

    **AND NOW**, this _____ day of _____, 2007, upon consideration of the alternative request contained in Defendants Allen Iverson and Jason Kane's Motion to Stay Execution Pending Appeal, the submissions and arguments relating thereto, Plaintiff's opposition thereto, the record, and for good cause shown, it is hereby:

    **ORDERED, ADJUDGED and DECREED** that execution of the Judgment entered on July 12, 2007 in favor of Plaintiff Godfrey in this matter shall be stayed pending the resolution of the Defendants' appeal to The United States Court of Appeals for the District of Columbia Circuit, upon the posting of a Supersedeas Bond as joint and several judgment debtors in the amount of $_____ with the United States District Court for the District of Columbia.

    **SO ORDERED**.


Date: _____    By: _____
                                            ELLEN SEGAL HUVELLE
                                            United States District Judge

Copies to:

Alan C. Milstein, Esquire
Fairway Corporate Center
4300 Haddonfield Road – Suite 311
Pennsauken, NJ 08109
*Counsel for Defendant Allen Iverson*

William R. Martin (Bar No. 465531)
1275 Pennsylvania Avenue, NW
Washington, DC 20004
*Counsel for Defendant Jason Kane*

Gregory L. Lattimer, Esq.
1100 H Street, N.W., Suite 920
Washington, D.C. 20005
*Counsel for Plaintiffs*

Stephanie D. Moran, Esq.
E. Gregory Watson, Esq.
Watson & Moran, LLC
8401 Corporate Drive, Suite 100
Landover, MD 20785
*Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| | * | |
| MARLIN GODFREY, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 05-2044 (ESH) |
| | * | |
| ALLEN IVERSON, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS ALLEN IVERSON AND JASON KANE'S
MOTION TO STAY EXECUTION PENDING APPEAL**

Defendants Allen Iverson and Jason Kane (collectively, "Defendants") submit this memorandum in support of their Motion to Stay Judgment Pending Appeal (the "Motion").

**I.    INTRODUCTION AND STATEMENT OF RELEVANT FACTS**

On July 12, 2007, this Honorable Court entered Judgment on the Verdict for Plaintiff Marlin Godfrey and against Defendants Allen Iverson and Jason Kane, jointly and severally in the amount of two hundred and fifty thousand dollars ($250,000.00) for pain and suffering; and in the amount of ten thousand dollars ($10,000.00) for medical expenses (the "Judgment"). This judgment amount was based in part upon the stipulation of counsel during trial that Defendant Iverson maintains an annual income of twenty million dollars ($20,000,000.00). On January 23, 2007, Defendants filed a Renewed Motion for Judgment as a Matter of Law or, in the alternative, a Motion for a New Trial (the "JMOL Motion"), as well as an Alternative Request for Relief by Way of Motion for Remittitur (the "Motion for Remittitur"). This Court subsequently denied Defendants' JMOL Motion and Motion for Remittitur by way of a Memorandum and Order filed on September 4, 2007. As Defendants intend to file a Notice of Appeal within the time allocated

by the Federal Rules of Appellate Procedure and Defendant Iverson has assets which are more than sufficient to satisfy any joint and several judgment in this matter, Defendants respectfully request that this Honorable Court enter an Order that the Judgment be stayed pending resolution of the Defendants' appeal to The United States Court of Appeals for the District of Columbia Circuit without the need for filing a supersedeas bond.  In the event that this Court determines that a supersedeas bond be required in order to stay execution of the Judgment pending appeal, Defendants alternatively request that this Honorable Court enter an Order that the Judgment be stayed pending resolution of the Defendants' appeal, upon the filing of a supersedeas bond as joint and several judgment debtors, in an amount to be determined by the Court.

II.    **LEGAL ARGUMENT**

     A.    THE JUDGMENT ENTERED IN THIS MATTER SHOULD BE STAYED PENDING APPEAL WITHOUT THE NEED FOR FILING A SUPERSEDEAS BOND.

Under Fed. R. Civ. P. 62(a), a party that has won a monetary judgment in federal court cannot commence proceedings to execute on the judgment until the expiration of Rule 62(a)'s automatic stay provisions.  Rule 62(d) states that the party against whom the monetary judgment has been entered may automatically obtain a stay of execution pending appeal – as of right – by posting a supersedeas bond with the court.[1]  Specifically, Rule 62(d) provides:

> **Stay Upon Appeal.**  When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.[2]

---

[1] An appeal bond typically costs one percent of the amount secured. N. Ind. Pub. Serv. Co. v. Carbon County Coal Co., 799 F.2d 265, 281 (7th Cir. 1986).

