IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARLIN GODFREY**, *et al.* ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action No. 1:05-cv-2044 |
| v. ) | |
| ) | (ESH)(DAR) |
| **ALLEN IVERSON**, *et al.* ) | |
| ) | |
| **Defendants.** ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS ALLEN IVERSON
AND JASON KANE'S MOTION
TO STAY EXECUTION PENDING APPEAL**

Comes now the plaintiff, Marin Godfrey, by and through counsel, and hereby submits his opposition to Defendant Allen Iverson And Jason Kane's Motion To Stay Execution Pending Appeal.

While defendants only filed post-trial motions seeking the reversal of the judgment entered against defendants in favor of plaintiff, defendants seek an unsecured stay of the execution of the judgment. The defendants note that they are entitled to a stay as a matter of right upon the filing of an appeal and the posting of a supersedeas bond with the court. Defendants, however, have not filed an appeal, but rather have filed post-trial motions which only further delay the plaintiff's right of recovery. The defendants seek to take advantage of a right when they have not invoked the provision which affords them of that right. Thus, in this instance, where the defendants have not filed an appeal, but have only elected to further delay the enforcement of the judgment by filing post-trial motions, they should not be permitted to take advantage of the stay provision governing appeals.

Defendants should not be afforded a right they do not enjoyed merely because they have filed post-trial motions.

Defendants, however, do not merely request that judgment be stayed, but further argue that they should not even have to post a supersedeas bond because defendant Iverson maintains a high level of income. Plaintiff first notes that judgment in this matter is against both defendants, Iverson and Kane, jointly and severally. No representation is made in defendants' motion that defendant Kane is able to satisfy the judgment. Plaintiff should be able to obtain adequate protections from both Kane and Iverson.

Second, it is noteworthy that defendants fail to indicate that it would be a hardship for either defendant to pay the judgment. In fact, defendants emphatically and repeatedly point out that Defendant Iverson can easily satisfy the total judgment, which would not place any undue burden on him whatsoever. In contrast, plaintiff, who has suffered and incurred medical bills and other costs, is extremely harmed by any further delay in recovering.

Moreover, each of defendants' cited instances where courts waived a bond requirement involved corporate defendants. There is clearly less protections with individual defendants. Though defendants argue that defendant Iverson's salary is somehow "guaranteed" by the National Basketball Association, the judgment in this matter will be satisfied by defendants Iverson and Kane, -not by the NBA. It is also important to note that neither defendant Iverson or Kane are residents of the District of Columbia and defendant Iverson resides outside of this Court's jurisdiction. Plaintiff should not have to chase either defendant in order to recover.

In this instance, there is no good cause or basis for a stay to stay the execution of the enforcement of judgment. The assault and battery that gave rise to this lawsuit occurred over two years ago. The plaintiff should not have to wait any longer to seek recovery for his loss.

Additionally, a cursory review of defendants' post-trial motions do not indicate a likeliness of them prevailing on the merits at the appellate level. Defendants appear to be merely delaying the inevitable.

Plaintiff objects to the relief requested by defendants as they should be held to the standard applied to all other judgment debtors.

Wherefore for the reasons stated herein and in the record of this proceeding, defendants' motion to stay execution should be denied in its entirety.

Respectfully submitted,

*/S/* E. Gregory Watson, Esq.
E. Gregory Watson, Esq.[MD14398]
Stephanie Moran, Esq. [471555]
Watson & Moran, LLC
8401 Corporate Drive
Suite 110
Landover, MD 20785
(301) 429-0505

Gregory L. Lattimer, Esq. [371926]
1100 H Street, N.W.
Suite 920
Washington, D.C. 20005
(202) 638-0095

Attorneys for the Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MARLIN GODFREY,** *et al.*        ) | |
| )  | |
| **Plaintiff,**        ) | |
| ) | Civil Action No. 1:05-cv-2044 |
| v.        ) | |
| ) | (ESH)(DAR) |
| **ALLEN IVERSON,** *et al.*        ) | |
| ) | |
| **Defendants.**        ) | |

## ORDER

Upon consideration of Defendants' Allen Iverson And Jason Kane's Motion to Stay Execution Pending Appeal, it is hereby,

**ORDERED,** that the Defendants' Motion is hereby **DENIED**.

                                                                                                          _____
                                                                                                          Judge Ellen Huvelle
                                                                                                          United States District Court
                                                                                                          For the District of Columbia

Copies to:

E. Gregory Watson, Esquire
Stephanie D. Moran, Esquire
Watson & Moran, L.L.C.
8401 Corporate Drive, Suite 110
Landover, Maryland 20785

Gregory L. Lattimer, Esquire
Law Offices of Gregory Lattimer
1100 H Street, N.W., Suite 920
Washington, D.C. 20005

*Attorneys for Plaintiff*

Alan C. Milstein, Esquire
Sherman, Silverstein, Kohl,
Rose & Podolsky, P.A.
4300 Haddonfield, Suite 311
Pennsauken, N.J. 08109

*Attorneys for Defendant Allen Iverson*


William R. Martin, Esquire
Thomas Bundy, Esquire
Sutherland, Asbill & Brennan, LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004

*Attorneys for Defendant Jason Kane*