UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MARLIN GODFREY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-2044 |
| | ) | (ESH) |
| **ALLEN IVERSON,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

After a six-day jury trial in this matter, the Court entered judgment on the jury's verdict for plaintiff Marlin Godfrey against defendants Allen Iverson and Jason Kane, jointly and severally, in the amount of $260,000.00. On September 4, 2007, the Court denied defendants' post-trial motions brought under Federal Rules of Civil Procedure 50 and 59. Defendants have appealed the judgment and the Court's September 4, 2007 Order. They now seek to stay execution of the judgment pending their appeal. Specifically, defendants request that the Court exercise its discretion to stay execution without requiring defendants to post a supersedeas bond under Rule 62(d). They argue that because defendant Iverson's annual income of twenty million dollars greatly exceeds the judgment, defendants would be "easily able to meet the judgment" at the conclusion of the appeals process, and a supersedeas bond is therefore unnecessary to protect plaintiff. (Defs.' Mot. at 8.) In the alternative, defendants ask that if the Court determines that a supersedeas bond is necessary, execution of the judgment should be stayed pending resolution of the appeal upon the posting of a joint supersedeas bond in an amount to be determined by the Court. (*Id.* at 11.)

A district court has the discretion "to authorize unsecured stays in cases it considers appropriate." *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 758 (D.C. Cir. 1980). However, "[b]ecause the stay operates for the appellant's benefit and deprives the appellee of the immediate benefits of his judgment, a full supersedeas bond should be the requirement in normal circumstances, such as . . . where posting adequate security is practicable." *Id.* at 760. If a court "chooses to depart from the usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment, it should place the burden on the moving party to objectively demonstrate the reasons for such a departure." *Grand Union Co. v. Food Employers Labor Relations Ass'n*, 637 F. Supp. 356, 357 (D.D.C. 1986) (quoting *Poplar Grove Planting & Ref. Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979)). Despite their assurances that "it is abundantly clear that the [d]efendants jointly and severally have the assets and funds necessary to satisfy any judgment entered in this matter," defendants have not met their burden in this case. (Defs.' Mot. at 11.)

In reviewing a district court's exercise of discretion to grant a stay without requiring a supersedeas bond or other security, the D.C. Circuit has focused on three elements: (1) the amount of the money award; (2) the documented net worth of the judgment debtors; and (3) whether the judgment debtors are D.C. residents, and if so, whether there is any indication that they may leave the jurisdiction before the completion of the appeals process. *See Fed. Prescription Serv., Inc.*, 636 F.2d at 761; *see also Grand Union Co.*, 637 F. Supp. at 357-58. Here, neither defendant is a D.C. resident, and they have offered no justification as to why posting a bond would not be "practicable" in this case. *Fed. Prescription Serv., Inc.*, 636 F.2d at 760. And while defendant Iverson undoubtedly has sufficient assets and income to satisfy the

judgment, that fact alone is not enough (especially given the fact that defendant Kane's financial status is completely unknown).  Judge Oberdorfer rejected an identical argument in *Grand Union Co. v. Food Employers Labor Relations Ass'n*, where the moving party "offer[ed] no reasons other than the proportion of its net worth to the award to justify a departure from the normal practice of the posting of a full supersedeas bond." 637 F. Supp. at 358.  Indeed, just as Judge Oberdorfer explained in that case, "the evidence offered by [defendants] indicates that the requirement of posting a bond will cause [them] little hardship." *Id.*   In short, because there is nothing "unusual" about these circumstances that would warrant departure from the ordinary requirement of a supersedeas bond, *Fed. Prescription Serv., Inc.*, 636 F.2d at 760, defendants have failed to meet their burden of establishing that the Court should depart from the "presumptive procedure articulated in Rule 62(d)," and their motion for an unsecured stay of execution of the judgment must therefore be denied.  *Grand Union Co.*, 637 F. Supp. at 358.

Nonetheless, a party who files a satisfactory supersedeas bond is entitled to a stay of money judgment as a matter of right under Rule 62(d).  *Federal Prescription Serv., Inc.*, 636 F.2d at 759.  Accordingly, execution of the judgment shall be stayed upon the Court's approval of a supersedeas bond, posted jointly by defendants, in the amount of $285,000.00.[1]

**SO ORDERED.**

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date:   October 16, 2007

---

[1] Neither party has submitted to the Court any proposed amount for the bond.  The Court has determined that this amount should be sufficient to satisfy the full amount of the judgment, post-judgment interest and costs.