IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARLIN GODFREY, et al.** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**ALLEN IVERSON, et al.** )<br>)<br>**Defendants.** ) | Civil Action No.05-2044<br><br>(ESH) (DAR) |

**PLAINTIFF MARLIN GODFREY'S MOTION FOR
AN ORDER AUTHORIZING REGISTRATION OF HIS
JUDGMENT IN OTHER UNITED STATES DISTRICT COURTS**

Comes now the plaintiff Marlin Godfrey, by and through counsel, and hereby moves this Court for an order authorizing registration of his judgment in other United States District Courts for the purpose of execution. 28 U.S.C. § 1963 provides in relevant part:

> A judgment in an action for the recovery of money or property interest in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.

"Good cause" can be established by an "absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum." *Cheminova A/S v. Griffin L.L.C.*, 182 F.Supp. 2d 68, 80 (D.D.C. 2002); *Spray Drift Task Force v. Burlington Bio - Medical Corp.*, 429 F.Supp.2d 49, 51-52 (D.D.C. 2006)(showing that Burlington lacks assets in the District of Columbia but possesses assets elsewhere is good cause to authorize the registration of the judgment in other U.S. District Courts).

This is not to suggest, however, that this request may or should be granted in every circumstance. As this Court has made clear, the "permission to register should be deferred until after

a judgment debtor refuses or fails to post a supersedeas bond. *Cheminova*, *supra*.

In the case at bar, both Mr. Iverson and Mr. Kane filed a motion to stay execution pending appeal on September 18, 2007. That motion was opposed by the plaintiff in a pleading filed on October 4, 2007. On October 16, 2007, this Court issued an order granting the defendants' motion in part and ordering that they post a bond in the amount of $285,000. To date, almost eight (8) months after that order issued, the defendants have not posted a bond of any type, in any amount. Clearly, the defendants who filed a motion to be relieved of having to post a bond, know that a bond is required pending appeal. And notwithstanding the fact that this Court specifically ordered that a bond in a specific amount be posted, these defendants chose to ignore that order because neither Mr. Iverson nor Mr. Kane have assets that are located within the District of Columbia.

It is known that Mr. Iverson has assets in Colorado, Pennsylvania, New Jersey, Georgia and Virginia, Mr. Kane has assets in Virginia as well. Because neither of these individuals has assets in the District of Columbia, these defendants determined that the Court's order regarding a bond was unenforceable. Now is the time to show these defendants that they do not have the discretion to obey or disobey federal court orders of their choosing. The defendants have willfully failed to post a supersedeas bond after having been ordered to do so by this Court. Without a doubt, that willful failure coupled with the fact that these defendants have demonstrated that they will not abide by court orders provides an unequivocal basis for the "good cause" showing required by 28 U.S.C. § 1963.

Wherefore for the reasons stated herein and in the record of this proceeding and because these defendants cannot be trusted to abide by the Rules and Orders of this Court and because they have specifically failed to abide by an order of this Court to post a supersecedeas bond in the amount of $285,000 as ordered, it is respectfully requested that this Court issue an order permitting the plaintiff

to register his judgment in the other United States District Courts.

                                          Respectfully submitted,

                                            /s/ Gregory L. Lattimer
                                        Gregory L. Lattimer [371926]
                                        1100 H Street, N.W.
                                        Suite 920
                                        Washington, DC 20005
                                        (202) 638-0095

                                        Stephanie Moran [471555]
                                        Watson & Moran, LLC
                                        8401 Corporate Drive, Suite 110
                                        Landover, MD 20785
                                        (301) 429-0505

                                        Attorneys for the plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARLIN GODFREY, et al.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action No.05-2044 |
| v. ) | |
| ) | (ESH) (DAR) |
| **ALLEN IVERSON, et al.** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

Upon consideration of the plaintiff's motion for an order authorizing registration of his judgment in other United States District Courts, and any opposition thereto, and it appearing that the defendants in this case have willfully failed to comply with this Court's order of October 16, 2007 directing them to post a bond in the amount of $285,000, and have not posted a supersedeas bond in any amount, it is by the Court on this ____ day of June, 2008;

**ORDERED**: that plaintiff's motion be and hereby is **GRANTED**, and it is further;

**ORDERED**: that for good cause shown, the plaintiff, Marlin Godfrey, is hereby granted permission to register his judgment against the defendants, Allen Iverson and Jason Kane, in other United States District Courts where their assets are located.

_____
U.S. District Court Judge