**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| MARLIN GODFREY, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 05-2044 (ESH) |
| ALLEN IVERSON, *et al.*, | * | |
| Defendants. | * | |

**DEFENDANTS' JOINT OPPOSITION TO MARLIN GODFREY'S MOTION
FOR AN ORDER AUTHORIZING REGISTRATION OF
HIS JUDGMENT IN OTHER UNTIED STATES DISTRICT COURTS**

Defendants Allen Iverson and Jason Kane respond to Plaintiff Marlin Godfrey's Motion for an Order Authorizing Registration of His Judgment in Other United States District Courts by stating as follows:

In September 2007, Defendants respectfully moved this Court to stay execution of the judgment entered in the above-captioned matter pending appeal. On October 16, 2007, this Court granted Defendants' motion in part when it issued an Order stating that "execution of the judgment shall be stayed upon the Court's approval of a supersedeas bond, posted jointly by defendants, in the amount of $285,000." Plaintiff now requests that this Court "issue an order permitting the plaintiff to register his judgment in other United States District Courts" in which Defendants have assets.[1] *See* Motion at 2. The Court should deny Plaintiff's motion for two reasons.

---

[1] Plaintiff specifically identifies Colorado, Pennsylvania, New Jersey, Georgia and Virginia as states in which Defendants have assets.

First, the Court should deny Plaintiff's motion because he fails to satisfy 28 U.S.C. § 1963's "good cause" criteria for allowing a party to register a judgment in another jurisdiction. Rather than offer good cause in support of his request, Plaintiff resorts to *ad hominem* attacks that are simply unsupported by the facts.  For example, Plaintiff argues that (1) "defendants determined that the Court's order regarding the bond was unenforceable;" (2) "defendants have willfully failed to post a supersedes bond after having been order to do so by the Court;" (3) "defendants have demonstrated that they will not abide by the court orders;" and (4) defendants cannot be trusted to abide by the Rules and Orders of this Court." *Id.* at 2.   The Court did not set a deadline for posting the bond, consequently, Defendants neither "ignored" nor "willfully failed to abide by" an Order of the Court as Plaintiff alleges repeatedly.   Plaintiff's alleged "good cause" is nothing more than hyperbole and conjecture which, when stripped and examined, are truly personal attacks against Defendants and the integrity of their counsel.  Defense counsel have practice collectively over 50 years, many primarily in the District, and they have never been accused of ignoring or disobeying an Order of any court because they would never do so.  These statements go over the boundaries of zealous advocacy and certainly do not represent good cause.

Second, the Court should deny Plaintiff's motion because his request will waste judicial resources as Plaintiff's counsel would know had he only communicated or conferred with counsel for Defendants prior to filing the instant motion.   Had counsel for Plaintiff simply contacted any one of Defendants' five attorneys of record, he would have been apprised of the status of the bond.  Defendants are in the process of securing the bond.  While the process has taken longer than counsel would have like, being slow is neither bad faith nor intent to disobey an Order of the Court.  Rather than confer with defense counsel, Plaintiff's counsel simply filed

another motion unnecessarily seeking to increase the cost of litigation. Similarly, allowing Plaintiffs to litigate this matter in another jurisdiction would be an unnecessary waste of resources given Defendants are in process of securing the bond, which would give Plaintiff all the protection he claims he needs during the appeal process.

WHEREFORE, Defendants respectfully requests that the Court deny Plaintiff's motion for reasons set forth herein.

Submitted this 20th day of June, 2008.          Respectfully submitted,

**SHERMAN, SILVERSTEIN, KOHL ROSE & PODOLSKY, P.A.**

Date:     June 20, 2008          By:     */s/ Alan C. Milstein, Esquire*
                                 Alan C. Milstein, Esquire
                                 Fairway Corporate Center
                                 4300 Haddonfield Road – Suite 311
                                 Pennsauken, NJ 08109
                                 Telephone: (856) 662-0700
                                 Facsimile: (856) 488-4744
                                 *Counsel for Defendant Allen Iverson*