UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARLIN GODFREY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-2044 |
| ) | (ESH) |
| ALLEN IVERSON, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**MEMORANDUM OPINION AND ORDER**

After a six-day jury trial in this matter, the Court entered judgment on the jury's verdict for plaintiff Marlin Godfrey against defendants Allen Iverson and Jason Kane, jointly and severally, in the amount of $260,000.00. Both defendants moved to stay execution pending appeal, and on October 16, 2007, the Court entered an Order granting the defendants' motion in part and ordering them to post a supersedeas bond in the amount of $285,000. To date, defendants have failed to post the bond.

On June 9, 2008, plaintiff moved the Court to authorize registration of his judgment in other District Courts to permit execution pursuant to 28 U.S.C. § 1963, which provides in relevant part that

> [a] judgment in an action for the recovery of money or property interest in any district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.

In this jurisdiction, "[g]ood cause can be established by an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum." *Cheminova A/S v. Griffin L.L.C.*, 182 F.Supp.2d 68, 80 (D.D.C. 2002) (quotation marks and citation omitted). "However, permission to register should be deferred until after a judgment debtor refuses or fails to post a supersedeas bond." *Id.* Plaintiff contends that neither defendant has assets in Washington D.C., but that Iverson has assets in Colorado, Pennsylvania, New Jersey, Georgia and Virginia and that Kane has assets in Virginia.[1]

      Defendants have opposed this motion on the grounds that they are currently in the process of securing a bond. They offer *no* explanation for their failure to comply in a timely manner with the Court's Order -- other than to suggest that *the Court's* failure to set a deadline for posting the bond excuses their lengthy delay. To deny plaintiff's motion at this stage of the case would be to allow defendants to benefit from the protection of a bond that they have have, without excuse or justification, refused to pay. This would be contrary to both the text and the spirit of Fed. R. Civ. P. 62. *See, e.g.*, *Larry Santos Productions v. Joss Org*, 682 F.Supp. 905, 906 (E.D. Mich. 1988) (under Rule 62 "without a court-approved stay and a bond if one is ordered, the appealing party is protected against attempts to satisfy a final judgment only for the first 10 days thereafter). Accordingly, plaintiff's motion is **GRANTED**.

                                                    /s/
                                      ELLEN SEGAL HUVELLE
                                      United States District Judge

Date:   June 23, 2008

---

[1] Defendants have not contested this assertion.