[2] The exceptions in subdivision (a) of Rule 62 are not relevant in the instant case: "interlocutory or final judgment[s] in an action for an injunction or in a receivership, or a judgment or order directing an accounting in an action for infringement of letters patent." Fed. R. Civ. P 62(a).

Fed. R. Civ. P 62(d).

An appellant ordinarily must move first in the district court for a stay of the execution of a money judgment or for approval of a supersedeas bond, as opposed to making a similar motion to stay execution to the court of appeals. Fed. R. App. P. 8(a). In addition, as Rule 62(d) provides, the bond may be posted at or after the time of filing the notice of appeal or after the order allowing the appeal has been procured, as the case may be, but the stay becomes effective only once the court has approved the bond. Fed. R. Civ. P 62(d).

Although neither Rule 62(d) nor the local rules specify how to compute the amount of the bond, other requirements for the bond are addressed in the local rules of the D.C. District Court:

> Any bond or undertaking required in a proceeding must be set by an order or by consent. The bond or undertaking may be in the form of a surety, cash or check. A surety holding authority from the Secretary of the Treasury to do business in the District of Columbia and having an agent for service of process therein may be approved by the Clerk and filed. In all other cases, the person seeking approval of the bond shall serve on all parties to be secured two days written notice of the application, stating the name and address of the surety. Court approval is required. No officer of the court or member of the bar in active practice will be accepted as a surety.

LCvR 65.1.1.

In determining the requisite amount of a supersedeas bond, federal courts are typically guided by the predecessor to present Rule 62(d), originally Civil Rule 73(d), which directed that the amount of the bond be computed by the district court to include ". . . the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond. . . ." Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979).

The district court may also exercise its discretion to dispense with the posting of a bond in order to stay execution pending appeal. Id.  In fact, the D.C. Circuit Court of Appeals has held that Rule 62(d) "only operates to provide that an appellant in all cases may obtain a stay as a matter of right by filing a supersedeas bond, and does not prohibit the district court from exercising a sound discretion to authorize unsecured stays in cases it considers appropriate." Fed. Prescription Serv. v. Am. Pharm. Ass'n., 636 F.2d 755, 758 (D.C. Cir. 1980).  Before a court will depart from the typical requirement of a supersedeas bond to stay execution of a judgment pending appeal however, the moving party must "objectively demonstrate the reasons for such a departure." Athridge v. Iglesias, 464 F. Supp. 2d 19, 23-24 (D.D.C. 2006); Grand Union Co. v. Food Employers Labor Relations Ass'n., 637 F. Supp. 356, 357 (D.D.C. 1986).

The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal.  Poplar Grove, 600 F.2d at 1191.  Rule 62, however, does not specify the criteria a district court should consider in deciding whether to stay execution of a judgment without requiring a supersedeas bond in the amount of the damage award.  As such, the United States Courts of Appeals have articulated a variety of factors that district courts may examine in deciding whether to waive the bond requirement.

In ruling that the district court had not abused its discretion in granting a stay on appeal without requiring a supersedeas bond, the D.C. Circuit in Fed. Prescription Serv. focused on three factors: (1) that the damage award was $100,000 and both parties appealed on questions going to the merits; (2) that the judgment debtor's net worth was almost $ 4.8 million – over 47 times greater than the amount of the damage award; and (3) that the judgment debtor was a long-time resident of the jurisdiction, and demonstrated no intent to flee to avoid execution of the judgment. Fed. Prescription Serv., 636 F.2d at 761.

6

The Fifth Circuit noted that in light of the purpose of a bond on appeal, a full bond may not be necessary in either of two polar circumstances: (1) where the judgment debtor can currently easily meet the judgment and demonstrates that it will maintain the same level of solvency during appeal; and (ii) when "the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden." Poplar Grove, 600 F.2d at 1191. In the former instance, the court may "substitute some form of guaranty of judgment responsibility for the usual supersedeas bond." Id. In the latter situation, "the court . . . is free to exercise a discretion to fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection to the judgment creditor." Id. In other words, any security or bond required should simply reflect and preserve a judgment debtor's current ability to satisfy the judgment. Alexander v. Chesapeake, Potomac & Tidewater Books, Inc., 190 F.R.D. 190, 193 (E.D. Va. 1999).

In Dillon, the Seventh Circuit articulated five factors a district court could consider in deciding whether to require a supersedeas bond: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether "the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money"; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position. Dillon v. Chicago, 866 F.2d 902, 905 (7th Cir. 1988) (quoting Olympia Equip. v. W. Union Tel. Co., 786 F.2d 794, 796 (7th Cir. 1986)). Indeed, proof that a judgment debtor's net worth greatly exceeds the amount of the damage award can by itself provide sufficient justification to waive

the bond requirement.  Olympia Equip., 786 F.2d at 796 ("[A]n inflexible requirement of a bond would be inappropriate . . . where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money.").  The plain ability to satisfy a judgment was demonstrated by the judgment debtor in Arban v. West Publ'g Corp., 345 F.3d 390 (6th Cir. 2003), in which the Sixth Circuit ruled that a district court did not abuse its discretion in waiving the bond requirement in light of the vast disparity between the $119,000 damage award and the judgment debtor's annual revenues of $2.5 billion.  Id. at 409.  See also N. Ind. Pub. Serv. Co. v. Carbon County Coal Co., 799 F.2d 265, 281 (7th Cir. 1986).

   Applying the foregoing legal principles to the facts of record in this case leads to the conclusion that Defendants' Motion to Stay Execution Pending Appeal should be granted without the need for posting a supersedeas bond.  First, similar to the judgment debtor in Fed. Prescription Serv., the Defendants' appeal will focus on questions going to the merits and Mr. Iverson's annual income of $20,000,000.00 – as stipulated by counsel during the trial of this matter – greatly exceeds the amount of the damage award in this case ($260,00.00) by over 76 times.   Additionally, under the Fifth Circuit's holding in Poplar Grove, a supersedeas bond would not be necessary because Defendants, as joint and several judgment debtors, are currently easily able to meet the judgment due to Defendant Iverson's stipulated annual income of $20,000,000.00, which is guaranteed under the National Basketball Associations collective bargaining throughout 2009, thereby demonstrating the Defendants' ability to maintain the same level of solvency during appeal.  For the same reasons, a supersedeas bond would not be required to stay execution pending appeal in this case when applying the factors delineated by the Seventh Circuit in Dillon.   Indeed, Defendant Iverson's stipulated annual salary would allow for the immediate payment of the any final judgment amount entered in this case to Plaintiff Godfrey,

thereby satisfying all four relevant factors established by the Seventh Circuit in determining whether to stay execution pending appeal without the posting of a bond because: (1) the collection process would not be complex; (2) the time required to obtain a judgment in the event it is affirmed on appeal would be minimal; (3) the court should be confident that the judgment debtor has available funds to pay the judgment; and (4) "the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money."  For all of the foregoing reasons, Defendants' Motion to Stay Execution Pending Appeal Should be granted without the need for filing a supersedeas bond.

**B.    IN THE ALTERNATIVE, THE JUDGMENT ENTERED IN THIS MATTER SHOULD BE STAYED PENDING APPEAL UPON THE DEFENDANTS' POSTING OF A SUPERSEDEAS BOND AS JOINT AND SEVERAL JUDGMENT DEBTORS IN AN AMOUNT TO BE DETERMINED BY THE COURT.**

Although this Court should not required the posting of a supersedeas bond in order to stay execution of the Judgment in this case for the reasons above, in the event that this Court determines that a supersedeas bond be posted in order to stay execution, Defendants alternatively request that this Honorable Court enter an Order that the Judgment be stayed pending resolution of the Defendants' appeal upon the filing of a supersedeas bond as joint and several judgment debtors, in an amount to be determined by the Court.

When two or more defendants are held jointly and severally liable for a money damage award, a district court in its discretion may require the defendants to post a joint supersedeas bond in the amount of the damage award, Int'l Wood Processors v. Power Dry, Inc., 102 F.R.D. 212, 214 (D.S.C. 1984) (refusing judgment creditor's request that each of three jointly and severally liable defendants post a separate bond of $3.5 million, and instead requiring defendants to post one bond, with joint and several liability, in the amount of $2,844,700); require each defendant to post a separate bond in the amount of the damage award, In re Lickman, 301 B.R.

739, 749 (Bankr. M.D. Fla. 2003); or allow the defendants themselves to determine how to post a joint bond in the amount of the damage award, <u>Scholz Homes, Inc. v. Larson</u>, 437 F.2d 1060 (7th Cir. 1971); <u>Blakeman v. Bishop (In re W. Fid. Mktg., Inc.)</u>, 218 F. Supp. 2d 832 (N.D. Tex. 2002).

In <u>Blakeman</u>, two defendants held jointly and severally liable for a $136,943 judgment filed with the clerk of court a $160,000 cashier's check in lieu of posting a supersedeas bond to stay execution of the judgment pending appeal. <u>Blakeman</u>, 218 F. Supp. 2d at 833. The first defendant's appeal was later dismissed for want of prosecution, and that judgment became final. <u>Id.</u> The judgment creditor successfully collected $136,943 from the $160,000 joint supersedeas fund, even though the second defendant's appeal continued, and could potentially have resulted in a successful reversal. <u>Id.</u> at 835.  Likewise, the <u>Scholz Homes</u> court held that a surety or fund deposited on behalf of several appealing parties stands liable as to those parties who fail on appeal, even if the judgment is reversed as to other parties. <u>Scholz Homes</u>, 437 F.2d at 1062. Defendant Larson and a second defendant were held jointly and severally liable for a $99,945 judgment. <u>Id.</u> at 1061. Larson filed with the court clerk on behalf of himself and the second defendant his own certificates of deposit valued at $100,000, in lieu of a supersedeas bond. <u>Id.</u> Although the judgment against Larson was later reversed, the court allowed the plaintiff to collect a modified judgment of $40,000 against the second defendant out of the fund deposited solely by Larson. <u>Id.</u>

In the present case, in the event this Court determines that a supersedeas bond be posted in order to stay execution of the Judgment pending appeal (which it should not), this Court should allow Defendants Iverson and Kane to post a joint supersedeas bond in an amount to be determined by the Court.  As <u>Int'l Wood Processors</u> makes clear, a district court may, in its

discretion, require two or more defendants held jointly and severally liable for a money damage award to post a joint supersedeas bond in the amount of the damage award. Moreover, as <u>Blakeman</u> and <u>Scholz Homes</u> indicate, Plaintiff Godfrey's recovery of any final judgment entered in this matter against either Defendant Iverson or Defendant Kane would be safeguarded by a joint supersedeas bond, regardless of he risks posed to the individual defendants who have been found jointly and severally liable at trial.

## III.    CONCLUSION

It is abundantly clear that the Defendants jointly and severally have the asserts and funds necessary to satisfy any judgment entered in this matter. The purpose of the supersedeas bond requirement is to ensure that a final judgment, if entered, will be paid by the judgment debtor appellants. These concerns have been satisfied in this case. Accordingly, for all of the foregoing reasons, Defendants respectfully request that this Honorable Court enter an Order in the form annexed hereto staying execution of the Judgment pending resolution of the Defendants' appeal to The United States Court of Appeals for the District of Columbia Circuit without the need for filing a supersedeas bond. In the event that this Court determines that a supersedeas bond be posted in order to stay execution of the Judgment pending appeal, however, Defendants alternatively request that this Honorable Court enter an Order that the Judgment be stayed pending resolution of the Defendants' appeal upon the filing of a supersedeas bond as joint and several judgment debtors, in an amount to be determined by the Court.

Respectfully submitted this 18th day of September, 2007,

*[Signatures on following page]*

11

**SHERMAN, SILVERSTEIN, KOHL ROSE & PODOLSKY, P.A.**

Date:  September 18, 2007          By:  /s/ Alan C. Milstein, Esquire
                                        Alan C. Milstein, Esquire
                                        Fairway Corporate Center
                                        4300 Haddonfield Road – Suite 311
                                        Pennsauken, NJ 08109
                                        Telephone: (856) 662-0700
                                        Facsimile: (856) 488-4744
                                        *Counsel for Defendant Allen Iverson*


**SUTHERLAND ASBILL & BRENNAN LLP**

Date:  September 18, 2007          By:  /s/ William R. Martin, Esquire
                                        William R. Martin (Bar No. 465531)
                                        1275 Pennsylvania Avenue, NW
                                        Washington, DC 20004
                                        Telephone: (202) 383-0100
                                        Facsimile: (202) 637-3593
                                        *Counsel for Defendant Jason Kane*